UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LEE E. MOORE**, | ) | CASE NO. C-1-00-0023 |
| | ) | |
| Petitioner, | ) | JUDGE DLOTT |
| | ) | |
| vs. | ) | MAG. JUDGE MERZ |
| | ) | |
| **BETTY MITCHELL**, Warden | ) | |
| | ) | *DEATH PENALTY CASE* |
| Respondent. | ) | |

**PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING ON HIS
SECOND HABEAS GROUND FOR RELIEF**

NOW COMES Petitioner, pursuant to 28 U.S.C. § 2254 (e)(2) and Townsend v. Sain, 372 U.S. 293 (1963), and respectfully requests an evidentiary hearing on his claims as set out in the Second Ground for Relief of the Petition. The basis of Petitioner's satisfaction of §2254 (e)(2) and Townsend is more fully explained in the following memorandum in support.

Respectfully Submitted,

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142
Attorney at Law
423 Madrina
Ballwin, MO 63021
Phone (636) 207 – 7330
Fax (636) 207 – 7351

-and-

1

/s/ Michael J. O'Hara
*MICHAEL J. O'HARA – 0014966*
O'Hara, Ruberg, Taylor, Sloan & Sergent
25 Crestview Hills Mall Rd, Ste 201
P.O. Box 17411
Covington, KY 41017
Phone: (859) 331-2000
Fax: (859) 578-3365
COUNSEL FOR PETITIONER

**MEMORANDUM IN SUPPORT**

Petitioner respectfully requests an evidentiary hearing as to subparagraphs (B) and (C) of the Second Ground for Relief of the Petition which asserts in relevant part as follows:

> Second Ground for Relief – Petitioner Moore's trial counsel rendered ineffective assistance at the mitigation phase by . . . . (B) failing to adequately prepare for the mitigation phase, during which Dr. Chiappone, the expert offered by trial counsel, impeached Petitioner Moore's entire liability and mitigation case; (C) presented a hopelessly ineffective mitigation argument which actually damaged Petitioner Moore's mitigation case and failed to emphasize Petitioner Moore's youth, remorse, and psychosocial background

As demonstrated below, Petitioner made a diligent effort in state court to discover and present the facts he now offers in support of this Ground for relief and otherwise meets the standards for granting an evidentiary hearing as set forth in §2254(e)(2).

    **A.**    **Evidentiary Hearing Standard –**

When the factual basis of a claim has not been developed in state court, a petitioner may receive a hearing in federal district court subject to the constraints of Title 28 U.S.C. § 2254(e)(2). Under the statute, even if the factual basis of a claim was not developed in state-court proceedings, a federal court may conduct a hearing on the claim, so long as there is no lack of diligence or some greater fault attributable to petitioner or his counsel. Williams (Michael) v. Taylor, 529 U.S. 420, 435-426 (2000). As analyzed by

2

the Court in <u>Williams</u>, "[t]he question is not whether the facts could have been discovered but whether the prisoner was diligent in his efforts." <u>Id</u>. at 435. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." <u>Id</u>. at 437.

If the petitioner did not fail to develop the factual predicate in the state courts, then the standard for ordering an evidentiary hearing is governed by the Supreme Court's decision in <u>Townsend v. Sain</u>, 372 U.S. 293 (1963).[1] In <u>Townsend</u>, the Supreme Court established six instances in which a federal court must grant an evidentiary hearing: 1) the state court made no express finding of facts on this factual dispute, 2) the state factual determinations cannot be fairly supported by the record, 3) the state fact-finding procedure was incorrect, 4) there is newly discovered evidence, 5) crucial evidence was not developed in the course of the state hearing for reasons other than inexcusable neglect, or 6) the state court has not after a full hearing reliably found relevant facts. <u>Townsend</u>, at 313.

By its terms, § 2254(e)(2) applies when the petitioner failed to develop the factual basis upon which the claim rests. When the factual basis for a claim is not developed in state court proceedings, but not for lack of diligence on the part of the petitioner, <u>Townsend</u> applies. "A failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." <u>Williams</u>, 529 U.S. at 432. Additionally, the claim must be based upon a genuine issue of material fact. <u>Thompson v. Bell</u>, 315 F.3d 566, 594-95 (6th Cir.

