UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LEE E. MOORE, | ) | CASE NO. C-1-00-023 |
| | ) | |
| Petitioner, | ) | JUDGE DLOTT |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE MERZ |
| | ) | |
| BETTY MITCHELL, Warden | ) | |
| | ) | *DEATH PENALTY CASE* |
| Respondent. | ) | |

PETITIONER'S REPLY MEMORANDUM IN SUPPORT
MOTION FOR AN EVIDENTIARY HEARING

**INTRODUCTION**

Petitioner has timely filed his Motion for an Evidentiary Hearing, pointing to disputes of material facts that must be resolved with respect to Petitioner's IAC claim as set forth in the Second Ground for Relief in his Petition. Respondent has opposed the motion. As demonstrated below, the reasons articulated by the Warden in opposition to the hearing are insufficient under 28 U.S.C. §2254(e)(2) and in Townsend v. Sain, 372 U.S. 293 (1963).

**A.   Plaintiff Has Established Due Diligence in Developing in the State Court Proceedings.**

The starting and ending point for this Court's consideration of Petitioner's evidentiary hearing request is 28 U.S.C. § 2254 (e)(2)'s diligence requirement as defined and explained in Williams v. Taylor, 529 U.S. 420 (2000). where the Supreme Court held in plain language that a request for an evidentiary hearing in the "usual case" constituted diligence. Id. at 437.[1]

---

[1] Williams was hardly the "usual case," in that the habeas petitioner only presented the claims of jury misconduct in voir dire in federal court and had presented neither the claim nor the evidence to state court.

Petitioner satisfied the Supreme Court's mandate in this regard. The Warden cannot dispute that Petitioner requested both discovery and an evidentiary hearing in state post-conviction. (ROW App p.771). Therefore, Petitioner met the Williams (e)(2) standard. See also Mason v. Mitchell, 320 F.3d 604, 624 n. 6 (6th Cir. 2003) (Mason satisfied Williams and (e)(2) when by requesting an evidentiary hearing in state court, therefore remand for an evidentiary hearing was appropriate on an IAC issue); Greer v. Mitchell, 264 F.3d 663, 680 (6th Cir. 2001)(evidentiary hearing ordered when Greer requested and was denied evidentiary hearing in state court).

Contrary to the Warden's contention, once a petitioner meets the Williams standard of diligence there is no obligation to act with "super-diligence." Yet Petitioner did. For example, in his Murnahan application, Petitioner specifically requested the depositions of trial counsel[2] and an evidentiary hearing. (ROW Supp. Apx. at p. 11). Therefore, Petitioner can satisfy even the heightened standard (again not required by (e)(2) or the Supreme Court) that the Warden asks this Court to apply.

The Warden also makes light of the fact Petitioner has requested an evidentiary hearing on the basis of an ineffective assistance of counsel claim raised on direct appeal. The Warden asserts that the failure to raise this claim again in post-conviction amounts to a lack of diligence. This flies in the face of the Sixth Circuit's recent ruling in Clinkscale v. Carter, -- F.3d --, 2004 WL 1516670 (6th Cir. 2004). In Clinkscale, the Sixth Circuit held that the petitioner had fully exhausted his ineffectiveness claim despite a state court finding on direct appeal that the claim should be developed in post-conviction, because Clinkscale "has invoked and exhausted all

---

[2] It is important to recall that one trial counsel remained as appellate counsel.

2

levels of Ohio's standard, established appellate review process." Id. at 6 citing to O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) citing to Wilwording v. Swenson, 404 U.S. 249, 249-50 (1971). As the Sixth Circuit explained in Clinkscale, "a habeas petitioner need not exhaust any and all remedies that are potentially available to him in state court." Id. at 6.

Further, because Petitioner had presented his claim on direct appeal, the Ohio procedural rule of res judicata prohibited the claim form being re-raised in state post-conviction. The res judicata, or State v. Perry 226 N.E.2d 104 (Ohio 1967) rule, prohibits a post-conviction petitioner from presenting a claim in post-conviction when the claim **was** or could have been raised in direct appeal. Again, as recognized by the Warden, Petitioner presented a claim of ineffectiveness related to defense counsel's presentation of Dr. Chiappone in the direct appeal, thus the claim could not be raised in post-conviction.

The Warden clouds the (e)(2) discussion by including (d)(1) arguments related to the per curiam decision of Holland v. Jackson, 124 S.Ct. 2736 (2004). The Warden extrapolates that Holland prohibits an evidentiary hearing in Petitioner's case due to the ruling of the state post-conviction courts. (Respondent's Memorandum in Opposition p. 10).

