IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEE E. MOORE,

    Plaintiff,

   -vs-

BETTY MITCHELL, Warden,

    Defendant.

Case No. 1:00-cv-023

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

**DECISION AND ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

Petitioner Lee Moore seeks (Doc. No. 102) an evidentiary hearing on two sub-claims of his second claim for relief. In those sub-claims he alleges his trial counsel provided ineffective assistance at the mitigation phase by

> (B) failing to adequately prepare for the mitigation phase, during which Dr. Chiappone, the expert offered by trial counsel, impeached Petitioner Moore's entire liability and mitigation case; [and]
>
> (C) present[ing] a hopelessly ineffective mitigation argument which actually damaged Petitioner Moore mitigation case and failed to emphasize Petitioner Moore's youth, remorse, and psychosocial background.

*Id*. at 2. Petitioner also seeks a hearing on unspecified "factual issues raised by the affirmative defenses asserted by the Warden, such as procedural default." *Id*. at 4, n. 2.

If a hearing is granted, Petitioner intends to present the following witnesses:

1. Daniel James, Esq., one of Petitioner's trial attorneys;

1

2. Timothy Deardorff, Esq., one of Petitioner's trial attorneys;

3. Dr. Chiappone, who was retained as a defense expert;

4. Chuck Stidham, who was retained as a mitigation expert;

5. Steve Vonderhaar, Mr. Stidham's assistant;

6. Dr. Janice Ort, who is represented to be a consulting expert regarding prejudice;

7. Elizabeth Agar, Esq., one of Petitioner's state appellate counsel;

8. Julia Sears, Esq., one of Petitioner's state appellate counsel; and

9. The Honorable Robert Ruehlman, the Hamilton County Common Pleas Judge who tried the case.

28 U.S.C. §2254(e) as adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§2254(e)(2) has been authoritatively interpreted by the Supreme Court in *Michael Williams v.*

*Taylor*, 529 U.S. 420, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000). Rejecting Virginia's suggested no-fault interpretation, a unanimous Court held "[u]nder the opening clause of §2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." 529 U.S. at 423. Congress intended to preserve at least one aspect of *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992): "prisoners who are at fault for the deficiency in the state-court record must satisfy a heightened standard to obtain an evidentiary hearing. . . . [T]he opening clause of §2254(e)(2) codifies *Keeney's* threshold standard of diligence, so that prisoners who would have had to satisfy *Keeney's* test for excusing the deficiency in the state-court record prior to the AEDPA are now controlled by §2254(e)(2)." 529 U.S. at 433-434. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in the manner prescribed by state law." 529 U.S. at 437.

> Under AEDPA, a defendant who "failed to develop the factual basis of a claim in State court proceedings" cannot obtain an evidentiary hearing unless he satisfies two statutory exceptions not applicable here. 28 U.S.C. § 2254(e)(2). However, when a defendant diligently seeks an evidentiary hearing in the state courts in the manner prescribed, but the state courts deny him that opportunity, he can avoid § 2254(e)(2)'s barriers to obtaining a hearing in federal court. *Williams v. Taylor*, 529 U.S. 420, 437, 146 L. Ed. 2d 435, 120 S. Ct. 1479 (2000). A defendant fails to develop the factual basis of a claim only when he is at fault for failing to develop the factual record in state court, as when he or his counsel has not exercised proper diligence, or greater fault, in failing to develop the record. *Id.* at 432; *Moss v. Hofbauer*, 286 F.3d 851, 858-59 (6th Cir.), *cert. denied*, 537 U.S. 1092, 154 L. Ed. 2d 639, 123 S. Ct. 702 (2002). The test for "failed to develop" is defined as a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in his or her attempts to discover and present a claim in the state court. *Williams*, 529 U.S. at 432; *Thompson v. Bell*, 315 F.3d 566, 594 (6th Cir. 2003). Diligence for purposes of § 2254(e)(2) depends upon "whether the prisoner made a reasonable attempt, in light of the

3

> information available at the time, to investigate and pursue claims in the state court." *Williams*, 529 U.S. at 435; *Thompson*, 315 F.3d at 594. If the petitioner did not fail to develop the facts in the state court, then the district court may hold an evidentiary hearing. *Williams*, 529 U.S. at 433; *Thompson*, 315 F.3d at 594; *Moss*, 286 F.3d at 859.

*McAdoo v. Elo,* 346 F. 3d 159, (6th Cir. 2003).

In addition to state court diligence, Petitioner must, as he concedes (Motion at 3-4) show that he will present at the hearing evidence to resolve a genuine issue of material fact. *Thompson v. Bell*, 315 F. 3d 566, 594-95 (6th Cir. 2003).

Petitioner asserts that he diligently presented his claims of ineffective assistance of trial counsel by pleading that claim on direct appeal to the Ohio Supreme Court in Proposition of Law XIII and again in his petition for post-conviction relief. The claim as made in the Ohio Supreme Court reads:

> **Proposition of Law #13**
>
> Where trial counsel fails to request adequate time to prepare for the penalty phase after guilty verdicts are rendered, and to properly interview and prepare the testimony of mitigation witnesses, Defendant has been deprived of the effective assistance of counsel and a fundamentally fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Ohio Constitution, statutes, and laws.

