## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LEE E. MOORE,** | ) | **CASE NO.  C-1-00-023** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DLOTT** |
| | ) | |
| **vs.** | ) | **MAGISTRATE JUDGE MERZ** |
| | ) | |
| **BETTY MITCHELL, Warden** | ) | |
| | ) | ***DEATH PENALTY CASE -*** |
| **Respondent.** | ) | **ORAL AGUMENT REQUESTED** |

### APPEAL FROM DECISION AND ORDER DENYING PETITIONER'S
### MOTION FOR EVIDENTIARY HEARING

### I.    INTRODUCTION

Petitioner appeals from the decision of the Magistrate Judge, denying his request for an evidentiary hearing with respect to his Second Ground for Relief, which alleged ineffective assistance of counsel with respect to mitigation.  The Magistrate Judge permitted Petitioner to conduct discovery with respect to that claim but denied Petitioner's Request for an Evidentiary Hearing.  (Decision and Order, ECF Doc. 105).  The Court incorrectly concluded that Petitioner failed to exercise diligence in seeking to develop the factual record in state court.

### II.    FACTS

The record confirms that Petitioner exercised diligence in pursuing the factual basis of his claims in state court, regarding the Second Ground for Relief in the Petition, subsection (B) and (C), Petitioner presented this basis for relief in his direct appeal in Proposition of Law  XIII.  The basis of the Ohio Supreme Court's denial, without an evidentiary hearing or factual development, was that Moore's contention that his counsel was ineffective in failing to adequately prepare mitigation was rejected on the merits and once was described as "purely

1

speculative." <u>State v. Moore</u>, (1998) 81 Ohio St.3d 22, 36. In post-conviction proceedings, Petitioner again pursued an IAC claim for trial counsel's shortcomings at the penalty phase. ROW Apx. 734-739. In addition, Petitioner requested discovery and an evidentiary hearing. ROW Apx. 771. That request was opposed by the state and denied by the Court of Common Pleas. ROW Apx. Exs. N and O.

Petitioner on appeal alleged as error the failure to receive discovery or an evidentiary hearing. ROW Apx. 930-935, 938-940, 942. Finally, in seeking discretionary review to the Ohio Supreme Court, Petitioner again alleged as error the dismissal of his post-conviction petition without a hearing or discovery. ROW Apx. 1013, 1017-1018. Additionally, Petitioner raised as error the woefully deficient presentation of Petitioner's only expert at the mitigation phase, Dr. Chiappone, and additionally argued that counsel's closing argument actually damaged his client's interest at the mitigation phase, making the imposition of the death penalty more, rather than less likely. ROW Sup. Apx. Vol. I p. 4. Petitioner specifically requested discovery and an evidentiary hearing on these claims. ROW Sup. Apx. Vol. I p. 11. Petitioner pursued his appeal of right to the Ohio Supreme Court, and specifically alleged as error the failure to receive discovery and/or a hearing. ROW Sup. Apx. Vol. III pp. 79-81. The Magistrate Judge permitted discovery on these issues but denied Plaintiff's request for an evidentiary hearing. Because the Magistrate failed to follow a clearly established Sixth Circuit and Supreme Court precedent, Petitioner files this timely appeal pursuant to Fed. R. Civ. P. 72(a).

II.     **ARGUMENT**

      A.     **THE MAGISTRATE JUDGE ERRED IN DETERMINING THAT THE PETITIONER DID NOT SHOW DUE DILIGENCE IN DEVELOPING THE FACTUAL RECORD IN THE STATE COURTS WHERE  PETITIONER MADE  SPECIFIC REQUEST FOR DISCOVERY ANDAN EVIDENTIARY HEARING IN THE STATE POST-CONVICTION RELIEF PROCESS.**

