# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEE E. MOORE,

      Plaintiff,

:

Case No. 1:00-cv-023

:

  -vs-

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

:

      Defendant.

---

**SUPPLEMENTAL MEMORANDUM REGARDING APPEAL OF DECISION AND ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

---

      This case is before the Court on Petitioner's Appeal (Doc. No. 106) from the Magistrate Judge's Decision and Order Denying Petitioner's Motion for an Evidentiary Hearing ("Decision and Order," Doc. No. 105). Respondent opposes the appeal (Doc. No. 107) and Petitioner has filed a Reply Memorandum in Support (Doc. No. 108). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections or appeals are filed.

      Petitioner asserts a number of errors in the Magistrate Judge's Decision and Order.

**A. Diligence in Developing the Factual Record in State Court:**

In the Decision and Order, the Magistrate Judge decided that Petitioner was not entitled to an evidentiary hearing because he had not been diligent in presenting the evidence in support of those claims to the Ohio courts.

28 U.S.C. §2254(e)(2) as adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") prohibits federal courts from holding evidentiary hearings in habeas corpus cases if the petitioner, through lack of appropriate diligence, has failed to develop the factual basis of the claim in state court. Section 2254(e)(2) has been authoritatively interpreted by the Supreme Court in *Michael Williams v. Taylor*, 529 U.S. 420, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000), where the Court held "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing **in the manner prescribed by state law**." 529 U.S. at 437 (emphasis supplied).

The Magistrate Judge concluded that Petitioner had not sought an evidentiary hearing in the state courts in the manner prescribed by state law because the Ohio courts expressly held, in this case, that he had not done so. The Decision and Order recounts in detail those places where Petitioner claims he pursued an evidentiary hearing in the state courts and the rulings of the state courts that his actions were not appropriately diligent (Doc. No. 105 at 4-8).

In his Appeal, Petitioner recites again the various places in the state court record where he requested an evidentiary hearing. It is not disputed that he made such a request and appealed from denial of the request. However, the state courts concluded he had not made the request "in the manner prescribed by state law," which is what *Michael Williams v. Taylor, supra*, requires.

Specifically, Ohio law requires that, in order to obtain an evidentiary hearing on a petition for post-conviction relief under Ohio Revised Code § 2953.21, a defendant must submit affidavits with evidence *dehors* the record to raise a factual question. *See State v. Jackson*, 64 Ohio St.2d 107, 111, 413 N.E.2d 819, 822 (1980). The First District Court of Appeals expressly found that Moore submitted no evidence *dehors* the record and for that reason was not entitled to an evidentiary hearing under Ohio law. *State v. Moore*, 1998 WL 638353 *2-4 (Ohio App. 1st Dist. Sept. 18, 1998). The Magistrate Judge followed, as he was required to do, these state court rulings on what is required for an evidentiary hearing.

Petitioner relies on *Mason v. Mitchell*, 320 F. 3d 604 (6th Cir. 2003), as authority that he was sufficiently diligent. As noted in the Decision and Order (Doc. No. 105 at 9), the opinion in *Mason* does not contain an analysis of what Ohio law requires for an evidentiary hearing. It merely recites the majority's conclusion that, whatever the petitioner in that case did, it was sufficiently diligent. 320 F. 3d at 621, n. 6. It does not indicate whether there were any findings by the state courts on the petitioner's diligence. Finally, it does not announce any rule that the merely conclusory request or demand for an evidentiary hearing is sufficient to satisfy §2254(e)(2).

Petitioner also relies on *McFarland v. Yukins*, 356 F. 3d 688 (6th Cir. 2004). In *McFarland*, the court of appeals merely upheld the district court conclusion that petitioner had been sufficiently diligent in seeking an evidentiary hearing under Michigan law. There is no analysis in the opinion of what Michigan law actually requires to grant such a request. And again there is no announcement from the Sixth Circuit that a conclusory request for an evidentiary hearing is sufficient to satisfy §2254(e)(2) when state law requires more.

Petitioner concludes

> With the Sixth Circuit's decision [sic] in McFarland and Mason, there can be no question that a prisoner in this circuit need only pursue his request for discovery and an evidentiary hearing in the state court proceedings at the appropriate time in order to meet his obligation of "due diligence." There is no dispute that Petitioner met that burden here.

(Appeal, Doc. No. 106, at 6.) That is precisely what is disputed. The state courts found that Moore had not pursued an evidentiary hearing in the manner required by state law – to wit, by filing affidavits raising genuine issues of fact *dehors* the record.

