**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LEE E. MOORE,** | ) | **CASE NO.  C-1-00-023** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DLOTT** |
| | ) | |
| **vs.** | ) | **MAGISTRATE JUDGE MERZ** |
| | ) | |
| **BETTY MITCHELL, Warden** | ) | |
| | ) | *DEATH PENALTY CASE* |
| **Respondent.** | ) | |

---

**PETITIONER'S SUPPLEMENTAL APPEAL/RESPONSE TO SUPPLEMENTAL**
**MEMORANDUM REGARDING APPEAL OF DECISION AND ORDER DENYING**
**PETITIONER'S MOTION FOR EVIDENTIARY HEARING**
**AND**
**REQUEST FOR ORAL ARGUMENT**

---

**I.     INTRODUCTION**

Petitioner has previously filed an Appeal (Doc. 106) from the Magistrate Judge's

Decision and Order (Doc. 105) denying Petitioner's Motion for an Evidentiary Hearing.

(Doc. 102).  After Respondent filed her Memorandum in Opposition (Doc. 107)

Petitioner filed his Reply Memorandum in support of his Appeal (Doc. 108).  Thereafter,

the Magistrate Judge, pursuant to this Court's General Order of Reference, filed a

Supplemental Memorandum Regarding Appeal (Doc. 109).  To the extent the decision

constitutes a reconsideration of the issues relating to Petitioner's Request for an

Evidentiary Hearing, Petitioner files this Appeal from that Supplemental Memorandum.

II.    **ARGUMENT**

    A.    **THE RECORD CONFIRMS THAT PETITIONER WAS DILIGENT IN DEVELOPING THE FACTUAL RECORD IN STATE COURT UNDER THE STANDARDS ENUNCIATED BY THE SUPREME COURT AND THE SIXTH CIRCUIT AND IS THEREFORE ENTITLED TO AN EVIDENTIARY HEARING.**

In the Supplemental Memorandum, the Magistrate Judge finds that the "state courts conclude [Petitioner] had not made the request [for an evidentiary hearing] `in the manner prescribed by state law,'. . . ."  (Supplemental Memorandum, p. 2).  The Magistrate Judge correctly points out that Petitioner made a request for an evidentiary hearing both in his post-conviction petition and on appeal.  Both the original Decision and Order and the Supplemental Memorandum conclude that,

> Ohio law ***requires*** that in order to obtain an evidentiary hearing on a petition for post-conviction relief under Ohio Revised Code ¶2953.21, a ***defendant must submit affidavits with evidence dehors the record to raise a factual question.*** (Emphasis added).

(Supplemental Memorandum, p. 3).  The Magistrate Judge further concludes that such additional evidence must be filed with the petition. (Supplemental Memorandum, p. 4).  The Supplemental Memorandum confirms that the basis of the Magistrates Judge's decision to deny a federal evidentiary hearing was Petitioner's failure to attach affidavits and evidence outside of the record ***with his post-conviction petition in state court.*** *Id.* Petitioner filed the underlying appeal to the District Judge, because such a technical holding fails to properly apply the appropriate federal standard, i.e., whether, under the circumstances of this case, Petitioner was sufficiently "diligent" in his efforts to develop facts supporting his ineffective assistance of counsel claims in state court. *Michael*

2

*Williams v. Taylor*, 529 U.S. 420 (2000).

The Magistrate Judge relies on *State v. Jackson*, 64 Ohio St.2d 107, 1011, 413 N.E.2d 819, 822 (1980) for the decision to deny Petitioner's request for an evidentiary hearing. The Supplemental Memorandum proceeds to conclude that the First District Court of Appeals expressly found that Moore submitted no evidence outside of the record and "for that reason was not entitled to an evidentiary hearing under Ohio law." (Supplemental Memorandum, p. 3). With this, the Magistrate Judge concludes that Petitioner failed to comply with the mandate of *Michael Williams v. Taylor*, 529 U.S. 420 (2000) by failing to exercise due diligence in seeking an evidentiary hearing "**in the manner prescribed by state law.**"  (Emphasis in original). (Supplemental Memorandum, p. 2, citing *Michael Williams*, 529 U.S. at 437).

