

LEE MOORE — I. COMMAN PLEAS PLEAD —

008335

HAMILTON COUNTY COMMON PLEAS COURT
ROOM 315, HAMILTON COUNTY COURTHOUSE
1000 MAIN STREET
CINCINNATI, OHIO 45202

IN ACCORDANCE WITH APPELLATE RULE 30(A)
YOU ARE HEREBY GIVEN NOTICE THAT THE
FOLLOWING ORDER OR JUDGMENT HAS BEEN
JOURNALIZED ON THE 1ST DAY OF
JUNE , 1995, IMAGE NUMBER 2.

ENTRY GRANTING EXTENSION OF
TIME TO FILE APPELLANT'S
BRIEF UNTIL
06/09/95.

NOTICE IS SENT BY ORDINARY MAIL TO
ALL PARTIES REQUIRED BY LAW.
Deputy: David P. Gilb
         JAMES CISSELL
         CLERK OF COURTS





Case No. C 95-00009
STATE OF OHIO
- v s -
LEE EDWARD MOORE
--------------------
TIMOTHY J DEARDORFF

2368 VICTORY PKWY
SUITE 300
CINCINNATI OH 45206

008336

HAMILTON COUNTY COMMON PLEAS COURT
ROOM 315, HAMILTON COUNTY COURTHOUSE
1000 MAIN STREET
CINCINNATI, OHIO 45202

IN ACCORDANCE WITH APPELLATE RULE 30(A),
YOU ARE HEREBY GIVEN NOTICE THAT THE
FOLLOWING ORDER OR JUDGMENT HAS BEEN
JOURNALIZED ON THE 25TH DAY OF
JANUARY, 1995, IMAGE NUMBER 99.

JOURNAL ENTRY

NOTICE IS SENT BY ORDINARY MAIL TO
ALL PARTIES REQUIRED BY LAW.
Deputy: David P. Gilb
JAMES CISSELL
CLERK OF COURTS



Case No. C 95-00009
STATE OF OHIO
- v s -
LEE EDWARD MOORE

TIMOTHY J DEARDORFF

2368 VICTORY PKWY
SUITE 300
CINCINNATI OH 45206

008337

```
COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER
ROOM 355-COURTHOUSE
COURT & MAIN STREETS
CINCINNATI, OHIO 45202

B-  940481        02/10/94 CINCINNATI,OHIO #48 02/11/94 PM
STATE OF OHIO
           VS
MOORE/LEE

         THIS CASE IS SET FOR     * TO:
PRE-TRIAL
                                  * TIMOTHY J DEARDORFF
         02/18/94 AT  900 AM      * 169 E MCMILLAN ST
IN ROOM 360      BEFORE           * CINTI, OHIO 45219
         JUDGE
MORRISSEY/WILLIAM

         COURT OF COMMON PLEAS *
ASSIGNMENT COMMISSIONER
```



p+f anal side

008338



```
COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER        *
ROOM 355-COURTHOUSE
COURT & MAIN STREETS           *
CINCINNATI, OHIO 45202
                               *
  B-  940481        08/11/94   *
STATE OF OHIO                  *
              VS
MOORE/LEE                      *

           * * * * * * * * * * * * * * *

       THIS CASE IS SET FOR    * TO:
JURY TRIAL
                               * TIMOTHY J DEARDORFF
     11/07/94 AT    900 AM
  IN ROOM 360   BEFORE         * 2368 VICTORY PKWY
         JUDGE
MORRISSEY/WILLIAM              * SUITE 300

                               * CINCINNATI   OH 45206
                               *
       COURT OF COMMON PLEAS   *
    ASSIGNMENT COMMISSIONER
                               *
```

008339

```
COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER          *
ROOM 355-COURTHOUSE
COURT & MAIN STREETS             *
CINCINNATI, OHIO 45202
                                 *
B- 940481        02/22/94  CINCINNATI, OH DCR#4202 02/23/94 PM

STATE OF OHIO                    *
              VS
MOORE/LEE                        * * * * * * * * * * * * * *

    THIS CASE IS SET FOR          * TO:
JURY TRIAL
                                  * TIMOTHY J DEARDORFF

     07/26/94 AT  900 AM          * 169 E MCMILLAN ST
IN ROOM 360 BEFORE
        JUDGE                     * CINTI, OHIO 45219
MORRISSEY/WILLIAM
                                  *
                                    notified
                                     2/24
    COURT OF COMMON PLEAS        *
  ASSIGNMENT COMMISSIONER
                                 *
   33
```

