## MEMORANDUM

In support of this request, counsel for the Defendant indicates that this case was originally assigned to Judge Morrissey of the Court of Common Pleas for trial and disposition. Trial is currently scheduled to commence with jury selection on Monday, November 7, 1994.

On the afternoon of Monday, October 31, 1994, counsel for the Defendant was notified by the office of the presiding judge that Judge Morrissey would be unable to commence trial because of a burdensome trial calendar and that this case has been reassigned for trial before Judge Robert Ruehlman.

Counsel for the Defendant states that such reassignment is a violation of the protection of due process and equal protection as guaranteed by both state and federal constitutions. Specifically, counsel states that Rule 7 of the Local Rules of the Hamilton County Court of Common Pleas, attached hereto and marked "Exhibit A", requires that a criminal case . . .

> ". . .shall be immediately assigned by the Presiding Judge or the Court Administrator by lot to a judge thereof. . ."
>
> (Hamilton County Common Pleas Local Rule 7 (B))

Additionally, the local rules contain a separate provision for assignment of death penalty cases.

> "(H) A separate assignment by lot shall be made for death penalty offenses."
>
> (Hamilton County Common Pleas Local Rule 7)

Upon a showing that the trial judge is engaged in another

008135

trial or is absent, Local Rule 7 (C) provides for the Administrative Judge to assign such case to any judge not engaged in trial. In the instant case, there has been no showing that Judge Morrissey is engaged in trial or absent on the scheduled trial date of November 7, 1994. Accordingly, there is no authority for reassignment of this matter at the choosing of the Administrative Judge and this case should properly be referred for assignment "by lot" as required in the local rules.

To permit selective assignment of cases circumvents the intent of the individual assignment system as proscribed in Local Rule 7 and as such denies a defendant the due process and equal protection guarantees that are afforded other criminal cases where an assignment of trial judges is made "by lot".

The Defendant requests this matter be referred to the office of the Court Administrator for assignment by lot.

Respectfully submitted,

_____
Daniel J. James  #0008067
Attorney for Defendant
30 E. Central Pkwy., 13th Flr.
Cincinnati, Ohio  45202
513-721-1995

and

_____
Timothy J. Deardorff #0006308
Attorney for Defendant
2368 Victory Parkway
Suite 300
Cincinnati, Ohio  45206
513-872-7900

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion was hand delivered to the office of the Hamilton County Prosecutor, this 1st day of November, 1994.

*Daniel J. James*
Daniel J. James   #0008067
Attorney for Defendant

008137

**; hours of session**
Section 2301.05 the
urt is one calendar
in each term desig-
and October parts,
Monday of those
terms of Court, or
ι Revised Code Sec-
ive. In accordance
1.11 each Judge of
l hold not less than
; each judicial year
at judge is disposed
mended January 1,

iis court for the trial
ι. to 1:00 p.m. and
onday through Fri-
2).

**official daily law
urt**

*lex* is hereby desig-
urnal of this Court,
Section 2701.09, in
the judges of this
calendars shall
cases, and the
ttorneys appearing
ndence Rule 3 and
alendars shall also
nd such particulars
ιs may be specified
nd each notice re-
of such judges.
Jividual assignment
lence Rule 4, sepa-
of each division of

*nnati Court Index*
mplete notification
l of any assignment
rpose whatever and
cl to ascertain from
official notification
all cases.
s provided by these
elivery of such mail
nonappearance of
re such notice has
in the *Cincinnati*
paragraph above.
is of any rule to the
provided for shall
cts the attention of
n in the *Cincinnati*
tting forth any
xact time of

### RULE 7. Individual assignment system

(A) The several Judges of the General Division shall be assigned each month in rotation as Presiding Criminal Judge and as Equity Judge. Where there is an application for a restraining order, appointment of a receiver or mandamus, the party making the application shall give written notice to the opposite party of the intention to make such application, unless the Equity Judge, for good cause shown, otherwise directs. If the Equity Judge directs that the written notice be omitted, an entry shall be made stating the reason for the omission of such notice. No request for a temporary restraining order will be heard unless it is presented by a motion separately filed. A case shall be permanently assigned to the judge serving in equity at the time a motion for temporary restraining order is filed; except that a case already permanently assigned at the time the motion is filed shall not be reassigned. For purposes of reports under Superintendence Rule 5, all miscellaneous cases not otherwise assigned shall be reported each month by the Equity Judge.

