Statements or answers that were stricken by the Court or which you were instructed to disregard are not evidence and must be treated as though you never heard them.

You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth or any suggestion included in a question that was not answered.

The jury is also the exclusive judge of the credibility or believability of the witnesses and the weight to be given the evidence. You may believe or disbelieve all or any part of the testimony of any witness. In determining what part of a witness testimony you wish to believe, you consider a number of facts: The witness' appearance on the witness stand; their candor; what interest, if any, they may have in the outcome of this litigation; what relationship, if any, they have to anyone else involved in the case; the consistency or inconsistency of one thing they said with something else they said or with something else you believe to be true or untrue; whether they were in a position to know that concerning which they testified; and all the facts and circumstances surrounding the testimony. In brief, you will use all those tests which you use in your ordinary everyday life in order to determine what testimony is worthy of belief and what testimony is not worthy of belief.

008455

All criminal cases start with an indictment, but the indictment has absolutely nothing whatsoever to do with the guilt or the innocence of this defendant. It simply advises the defendant exactly what the offense is with which he/she is charged and sets out exactly what the State of Ohio must prove to you beyond a reasonable doubt before you can return a verdict of guilty.

The defendant is presumed innocent unless and until the jury has determined that his/her guilt has been proved beyond a reasonable doubt. There is no necessity or requirement that any defendant present any evidence.

The duty of proof rests entirely on the State of Ohio. The defendant must be acquitted unless the State produces evidence which convinces you beyond a reasonable doubt of every essential element of the crime charged in the indictment.

## REASONABLE DOUBT

Reasonable doubt is defined by the Ohio legislature as follows:

> "Reasonable doubt" is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense.
>
> Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt.
>
> "Proof beyond a reasonable doubt" is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs."

-4-

008456

## POLICE OFFICERS

We had witnesses who were police officers. They are tested by exactly the same tests of believability as any other witness. They are not entitled to any more credibility nor any less credibility simply because they are officers of the law.

## EXPERT WITNESS

Generally, a witness may not express an opinion. However, one who follows a profession may express his or her opinion because of his or her education, knowledge and experience. Such testimony is admitted for whatever assistance it may provide to help you to arrive at a just verdict.

As with other witnesses, upon you alone rests the duty of deciding what weight should be given to the testimony of the expert. In determining its weight, you may take into consideration his or her skill, experience, knowledge, veracity, familiarity with the facts of this case, and the usual rules for testing credibility in determining the weight to be given to his or her testimony.

## TESTIMONY OF ACCOMPLICE

The testimony of an accomplice does not become inadmissible because of his/her complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his/her credibility and make his/her testimony subject to grave suspicion, and require that it be weighed with great caution.

003157

It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.

### CONSTITUTIONAL RIGHT NOT TO TAKE THE STAND

A defendant has a constitutional right not to take the stand and testify.

The fact that the defendant did not testify must not be considered for any purpose.

### MEANING OF WORDS

Remember, also, that words in the English language, whether used in this charge or in the evidence you are to weigh, are to be given their normal and customary meaning in the English language unless you are specifically instructed to give them some specialized or different meaning in this charge.

This instruction on interpretation should govern you throughout your deliberations.

### COUNT ONE

### AGGRAVATED MURDER

The defendant is charged with Aggravated Murder. Aggravated murder is purposely causing the death of another with prior calculation and design. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 14th day of January, 1994, and in Hamilton County,

-6-

Ohio, the defendant purposely caused the death of Melvin Olinger with prior calculation and design.

## PURPOSELY

Purpose to cause death is an essential element of the crime of Aggravated Murder.

A person acts purposely when it is his or her specific intention to cause a certain result. It must be established in this case that at the time in question there was present in the mind of the defendant a specific intention to cause the death of Melvin Olinger.

Purpose is a decision of the mind to do an act with a conscious objective of producing a specific result or engaging in specific conduct. To do an act purposely is to do it intentionally and not accidentally. Purpose and intent mean the same thing. The purpose with which a person does an act is known only to him or herself, unless he or she expresses it to others or indicates it by his or her conduct.

The purpose with which a person does an act or brings about a result is determined from the manner in which it is done, the means or weapon used and all the other facts and circumstances in evidence.

## SPECIFIC INTENT

No person may be convicted of aggravated murder unless he or she is

-7-

008459

specifically found to have intended to cause the death of another.