---

[1] Because the opening clause reflects a codification of the <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992), (see <u>Williams</u>, at 434), satisfaction of the opening clause satisfies the <u>Keeney</u> diligence standard.

2003) (holding that a petitioner was not entitled to an evidentiary hearing because he failed to present evidence demonstrating a genuine issue of material fact as to his claim).

The Sixth Circuit has "recognized the discretion and"inherent authority that a district court always has in a habeas case to order evidentiary hearings to settle disputed issues of material fact.'" Saywer v. Hofbauer, 299 F.3d 605, 610 (6th Cir. 2002), quoting, Abdur'Rahman v. Bell, 226 F.3d 696, 706 (2000), *cert. denied,* 534 U.S. 970 (2001). However, the Sawyer Court recognized that a habeas petitioner is generally entitled to an evidentiary hearing if he "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." Sawyer, at 610, citing Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001).[2]

### B. Petitioner Exercised Diligence, Therefore, Opening Clause Of §2254(e)(2) Is Not Applicable –

Petitioner exercised diligence in pursuing the factual basis of his claims in state court. Regarding the Second Ground for Relief in the Petition, subsection (B) and (C),[3] Petitioner presented this basis for relief in his direct appeal in Proposition of Law XIII. The basis of the Ohio Supreme Court's denial, without an evidentiary hearing or factual development, was that Moore's contention that his counsel was ineffective in failing to adequately prepare mitigation was "purely speculative." State v. Moore, (1998) 81 Ohio St.3d 22, 36. In post-conviction proceedings, Petitioner again pursued an IAC claim for

---

[2] This request also encompasses factual issues raised by the affirmative defenses asserted by the Warden, such as procedural default. Should the Court find that any claim has been procedurally defaulted, Petitioner Moore submits that he is entitled to an evidentiary hearing in order to demonstrate cause and prejudice. See, Mapes v. Coyle, 171 F.3d 408 (6th Cir. 1999)(petitioner entitled to evidentiary hearing on issue of ineffective assistance of counsel as cause for alleged procedural default).

[3] This Court also granted discovery on allegations of appellate ineffectiveness. Petitioner conducted the discovery and will file the depositions with the Court. To the extent this Court needs to adjudge the witnesses credibility via live testimony to determine whether Petitioner's claims have merit, Petitioner would also propose the presentation of Ms. Elizabeth Agar, Esq. and Ms. Julia Sears, Esq. at an evidentiary hearing.

trial counsel's shortcomings at the penalty phase. ROW Apx. 734-739. In addition, Petitioner requested discovery and an evidentiary hearing. ROW Apx. 771.

Petitioner on appeal alleged as error the failure to receive discovery or an evidentiary hearing. ROW Apx. 330-332. Finally, in seeking discretionary review to the Ohio Supreme Court, Petitioner again alleged as error the dismissal of his post-conviction petition without a hearing or discovery. ROW Apx. 1013, 1017-1018. Additionally, Petitioner raised as error the woefully deficient presentation of Chiappone as well as counsel's argument. ROW Sup. Apx. Vol. I p. 4. Petitioner specifically requested discovery and an evidentiary hearing on these claims. ROW Sup. Apx. Vol. I p. 11. Petitioner pursued his appeal of right to the Ohio Supreme Court, and specifically alleged as error the failure to receive discovery and/or a hearing. ROW Sup. Apx. Vol. III pp. 79-81.

As demonstrated above, Petitioner exercises due diligence where he seeks but is denied an evidentiary hearing in the state court. Williams (Michael) v. Taylor, 529 U.S. at 437.