First, Holland is factually and procedurally distinguishable from Petitioner's case. For instance, Holland **received** an evidentiary hearing in state post-conviction. Holland, 124 U.S. at 2736. Consequently, Holland had the opportunity to present the witness he later presented in federal court, but chose not to do so. Petitioner in this case had his evidentiary hearing request denied. Further in Holland, the state court denied consideration of the "new evidence" on a procedural basis – "no satisfactory reason given for the defendant's failure to locate this witness." Id. Unlike Holland, Petitioner's claims were not denied on a procedural basis – he

received a merits review. Thus, there is no similar procedural ruling that makes Holland applicable to Petitioner's circumstance.

Second, it is premature for this Court to consider the (d)(1) question. Petitioner acknowledges that he will be required to brief whether AEDPA constrains[3] this Court's consideration of his merit arguments – and believes AEDPA will not be applicable. However, that does not impose a limitation upon Petitioner's request under (e)(2) for an evidentiary hearing. In short, (d)(1) does not constrain this Court's authority or discretion to hold an evidentiary hearing if the (e)(2) diligence requirement was met. This is confirmed by the United States Supreme Court's decision in Williams where the Court found diligence but did not address the subsequent (d)(1) question. Rather, the Court remanded for an evidentiary hearing. Williams, 529 U.S. at 444.

This leads to Petitioner's final objection to the Warden's tortured reading of Holland. The Warden suggests that a hearing is not necessary, regardless of the evidence that hearing may produce, because this Court's review under (d)(1) is limited to the record then considered by the state court. (Respondent's Memorandum in Opposition p. 8). On its face, this argument renders a nullity a federal court's ability to order discovery, hold an evidentiary hearing or expand the record with relevant evidence. AEDPA does not stand for the circular reasoning that the Warden suggests. Rather, Congress recognized such discretionary functions of Article III courts in the Habeas Rules and AEDPA, albeit restricted by a diligence requirement. It simply ignores that

---

[3] The (d)(1) and (d)(2) AEDPA provisions are often times incorrectly referred to as standards of review. This is a misnomer. AEDPA only constrains a federal court's ability to grant relief, the correct standard of review, i.e. – constitutional standard of proof and prejudice, is enumerated by United States Supreme Court authority. Otherwise, a petitioner would be entitled to relief once he established AEDPA was not applicable to the alleged constitutional error.

once a petitioner meets the diligence standard – new evidence can be presented and considered by a federal court. Indeed, <u>Williams</u> remanded for an evidentiary hearing on the basis of evidence supporting a claim never presented to the state courts. <u>Williams</u>, 529 U.S. at 441-44.

Petitioner cannot, and does not, dispute that AEDPA impacts this Court's ability to hold an evidentiary hearing. Indeed, the United States Supreme Court has explicated the (e)(2) diligence requirement in <u>Williams</u>. The standard set in <u>Williams</u> is the request for an evidentiary hearing. Petitioner's actions met the <u>Williams</u> standard. <u>See Mason</u>, 320 F.3d at 24 n. 6; <u>Greer</u>, 264 F.3d at 680. Therefore, this Court is not prohibited by (e)(2) from exercising discretion to hold a hearing.

**B.     Petitioner Has Demonstrated the Need for and Evidentiary Hearing by Establishing Material Disputes of Fact Regarding State Trial Counsel Preparation of the Mitigation Expert**

Respondent argues that there is no need for an evidentiary hearing, incorrectly contending that this Court is limited to the state court record in deciding the merits of Petitioner's ineffective assistance of counsel claim. (Respondent's Memorandum in Opposition, p. 11, citing <u>Yarborough v. Gentry</u>, 124 S.Ct. 1, 5-6 (2004).) As demonstrated above, the Respondent is improperly applying 2254(d)(1) considerations relating to the deference to be accorded the state court findings, rather than (e)(2) considerations of whether Petitioner exercised due diligence seeking to develop material facts in the state court proceedings. <u>Williams (Michael) v. Taylor,</u> 529 U.S. 420, 435-436 (2000). So long as Petitioner has exercised "due diligence" within the meaning of <u>Williams</u>, then he has met his burden of establishing an entitlement to an evidentiary hearing. Petitioner has shown above and in his initial Memorandum that this case meets the (e)(2) threshold. In this regard <u>Yarborough</u> provides no guidance since the petitioner in that case did not seek an evidentiary hearing. Rather,

he clearly chose to rely entirely on the state court record. In fact, petitioner's claim in that case centered solely on the closing arguments and, thus, necessarily relied only upon the state court record. Id. 124 S.Ct. at 5-6.

Respondent also cites Holland for the proposition that, "[w]hether the state courts unreasonably denied Moore relief 'must be assessed in light of the record the court had before it.'" (Respondent's Memorandum p. 11, quoting Holland, 124 S.Ct. at 1237). Yet Holland reaffirms the appropriateness of an evidentiary hearing "if respondent was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met." Id. 124 S.Ct. at 2738. Thus, as shown above, the focus must be on the "due diligence" standard of Williams. (See pp. above). Whether, and to what extent the focus is on the state court record alone must await a merits determination under §2254(d)(1).