(Appendix to Return of Writ at 000428.) In taking that appeal, Petitioner did not seek to introduce new evidence of ineffective assistance of trial counsel to the Ohio Supreme Court and indeed he could not have done so: Ohio has no procedure for assessing ineffective assistance on direct appeal by adding to the appellate record. There is no need for an evidentiary hearing as to the record evidence on which Petitioner relied on direct appeal because that evidence is already of record here.

Instead, Ohio provides for the taking of additional evidence on ineffective assistance of

counsel claims, as well as other constitutional claims, by permitting a petition for post-conviction relief. Petitioner used that avenue of relief and specifically pled ineffective assistance of counsel in his Third and Fourth Causes of Action. *Id*. at 734-739. He asserts that he diligently pursued these claims in the Ohio trial court by seeking discovery and an evidentiary hearing. Those requests appear in the Demand for Relief in the Post-Conviction Petition as follows:

> 2) That Petitioner be granted adequate opportunity pursuant to the Ohio Rules of Civil Procedure to obtain discovery as to the claims contained in the Petition as well as to any other claims not contained in the Petition that may be revealed by the discovery which make Petitioner's convictions and/or sentences void or voidable.
> 3) That Petitioner be granted an evidentiary hearing pursuant to Ohio Rev. Code Ann. Section 2953.21.

*Id*. at 771. The Petition is supported by the Affidavits of Dale A. Baich and Michael L. Radelet (from the Alton Coleman case). In dismissing the Petition, Judge Ruehlman concluded "Based upon a review of these materials, the Court determines that no evidentiary hearing is required, and that the requests for discovery will be denied." *Id*. at 876. Petitioner did complain on appeal about the failure to grant him an evidentiary hearing, but the thrust of his claim (First and Second Assignments of Error, Appendix at 930-936[1]) is that it was error of the trial judge to decide the case while the entire record was with the Ohio Supreme Court on direct appeal. Nowhere in either Assignment of Error does he advert to any evidence submitted with the Petition for Post-Conviction Relief or to any other evidence he would have presented if given an evidentiary hearing.

The Ohio Court of Appeals found that Judge Ruehlman had ruled correctly in denying an evidentiary hearing. It held in pertinent part:

---

[1] In the instant Motion, Petitioner refers to pages 330-332. The material referred to actually appears at 930-932.)

A petitioner seeking relief pursuant to R.C. 2953.21 may request an evidentiary hearing, but the trial court need not hold a hearing if it determines that no substantive grounds for relief exist. R.C. 2953.21(C). Furthermore, the doctrine of *res judicata* applies in postconviction proceedings and exempts a court from conducting a hearing on a petition when the claims raised in the petition were raised or could have been raised at trial or on direct appeal. *State v. Perry,* (1967) 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. The presentation of competent, relevant and material evidence *dehors* the record will defeat the application of *res judicata.* See *State v. Smith* (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128. However, the outside evidence must meet some threshold standard of cogency. *State v. Coleman* (Mar. 17, 1993), Hamilton App. No. C-900811, unreported. Additionally, the outside evidence must not be evidence that was in existence and available for use at the time of the trial and that could have been submitted at trial. *Smith, supra.*

\* \* \*

In his third, fourth and seventh claims, Moore argued that he was denied the effective assistance of trial counsel. To secure a hearing in a postconviction proceeding on a claim of ineffective assistance of counsel, the petitioner must offer evidence to establish that there was a substantial violation of an essential duty owed to him and that the defense was prejudiced by counsel's deficient performance. See *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 143, 538 N.E.2d 373, 380, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. To establish prejudice, the petitioner "must show that he was denied some substantive or procedural right that made the 'trial unreliable or the proceeding fundamentally unfair.'" *State v. Combs* (1994), 100 Ohio App.3d 90, 101, 652 N.E.2d 205, 211-212 (quoting *Lockhart v. Fretwell* [1993], 506 U.S. 364, 370, 113 S.Ct. 838, 844, 122 L.Ed.2d 180). "Broad assertions without further demonstration of prejudice do not warrant a hearing for all postconviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing." *State v. Jackson* (1980), 64 Ohio St.2d 107, 111, 413 N.E.2d 819, 822.

In his third and fourth claims, Moore argued that he was denied the effective assistance of trial counsel because counsel failed to investigate mitigating factors thoroughly in preparation for the

>sentencing phase of his trial. Additionally, he argued that counsel failed to present a coherent and cohesive theory of mitigation.
>
>The trial court dismissed these claims on the grounds that they were not supported by evidence outside of the record and were refuted by the evidence in the record. We agree.
>
>In their opening and closing statements, defense counsel urged the jury to consider in mitigation Moore's age, his life history, his willingness to take responsibility for the crime, and his remorse for his actions. Moore's mother, sister, and neighbor all testified to Moore's drug and alcohol problems and his inability to fit in as a youth, for which he was subjected to constant physical abuse by his peers. A clinical psychologist appointed by the court as a mitigation expert told the jury about Moore's difficulties while growing up, including his parents' divorce, his inability to fit in, his drug and alcohol problems, and his lack of parental supervision as a teenager after a very strict childhood. The psychologist also advanced the opinion that Moore could be productive in jail. Finally, Moore, in an unsworn statement, apologized for his crimes and asked for mercy.
>
>**Moore did not submit any evidence in support of his claim of ineffectiveness**, and the existing record refutes his allegations that counsel failed to offer specific evidence in mitigation. Moore does not suggest what other mitigation evidence could have been introduced beyond what the record reveals was introduced. Moore thus failed to establish substantive grounds for relief under the third and fourth claims. Consequently, the trial court did not err in dismissing these claims without a hearing.