      In denying Petitioner's request for an evidentiary hearing, the Magistrate Judge incorrectly concluded that Petitioner "has not shown due diligence in developing the factual record in the state courts." (Magistrate Judge's Decision, p. 8).  The Magistrate Judge bases this finding on Petitioner's failure to submit affidavits in support of his requests for an evidentiary hearing with respect to his ineffective assistance of counsel claims.  The Magistrate Judge ruled that Petitioner's demand for an evidentiary hearing was insufficient to constitute a showing of due diligence under *Williams v. Taylor*, 529 U.S. 420 (2000).  The court explained that "*Williams v. Taylor*, however, holds that such a request is a necessary, ***but not a sufficient***, showing of diligence." (Emphasis added). *Id.* The Magistrate Judge has misapplied *Williams* and failed to follow established Sixth Circuit precedent.  .  There is no language in *Williams v. Taylor* that states or implies that a request for a evidentiary hearing in the state post-conviction relief process is insufficient to demonstrate the degree of diligence necessary to entitle a petitioner to an evidentiary hearing in his federal habeas corpus proceeding.  To the contrary, the clear language of the Supreme Court's holding confirms that Petitioner's request for an evidentiary hearing in the state court is sufficient to satisfy his obligations under 28 U.S.C. §2254(e)(2).  Addressing a petitioner's burden, the Court held,

        Diligence will require in the usual case that the prisoner, at a minimum, ***seek an evidentiary hearing in state court*** in the manner prescribed by state law.

*Id*., 529 U.S. at 437 (emphasis added).  As the Supreme Court explained,

> Yet, comity is not served by saying a prisoner `has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite diligent effort.   In that circumstance, an evidentiary hearing is not barred by §2254(e)(2).

*Id.*

Consistent with the spirit of its holding, the Court held that a prisoner exercised sufficient due diligence by filing a Motion for Expert Services to address potential improprieties with respect to the state court jury.  The prisoner also requested an investigator to examine circumstances relating to the empanelment of a jury.  The request by the prisoner did not specifically identify the jury bias, which was only later developed in the federal habeas proceeding.  The state court denied the Motion.  The Court found that the filing of the Motion constituted a reasonable effort to discovery the claims in the state proceedings under §2254(a)(2).  *Id*., 529 U.S. at 442-443.

It is clear that the Court did not intend to impose any heightened level of diligence that would include, for example, "checking public records containing personal information pertaining to each juror. . . ."  *Id.*  The Court concluded that the prisoner had met his burden of showing §2254(e)(2) diligence.

Contrary to the Magistrate Judge's conclusion that *Williams v. Taylor* requires something more, the Sixth Circuit has followed *Williams* and unambiguously held that the prisoner was sufficiently "diligent" when he "requested [and was denied] a hearing in state court and has actively sought to expand the record.  We see no lack of diligence, so we do not apply §2254(e)(2)."  *Mason v. Mitchell*, 320 F.3d, 604, 621, fn 6 (6th Cir. 2003).  This is precisely the degree of diligence that Petitioner Moore met in this case. .  In his post conviction relief petition,

4

he expressly requested that,

> Petitioner be granted adequate opportunity pursuant to the Ohio
> Rules of Civil Procedure to obtain discovery as to the claims
> contained in the Petition as well as any other claims not contained
> in the Petition that may be revealed by the discovery . . . . That
> Petitioner be granted an evidentiary hearing pursuant to [ORC]
> Section 2953.21.

(Petition to Vacate or Set Aside Conviction and Sentence, p. 60, ROW APX. Ex. M, Vol. p.

771). Indeed, the initial page of the post-conviction petition clearly stated "Evidentiary Hearing

Requested." *Id.* at p. 712. This issue was pursued on appeal of the denial of Plaintiff's post-

conviction Petition to no avail. (ROW APX. Ex. AA, p. 1916-1919). The Sixth Circuit's

decision in *Mason* is controlling and requires the granting of an evidentiary hearing.

The Sixth Circuit's decision in *Mason* reaffirmed its holding in *McFarland v. Yukins*,

356 F.3d 688 (6th Cir. 2004). In *McFarland*, the Warden argued that the District Court erred in

allowing the prisoner to have an evidentiary hearing at which state appellate counsel was

permitted to testify. The Court rejected the same argument offered by Respondent and adopted

by the Magistrate Judge in this case.