Petitioner next argues that he never had a chance to file any affidavits in the state courts (Appeal, Doc. No. 106, at 6). What he points to is the short time period **after** he filed his post-conviction petition when the Common Pleas Court had his petition under consideration. *Id.* But Ohio law requires that the affidavits be filed **with** the petition. Moore claims affidavits are not mandatory, relying on the statutory language which says a defendant **may** file affidavits, but this "plain meaning" argument ignores case law requiring that such affidavits be filed. *See State v. Jackson, supra.*

Moore accuses the Magistrate Judge of "assum[ing], without support from, or citation to the record, that affidavits from state trial counsel and the attorney mitigation specialist would be readily available." (Appeal, Doc. No. 105, at 7.) How could there be a record citation to show why the record doesn't contain an affidavit?[1] The burden of showing due diligence in developing the factual record is on the petitioner. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992). Therefore the silence of the record is the Petitioner's problem, not the Magistrate

---

[1] Respondent notes evidence actually in the record which shows it is likely Petitioner could have obtained affidavits from at least some of the relevant persons. See Memorandum in Opposition, Doc. No. 107, at 14.

Judge's.

**B. Argument Regarding Exhaustion**

In his second argument (Appeal, Doc. No. 106, 8-11), Petitioner seems to be arguing that the Magistrate Judge denied an evidentiary hearing because Moore had somehow failed to exhaust his state court remedies. This argument is confusing because there is nothing in the Decision and Order appealed from which suggests lack of exhaustion. If Petitioner had had an unexhausted state court remedy, the proper course would have been to stay this proceeding to allow exhaustion, but there is not a breath of such a ruling in the Decision and Order.

Petitioner correctly notes that the First District Court of Appeals found the Common Pleas Court erred by applying Ohio's *res judicata* doctrine to Moore's ineffective assistance of trial counsel claim and that the Magistrate Judge did not mention this ruling in the Decision and Order. The reason is that the ruling was not relevant to the question before this Court because the Ohio Court of Appeals went on to affirm on an alternative ground – that Moore had failed to provide any evidence *dehors* the record of the asserted ineffective assistance of counsel. Petitioner chides the Magistrate Judge for not considering *Clinkscale v. Carter,* 375 F. 3d 430 (6th Cir. 2004), where the Sixth Circuit found a petitioner had adequately exhausted an ineffective assistance of counsel claim by presenting it on direct appeal. *Clinkscale* has no application here where the question is what, if any, additional evidence petitioner should be allowed to present in this Court beyond what he presented in the Ohio courts, not whether Moore has exhausted available state court remedies.

**C. Evidentiary Hearing as to Cause and Prejudice**

Petitioner also sought a hearing on unspecified "factual issues raised by the affirmative defenses asserted by the Warden, such as procedural default." (Motion, Doc. No. 102, at 4.) The Magistrate Judge denied a hearing for such factual issues because "[t]his request is completely conclusory: it does not indicate what witnesses would be presented on what issues. The pleadings in this case are long since complete, so Petitioner should certainly know by now which affirmative defenses require factual development." (Decision and Order at 10.)

In his Appeal, Moore makes his failure to be more specific the Magistrate Judge's fault because

> The Magistrate Judge has yet to determine the efficacy of the procedural defenses asserted by the Respondent. However, the Magistrate Judge scheduled the filing of Petitioner's motion for evidentiary hearing. The deadline imposed by the Magistrate Judge expired before and [sic] ruling on the Respondent [sic] procedural default defenses. ECF Doc. 101. In an abundance of caution, Petitioner included a request for an evidentiary hearing on any cause and prejudice arguments that may become pertinent to any issues or claims which the court found to be procedurally defaulted. . . .
>
> Certainly, Petitioner is well aware of the affirmative defenses that Respondent has raised. Petitioner opposes those defenses, and the Magistrate Judge has yet to determine whether Respondent has satisfied her burden under the affirmative defenses. Therefore, while Petitioner is fully aware of the defenses raised, it is simply impossible to know what factual development may or not be required as to cause and prejudice without knowing the court's ruling on the procedural defenses.

(Appeal, Doc. No. 106, at 11.) On what occasion before now was the Magistrate Judge supposed to decide the "efficacy" of any defenses? The parties have pled their positions in the standard pleadings for a habeas corpus case: petition, answer/return of writ, and traverse. Neither party has

moved for summary judgment on any portion of the case, nor has Petitioner sought to strike any of the affirmative defenses for insufficiency. Nor has Petitioner sought to bifurcate the presentation of evidence, but his Appeal seems to assume there would be an evidentiary hearing on the claims he makes in the Petition, perhaps a second at which Respondent presents her evidence on the affirmative defenses, and then a third at which Petitioner presents his evidence on the affirmative defenses, perhaps preceded by a period of discovery in which Petitioner seeks additional evidence to combat the affirmative defenses. Such a mode of proceeding would make the trial of a habeas corpus case completely unlike any other civil trial. Moreover, this mode of proceeding is unprecedented in this Court's practice and is not known to the Court from the cited practice of any other court. Indeed, Petitioner suggests this mode of proceeding only inferentially and only now, in appealing from denial of an evidentiary hearing.

The Appeal is without merit.

November 1, 2004.

s/ **Michael R. Merz**<br>United States Magistrate Judge