In making these conclusions of law, the Magistrate Judge errs in two respects: (1) Ohio law does not set a unconditional mandate that an evidentiary hearing in state post-conviction proceedings can only be obtained if affidavits with materials outside of the record are filed with the petition; and (2) technical compliance with state procedural rules is not mandated in order to meet the federal standard of exercising "diligence" in the effort to develop relevant facts in state court.

In the Supplemental Memorandum, the Court relies on *State v. Jackson* for the proposition that Ohio law mandates that a petitioner must accompany his petition for post-conviction relief in state court with affidavits and other evidence outside of the record. Actually, the Ohio Supreme Court in *State v. Milanovich*, 42 Ohio St.2d 46, 50-51 (1975) makes it clear that the petition alone can, in the appropriate case, support a

3

claim for an evidentiary hearing if it properly states a "substantive ground for relief" within the meaning of Ohio Revised Code §2953.21.

> In the case of a petition which **states a substantive ground for relief and which relies upon matters outside of the record, the court should thus proceed to a prompt evidentiary hearing,** unless the prosecuting attorney files a Motion for Summary Judgment in accordance with Civ. R. 56. (Emphasis added).

*Id.*, 42 Ohio St.2d at 51.[1]   In this case the only response filed by the State was a "Motion for Judgment Pursuant to R.C. 2953.21(C)" which asked the state court to dismiss the petition largely on grounds of *res judicata.* (ROW APX. N, p. 860 *et seq.*). Petitioner's counsel was uncertain as to how this motion would be treated and rightfully expected notice from the trial court, pursuant to Rule 56, if and when the Common Pleas Judge decided to treat it as a motion for summary judgment.  Post-conviction counsel reasonably believed that such notice was required by Rule 56, and would afford him the opportunity to submit the necessary affidavits.  (ROW APX. T, p. 935). Counsel's expectation in this regard was entirely reasonable in light of the command in *Milanovich* which requires the courts to carefully follow the provisions of Rule 56 when that rule is being used as a means to resolve a post-conviction relief petition. *Milanovich* 42 Ohio St. 2d at 52 ("only careful adherence to the provisions of Civ.R. 56 can assure that the rights and obligations of both parties are fairly treated and respected..") Instead, no notice was given and the trial court entered judgment dismissing the post-conviction proceedings without the benefit of any response from Petitioner.  (ROW

---

[1]While the holding in *Milanovich* is still good law, that portion of the decision which related to the need for an evidentiary hearing regarding the voluntariness of a plea of guilty was effectively superseded by C.R. 11.  That rule has no application in this case.

APX. O, p. 876).

The Supplemental Memorandum relies on the Court of Appeals' Decision in Petitioner's appeal of denial of post-conviction relief as support for denying Petitioner's Request for a federal evidentiary hearing.  The Magistrate Judge states that various state court rulings regarding prerequisites to receiving an evidentiary hearing in state court effectively bind this Court's determination as to whether a petitioner is entitled to an evidentiary hearing in federal habeas proceedings.  (Supplemental Memorandum, p. 3).  In fact, as the Supplemental Memorandum concedes, there is no language in the relevant Sixth Circuit opinions which would bind a federal court's ruling regarding a right to an evidentiary hearing to the state court's determination regarding a defendant's entitlement to an evidentiary hearing in state post conviction proceedings.  The Magistrate Judge attempts to distinguish the Sixth Circuit's decision in *Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003), upon which Petitioner relies, by stating that it does not contain an analysis of Ohio post-conviction hearing requirements. (Supplemental Memorandum, p. 3).

That is precisely the point that Petitioner makes in this case.  The Sixth Circuit is not concerned with the state court's ruling on whether a Petitioner establishes his entitlement to a state court evidentiary hearing.  Rather, it is more concerned with the general mandate of *Michael Williams*, that Petitioner simply be "diligent" in his efforts to seek an evidentiary hearing and develop the record in state court.  It is important to emphasize that the state courts in *Mason* denied the petitioner's request for an evidentiary hearing in the state post-conviction proceedings.  Obviously, a denial of an evidentiary hearing by the Ohio state courts in *Mason,* at the very least, assumes a

5

finding by those courts that the petitioner failed under state law to qualify for such a hearing. That is, he failed to seek a state evidentiary hearing in the manner "prescribed by state law." *Mason* makes it very clear that the federal habeas court is not bound by the state court's determination of whether the petitioner qualified for an evidentiary hearing in the state post-conviction relief proceedings.