008340

```
COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER
ROOM 355-COURTHOUSE
COURT & MAIN STREETS
CINCINNATI, OHIO 45202

B- 940481        05/09/94
STATE OF OHIO
           VS
MOORE/LEE

     THIS CASE IS SET FOR
MOTIONS + motion  death penalty

     06/27/94  AT  1000 AM
IN ROOM 360
              JUD
MORRISSEY/WILL

     COURT OF
     ASSIGNMENT
```

TO:

TIMOTHY J DEARDORFF

169 E MCMILLAN ST

NOTIFY SENDER OF NEW ADDRESS
DEARDORFF + HAAS
2358 VICTORY PKY APT 300
CINCINNATI OH 45206-2810

008341

COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER
ROOM 355-COURTHOUSE
COURT & MAIN STREETS
CINCINNATI, OHIO 45202

B- 940481                06/06/94

STATE OF OHIO
        VS
MOORE/LEE

THIS CASE IS SET FOR
JURY TRIAL

08/29/94 AT 9:00 AM
IN ROOM 340
       JL
MORRISSEY/WIL

COURT O
ASSIGNMEN



CINCINNATI
P M
7 JUN
1994

National Flag Day
JUNE 14

* TO:
* TIMOTHY J DEARDORFF
* 169 E MCMILLAN ST

DEAR169    452192009 1394 06/09/94
NOTIFY SENDER OF NEW ADDRESS
:DEARDORFF + HAAS
2368  VICTORY PKY APT 300
CINCINNATI OH 45206-2810

COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER
ROOM 355-COURTHOUSE
COURT & MAIN STREETS
CINCINNATI, OHIO 45202

B- 940481       02/22/94   CINCINNATI, OH 00#45 02/23/94 PM

STATE OF OHIO
          VS
MOORE/LEE

THIS CASE IS SET FOR         * TO:
MOTION TO SUPPRESS
                             * TIMOTHY J DEARDORFF
IN 05/05/94 AT 900 AM        * 169 E MCMILLAN ST
   ROOM 360  BEFORE          * CINTI, OHIO 45219
         JUDGE
MORRISSEY/WILLIAM

                             notified
                              2/24
COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER

008343

```
COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER
ROOM 355-COURTHOUSE
COURT & MAIN STREETS
CINCINNATI, OHIO 45202

 B-  940481            02/22/94

STATE OF OHIO
            VS
MOORE/LEE
                    Death penalty
         THIS CASE IS SET FOR
MOTION

        06/27/94 AT 1000 AM
     IN ROOM 360 BEFORE
              JUDGE
     MORRISSEY/WILLIAM


        COURT OF COMMON PLEAS
        ASSIGNMENT COMMISSIONER
```



TO:

TIMOTHY J DEARDORFF

169 E MCMILLAN ST

CINTI, OHIO 45219

Notified 2/24
1401 Clearbrook Dr.
(29)
Lee + Betty Moore, Sr.

008344



JUDGE WILLIAM J. MORRISSEY
Hamilton County Courthouse
Court of Common Pleas
Cincinnati, Ohio  45202

[Postmark: CINCINNATI, OH 452, PM, 10 MAY 1994]



National Flag Day
JUNE 14
Pause For The Pledge

*Jim Deardorff Esq*

020164    4821890020 1994 05/12/94
NOTIFY SENDER OF NEW ADDRESS
:DEARDORFF + HAAS
2368  VICTORY PKY APT 300
CINCINNATI OH 45206-2810

008345

```
COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER
ROOM 355-COURTHOUSE
COURT & MAIN STREETS
CINCINNATI, OHIO 45202

B-  940481                    05/25/94
STATE OF OHIO
              VS
MOORE/LEE

         THIS CASE IS SET FOR
MOTION

        06/03/94 AT 1000 AM
IN ROOM 360       BEFORE
            JUDGE
MORRISSEY/WILLIAM

        COURT OF COMMON PLEAS
ASSIGNMENT COMMISSIONER
```



```
DEAR169     452192007 1394 0
NOTIFY SENDER OF NEW ADDRE
:DEARDORFF + HAAS
2368   VICTORY PKY APT 300
CINCINNATI OH 45206 2810
```

008346




HAMILTON COUNTY COMMON PLEAS COURT
ROOM 315, HAMILTON COUNTY COURTHOUSE
1000 MAIN STREET
CINCINNATI, OHIO 45202

IN ACCORDANCE WITH APPELLATE RULE 30(A),
YOU ARE HEREBY GIVEN NOTICE THAT THE
FOLLOWING ORDER OR JUDGMENT HAS BEEN
JOURNALIZED ON THE 24TH DAY OF
OCTOBER , 1995, IMAGE NUMBER 14.