(B) In accordance with Superintendence Rule 4, upon the filing in, or transfer to, a division of the Court of a civil case, or upon arraignment, upon information or indictment, or upon special request of the Hamilton County Prosecutor as provided in paragraph (L) herein, in a criminal case, such case shall be immediately assigned by the Presiding Judge or the Court Administrator by lot to a judge thereof, who thus becomes primarily responsible for the determination of, except as otherwise provided herein, every issue and proceeding in the case until its termination. Under this system, all preliminary matters, including requests for continuances, must be submitted for disposition to the judge to whom the case has been assigned, or if the assigned judge is unavailable, to the Administrative Judge. Such cases, whether civil or criminal, shall be distributed, as nearly equally as possible, to each of the judges then in office in the division in which such action is cognizable, and the several judges of that division may effect any system whereby this is to be accomplished, provided such assignment is immediate upon filing, transfer or assignment, as the case may be.

(C) Whenever, upon the date set for trial of a cause, whether civil or criminal, counsel for the parties acknowledge their readiness to proceed to trial, and the judge to whom the cause has been assigned is engaged in another trial, or is absent, the Administrative Judge may forthwith assign such case to any judge of that division who is not engaged in the trial of a cause at that time, and such judge shall take credit for the disposition of that case, in accordance with Superintendence Rule 5, as if such case had been originally assigned to him or her. Thereupon the judge receiving such reassignment shall promptly select and transfer one of the cases assigned to that judge's room in the same classification and filed in the same or subsequent year, in exchange to the room from which said case came, as a permanent transfer.

(D) For good cause shown, on written application by counsel to the Presiding Judge, a case may be reassigned by the Presiding Judge in the manner provided in Section (C) hereof.

(E) When necessary or proper a judge may disqualify himself or herself from a particular case. In those circumstances, that judge shall inform the Administrative Judge in writing of such disqualification and upon approval of the Administrative Judge, the Court Administrator will reassign the case pursuant to Rule 7 (B) and (C) above. The writing will be an official entry.

(F) When a new trial is ordered, for any reason, either by the judge who originally tried the case or by a reviewing court, the case, for purposes of such new trial, shall be reassigned by lot in accordance with the system authorized by Paragraph B hereof. When a case has once been tried, and for any reason a retrial is required, said case shall be given preference in the setting of cases for trial.

(G) Consolidation and separate trials: Civil Rule 42 governs consolidation and separate trials. Unless otherwise agreed by the judges involved, motions to consolidate shall be heard by the judge to whom the lowest numbered case is assigned and, if granted, all cases shall then go to that judge. In lieu of that judge returning a case under the provisions of Rule 7 (C), the judge from whom a case is taken shall be reassigned a new case pursuant to Rule 7 (B).

(H) A separate assignment by lot shall be made for death penalty offenses. In these cases, the Presiding Criminal Judge shall appoint one attorney for defendant on the day that the defendant is either arraigned in the Municipal Court or indicted, whichever comes first. The Assigned Judge will appoint one additional attorney for defendant upon assignment of the case in the Common Pleas Court. (Amended June 17, 1983)

(I) If it is ascertained that a defendant is under the age of 18 years of age and the Juvenile Court has not yet waived jurisdiction, the general division judge shall continue the case one day and will notify the presiding Juvenile Judge so that the proper complaint can be processed.