## PURPOSE - WEAPON USED

If a wound is inflicted upon a person with a deadly weapon in a manner calculated to destroy life, the purpose to cause the death may be inferred from the use of the weapon.

Proof of motive is not required. The presence or absence of motive is one of the circumstances bearing upon purpose. Where an act is a crime, a "good" motive or purpose is not a defense.

## CAUSE

Cause is an essential element of the offense charged. The State charges that the act by the defendant caused the death of Melvin Olinger.

Cause is an act which in the natural and continuous sequence directly produces the death, and without which it would not have occurred. Cause occurs when the death is the natural and foreseeable result of the act.

A death is the result of an act when it is produced directly by the act in a natural and continuous sequence and would not have occurred without the act. "Result" occurs when the death is naturally and foreseeably caused by the act.

There may be more than one cause. However, if the defendant's act was one cause, the existence of other causes is not a defense in this case.

-8-

## PRIOR CALCULATION AND DESIGN

"Prior calculation and design" means that the purpose to cause the death was reached by a definite process of reasoning in advance of the homicide, which process of reasoning must have included a mental plan involving studied consideration of the method and the means with which to cause the death of another.

To constitute prior calculation, there must have been sufficient time and opportunity for the planning of an act of homicide, and the circumstances surrounding the homicide must show a scheme designed to carry out the calculated decision to cause the death. No definite period of time must elapse and no particular amount of consideration must be given, but acting on the spur of the moment or after momentary consideration of the purpose to cause the death is not sufficient.

## VENUE

When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, he may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred.

Without limitation on evidence that may be used to establish such course of criminal conduct, any of the following is prima-facie evidence of a course of

008161

criminal conduct:

(1) The offenses involved the same victim or victims of the same type or from the same group.

(2) The offenses were committed by the offender in his same employment, or capacity, or relationship to another.

(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

(4) The offenses were committed in furtherance of the same conspiracy.

(5) The offenses involved the same or a similar modus operandi.

(6) The offenses were committed along with the offender's line of travel in this state, regardless of the point of origin or destination.

## VERDICT

If you find that the State proved beyond a reasonable doubt all the essential elements of the offense of Aggravated Murder in Count One, your verdict must be guilty.

If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of Aggravated Murder in Count One, then your verdict must be not guilty.

## SPECIFICATIONS OF AGGRAVATING CIRCUMSTANCES

If you find the defendant guilty of Aggravated Murder in Count No. One,

-10-

008462

you will continue your deliberations and determine whether the State proved beyond a reasonable doubt that the defendant was guilty of any specifications of aggravating circumstances.

If you find the defendant not guilty of Aggravated Murder in Count No. One, you will not consider or decide any additional questions.

The specifications of aggravated circumstances set forth in Count No. One of the indictment constitute a separate and distinct matter.

You must consider each specification and the evidence applicable to each specification separately and must state your finding as to each specification uninfluenced by your decision as to any other specification. The defendant may be found guilty or not guilty of any one or all of the specifications.

Your decision on each specification will be expressed by a finding of guilty or not guilty as to that separate specification. Guilt on these additional questions must be proved beyond a reasonable doubt.

### SPECIFICATION NO. ONE TO COUNT ONE

(For the purpose of escaping detection or apprehension or trial or
punishment for another crime committed by the defendant)

The defendant, Lee Moore, is charged in Specification No. One to Count No. One with committing the offense of Aggravated Murder in Count No. One for the purpose of escaping detection or apprehension or trial or punishment for

-11-

008163

another crime committed by him, to wit: Kidnapping and/or Aggravated Robbery.

I have previously defined Aggravated Murder and Purposely.

### KIDNAPPING

Kidnapping occurs when a person by force, threat or deception removes another from the place where he/she was found or restrains another of his/her liberty for the purpose of facilitating the commission of a felony, to wit: Aggravated Robbery or flight thereafter or for the purpose of terrorizing or inflicting serious physical harm on another.

### FORCE OR THREAT

To constitute the crime of kidnapping, there must have been a degree of physical force or a threat sufficient to cause fear of some bodily harm and sufficient to overcome the will of Melvin Olinger. Force means any violence, compulsion or constraint physically exerted by any means upon or against a person or thing.