In McFarland v. Yukins, 365 F.3d 688 (6th Cir. 2004), the Sixth Circuit affirmed the district court's grant of a writ of habeas corpus. In McFarland, the warden challenged the district court's decision to grant an evidentiary hearing when that Court found that petitioner had diligently requested an evidentiary hearing at every state court level on the question of ineffective assistance of counsel. The Sixth Circuit noted that because the petitioner was denied such a hearing in state court, she was *entitled* to present evidence in habeas proceedings. McFarland, at 712.

It should also be noted, over Petitioner's argument to the contrary, that this Court looked to Bracey in context with Keeney v. Tamayo-Reyes 504 U.S. 1 (1992) when determining whether to grant discovery in this case. Doc. 93 at pp. 5-8. While this does not on its face satisfy (e)(2), Petitioner posits the requisite diligence that led to the grant of discovery also satisfies the stricter (e)(2) standard.

Because Petitioner made multiple requests for factual development – all of which were denied, the opening clause of §2254(e)(2) is not applicable to Petitioner's evidentiary hearing request. Plaintiff has demonstrated due diligence within the meaning of Williams.

### C. Petitioner Has A Material Dispute Of Fact And Satisfies Townsend's First, Fourth And Sixth Instances For Granting An Evidentiary Hearing –

The evidence fueling Petitioner's evidentiary hearing request is the product of the discovery previously granted by this Court. Specifically, this Court granted discovery allowing the deposing of Petitioner's trial counsel, the mitigation specialist and the expert offered at the mitigation phase. Doc. No. 93 at pp. 11-12. Those depositions disclose a significant dispute as to the preparation and the presentation of evidence at the mitigation phase – particularly as to the presentation of the horribly damaging testimony of Dr. Chiappone and the failure to present any effective mitigation or argument in support of a life verdict.

Unquestionably, the deposition testimony of Petitioner's trial counsel and Dr. Chiappone conflict. Indeed, each points the finger at the other. This is a material issue of fact as to the cause of this error that Petitioner alleges is of constitutional dimension.

As an initial matter, there is absolutely no disagreement as to the impact of Dr. Chiappone's damaging testimony. Both trial counsel indicated that it devastated the mitigation defense, virtually insuring a death sentence.

> Q. [Mr. Deardorff], have you ever hired an expert in any case that you've had . . . , for your client, who has so totally undercut the theory of your case as you describe Dr. Chiappone doing in this case?
>
> A. No.

(Deardorff Dep. p. 129, *and see* Id. at 98; *and see* James Dep. pp. 47-48). Mr. Deardorff further made an effort to explain why he told the jury that a sentence less than death *would not be fair to the victim's family.* "Well I think it helps my client because I believed at the time *he was going to get the death penalty, based on what Chiappone said. He was cooked. . . .* " Mr. Deardorff's explanation as to why the statement helped his client is, to say the least, puzzling; but, it is clear that Mr. Deardorff had surrendered any hope of saving Mr. Moore from the death penalty because of Chiappone's testimony. (Deardorff Dep. p. 88-89) Thus, it is evident from the record that Dr. Chiappone's disclosure also impacted the closing argument because it so devastated the entire theory of mitigation. (Id. , *and see,* Deardorff Dep. p. 97)

The dispute arises, however, as to the cause for this damaging testimony. Trial counsel unequivocally state that Dr. Chiappone was not forthcoming with Petitioner's alleged confession that he had lied to everyone about the shooting being an accident. (Deardorff Dep. p. 60, James Dep. p. 48) Further, defense counsel feels, based upon the unusual circumstance of Chiappone's *ex parte* contact with the trial judge and the prosecutor, and the significant amount of time he spent with the prosecutor, that Dr.

7

Chiappone sandbagged defense counsel or lied to them with devastating effect. (Deardorff Dep. pp. 60, 98, 129; *and see* James Dep. pp. 47-48).

Dr. Chiappone tells a much different version. Although he is missing his notes (which he usually has and could not explain their absence), Dr. Chiappone is certain he informed defense counsel of this information. (Chiappone Dep. 153).