The Warden next asserts that, "the discovery conducted by Moore in these proceedings revealed no clear and convincing evidence that undermines the Ohio Supreme Court's essential factual determination that trial counsel adequately prepared for the penalty phase of the trial." (Respondent's Memorandum p. 11). The fallacy of this argument is apparent. How can this Court make that determination without hearing the evidence developed by the parties through the discovery previously authorized by the Court?

Petitioner has demonstrated in his initial Motion for an Evidentiary Hearing, that the Ohio Supreme's Court's IAC determinations are, in fact, undermined by the testimony of state trial counsel, the mitigation specialists and the purported "defense expert". He is entitled to present this evidence so that this Court can resolve the factual disputes.

The Warden appears to argue that there is no contradiction between the testimony of trail

counsel James and the purported defense expert, Dr Chiappone, regarding Chiappone's "devastating" testimony about Mr. Moore's alleged admissions. This is simply incorrect. Chiappone's testimony in this respect is unequivocal. Although he did not recall "specifics" he was certain that he informed James about the defendant's alleged statement to him that the shooting was not an accident. "Yeah, I'm sure I did. I can't remember specifics." (Chiappone Dep. p. 153 ). Thus, there is a contradiction with respect to a material facts that goes directly to the issue of counsel's preparation for mitigation. Such a dispute should properly be resolved by this Court through the vehicle of an evidentiary hearing, thereby giving the Court the opportunity to determine the credibility of these witnesses.

The Warden suggests that the issue of Dr. Chiappone's *ex parte* contacts with the trial judge and the prosecutor, shortly before Chiappone's testimony (ostensibly on behalf of Defendant), is inconsequential. The Respondent explains this contention by noting that these puzzling contacts occurred after Mr. James notified the prosecutor that Dr. Chiappone would be called as a defense witness. Respondent offers no explanation of why there would be a need to notify the prosecutor, on the eve of trial, that an expert, who was supposed to have been appointed as a defense expert, would, in fact, be a witness for the defense. Proper preparation by defense counsel would presumably eliminate any confusion about the role of Dr. Chiappone long before the case approached trial. However, the evidence developed in the discovery authorized by this Court shows that petitioner's lead trial counsel, Mr. James, was unaware of these contacts. James did not know, for example, that the "defense expert" had spoken directly with the sentencing judge to "clarify" whether he could meet with the prosecutor. In this regard James states, "I didn't know he met with him. I don't think I knew he met with him." He later reiterates, "no, I'm sure I did not discuss it,

7

I wasn't aware of it." (James Dep. pp. 50, 60). Chiappone, to the contrary, believes that he told defense counsel of his meeting with the prosecutor. (Chiappone Dep. p. 76-77).

Counsel's inability to adequately resolve the confusion surrounding the role of their expert, and their failure to even learn that Dr. Chiappone had spoken independently with the sentencing judge, and met separately with the prosecutor, directly supports Petitioners's IAC claims at relative to mitigation.

In any event, the Respondent's argument does little more than emphasize the existence of a series of confusing and disputed facts that require resolution via an evidentiary hearing.

## CONCLUSION

Petitioner has demonstrated in his initial Motion and in this Reply that, consistent with §2254(e)(2) and Townsend, he is entitled to an evidentiary hearing with respect to his Second Ground for Relief. The issues raised by Respondent should appropriately await the stage where this court addresses Petitioner's claims on the merits.[4]

Respectfully Submitted,

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142
Attorney at Law
423 Madrina
Ballwin, MO 63021
Phone (636) 207 – 7330

---

[4] Respondent also raises a question of whether cause and prejudice issues may be addressed at an evidentiary hearing. Petitioner agrees that, while cause and prejudice are appropriate matters for an evidentiary hearing, it would be premature to address those issues until the court has fully decided all procedural default defenses raised by Respondent. As to those claims found to be procedurally defaulted, Petitioner is entitled to an evidentiary hearing as to cause and prejudice at the appropriate time. Mapes v. Coyle, 171 F.3d 408 (6 th Cir. 1999) (petitioner entitled to evidentiary hearing on issue of ineffective assistance of counsel as cause for alleged procedural default).

        Fax (636) 207 – 7351

        -and-

        /s/ Michael J. O'Hara
        MICHAEL J. O'HARA – 0014966
        O'Hara, Ruberg, Taylor, Sloan & Sergent
        25 Crestview Hills Mall Rd, Ste 201
        P.O. Box 17411
        Covington, KY 41017
        Phone: (859) 331-2000
        Fax: (859) 578-3365
        COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR AN EVIDENTIARY HEARING ON HIS SECOND HABEAS GROUND FOR RELIEF, was forwarded pursuant to Local Rules, by electronic mail to Charles L. Wille and Henry Appel, Ohio Attorney General, State Office Tower, 30 East Broad Street – 23rd Floor, Columbus, Ohio 43215-3428, on this 23 day of July, 2004.

        /s/ Michael J. O'Hara
        MICHAEL O'HARA (OH 0014966)