*State v. Moore*, 1998 WL 638353 *2-4 (Ohio App. 1st Dist. Sept. 18, 1998)(emphasis supplied). Petitioner asserts in the instant Motion that he appealed and alleged as error the denial of a hearing and discovery, citing Appendix at 1013, 1017-1018. However, in neither of those places did he contradict or contest the finding of the Court of Appeals that he presented no evidence outside the record in support of his ineffective assistance of counsel claim.

Next, Petitioner claims to have raised these claims in his Application for Reopening of Direct Appeal (Motion, Doc. No. 102, at 4). There, he asserted his appellate attorney was not effective

because he did not raise the ineffectiveness of trial counsel at the mitigation phase in several respects. Supplemental Appendix, Doc. No. 79, Vol. I at 4. In connection with that Application, he requested to depose trial and appellate counsel and an evidentiary hearing. *Id*. at 11. The Court of Appeals found the Application was untimely because it had been filed more than four years after judgment, whereas Ohio App. R. 26(B) requires such an application to be filed within ninety days. *Id*., Vol. II, at 274-277. In Proposition of Law IV on appeal from this ruling, Petitioner claimed it was constitutional error to deny him an evidentiary hearing and the requested depositions. *Id*., Vol. III, at 79. The Ohio Supreme Court denied the appeal on the merits rather than the timeliness issue. As to the ineffectiveness claim, it held:

> In his fifth proposition, Moore argues that the court of appeals erred when it implicitly denied his requests for an evidentiary hearing, permission to depose defense and appellate counsel, and funds to retain an expert witness regarding ineffectiveness of counsel. However, a reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter. See State v. Ishmail (1978), 54 Ohio St. 2d 402, 8 Ohio Op. 3d 405, 377 N.E.2d 500. Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by this newly added material. Thus, Moore's request lacks merit.

*State v. Moore*, 93 Ohio St. 3d 649, 650 (2001).

This Court concludes Petitioner has not shown due diligence in developing the factual record in the state courts. Ohio law requires that, in order to obtain a hearing on a petition for post-conviction relief, a petitioner must present evidence outside the record. Thus Petitioner had an opportunity to submit affidavits from his trial counsel, the mitigation specialist and his assistant, Dr. Chiappone, and any consulting psychologist of his choice, including Dr. Ort, to the Hamilton

County Common Pleas Court, but failed to do so. In his instant Motion, he offers no explanation or excuse for failing to do so. Instead, he relies on his conclusory demand for an evidentiary hearing as being a sufficient showing of diligence. *Williams v. Taylor*, however, holds that such a request is a necessary, but not a sufficient, showing of diligence.

*Mason v. Mitchell*, 320 F. 3d 604 (6th Cir. 2003), cited by Petitioner, is not to the contrary. There the Court of Appeals merely said they found no lack of diligence and did not analyze what sort of diligence is required under Ohio law, to wit, in the instant case, presenting evidence outside the record in support of a petition for post-conviction relief. Greer v. Mitchell, 264 F. 3d 663 (6th Cir. 2001), is also not helpful to Petitioner. Although the Sixth Circuit there ordered an evidentiary hearing, it first found that Greer had filed extensive evidence outside the record in support of his petition for post-conviction relief. *Id*. at 674.

In addition to the witnesses listed above from whom Petitioner could have secured affidavits in the post-conviction process, he lists as intended witnesses his Ohio Supreme Court counsel, Ms. Agar and Ms. Sears, and the trial judge, The Honorable Robert Ruehlman. Nowhere does he suggest what testimony he expects to elicit from these witnesses or how their testimony would be relevant to his Second Claim for Relief, ineffective assistance of appellate counsel.

Finally, Petitioner also seeks a hearing on unspecified "factual issues raised by the affirmative defenses asserted by the Warden, such as procedural default." (Motion, Doc. No. 102, at 4). This request is completely conclusory: it does not indicate what witnesses would be presented on what issues. The pleadings in this case are long since complete, so Petitioner should certainly know by now which affirmative defenses require factual development.

In accordance with the foregoing opinion, Petitioner's Request for an Evidentiary Hearing

on His Second Habeas Ground for Relief is denied.

September 3, 2004.

                                                                                              s/ **Michael R. Merz**
                                                                              United States Magistrate Judge

J:\Death Penalty\Moore v. Mitchell\Moore v. Mitchell 09.wpd