> The Warden does not dispute the District Court's finding that
> McFarland sought an evidentiary hearing in her state post-
> conviction motion and that no hearing was allowed by the state
> courts. The record before us does not contain the motion itself, but
> it does contain McFarland's ***post-conviction brief*** to the Michigan
> Supreme Court, ***which specifically requests an evidentiary***
> ***hearing***. The post-conviction motion was McFarland's first
> opportunity to raise the ineffectiveness of her appellate counsel.
> Accordingly, the heightened standard of §2254(e)(2) does not
> apply to McFarland's case and the District Court did not violate
> §2254(e)(2) in affording her a hearing on the subject of her
> appellate counsel's representation.

*Id*., 712-713.

With the Sixth Circuit's decision in *McFarland* and *Mason*, there can be no question that

a prisoner in this circuit need only pursue his request for discovery and an evidentiary hearing in the state court proceedings at the appropriate time in order to meet his obligation of "due diligence." There is no dispute that Petitioner met that burden here. The Magistrate's ruling has the effect of substantially increasing the burden on a petitioner beyond anything sanctioned by the Sixth Circuit.

Nor is the Magistrate Judge's conclusory ruling that "Petitioner had an opportunity to submit affidavits from his trial counsel, the mitigation specialist and his assistant, Dr. Chiappone, and any consulting psychologist of his choice, including Dr. Ort, to the Hamilton County Common Pleas Court, but failed to do so," supported by the record. To the contrary, the record confirms that Petitioner had virtually no opportunity to pursue such affidavits much less present them to the Common Pleas Court. The record reflects the following post-conviction procedural history:

> (1)     On September 20, 1996, Mr. Moore filed his Petition to Vacate or Set Aside Conviction and Sentence; ROW APX Ex. M, p. 712;
>
> (2)     On November 6, 1996, the state filed its Motion for Judgment ROW APX Ex. N, p. 860;
>
> (3)     On November 20, 1996, the trial court granted that Motion. ROW APX Ex. O, p. 876.

The state trial court put on no scheduling order nor was Petitioner given any opportunity to respond to the Motion for Judgment. The Judgment itself was rendered barely two weeks after the state's motion was filed. Contrary to the Magistrate Judge's conclusion, the evidence confirms that the Petitioner was in fact given no reasonable opportunity to solicit, much less present affidavits in the state post-conviction relief proceedings.

The Magistrate Judge also incorrectly held that Ohio law **requires** Petitioner to present

6

witness specific affidavits in order to obtain a hearing on a petition for post conviction relief. In fact, Ohio's post conviction relief statute, ORC Section 2953.21(A)(1) provides that a capital petitioner "*may* file a supporting affidavit or other documentary evidence in support" of a claim for relief. ORC Section 2953.21(A)(1)(a). The statute permits the Court to consider affidavits, among many other things, in determining whether there are "substantive grounds for relief" that would be sufficient to support the granting of an evidentiary hearing. ORC Section 2953.21(C). There is nothing in the statute that conditions the granting of an evidentiary hearing on the filing of witness specific affidavits.

The Magistrate Judge appears to assume, without support from, or citation to the record, that affidavits from state trial counsel and the attorney mitigation specialist would be readily available. There is little reasonable possibility that three attorneys involved in the trial and mitigation defense would agree to offer affidavits that concede their own ineffectiveness and, thus, raise serious ethical questions regarding their performance in this case[1]

Additionally, it is important to note that two of the three attorneys involved with Petitioner's mitigation fiasco faced disciplinary proceedings at and around the time Petitioner's collateral appeals were proceeding. *See Cincinnati Bar Ass'n v. Stidham*, 87 Ohio St.3d 455 (2000); *Cincinnati Bar Ass'n v. Deardorff*, 84 Ohio St.3d 85 (1998). Moreover, the record indicates that the mitigation expert, Dr. Chiappone, would not cooperate with post conviction counsel absent a subpoena to a deposition. During his deposition in federal court and upon examination by Respondent, Dr. Chiappone confirmed that he sent a letter to the original habeas counsel, Ms. Leon, informing her that he would cooperate if she would reimburse him for his

---

[1] Of course, the state had the opportunity to ask counsel that question at their depositions and chose not to.

time according to his normal fee structure of $75.00 per hour. Dr. Chiappone Deposition p. 118. The reality of Ohio post-conviction proceedings is that there are no available funds for a post-conviction attorney to obtain experts unless and until a hearing is granted. The record in this case confirms that obtaining the affidavits suggested by the Magistrate Judge was simply not feasible, even if Petitioner had been given an opportunity to present them in the post conviction proceedings. Given this record, it would be entirely unfair to impose a mandate of obtaining affidavits as a pre-condition to receiving an evidentiary hearing in the state court post-conviction relief process.