In analyzing a petitioner's efforts to develop and present facts in state court, this Court should consider the underlying purpose for the "diligence" requirement.

> 'Comity ... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.'

*Michael Williams v. Taylor,* 529 U.S. at 437, quoting, *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). These concerns necessarily dissipate where, as is the case here, the state courts have been given an opportunity to review all relevant facts, but decline to do so by denying a request for discovery and an evidentiary hearing. As the Ninth Circuit has explained,

> Having refused [petitioner] an evidentiary hearing on the matter, the state cannot argue now that the normal AEDPA deference is owed the factual determinations of the California courts.

*Killian v. Poole* 282 F.3d 1204, 1208 (9th Cir. 2002). The Ninth Circuit has simply followed the Supreme Court's mandate as it relates to granting an evidentiary hearing.

> . . . comity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' ***where he was unable to develop his claim in state court despite diligent effort.*** In that circumstance, an evidentiary hearing is not barred by §§ 2254(e)(2). (Emphasis added).

*Michael Williams ,* 529 U.S. at 437.

The Supplemental Memorandum does not undercut Petitioner's argument that

6

the request for an evidentiary hearing in state court and denial of that request, was a sufficient indication of due diligence to entitle a petitioner to a federal evidentiary hearing. The record before this Court confirms that Petitioner was simply denied sufficient opportunity to develop facts in state court. He filed his petition in state court detailing IAC factual issues, making reference in the petition to facts that were outside of the record relating to those claims. (*See for example,* ROW APX M, pp. 737 *et seq.).* He requested discovery and a hearing on those claims. *(Id.* at 771). The Respondent obtained an extension of time and did not file any response for approximately 45 days. In just 14 days, before any briefing or additional materials were filed by Petitioner, the Common Pleas Court entered a judgement dismissing Petitioner's post conviction proceedings and adopting the proposed Findings of Fact and Conclusions of Law filed by the State, verbatim. ( ROW APX O, pp. 876 *et seq.*). Under these circumstances principles of "comity" are not advanced by deferring to the state court's decision to deny an evidentiary hearing. *Michael Williams ,* 529 U.S. at 437.

The Sixth Circuit's lack of insistence on technical compliance with all requirements for obtaining a state court evidentiary hearing is evident in its decision in *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004). The Magistrate Judge's Supplemental Memorandum attempts to distinguish *McFarland*, by repeating the proposition that there was "no analysis in the opinion of what Michigan law actually requires to grant such a request." The Supplemental Memorandum overlooks the fact that the record in *McFarland* failed to contain any request for an evidentiary hearing at the trial level. Rather, the Court found sufficient evidence of "due diligence" in petitioner's request in his post-conviction brief to the Michigan Supreme Court, "which

7

specifically requests an evidentiary hearing." *Id.* at 712-713. If the Sixth Circuit was concerned at all with a petitioner's strict compliance with state procedural rules regarding requests for evidentiary hearings, surely it would not have accepted a request in a brief to a state supreme court as being sufficient evidence that petitioner exercised "due diligence" to develop the record in state court for purposes of qualifying for a federal evidentiary hearing.

The Supplemental Memorandum next addresses Petitioner's contention that the Magistrate Judge's initial Decision and Order "assumed, without support from, or citation to the record, that affidavits from state trial counsel and the attorney mitigation specialist would be readily available." (Supplemental Memorandum, p. 4, citing Doc. 105, p. 7). The Supplemental Memorandum asks rhetorically, "[h]ow could there be a record citation to show why the record doesn't contain an affidavit?" (Supplemental Memorandum, p. 4). Petitioner demonstrates in his Appeal and Reply Memorandum that a record has been developed on that issue, and that record compels the conclusion that the state post-conviction process, at least as it was applied to Mr. Moore's case, did not allow counsel sufficient time to develop the affidavits that the Magistrate Judge's Supplemental Memorandum appears to demand.