ENTRY GRANTING EXTENSION OF
TIME TO FILE APPELLEE'S
BRIEF UNTIL
12/19/95

NOTICE IS SENT BY ORDINARY MAIL TO
ALL PARTIES REQUIRED BY LAW.
Deputy: David P. Gilb
        JAMES CISSELL
        CLERK OF COURTS

NOV 02'95    = 0.20 =
             U.S. POSTAGE
7150781

Case No. C 95-00009
STATE OF OHIO
- v s -
LEE EDWARD MOORE

TIMOTHY J DEARDORFF
2368 VICTORY PKWY
SUITE 300
CINCINNATI OH 45206

008347



HAMILTON COUNTY COMMON PLEAS COURT
ROOM 315, HAMILTON COUNTY COURTHOUSE
1000 MAIN STREET
CINCINNATI, OHIO 45202

IN ACCORDANCE WITH APPELLATE RULE 30(A),
YOU ARE HEREBY GIVEN NOTICE THAT THE
FOLLOWING ORDER OR JUDGMENT HAS BEEN
JOURNALIZED ON THE 20TH DAY OF
OCTOBER, 1995. IMAGE NUMBER 14.

    ENTRY
    EXTENDING PAGE LIMITATION

NOTICE IS SENT BY ORDINARY MAIL TO
ALL PARTIES REQUIRED BY LAW.
Deputy: David P. Gilb
    JAMES CISSELL
    CLERK OF COURTS



Case No. C 95-00009
STATE OF OHIO
- v s -
LEE EDWARD MOORE

TIMOTHY J DEARDORFF

2368 VICTORY PKWY
SUITE 300
CINCINNATI OH 45206

008348

COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

STATE OF OHIO                :    Case No. B9400481
                             :    Judge Ruehlman
        Plaintiff            :
                             :    **MOTION TO INSTRUCT THE**
vs.                          :    **JURY ON SUFFICIENCY**
                             :    **OF SINGLE MITIGATING**
LEE MOORE                    :    **FACTOR**
                             :
        Defendant            :

Lee Moore, through his attorneys, respectfully moves this Court to supplement the O.J.I. 503.016(A)(2) "Burden" instruction with the following sentence:

> "However, any one mitigating factor standing alone may be sufficient to support a sentence of life imprisonment if the aggravating circumstances do not outweigh the mitigating factors beyond a reasonable doubt."

The reasons in support of this motion are set out in the attached memorandum.

## MEMORANDUM IN SUPPORT

"It is prejudicial error to refuse a requested charge that is pertinent to the case, states the law correctly, and i snot covered by the general charge." State v. Hicks (1989), 43 Ohio State 3d 72, 77. The requested supplement is pertinent to the case, as it clarifies the instruction so that the jury is aware even one mitigating factor is sufficient to support a life sentence if it is not proven beyond a reasonable doubt that the aggravating circumstances outweigh that single factor.

The standard instruction falls short of providing that clarification:

008349

> 2. BURDEN. The prosecutor has the burden to prove beyond a reasonable doubt that the aggravating circumstances of which the defendant was found guilty outweigh the factors in mitigation of imposing the death sentence. To outweigh means to weigh more than, to be more important than. The existence of mitigating factors does not preclude or prevent the death sentence, if the aggravating circumstances outweigh the mitigating factors.

O.J.I. 503.016(A). Addition of the requested sentence more clearly reflects the law that any one mitigating factor may be considered alone as sufficient in the weighing process. R.C. 2929.04(B).

Failure to give the supplemented instruction will deny the benefits of state and federal law to which the Defendant is entitled and undermine his rights under the Ohio and Federal Constitutions to due process, equal protection, a fair and impartial and reliable jury determination as to sentence, and to be free from cruel and unusual punishment.