(J) In accordance with Superintendence Rule 4, in any instance where a previously filed and dismissed case is refiled, that case shall be reassigned to the judge originally assigned by lot to hear it, unless, for good cause shown, that judge is precluded from hearing the case. (New February 1, 1985)

(K) When a criminal case has been assigned to a judge of this court and the state seeks to obtain relief from discovery or to perpetuate testimony or for a witness protective order under Crim. R. 16(B), said motion will not be heard by the assigned judge but rather will be heard and determined by the judge assigned as presiding criminal judge for the

month wherein the motion is filed. The assigned judge will continue to be primarily responsible for the determination of every other issue and proceeding in the case until its termination pursuant to paragraph (B) above.

(L) Upon request of the Hamilton County Prosecutor, cases may be assigned at the time the Grand Jury investigation begins. This procedure will provide for the assignment of one prosecutor who will handle a case through every step of the criminal system beginning with the Grand Jury process. The Court Administrator shall designate a form by which the Prosecutor shall make such a request. When multiple defendants are charged as a result of single event, with the same or similar charges, each defendant will be assigned a separate case number prior to assignment. The Prosecutor must indicate on the assignment request form the case numbers of such companion cases to be assigned together to one judge. Co-defendants will be consolidated into one indictment, using the lowest case number assigned. Co-defendants will be listed in the indictment in the same ascending order as the case numbers were assigned originally. The Criminal Judge will handle all pre-assignment matters and arraignment after which the judge assignment will be effective. The Court Administrator may develop additional guidelines consistent with this Rule.

(Amended February 1, 1993)

## RULE 8. Juries

### I. Opportunity for Service

Jury service is an obligation of all qualified citizens of Hamilton County. The opportunity for service shall not be denied to any person on the basis of race, national origin, gender, age, religious beliefs, income, occupation, disability (except where there is a language barrier), or any other discriminating factor. All reasonable efforts shall be made to accommodate prospective jurors who have special needs.

### II. Jury Source List

(a) The jury source list shall be obtained from the Board of Elections' list of registered voters. This list is considered sufficiently representative and inclusive of the adult population of Hamilton County.

(b) The Jury Commissioners appointed by the Court, pursuant to Revised Code Section 2313.01, on or before the first day of October of each year, shall select such number of electors, residents of the county, as the Court may order, whose names shall be placed in the jury wheel for the succeeding court year.

(c) The Court shall annually review this process to determine possible need for improved representativeness and inclusiveness.

### III. Random Selection Procedures

(a) The Jury Commissioners shall estimate the approximate number of jurors needed for the following jury year. The estimated number of jurors needed shall be divided into the number of currently registered voters to determine a key number. A random start number shall be chosen.

(b) In those circumstances where the Court determines that the Selection and Qualification Processes of Jurors shall be handled by Automatic Data Processing Revised Code Section 2313.08 and .21, shall govern.

(c) The names shall be selected, in accordance with the key number furnished by the Court, from the certified list containing the names of all electors of the county.

(d) The eligible jurors shall be selected for the jury pool using procedures insuring random selection. The identical procedure shall apply to the selection of Grand Jurors.

(e) When the required number of persons, qualified to serve as jurors has been chosen and the names approved by the Commission, the Deputy Jury Commissioner shall prepare in triplicate an alphabetical list of such names, a copy of which shall be given to the Court Administrator and to the Clerk of Courts (ORC 2313.08) with one to be retained by the Commission. Each such list shall bear the endorsement of both Commissioners. The names of such electors shall be printed on separate pieces of paper of uniform size and deposited in the jury wheel as provided by law.

(f) As the names are drawn from the wheel and verified by the Clerk of Courts as being on the list prepared by the Jury Commission, they shall be written down in the order in which they are drawn from the wheel and numbered consecutively beginning with number one, and the Clerk of Courts shall forthwith certify the list of names of the persons so drawn to the Jury Commission, preserving the same order and arrangement as herein provided.

(g) The Sheriff shall serve summons by mail, shall make personal service of summons, if ordered by the Court, in the manner provided by law, persons whose names are drawn from time to time from the wheel.