### REMOVAL FROM PLACE WHERE FOUND

To remove from the place where found, means to change Melvin Olinger's location; this need not be for any specific distance or duration of time or in any specific manner.

-12-

008464

## TO RESTRAIN ONE OF HIS/HER LIBERTY

To restrain one of his/her liberty, means to limit or restrain Melvin Olinger's freedom of movement. The restraint need not be for any specific duration of time or in any specific manner.

## DECEPTION

"Deception" means knowingly deceiving another or causing another to be deceived, by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission which creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact.

## SERIOUS PHYSICAL HARM

Serious physical harm to persons means any of the following:

1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

2) Any physical harm which carries a substantial risk of death;

3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

4) Any physical harm which involves some permanent disfigurement,

-13-

008165

or which involves some temporary, serious disfigurement;

5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain.

## FACILITATING

"Facilitating" means to help, promote, assist or aid.

## TERRORIZE

"Terrorize" means to impress with terror or fear or coerce by intimidation.

## AGGRAVATED ROBBERY

Aggravated Robbery occurs when a person in committing or attempting to commit a theft offense; to wit: theft of personal property, or in fleeing immediately thereafter, had on or about his person or under his control a deadly weapon; to wit: a handgun.

## THEFT

Theft occurs when a person knowingly obtains property with purpose to deprive the owner of such property and without the consent of the owner.

I have previously defined purpose.

## KNOWINGLY

A person acts knowingly, regardless of his/her purpose, when he/she is aware that his/her conduct will probably cause a certain result or he/she is aware

-14-

008466

that his/her conduct will probably be of a certain nature. A person has knowledge of circumstances when he/she is aware that such circumstances probably exist.

Knowingly means that a person is aware of the existence of the facts and that his/her acts will probably cause a certain result or be of a certain nature.

### DEPRIVE

"Deprive" means to: (1) withhold property of another permanently, or for such period as to appropriate a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration; (2) dispose of property so as to make it unlikely that the owner will recover it; (3) accept, use or appropriate money, property, or services, with purpose not to give proper consideration in return therefore, and without reasonable justification or excuse for not giving proper consideration.

### PROPERTY

Property means any property, real or personal, tangible or intangible, and any interest or license in such property.

### OWNER

"Owner" means any person, other than the actor, who is the owner of, or who has possession or control of, or any license or interest in property or services, even though such ownership, possession, control, license or interest is

-15-

008167

unlawful.

## CONSENT

Consent may be either express or implied. Express consent is determined by the written or spoken words of the persons involved. Implied consent is determined by the circumstances which surround those involved, including their words and acts, from which the jury may infer that consent was given to the defendant.

## DEADLY WEAPON

Deadly weapon means any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon.

## CAPABILITY OF DEADLY WEAPON

A deadly weapon is any instrument, device or thing which has two characteristics. The first characteristic is that it is capable of inflicting or causing death. The second characteristic is in the alternative: either the instrument, device or thing was designed or specially adapted for use as a weapon (such as a gun, knife, billy club or brass knuckles), or it was possessed, carried or used in this case as a weapon. These are questions of fact for you to determine.

## FIREARM

Firearm means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. Firearm includes an unloaded firearm and any firearm which is inoperable, but which can readily be rendered operable.

## CAPABLE OF EXPELLING OR PROPELLING

When deciding whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, you may rely on circumstantial evidence, including but not limited to the statements or representations and actions of the individual exercising control over the firearm.

## HANDGUN

Handgun means any firearm designed to be fired while being held in one hand.

If you find that the State proved beyond a reasonable doubt all the essential elements of the aggravating circumstance contained in Specification No. One to Count One, your finding must be guilty as to Specification No. One to Count No. One.

However, if you find that the State failed to prove any one of the essential elements of the aggravating circumstance contained in Specification No. One to

-17-

008469

Count No. One, your finding must be not guilty as to Specification No. One to Count No. One.

### SPECIFICATION NO. TWO TO COUNT NO. ONE

(Aggravated Murder During Specific Felony)

The defendant, Lee Moore, is charged in Specification No. Two to Count No. One with committing the Aggravated Murder of Melvin Olinger in Count No. One, while the said Lee Moore, was committing, attempting to commit, or fleeing immediately after committing or attempting to commit the offense of Kidnapping, and the defendant, Lee Moore, was the principal offender in the commission of the Aggravated Murder or if not the principal offender, committed the Aggravated Murder with prior calculation and design.