This is a substantial conflict of a material fact. If defense counsel knew of the potential testimony, then there is a strong argument they rendered unreasonably deficient representation that prejudiced Petitioner. No defense counsel presents evidence that affirmatively refutes his stated defense. Combs v. Coyle, 205 F.3d 269, 288 (6th Cir. 2000)("Quite simply, this [contrary] testimony was completely devastating to the defense, and counsel's decision to present it was objectively unreasonable.")

On the flipside of the dispute, defense counsel strenuously suggest Dr. Chiappone sandbagged this information or lied to the counsel who had purportedly retained him. If so, it demonstrates IAC in trail counsel's failure to prohibit such *ex parte* contacts and in their failure to even question their expert as to the content of his lengthy contact with the prosecutor.[4] It also reflects ineffective assistance in the lack of mitigation preparation by counsel's failure to obtain a competent and trustworthy expert. Trial counsel's conduct in this regard also creates a violation of Ake v. Oklahoma, 470 U.S. 68 (1985) and Powell v. Collins, 332 F.3d 376 (6th Cir. 2003), in that defense counsel requested an independent and qualified expert but instead received an expert who mislead defense counsel in preparation of his testimony and sabotaged Petitioner's mitigation phase after

---

[4] Mr. James denies recollection of these *ex parte* contacts between his expert and the Court and the prosecutor. However, Mr. James concedes that his file contained a phone message from Chiappone confirming that Chiaponne was going to meet separately with the prosecutor (identified in the phone message as Mark P.) and had already received the trial judge's approval to do so. (James Dep. pp. 49-50, Deposition Exhibit 12.)

8

having *ex parte* contact with the trial court and a pretrial meeting with the prosecutor.[5] As previously noted, Petitioner's attempts to develop evidence in support of his claims were denied by the state court. Therefore, this evidence is new and was not previously considered by the state court. As a consequence, Petitioner meets the following Townsend requirements: 1) no state court fact-finding related to this conflict; 4) there is newly discovered evidence; and, 6) the state court has not after a full hearing reliably found relevant facts.

### D.  Witnesses At Hearing –

In light of the above, Petitioner requests an evidentiary hearing where the following witnesses would be presented:

1. Mr. Daniel James, Esq. (state trial counsel);
2. Mr. Timothy Deardorf, Esq. (state trial counsel);
3. Dr. Chiappone (purported defense expert);
4. Chuck Stidham (Mitigation specialist purportedly providing information for Dr. Chiappone and defense counsel)
5. Steve Vonderhaar (assisted Mr. Stidham)
6. Dr. Janice Ort (consulting expert regarding prejudice).

Potentially relevant witnesses to Dr. Chiappone's status as either a defense expert or neutral court expert is the trial court judge, the Hon. Robert Ruehlman, as to the substance of his conversation with Dr. Chiappone.

---

[5] In presenting this conflict, Petitioner makes no judgment on which side of the disputed material fact is more likely the truth. Credibility of the conflicting testimony must be resolved by this court at the hearing.

WHEREFORE, Petitioner respectfully requests this Court to grant Petitioner an evidentiary hearing. Petitioner exercised diligence. Therefore, he satisfies §2254(e)(2) and otherwise satisfies three of the Townsend factors.

        Respectfully Submitted,

        _____
        LAURENCE E. KOMP - 0060142
        Attorney at Law
        423 Madrina
        Ballwin, MO 63021
        Phone (636) 207 – 7330
        Fax (636) 207 – 7351

        -and-

        /s/ Michael O'Hara
        MICHAEL J. O'HARA – 0014966
        O'Hara, Ruberg, Taylor, Sloan & Sergent
        25 Crestview Hills Mall Rd, Ste 201
        P.O. Box 17411
        Covington, KY 41017
        Phone: (859) 331-2000
        Fax: (859) 578-3365

        COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING ON HIS SECOND HABEAS GROUND FOR RELIEF, was forwarded pursuant to Local Rules, by electronic mail to Charles L. Wille and Henry Appel, Ohio Attorney General, State Office Tower, 30 East Broad Street – 23rd Floor, Columbus, Ohio 43215-3428, on this 30th day of June, 2004.

        _____
        MICHAEL O'HARA (OH 0014966)