The Magistrate Judge failed to follow *Williams* and the Sixth Circuit's application of *Williams*. Post-conviction counsel clearly had no reasonable time nor did he have the resources to meet such an onerous burden. Finally, the record rebuts the Magistrate Judge's unsupported conclusion that an indigent death penalty post-conviction petitioner could obtain *mea culpa* affidavits from his previous counsel facing bar charges, or from a previous expert who demanded a fee. The Magistrate Judge clearly erred as a matter of law in applying an erroneous due diligence definition and erred as a matter of fact in failing to find that Petitioner acted with due diligence.

**B. A HABEAS PETITIONER DOES NOT HAVE TO BE EXHAUSTED BY STATE PROCEDURES – HE ONLY NEEDS TO EXHAUST AN ISSUE ONCE.**

The Magistrate Judge denied Petitioner an evidentiary hearing on a claim clearly presented to the state courts – the ineffective assistance of trial counsel. The basis of the Magistrate Judge's ruling is that Petitioner should have reasserted the claim, and presented supporting affidavits and failed to do so. As previously noted, the record rebuts the fact that the

claim was not raised and there is absolutely nothing in the record to support the Magistrate's conclusion that Petitioner could have presented affidavits.

Setting aside the fact that Petitioner did plead in his successor post-conviction's trial counsel's ineffectiveness with adequate diligence, the Magistrate Judge failed to consider the Sixth Circuit's relevant (and conflicting) opinion in this matter, *Clinkscale v. Carter*, 375 F.3d 430 (6th Cir. 2004). In *Clinkscale*, the Sixth Circuit considered a similar issue and found that exhaustion of an issue does not require re-exhaustion of the issue under applicable United States Supreme Court authority.

Specifically, the Court concluded "[i]n line with the Court's reasoning in *O'Sullivan*, we have held that 'to exhaust his or her remedies, a petitioner for federal habeas corpus relief is only required to raise his claims before the state's highest court." *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). *Clinkscale*, 375 F.3d at 437. In *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), the United States Supreme Court noted**:**

> [A]lthough this language could be read to effectively foreclose habeas review by requiring a state prisoner to invoke *any possible* avenue of state court review, we have never interpreted the exhaustion requirement in such a restrictive fashion.

(citation omitted) (emphasis in original). The Sixth Circuit has explained the import of *O'Sullivan:*

> "Rather, the [Supreme] Court has described the exhaustion requirement as follows: Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845."

*Clinkscale*, 375 F.3d at 437.

9

The conflict between the Magistrate's decision and the holdings in *O'Sullivan* and *Clinkscale* is heightened by the contrived nature of the procedural history in Petitioner's case. The post-conviction court held that the claim was subject to res judicata because "it can be raised in defendant's direct appeal to the Ohio Supreme Court where he is represented by new counsel." ROW Apx. Ex. O p. 3. Thereafter, the Ohio Supreme Court seemingly affirmed such a holding by finding defense counsel to have provided the effective assistance of counsel under *Strickland*. *See State v. Moore*, 81 Ohio St.3d 22, 35-37 (1998). Only then did the post-conviction appellate court attempt to reverse the above holdings by stating that the claims should have been presented in post-conviction. Not even considered by the Magistrate Judge is the post-conviction appellate court's acknowledgement that the trial court did err in imposing res judicata. ROW Apx. Y p. 1004 fn. 3. As a consequence, Petitioner's reliance upon what became inconsistent rulings deprived Petitioner of the factual development to which he was entitled.