Contrary to the finding in the Supplemental Memorandum, the record is not silent on this issue. Plaintiff's post-conviction counsel filed the Petition in state court on September 20, 1996. His diligence is evidenced in part by over 80 pages of materials outside of the record which post-conviction counsel attached to the Petition. Indeed, the Petition itself, 61 pages, reflects post-conviction counsel's considerable effort in reviewing the record to prepare the Petition. (ROW APX. M, p. 712 *et seq.)*

Interestingly, the state received an extension of time to file a reply to the Petition. That reply was filed on November 6, 1996 in the form of a "Motion for Judgment Pursuant to R.C. 2953.21(c)." (ROW APX N, p. 860 *et seq*). Although the state received 47 days to prepare and file its response, the Common Pleas Court rendered judgment granting the state's motion in just 14 days, without the benefit of any response from the Petitioner. (ROW APX Ex. O, p. 876 *et seq*.). The point Petitioner makes is that the record contains substantial evidence of diligence on the part of post-conviction counsel over and above the request for an evidentiary hearing he made pursuant to state statute. It is upon this record that Petitioner properly contends on appeal that he was not given a fair opportunity to do anything more than he did to develop the facts in state court. On this record, petitioner should not be denied an opportunity to present the record he has developed in discovery regarding his claims of ineffective assistance of counsel.[2]

### B.    PETITIONER IS NOT OFFERING AN EXHAUSTION ARGUMENT

Contrary to the Supplemental Memorandum, Petitioner is not making an

---

[2] In a at page 4 of the Supplemental Memorandum, the Magistrate Judge refers to Respondent's argument that, he contends, "shows it is likely Petitioner could have obtained affidavits from at least some of the relevant persons." The portion of Respondent's Memorandum to which the Magistrate Judge refers simply cites portions of state counsel's depositions where they made statements indicating they were willing to meet with appellate attorneys to assist in the appeal. (Doc 107, p. 14) This type of general "cooperation" by state counsel is mandated by our Canons of Ethics. Missing from the Respondent's Memorandum is any reference to statements by state trial or appellate counsel that they would be willing to file affidavits admitting to the details of ineffective assistance by state counsel which is described in their depositions and recounted in summary form in Petitioner's appeal memorandum. (Doc 106, p.2 *et seq*.) Respondent certainly had the opportunity to ask each of those counsel if he or she would have willingly provided the information regarding failure to properly represent Petitioner in personal affidavits at the post-conviction proceedings. Respondent's counsel chose not to ask those questions. Moreover, a review of the deposition transcripts makes it readily apparent that such involved information is not susceptible to affidavit format.

exhaustion argument to this Court.[3]  Rather, Petitioner cites the Sixth Circuit's decision

in *Clinkscale*, *v. Carter*, 375 F.3d 430 (6th Cir. 2004) as providing a relevant analogy to

the issue of petitioner's entitlement to an evidentiary hearing. In *Clinkscale*, the Sixth

Circuit found that exhaustion of an issue does not require re-exhaustion of the same

issue to preserve a merits review.  Specifically, the Court stated: "[i]n line with the

Court's reasoning in *O'Sullivan*, we have held that 'to exhaust his or her remedies, a

petitioner for federal habeas corpus relief is only required to raise his claims before the

state's highest court.' (citation omitted)." *Clinkscale*, 375 F.3d at 437.  The Sixth Circuit

explained that the purpose of the exhaustion requirement is "'designed to give the state

courts **a full and fair opportunity** to resolve federal constitutional claims . . . we

conclude that state prisoners must give the state courts **one full opportunity** to resolve

any constitutional issues by invoking one complete round of the State's established

appellate review process.'" (Emphasis added).  *Clinkscale*, 375 F.3d at 437, *quoting,*

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

        This is substantively the same consideration that goes into determining whether

a petitioner is entitled to an evidentiary hearing in federal court.  (Petitioner's Appeal,

Doc. 106, p. 9).  As shown above, when the state declines an opportunity, at petitioner's

request, to develop a record in state court by permitting a hearing, principles of comity

no longer dictate deference to that decision by the state.  *Michael Williams,* 529 U.S. at

---

        [3] The Supplemental Memorandum states that Petitioner "chides" the Magistrate Judge for failing
to consider *Clinkscale*. (*Id.* at 5).  Counsel is unsure how the Magistrate Judge acquired this impression; it
certainly was not counsel's intention.  Counsel apologize for any misimpression they may have conveyed
in this regard and assure the Magistrate Judge and this Court that they have only the utmost respect for
the Magistrate Judge and, at all times, have tried to act in a manner consistent with that respect.