Respectfully submitted,

Daniel J. James #0008067
Attorney for Defendant
30 E. Central Pkwy., 13th Flr.
Cincinnati, Ohio  45202
513-721-1995

and

Timothy J. Deardorff #0006308
Attorney for Defendant
2368 Victory Parkway
Suite 300
Cincinnati, Ohio  45206
513-872-7900

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion was hand delivered to the office of the Hamilton County Prosecutor, 4th floor of the Hamilton County Courthouse, this _____ day of _____, 1994.

_____
Daniel J. James  #0008067
Attorney for Defendant

008351

Failure to give the supplemental instruction will deny Mr. Moore his rights under the Ohio and United States Constitutions to due process, equal protection, a fair and reliable jury determination of sentence, and to be free from cruel and unusual punishment.

Respectfully submitted,

Daniel J. James #0008067
Attorney for Defendant
30 E. Central Pkwy., 13th Flr.
Cincinnati, Ohio  45202
513-721-1995

and

Timothy J. Deardorff #0006308
Attorney for Defendant
2368 Victory Parkway
Suite 300
Cincinnati, Ohio  45206
513-872-7900

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion was hand delivered to the office of the Hamilton County Prosecutor, 4th floor of the Hamilton County Courthouse, this _____ day of _____, 1994.

Daniel J. James  #0008067
Attorney for Defendant

008352

COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | Case No. B9400481 |
| | : | Judge Ruehlman |
| Plaintiff | : | |
| | : | **MOTION TO INCLUDE ALCOHOL** |
| vs. | : | **AND/OR DRUG IMPAIRMENT AT** |
| | : | **THE TIME OF THE OFFENSE** |
| LEE MOORE | : | **AMONG LIST OF MITIGATING** |
| | : | **FACTORS IN PENALTY PHASE** |
| Defendant | : | **JURY INSTRUCTIONS** |

Lee Moore, through his attorneys, respectfully requests that this Court include the following mitigating factor in its penalty phase instructions:

> Intoxication by alcohol and/or drugs is not an excuse for an offense. However, such a condition must be considered as a mitigating factor for the purpose of determining whether such intoxication adversely affected Mr. Moore's mental processes, conduct and actions and whether such intoxication deprived him of the clearness of intellect and control of himself that he would otherwise have possessed.

Modified O.J.I. Sections 411.10 and 411.11. The reasons in support of this motion are set out in the attached memorandum.

### MEMORANDUM IN SUPPORT

If a jury finds that a defendant's judgment, control and clearness of intellect was impaired by drugs and/or alcohol at the time of the offense, it is legally and constitutionally relevant and is appropriately considered in mitigation under both the Federal State Constitutions and pursuant to R.C. 2929.04(B)(7).

Defense is not submitting that Mr. Moore arguably acted "under duress, coercion or strong provocation," nor does defense assert that "the defendant, because of a mental disease or defect, lacked

008353

substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law." R.C. 2929.04(B)(2) and (B)(3), respectively. The degree of impairment need not rise to the level of duress or substantial impairment to be considered an "any other" factor "relevant to the issue of whether the defendant should be sentenced to death." R. C. 2929.04(B)(7). The United States Supreme Court has held that "any other matter" includes lesser degrees of impairment, disturbance or duress than the higher degrees defined by statute. Blystone v. Pennsylvania (1990), 494 U.S. 299, 308-309, 108 L.Ed.2d 255, 265. In a subsequent decision, the Court reversed a ruling of a trial judge who found that none of the evidence presented established a nonstatutory mitigation circumstance where there was testimony from several witnesses that the defendant was under the influence of large amount of alcohol and various drugs during the murders. Parker v. Dugger (1991), 498 U.S. ____, ____, 112 L.Ed.2d 812, 822. The Court considered such testimony to be evidence of a nonstatutory mitigating circumstance; and the failure to consider it as such denied the defendant of the individualized treatment to which he was entitled. Id.

The standard intoxication instructions at O.J.I. Sections 411.10 and 411.11 are not appropriate in the penalty phase of a capital case. The phrasing of the instructions are in the language of an affirmative defense, and they ignore the critical distinctions between affirmative defenses and mitigating factors. They would be inappropriate because they focus on the "purpose" element of the underlying offense. That element is not at issue in