(h) When a panel or additional jurors are required in any trial room, the Deputy Jury Commissioner shall randomly draw the required number cards from the service wheel and cause the name and numbers thereon to be entered on a form stating the number of the trial room and leaving space for data necessary for proper record. This list, with the name cards, shall then be forwarded to the trial judge, who shall make proper record opposite each name to show which jurors were retained for service and which were challenged.

(i) Immediately after the jury is sworn, said list, together with the cards bearing the names of those rejected, shall be immediately returned to the Deputy Jury Commissioner; but the cards bearing the names of the jurors sworn for service shall be retained by the trial judge until a verdict is returned

and thereupon forthwith to the Deputy Jury C be placed in the daily Jury Commissioner in same.

(j) Said Deputy Jury thority to withdraw fr cards of jurors who ha pleted their term of s

### IV. Eligibility for Jur

(a) All persons shou except those who:
— Are less than ei
— Are not citizens
— Are not resident
— Are not able to language; or
— Have been convi had their civil rights r

(b) It shall be the du missioner appointed i Code Section 2313.02 juror by mail, to call a to the office of the Con assignment to jury ser The Deputy Jury Con rate record of all such to respond to such no tact by most practica respond to such notice by the Presiding Judge Deputy Jury Commiss and accurate record f jury service and accep

(c) Following summ Code Sections 2313.13 tant Presiding Judge sh passing upon the requ or to have their term designate a representat Commissioner or his/h representative of the C

### V. Term of and Avail

(a) The time that pe form jury service and t shortest period consiste Generally, unless other Section IV(c) above, t three (3) weeks.

(b) Jurors are placec Unless participating or will call a recording in to determine if their se day.

(c) All jurors shall rep er's office each mornin phone call-in system, u the trial judge, in order be credited. Jurors shal ation office during cou



COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

STATE OF OHIO : Case No. B9400481
     Plaintiff : Judge Morrissey

vs. : **DEFENDANT'S DEMAND FOR DISCLOSURE OF FAVORABLE EVIDENCE**

LEE MOORE :
     Defendant :

Defendant demands that the Prosecutor disclose to the Defendant's counsel, all evidence, known or which may become known to the Prosecutor, which is favorable to the Defendant and material either to the issue of guilty or punishment.

Compliance with Defendant's demand is requested within ten (10) days. Motions will be filed with the Court certifying non-compliance if the material is not produced within ten (10) days of the date that this demand is served upon the Prosecuting Attorney.

_____
Daniel J. James J-074/0008067
Attorney for Defendant
30 E. Central Pkwy., 13th Flr.
Cincinnati, Ohio 45202
(513) 721-1995

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Defendant's Demand For Disclosure of Favorable Evidence was served upon the Prosecuting Attorney for Hamilton County, 4th floor of the Hamilton County Courthouse, by hand delivery, this 17th day of February, 1994.

_____
Daniel J. James J-074/0008067
Attorney for Defendant

008140



COPY FILED
COMMON PLEAS COURT
HAMILTON COUNTY
CRIMINAL DIVISION
FEB 18 1994
JAMES CISSELL
CLERK OF COURTS

COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

STATE OF OHIO                   :        Case No. B9400481
                                         Judge Morrissey
         Plaintiff              :

vs.                             :        **DEFENDANT'S DEMAND**
                                         **FOR DISCOVERY**
LEE MOORE                       :

         Defendant              :

Now comes the Defendant, by and through counsel, and demands of the Prosecuting Attorney for the State of Ohio, the following matters with respect to discovery in the above captioned case:

1.  Pursuant to Rule 16(B)(1)(a), Ohio Rules of Criminal Procedure, relevant written or recorded statements made by the Defendant or Co-defendant, or copies thereof; written summaries of any oral statement, or copies thereof, made by the Defendant or Co-defendant to a prosecuting attorney or any law enforcement officer; recorded testimony of the Defendant or Co-defendant before a grand jury.