I have previously defined Aggravated Murder, Kidnapping and Prior Calculation and Design.

### PRINCIPAL OFFENDER

Principal offender means the one who personally performs every act constituting the offense of Aggravated Murder.

If you find that the State proved beyond a reasonable doubt all the essential elements of the aggravating circumstance contained in Specification No. Two to Count One, your finding must be guilty as to Specification No. Two to Count No. One.

-18-

GCS170

However, if you find that the State failed to prove any one of the essential elements of the aggravating circumstance contained in Specification No. Two to Count No. One, your finding must be not guilty as to Specification No. Two to Count No. One.

### SPECIFICATION NO. THREE TO COUNT NO. ONE

(Aggravated Murder During Specific Felony)

The defendant, Lee Moore, is charged in Specification No. Three to Count No. One with committing the Aggravated Murder of Melvin Olinger in Count No. One, while the said Lee Moore, was committing, attempting to commit, or fleeing immediately after committing or attempting to commit the offense of Aggravated Robbery, and the defendant, Lee Moore, was the principal offender in the commission of the Aggravated Murder or if not the principal offender, committed the Aggravated Murder with prior calculation and design.

I have previously defined Aggravated Murder, Aggravated Robbery, Principal Offender and Prior Calculation and Design.

If you find that the State proved beyond a reasonable doubt all the essential elements of the aggravating circumstance contained in Specification No. Three to Count One, your finding must be guilty as to Specification No. Three to Count No. One.

However, if you find that the State failed to prove any one of the essential

-19-

008471

elements of the aggravating circumstance contained in Specification No. Three to Count No. One, your finding must be not guilty as to Specification No. Three to Count No. One.

## GUN SPECIFICATION

If you find the defendant guilty of Aggravated Murder in Count One, you will also be asked to consider whether the defendant had on or about his person, or under his control, a firearm while committing the offense of Aggravated Murder in Count One.

## ON OR ABOUT HIS/HER PERSON

"On or about his/her person" means that the firearm was either carried on the defendant's person or was concealed ready at hand.

## UNDER HIS/HER CONTROL

Under his/her control means so near the defendant's person as to be conveniently accessible and within his/her immediate physical reach.

I have previously defined firearm.

## COUNT TWO
## AGGRAVATED MURDER

The defendant is charged with Aggravated Murder in Count Two.

Aggravated Murder in Count Two is purposely causing the death of another while committing or attempting to commit or while fleeing immediately after

-20-

008172

committing or attempting to commit the offense of Kidnapping.

Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 14th day of January, 1994, and in Hamilton County, Ohio, the defendant purposely caused the death of Melvin Olinger while committing or attempting to commit or while fleeing immediately after committing or attempting to commit the offense of Kidnapping.

## WHILE

While committing or attempting to commit or while fleeing immediately after committing or attempting to commit means that the death must occur as part of acts leading up to, or occurring during, or immediately subsequent to the kidnapping and that the death was directly associated with the kidnapping or flight immediately after the kidnapping.

I have previously defined purposely, specific intent, causation and kidnapping.

## VERDICT

If you find that the State proved beyond a reasonable doubt all the essential elements of the offense of Aggravated Murder in Count Two, your verdict must be guilty.

If, however, you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of Aggravated Murder in

-21-

Count Two, your verdict must be not guilty of Aggravated Murder in Count Two, and you will then proceed with your deliberations and decide whether the State has proven beyond a reasonable doubt all the elements of the lesser offense of Involuntary Manslaughter while committing a felony.

INVOLUNTARY MANSLAUGHTER WHILE COMMITTING A FELONY

Involuntary Manslaughter is causing the death of another as a proximate result of committing or attempting to commit a felony, to wit; kidnapping.

Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 14th day of January, 1994, and in Hamilton County, Ohio, the defendant caused the death of Melvin Olinger as a proximate result of committing or attempting to commit the offense of kidnapping, a felony.

I have previously defined cause and kidnapping.

If you find beyond a reasonable doubt that the defendant committed the offense of kidnapping and that the death of Melvin Olinger was proximately caused by such unlawful act, then you will find the defendant guilty of the lesser included offense of Involuntary Manslaughter while committing a felony in Count Two even though the defendant had no purpose or intention of causing the death of Melvin Olinger.

-22-

008474