Petitioner's post-conviction filing resulted in a ruling that ineffectiveness claims should be raised in the ongoing direct appeal. Petitioner's direct appeal specifically challenged trial counsel's presentation of the horribly damaging testimony of Dr. Chiappone as well as defense counsel's pathetic mitigation defense. The claim was denied on the merits. Thereafter, the post-conviction appellate court ignored the Ohio Supreme Court's consideration of the merits (an implicit recognition or affirmance of the post-conviction trial court's decision) and ultimately concluded the claim should have been more fully presented in post-conviction. These inconsistent findings and Petitioner's reliance on the post-conviction trial court's ruling foreclosed any factual development. Therefore, the lack of factual development in state court was the product of the state court's inconsistent and confusing rulings, was foreclosed by the trial court's precipitous ruling on the state's Motion for Judgment, and, in any event, was not the fault

10

of the Petitioner, §2254(e)(2) does not bar an evidentiary hearing and the Magistrate Judge erred in ruling otherwise, contrary to the mandate of *O'Sullivan* and *Clinkscale*.

### C. THE MAGISTRATE JUDGE ERRED IN DENYING AN EVIDENTIARY HEARING AS TO CAUSE AND PREJUDICE.

The Magistrate Judge has yet to determine the efficacy of the procedural defenses asserted by Respondent. However, the Magistrate Judge scheduled the filing of Petitioner's motion for evidentiary hearing. The deadline imposed by the Magistrate Judge expired before and ruling on the Respondent procedural default defenses. ECF Doc. 101. In an abundance of caution, Petitioner included a request for an evidentiary hearing on any cause and prejudice arguments that may become pertinent to any issues or claims which the court found to be procedurally defaulted. The Magistrate Judge denied the request, found the request to be conclusory, and noted "the pleadings in this case are long since complete, so Petitioner should certainly know by now which affirmative defenses require factual development." ECF 105 p. 9. Petitioner objects to the denial as well as the basis of the denial.

Certainly, Petitioner is well aware of the affirmative defenses that Respondent has raised. Petitioner opposes those defenses, and the Magistrate Judge has yet to determine whether Respondent satisfied her burden under the affirmative defenses. Therefore, while Petitioner is fully aware of the defenses raised, it is simply impossible know what factual development may or may not be required as to cause and prejudice without knowing the court's ruling on the procedural defenses.

Further, the Magistrate Judge's explanation that "Petitioner should certainly know by now which affirmative defenses require factual development" imposes a burden upon Petitioner he need not take up. It is Respondent who must establish the existence of the affirmative

11

defense, not Petitioner.  Petitioner need only come forward with cause and prejudice arguments upon the finding of a valid affirmative defense.  A rule requiring otherwise depletes resources by encouraging full hearings dedicated to the issues of  cause and prejudice regarding a constitutional claim which the Magistrate Judge may ultimately find not subject to the procedural default doctrine.

## D.  THE MAGISTRATE JUDGE ERRED IN DENYING AN EVIDENTIARY HEARING AS TO APPELLATE INEFFECTIVENESS.

The Magistrate Judge denied a hearing on appellate ineffectiveness.  As noted in his request, Petitioner has deposed appellate counsel and such depositions are available to the Court. Petitioner merely indicated that if the Court were not inclined to resolve credibility determinations on the face of the deposition transcripts, then such material issues should be resolved via a hearing. However, appellate ineffectiveness claims, which are fully exhausted and not procedurally defaulted, may come back in preeminence if the Magistrate Judge were to find Respondent's procedural default arguments to be well taken.  Thus, Petitioner objects to the Magistrate Judge's denial in order to preserve the opportunity to offer cause and prejudice arguments if they become necessary.

## CONCLUSION

WHEREFORE, for the above stated reasons, Petitioner respectfully requests this Court sustain Petitioner's objections and his appeal.

Respectfully Submitted,

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142
Trial Counsel
Attorney at Law
423 Madrina
Ballwin, MO 63021
Phone (636) 207 – 7330
Fax (636) 207 – 7351

-and-

MICHAEL J. O'HARA – 0014966
O'Hara, Ruberg, Taylor, Sloan & Sergent
25 Crestview Hills Mall Rd, Ste 201
P.O. Box 17411
Covington, KY 41017
Phone: (859) 331-2000
 Fax: (859) 578-3365


COUNSEL FOR PETITIONER


CERTIFICATE OF SERVICE

        I hereby certify that a true copy of the foregoing was filed electronically on this 17th day
of September and this constitutes service upon counsel for Respondent pursuant to Loc. R. 5.2.

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142

13