437. *Clinkscale* simply lends support by analogy for this proposition.[4]

### C.    EVIDENTIARY HEARING AS TO CAUSE AND PREJUDICE

Petitioner does not suggest or infer, as the Supplemental Memorandum states, that there must be a trifurcated proceeding, or a separate hearing on cause and prejudice issues.  The procedural default defenses must be resolved at some point.  As these are ***affirmative defenses,*** they remain the burden of Respondent to prove. Petitioner has responded to each of the asserted procedural defaults in his Traverse. Petitioner has no way of knowing for sure, in light of those responses, which of the affirmative defenses Respondent intends to pursue.  The request for an evidentiary hearing was, therefore, necessarily general.  It was made within the deadline for requesting a hearing as set by the Court.  That deadline precedes a ruling on the merits of procedural default defenses.  The timing of Petitioner's request was based on that deadline and a concern that the Respondent might argue waiver if a request for a hearing on cause and prejudice issues was made after resolution of the procedural default defenses.

Of course, any concern the Court would have regarding the need for multiple

---

[4] Petitioner's post-conviction filing resulted in a ruling that ineffectiveness claims should be raised in the ongoing direct appeal. (ROW Apx. O, p. 878) Petitioner's direct appeal specifically challenged trial counsel's presentation of the horribly damaging testimony of Dr. Chiappone as well as defense counsel's constitutionally pathetic mitigation defense. The claim was denied on the merits. Thereafter, the postconviction appellate court ignored the Ohio Supreme Court's consideration of the merits (an implicit recognition or affirmance of the post-conviction trial court's decision) and ultimately concluded the claim should have been more fully presented in post-conviction. These inconsistent findings and Petitioner's reliance on the post-conviction trial court's ruling also served to foreclose any factual development in state court. Therefore, the lack of factual development in state court was also the product of the state court's inconsistent and confusing rulings, was foreclosed by the trial court's precipitous ruling on the state's Motion for Judgment, and, in any event, was not the fault of Petitioner.  *Michael Williams,* 529 U.S. at 432; *Mason,* 320 F.3d at 621, n. 6 .

11

hearings can be resolved by requiring the Respondent to identify the specific affirmative defenses she intends to pursue and combining any evidentiary hearing on the IAC claims with the hearing on any remaining affirmative defenses.

## CONCLUSION

Petitioner has demonstrated above and in his initial appeal that the Magistrate Judge applied an incorrect legal standard in denying Petitioner's request for an evidentiary hearing. The record before the Court demonstrates that Petitioner was diligent in attempting to obtain a hearing and develop a factual record in state court to support his ineffective assistance of counsel claims. *Michael Williams; Mason;* and *McFarland.* The Magistrate Judge erred in holding otherwise. We respectfully request that this matter be remanded to the Magistrate Judge for an evidentiary hearing on Petitioner's ineffective assistance of counsel claims.

## REQUEST FOR ORAL ARGUMENT

Petitioner respectfully requests the Court to set the pending appeals in this action for Oral Argument at the convenience of the Court.

Respectfully Submitted,

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142
Trial Counsel
Attorney at Law
423 Madrina
Ballwin, MO 63021
Phone (636) 207 – 7330
Fax (636) 207 – 7351

-and-

/s/Michael J. O'Hara
MICHAEL J. O'HARA – 0014966
O'Hara, Ruberg, Taylor, Sloan & Sergent
25 Crestview Hills Mall Rd, Ste 201
P.O. Box 17411
Covington, KY 41017
Phone: (859) 331-2000
Fax: (859) 578-3365
**COUNSEL FOR PETITIONER**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically on this 15 th day of November and this constitutes service upon counsel for Respondent pursuant to Loc. R. 5.2.

/s/Michael J. O'Hara
MICHAEL J. O'HARA – 0014966