2.  Pursuant to Rule 16(B)(1)(b), Ohio Rules of Criminal Procedure, a copy of the Defendant's prior criminal record, which is available to or within the possession, custody or control of the state.

3.  Pursuant to Rule 16(B)(1)(c), Ohio Rules of Criminal Procedure, to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or other tangible objects, available to or within the possession, custody or control of the state, which are material to the preparation of the Defendant's defense, or are intended for use by the Prosecuting Attorney as evidence at the trial, or were obtained from or belong to the Defendant.

4.  Pursuant to Rule 16(B)(1)(d), Ohio Rules of Criminal Procedure, copies of any results or reports of physical or mental examination, and of scientific tests or experiments, made in connection with the particular case, which are available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the Prosecuting Attorney.

008441

5. Pursuant to Rule 16(B)(1)(e), Ohio Rules of Criminal Procedure, written lists of the names and addresses of all witnesses whom the Prosecuting Attorney intends to call at trial, together with any record of prior felony convictions or any record of conviction of any crime involving dishonesty or false statement of any such witness.

6. Pursuant to Rule 16(B)(1)(f), Ohio Rules of Criminal Procedure, all evidence, known or which may become known to the Prosecuting Attorney, favorable to the Defendant and material either to guilt or punishment.

7. To furnish to the Defendant the substance of any evidence the Prosecuting Attorney intends to offer under Evid. R. 404(B).

### MEMORANDUM OF LAW

Ohio Rules of Criminal Procedure, Rule 16(B).

_____
Daniel J. James   J-074/0008067
Attorney for Defendant
30 E. Central Pkwy.
13th Floor
Cincinnati, Ohio  45202
(513) 721-1995

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Demand For Discovery was served upon the Hamilton County Prosecutor, 420 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio, 45202, by hand delivery, this 18th day of February, 1994.

_____
Daniel J. James   J-074/0008067
Attorney for Defendant

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

THE STATE OF OHIO

HAMILTON COUNTY, ss:

Case No. B9400481

INDICTMENT FOR: Aggravated Murder 2903.01 R.C. With Specifications and Aggravated Robbery 2911.01 R.C. With Specification and Kidnapping 2905.01 R.C. With Specification **CAPITAL**

In the Court of Common Pleas, Hamilton County, Ohio, of the Grand Jury Term Nineteen Hundred and Ninety-Four.

### FIRST COUNT

The Grand Jurors of the County of Hamilton, in the name and by authority of the State of Ohio, upon their oaths do find and present that Lee Moore, on or about the 14th day of January in the year Nineteen Hundred and Ninety-Four at the County of Hamilton and State of Ohio aforesaid, purposely, and with prior calculation and design, caused the death of Melvin Olinger, in violation of Section 2903.01 of the Ohio Revised Code and against the peace and dignity of the State of Ohio.

### SPECIFICATION 1 TO COUNT 1.

The Grand Jurors further find and specify that the said Lee Moore committed the offense presented above for the purpose of escaping detection or apprehension or trial or punishment for another crime committed by him, to wit: Kidnapping and/or Aggravated Robbery.

### SPECIFICATION 2 TO COUNT 1.

The Grand Jurors further find and specify that the offense presented above, the murder of Melvin Olinger, was committed while the said Lee Moore was committing, attempting to commit, or fleeing immediately

008443

after committing or attempting to commit the offense of Kidnapping, and the offender was the principal offender in the commission of the aggravated murder or if not the principal offender, committed the aggravated murder with prior calculation and design.

### SPECIFICATION 3 TO COUNT 1.

The Grand Jurors further find and specify that the offense presented above, the murder of Melvin Olinger, was committed while the said Lee Moore was committing, attempting to commit, or fleeing immediately after committing or attempting to commit the offense of Aggravated Robbery, and the offender was the principal offender in the commission of the aggravated murder or if not the principal offender, committed the aggravated murder with prior calculation and design.

### SPECIFICATION 4 TO COUNT 1.

The Grand Jurors further find and specify that the said Lee Moore did have on or about his person, or under his control, a firearm while committing the offense of Aggravated Murder alleged in count 1 hereof.

### SECOND COUNT

The Grand Jurors of the County of Hamilton, in the name and by authority of the State of Ohio, upon their oaths do find and present that Lee Moore, on or about the 14th day of January in the year Nineteen Hundred and Ninety-Four at the County of Hamilton and State of Ohio aforesaid, purposely, caused the death of Melvin Olinger, while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit the offense of Kidnapping, in violation of Section 2903.01 of the Ohio Revised Code and against the peace and dignity of the State of Ohio.

008444

SPECIFICATION 1 TO COUNT 2.

The Grand Jurors further find and specify that the said Lee Moore committed the offense presented above for the purpose of escaping detection or apprehension or trial or punishment for another crime committed by him, to wit: Kidnapping.

SPECIFICATION 2 TO COUNT 2.

The Grand Jurors further find and specify that the offense presented above, the murder of Melvin Olinger, was committed while the said Lee Moore was committing, attempting to commit, or fleeing immediately after committing or attempting to commit the offense of Kidnapping, and the offender was the principal offender in the commission of the aggravated murder or if not the principal offender, committed the aggravated murder with prior calculation and design.

SPECIFICATION 3 TO COUNT 2.

The Grand Jurors further find and specify that the offense presented above, the murder of Melvin Olinger, was committed while the said Lee Moore was committing, attempting to commit, or fleeing immediately after committing or attempting to commit the offense of Aggravated Robbery, and the offender was the principal offender in the commission of the aggravated murder or if not the principal offender, committed the aggravated murder with prior calculation and design.

SPECIFICATION 4 TO COUNT 2.

The Grand Jurors further find and specify that the said Lee Moore did have on or about his person, or under his control, a firearm while committing the offense of Aggravated Murder alleged in count 2 hereof.

## THIRD COUNT

The Grand Jurors of the County of Hamilton, in the name and by authority of the State of Ohio, upon their oaths do find and present that Lee Moore, on or about the 14th day of January in the year Nineteen Hundred and Ninety-Four at the County of Hamilton and State of Ohio aforesaid, purposely, caused the death of Melvin Olinger, while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit the offense of Aggravated Robbery, in violation of Section 2903.01 of the Ohio Revised Code and against the peace and dignity of the State of Ohio.

### SPECIFICATION 1 TO COUNT 3.

The Grand Jurors further find and specify that the said Lee Moore committed the offense presented above for the purpose of escaping detection or apprehension or trial or punishment for another crime committed by him, to wit: Aggravated Robbery.

### SPECIFICATION 2 TO COUNT 3.

The Grand Jurors further find and specify that the offense presented above, the murder of Melvin Olinger, was committed while the said Lee Moore was committing, attempting to commit, or fleeing immediately after committing or attempting to commit the offense of Aggravated Robbery, and the offender was the principal offender in the commission of the aggravated murder or if not the principal offender, committed the aggravated murder with prior calculation and design.

### SPECIFICATION 3 TO COUNT 3.

The Grand Jurors further find and specify that the offense

presented above, the murder of Melvin Olinger, was committed while the said Lee Moore was committing, attempting to commit, or fleeing immediately after committing or attempting to commit the offense of Kidnapping, and the offender was the principal offender in the commission of the aggravated murder or if not the principal offender, committed the aggravated murder with prior calculation and design.

### SPECIFICATION 4 TO COUNT 3.

The Grand Jurors further find and specify that the said Lee Moore did have on or about his person, or under his control, a firearm while committing the offense of Aggravated Murder alleged in count 3 hereof.

### FOURTH COUNT

The Grand Jurors of the County of Hamilton, in the name and by authority of the State of Ohio, upon their oaths do find and present that Lee Moore, on or about the 14th day of January in the year Nineteen Hundred and Ninety-Four at the County of Hamilton and State of Ohio aforesaid, in committing or attempting to commit a theft offense, to wit: personal property, or in fleeing immediately thereafter, had on or about his person or under his control a deadly weapon or dangerous ordnance, to wit: a handgun, in violation of Section 2911.01 of the Ohio Revised Code and against the peace and dignity of the State of Ohio.

### SPECIFICATION TO COUNT 4.

The Grand Jurors further find and specify that the said Lee Moore did have on or about his person, or under his control, a firearm while committing the offense of Aggravated Robbery alleged in count 4 hereof.

## FIFTH COUNT

The Grand Jurors of the County of Hamilton, in the name and by authority of the State of Ohio, upon their oaths do find and present that <u>Lee Moore</u>, on or about the 14th day of January in the year Nineteen Hundred and Ninety-Four at the County of Hamilton and State of Ohio aforesaid, by force, threat, or deception, removed Melvin Olinger from the place where he was found or restrained him of his liberty for the purpose of facilitating the commission of a felony, to wit: Aggravated Robbery or flight thereafter and/or to terrorize or inflict serious physical harm and the offender did not release the victim in a safe place unharmed, in violation of Section 2905.01 of the Ohio Revised Code and against the peace and dignity of the State of Ohio.

## SPECIFICATION TO COUNT 5.

The Grand Jurors further find and specify that the said Lee Moore did have on or about his person, or under his control, a firearm while committing the offense of Kidnapping alleged in count 5 hereof.

*[signature]*
Joseph T. Deters
Prosecuting Attorney
Hamilton County, Ohio

008148

Reported and filed this                    By: _____
                                                Assistant Prosecuting Attorney

                                           By: _____
                                                Assistant Prosecuting Attorney

_____ day of

__JAN 2 7 1994__, A.D. 199____

By: __JAMES CISSELL__              A TRUE BILL
    Clerk of Hamilton County
    Common Pleas

By: _____        By: _____
    Deputy                              Foreperson, Grand Jury

008149

III. LEGAL RESEARCH

008150



IV. SEE MOORE
EVIDENCE & DISCOVERY —



put in
file

-curt?

008152

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

STATE OF OHIO : CASE NO. B-9400481

    Plaintiff : (Judge Ruehlman)

-vs- : JURY INSTRUCTIONS

LEE MOORE :

    Defendant :

CRIMINAL INSTRUCTIONS OF THE COURT

Ladies and gentlemen of the jury: You have now heard all of the evidence in this case and the attorneys have just concluded their arguments. It is the duty of the Court to charge you on the law; that is, to instruct you on the law which you must apply to the facts as you determine them to be in order to arrive at your verdict. You may have your own ideas as to what the law is, or what it ought to be. You must put those from your mind. It is your sworn duty to apply only the law as the Court gives it to you.

On the other hand, you are the exclusive judges of the facts. You determine what happened in this case. Do not infer from any ruling or statement that the Court has made during the course of the trial, or any facial expression, or anything

008153

else, that the Court has any conclusion on any factual question. Factual questions are the sole province of the jury.

## EVIDENCE

Your conclusions about the facts will be based on what is called the evidence. You will recall we started with opening statements by counsel in which they told you what they thought the evidence was going to be. Counsel have said various things or incorporated certain things into their questioning, and now they have concluded final arguments. All of this is a proper part of the trial, but none of it is evidence. The evidence on which you will make your decisions is what you heard from the mouths of the witnesses sitting on that witness stand, plus the exhibits which have been admitted by the Court plus agreed or stipulated facts.

Evidence may be direct or circumstantial or both. Direct evidence is the testimony by a witness who has seen or heard the facts to which he or she testifies. It includes exhibits and all agreed or stipulated facts.

Evidence may also be used to prove a fact by inference. This is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts by direct evidence from which you may infer or derive by reasoning other reasonable facts or conclusions.

Where the evidence is both direct and circumstantial, the combination of the two must satisfy you of the defendant's guilt beyond a reasonable doubt.

-2-

008154