29

46. One of Lee's strengths is that he is very mechanically inclined
    a. especially in electronics

003431

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 06-21-94 | ENTRY GRANTING MOTION TO WITHDRAW ENTRY ON WAIVER OF TRIAL BY JURY |
| 06-20-94 | ENTRY GRANTING MOTION FOR FUNDS TO RETAIN MITIGATION SPECIALIST |
| 06-17-94 | MOTION TO WITHDRAW ENTRY ON WAIVER OF TRIAL BY JURY |
| 06-07-94 | ENTRY OF CONTINUANCE |
| 06-02-94 | ENTRY ON WAIVER OF TRIAL BY JURY |
| 06-02-94 | CERTIFICATION BY TRIAL ATTORNEYS - DEATH PENALTY CASE JURY WAIVER |
| 05-31-94 | MOTION IN LIMINE TO LIMIT PROSECUTOR'S ARGUMENT TO THE AGGRAVATING CIRCUMSTANCE PROVEN AT THE GUILT PHASE |
| 05-31-94 | MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY |
| 05-31-94 | MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES |
| 05-31-94 | MOTION FOR COMPREHENSIVE VOIR DIRE |
| 05-31-94 | MOTION TO INCREASE THE NUMBER OF PEREMPTORY CHALLENGES WHICH DEFENDANT MAY EXERCISE |
| 05-31-94 | MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AT THE MITIGATION PHASE |
| 05-31-94 | MOTION TO PROHIBIT PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE |
| 05-31-94 | MOTION TO PROHIBIT REFERENCES TO THE JURY THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION |

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 05-31-94 | MOTION TO PERMIT DEFENSE TO ADMIT ALL RELEVANT EVIDENCE OF SENTENCING PHASE |
| 05-31-94 | MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION |
| 05-31-94 | MOTION TO PROHIBIT PROSECUTOR FROM COMMENTING ON ACCUSED'S UNSWORN STATEMENT |
| 05-27-94 | MOTION TO COMPEL DISCLOSURE OF INFORMATION RELATING TO MITIGATING FACTORS |
| 05-27-94 | MOTION FOR DISCLOSURE OF WITNESSES' STATEMENTS PRIOR TO TRIAL |
| 05-27-94 | MOTION TO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS |
| 05-27-94 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE |
| 05-27-94 | MOTION TO DISMISS INDICTMENT |
| 05-27-94 | MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS |
| 05-25-94 | MOTION FOR ORDER TO FURNISH COPY OF TRANSCRIPT OF MOTION TO SUPPRESS |
| 05-10-94 | MOTION FOR APPOINTMENT OF MITIGATION SPECIALIST AT PUBLIC EXPENSE |
| 04-21-94 | MOTION TO SUPPRESS STATEMENT |
| 04-21-94 | MOTION TO SUPPRESS |
| 02-18-94 | ENTRY OF CONTINUANCE |
| 02-18-94 | DEFENDANT'S DEMAND FOR DISCLOSURE OF FAVORABLE EVIDENCE |
| 02-18-94 | DEFENDANT'S DEMAND FOR DISCOVERY |

003433

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 02-18-94 | REQUEST FOR BILL OF PARTICULARS |
| 02-18-94 | REQUEST FOR NOTICE OF INTENTION TO USE EVIDENCE O.R. CR. P. 12(D)(2) |
| 02-17-94 | REQUEST FOR DISCOVERY |
| 02-17-94 | MOTION FOR BILL OF PARTICULARS |

003434

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 08-04-94 | MOTION FOR APPOINTMENT OF PSYCHOLOGIST TO ASSIST IN PREPARATION OF DEFENSE |
| 08-04-94 | REQUEST FOR CONTINUANCE |
| 11-01-94 | MOTION TO REASSIGN TRIAL JUDGE PURSUANT TO LOCAL RULE (7) OF THE HAMILTON COUNTY COMMON PLEAS LOCAL RULES |
| 11-02-94 | MOTION TO SET ASIDE ENTRY APPOINTING COURT PSYCHIATRIC CENTER FOR EXAMINATION |
| 11-03-94 | ENTRY GRANTING MOTION TO SET ASIDE ENTRY APPOINTING COURT PSYCHIATRIC CENTER FOR EXAMINATION |
| 11-10-94 | DEFENDANT'S RESPONSE TO STATE'S REQUEST FOR DISCOVERY |
| 11-18-94 | MOTION TO INSTRUCT JURY AS TO MERGER OF COUNTS OF AGGRAVATED MURDER, MERGER OF SPECIFICATIONS AND FOR DELETION AS AN AGGRAVATING CIRCUMSTANCE OF PRIOR CALCULATION AND DESIGN |
| 11-18-94 | MOTION TO INCLUDE RESIDUAL DOUBT ABOUT GUILT AMONG LIST OF MITIGATING FACTORS IN PENALTY PHASE JURY INSTRUCTIONS |
| 11-18-94 | MOTION TO INCLUDE ALCOHOL AND/OR DRUG IMPAIRMENT AT THE TIME OF THE OFFENSE AMONG LIST OF MITIGATING FACTORS IN PENALTY PHASE JURY INSTRUCTIONS |
| 11-18-94 | MOTION TO INSTRUCT THE JURY ON SUFFICIENCY OF SINGLE MITIGATING FACTOR |
| 11-18-94 | MOTION TO INSTRUCT THE JURY ON THE LACK OF REQUIREMENT FOR UNANIMOUS AGREEMENT ON MITIGATING FACTORS |
| 11-18-94 | SUPPLEMENTAL DEFENDANT'S RESPONSE TO STATE'S REQUEST FOR DISCOVERY |
| 12-23-94 | ENTRY GRANTING MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION |

003435

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 12-23-94 | ENTRY GRANTING MOTION TO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS |
| 12-23-94 | ENTRY GRANTING MOTION FOR COMPREHENSIVE VOIR DIRE |
| 12-23-94 | ENTRY GRANTING MOTION TO COMPEL DISCLOSURE OF INFORMATION RELATING TO MITIGATING FACTORS |
| 12-23-94 | ENTRY GRANTING MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES |

003436

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 06-21-94 | ENTRY GRANTING MOTION TO WITHDRAW ENTRY ON WAIVER OF TRIAL BY JURY |
| 06-20-94 | ENTRY GRANTING MOTION FOR FUNDS TO RETAIN MITIGATION SPECIALIST |
| 06-17-94 | MOTION TO WITHDRAW ENTRY ON WAIVER OF TRIAL BY JURY |
| 06-07-94 | ENTRY OF CONTINUANCE |
| 06-02-94 | ENTRY ON WAIVER OF TRIAL BY JURY |
| 06-02-94 | CERTIFICATION BY TRIAL ATTORNEYS - DEATH PENALTY CASE JURY WAIVER |
| 05-31-94 | MOTION IN LIMINE TO LIMIT PROSECUTOR'S ARGUMENT TO THE AGGRAVATING CIRCUMSTANCE PROVEN AT THE GUILT PHASE |
| 05-31-94 | MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY |
| 05-31-94 | MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES |
| 05-31-94 | MOTION FOR COMPREHENSIVE VOIR DIRE |
| 05-31-94 | MOTION TO INCREASE THE NUMBER OF PEREMPTORY CHALLENGES WHICH DEFENDANT MAY EXERCISE |
| 05-31-94 | MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AT THE MITIGATION PHASE |
| 05-31-94 | MOTION TO PROHIBIT PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE |
| 05-31-94 | MOTION TO PROHIBIT REFERENCES TO THE JURY THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION |

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 05-31-94 | MOTION TO PERMIT DEFENSE TO ADMIT ALL RELEVANT EVIDENCE OF SENTENCING PHASE |
| 05-31-94 | MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION |
| 05-31-94 | MOTION TO PROHIBIT PROSECUTOR FROM COMMENTING ON ACCUSED'S UNSWORN STATEMENT |
| 05-27-94 | MOTION TO COMPEL DISCLOSURE OF INFORMATION RELATING TO MITIGATING FACTORS |
| 05-27-94 | MOTION FOR DISCLOSURE OF WITNESSES' STATEMENTS PRIOR TO TRIAL |
| 05-27-94 | MOTION TO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS |
| 05-27-94 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE |
| 05-27-94 | MOTION TO DISMISS INDICTMENT |
| 05-27-94 | MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS |
| 05-25-94 | MOTION FOR ORDER TO FURNISH COPY OF TRANSCRIPT OF MOTION TO SUPPRESS |
| 05-10-94 | MOTION FOR APPOINTMENT OF MITIGATION SPECIALIST AT PUBLIC EXPENSE |
| 04-21-94 | MOTION TO SUPPRESS STATEMENT |
| 04-21-94 | MOTION TO SUPPRESS |
| 02-18-94 | ENTRY OF CONTINUANCE |
| 02-18-94 | DEFENDANT'S DEMAND FOR DISCLOSURE OF FAVORABLE EVIDENCE |
| 02-18-94 | DEFENDANT'S DEMAND FOR DISCOVERY |

003438

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 05-31-94 | PDL ✓ MOTION TO PERMIT DEFENSE TO ADMIT ALL RELEVANT EVIDENCE OF SENTENCING PHASE |
| 05-31-94 | PDL ✓ MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION |
| 05-31-94 | PDL ✓ MOTION TO PROHIBIT PROSECUTOR FROM COMMENTING ON ACCUSED'S UNSWORN STATEMENT |
| 05-27-94 | PDL ✓ MOTION TO COMPEL DISCLOSURE OF INFORMATION RELATING TO MITIGATING FACTORS |
| 05-27-94 | — MOTION FOR DISCLOSURE OF WITNESSES' STATEMENTS PRIOR TO TRIAL |
| 05-27-94 | PDL ✓ MOTION TO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS |
| 05-27-94 | PDL ✓ MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE |
| 05-27-94 | PDL ✓ MOTION TO DISMISS INDICTMENT |
| 05-27-94 | PDL ✓ MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS |
| 05-25-94 | MOTION FOR ORDER TO FURNISH COPY OF TRANSCRIPT OF MOTION TO SUPPRESS |
| 05-10-94 | PDL ✓ MOTION FOR APPOINTMENT OF MITIGATION SPECIALIST AT PUBLIC EXPENSE |
| 04-21-94 | MOTION TO SUPPRESS STATEMENT |
| 04-21-94 | MOTION TO SUPPRESS |
| 02-18-94 | ENTRY OF CONTINUANCE |
| 02-18-94 | DEFENDANT'S DEMAND FOR DISCLOSURE OF FAVORABLE EVIDENCE |
| 02-18-94 | DEFENDANT'S DEMAND FOR DISCOVERY |

003439

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 02-18-94 | REQUEST FOR BILL OF PARTICULARS |
| 02-18-94 | REQUEST FOR NOTICE OF INTENTION TO USE EVIDENCE O.R. CR. P. 12(D)(2) |
| 02-17-94 | REQUEST FOR DISCOVERY |
| 02-17-94 | MOTION FOR BILL OF PARTICULARS |

003440

LEE MOORE

CASE NO. B9400481

PLEADINGS FILED

| DATE FILED | DESCRIPTION OF PLEADING |
|---|---|
| 06-21-94 | ENTRY GRANTING MOTION TO WITHDRAW ENTRY ON WAIVER OF TRIAL BY JURY |
| 06-20-94 | ENTRY GRANTING MOTION FOR FUNDS TO RETAIN MITIGATION SPECIALIST |
| 06-17-94 | MOTION TO WITHDRAW ENTRY ON WAIVER OF TRIAL BY JURY |
| 06-07-94 | ENTRY OF CONTINUANCE |
| 06-02-94 | ENTRY ON WAIVER OF TRIAL BY JURY |
| 06-02-94 | CERTIFICATION BY TRIAL ATTORNEYS - DEATH PENALTY CASE JURY WAIVER |
| 05-31-94 | P.D.L. † MOTION IN LIMINE TO LIMIT PROSECUTOR'S ARGUMENT TO THE AGGRAVATING CIRCUMSTANCE PROVEN AT THE GUILT PHASE |
| 05-31-94 | P.D.L. † MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY |
| 05-31-94 | P.D.L. † MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES |
| 05-31-94 | P.D.L. † MOTION FOR COMPREHENSIVE VOIR DIRE - *[handwritten]* |
| 05-31-94 | P.D.L. † MOTION TO INCREASE THE NUMBER OF PEREMPTORY CHALLENGES WHICH DEFENDANT MAY EXERCISE |
| 05-31-94 | PDL † MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AT THE MITIGATION PHASE |
| 05-31-94 | PDL † MOTION TO PROHIBIT PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE |
| 05-31-94 | PDL † MOTION TO PROHIBIT REFERENCES TO THE JURY THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION |

003441

COPY FILED
COMMON PLEAS COURT
HAMILTON COUNTY
CRIMINAL DIVISION
MAY 18 1994
JAMES CISSELL
CLERK OF COURTS

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. B9400481 |
| Plaintiff | : | (Judge Morrissey) |
| vs. | : | MEMORANDUM IN OPPOSITION TO AND MOTION TO STRIKE |
| LEE MOORE | : | DEFENDANT'S MOTION TO SUPPRESS STATEMENT AND |
| Defendant | : | EVIDENCE |

Comes now the State of Ohio, by the undersigned Assistant Prosecuting Attorney, and moves this Court to strike or in the alternative overrule the Defendant's Motion to Suppress Statement and Evidence, filed April 21st, 1994 for the reasons set forth in the attached Memorandum.

Mark E. Piepmeier, 0006894P
Chief Assistant Prosecuting Attorney

MEMORANDUM

Ohio Criminal Rule 47 requires that motions state with particularity the grounds upon which they are made. The purpose of this rule is to give the opposing party notice of the basis for the challenge. Defendant's Motion states only that such evidence was

003442

obtained "without a search warrant, without obtaining appropriate consent and in violation of the Defendant's constitutional rights.".

The Defendant must make clear the ground upon which he challenges the submission of evidence, pursuant to a warrantless search or seizure. <u>Xenia v. Wallace</u>, (1988) 37 Ohio St. 3d 215 . He must "raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the Prosecutor notice of the basis for the challenge." Id pg. 219.

The Defendant's Motion provides no facts to support his challenge to the validity of the arrest, stop, search, and seizure and contains no relevant citations of authority. Said Motion is wholly insufficient to give the State notice as to what conduct is challenged, and on what basis it is being challenged.

Going to the merits of the defendant's arguments, the State would first address the voluntariness of the defendant's statement. There is no dispute over the fact that the police officers gave the defendant his rights before any statement was taken. Police Officers Ohmer, Tiernan, and Feldhaus all testified to the Miranda rights being read, and the defendant acknowledged receiving said rights. The defendant also acknowledged understanding the rights read to him, and offered that on three previous occasions he had been read his rights and that he understood them even before being taken into custody on January 20, 1994. The only issues cited by the defense dealt with whether under the circumstances the defendant could voluntarily waive his rights, and whether or not the defendant ever asked for an attorney.

As to the voluntariness of the waiver, although the defense went through a litany of alleged circumstances they felt affected the

003443

ability of the defendant to voluntarily waive his rights, there was never any connection between these circumstances and the waiver. The defendant said he smoked marijuana the day of his arrest, but admitted this really had no affect on him except to make him feel good. He stated he was in a cell without a shirt for a while, but again nothing was ever offered as to how this adversely affected him. State v. Edwards, 49 O. St. 2d 31 (1976) instructs the Court to look at the totality of circumstances in deciding the voluntariness of a waiver. Under the circumstances produced in the May 5th hearing, it is obvious the defendant made a knowing and voluntarily waiver of his 5th amendment rights.

As to the defendant's claim that he repeatedly asked for an attorney, the evidence just does not support this contention. Officers Ohmer, Tiernan, and Feldhaus all testified that the defendant never asked for an attorney. State's exhibit 6, the Miranda rights form signed by the defendant, acknowledges that he did not want a lawyer. He admits to reading and understanding and signing this form. The transcript of the taped statement, which also refers to the Miranda form, has no such reference or request by the defendant for legal counsel. This is a question of fact for the Court, and the evidence is overwhelmingly in favor of the State. As such, The State respectfully moves this Court for an order overruling the motion to suppress statement.

As argued in Court, the State does not feel the defendant even has standing to oppose the use of any of the seized items in question. As stated in Rakas v. Illinois, 439 U.S. 128 (1978), a defendant can't complain unless his own premises or vehicle is searched. The only possible location the defendant could raise

003444

standing to is the search of his father's house, where the defendant sometimes stayed. The consent of both the father of the defendant and the defendant himself certainly allowed the police to search and seize the items identified as coming from this residence. The police were justified in relying on these consents to search the Moore house. State v. Greer, 39 O. St. 3d 236 (1988), Illinois v. Rodriquez 110 S. Ct. 2753 (1990).

If the Court feels the defendant has some standing to argue the motion to suppress physical evidence for the stated grounds that no search warrant or consents existed, the uncontroverted evidence is just the opposite. States's exhibit 1 was identified as the search warrant for the home of Darrell Anderson where some items were recovered; State's exhibit 2 a consent to search the residence of Otto Anderson where other evidence was recovered; State's exhibit 3 a consent to search the Neal residence, where jewelry was recovered; and State's exhibits 4 and 5 consents to search the residence of the defendant's father's house, where other evidence was found. The evidence produced by the State was that such consents were knowingly and voluntarily given, and no evidence to the contrary was produced at the hearing. As such, the motion to suppress physical evidence should be overruled.

*Mark E. Piepmeier*
Mark E. Piepmeier, 0006894P
Assistant Prosecuting Attorney
914 Main Street
Cincinnati, Ohio 45202
513/632-8534

003445

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon each party or attorney of record in the proceedings for each party by ordinary U.S. mail on the ___6___ day of ___May___, 1994.

_____
Mark E. Piepmeier, 0006894P
Assistant Prosecuting Attorney

003446



COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | Case No. B9400481 |
| | | Judge Morrissey |
| Plaintiff | : | |
| vs. | : | MOTION FOR APPOINTMENT OF |
| | | MITIGATION SPECIALIST |
| LEE MOORE | : | AT PUBLIC EXPENSE |
| Defendant | : | |

Now comes LEE MOORE, by and through counsel, and moves the Court for an order appointing a mitigation specialist. The reasons in support of this motion are set out in the accompanying Memorandum in Support. Furthermore, Defendant, being indigent, requests that said services be paid at public expense.

Respectfully submitted,

Daniel J. James  #0008067
30 E. Central Parkway
1300 American Building
Cincinnati, Ohio  45202
(513) 721-1995

and

Timothy J. Deardorff #0006308
2368 Victory Parkway
Suite 300
Cincinnati, Ohio  45206
(513) 872-7900

Attorneys for Defendant

1

003447

MEMORANDUM IN SUPPORT

LEE MOORE is an indigent who stands before this Court charged with Aggravated Murder with death penalty specifications. In light of the severity of the possible sentence, the State has a substantially increased interest in assuring the reliability of the fact-finding process and the propriety of the sentence to be imposed. In order to guarantee that any sentence which is imposed is appropriate in this case, it is essential that defense counsel be provided with the expert assistance of a mitigation specialist.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee the accused the right to the assistance of counsel. The United States Supreme court has recognized that this right to counsel is a right to effective aid of counsel. Powell vs. Alabama (1932), 287 U.S.45, 77 L. Ed. 457, 53 S. Ct. 55; Gideon vs. Wainwright (1963), 372 U.S. 9 L. Ed., 2d 799, 83 S. Ct., 792. Further, the Sixth Amendment assures the Defendant the right to compulsory process, which includes the "right to present the defendant's version of the fact." Washington vs. Texas (1967), 388 U. W. 14, 19. Additionally, the Defendant is entitled to a "fair and adequate opportunity" to defend against expert testimony under the Fourteenth Amendment due process, Chambers vs. Mississippi (1973), 410 U.S. 284, 294, 302, and equal protection clauses, Ross vs. Moffitt (1974), 417 U.S. 600, 616. "Moreover, adequate representation includes thoroughgoing investigation and

2

preparation." U.S. ex rel. Sanders vs. Ohio (1969), 322 F. Supp. 28, 30. Defendant submits that the requirement of thorough trial preparation becomes all the more urgent in light of the serious nature of the offense with which he is charged and the potential penalty. The ability of defense counsel to provide affective legal assistance is highly dependent on the availability of expert assistance in trial preparation.

The exact extent to which the provision of expert assistance to an indigent defendant is constitutionally required has not been established. However, in Britt vs. North Carolina (1971), 404 U.S. 226, at 2227, while expressly declining to define the outer limits of the rule, the court reaffirmed the principle established in Griffin vs. Illinois (1956), 351 U.S. 12, that:

> "*** the state must, as a matter of equal protection provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners."

In Williams vs. Martin (4th Cir. 1980), 618 F. 2d 1021, the standard for determining whether expert assistance is constitutionally required by the equal protection or right to counsel clauses was stated to be:

> "Whether a substantial question requiring expert testimony arose *** and whether (defendant's) defense could be fully developed without professional assistance."

Id. at 1026.

In <u>Little vs. Streater</u> (1981), 452 U.S. 1, 6, the United States Supreme Court required analysis of three factors in determining whether the defendant is deprived of his due process right to "a meaningful opportunity to be heard:"

> "the private interests at stake, the risk that the procedures (otherwise) used will lead to erroneous results and the probable value of the suggested procedural safeguard, and the governmental interest affected."

Further, it is not constitutionally:

> incumbent upon (defendant) to prove *** that an independent expert would have provided helpful testimony at trial. An indigent prisoner should not be required to present proof of what an expert would say when he is denied access to an expert."

<u>Williams, supra,</u> at 1026-1027.

The ability to fairly and adequately present mitigating factors is essential to insure that no accused in arbitrarily sentenced to death. Arbitrary infliction of the death penalty violates the prohibition against the use of cruel and unusual punishment. <u>Furman vs. Georgia</u> (1982), 408 U.S. 238, Eighth Amendment, United States Constitution, Section 9, Article I, Ohio Constitution.

The United States Supreme Court in <u>Ahe vs. Oklahoma</u> (1985), 470 U.S. 68, 105 S. Ct. 1087, recognized an indigent accused's constitutional right under the Due Process Clause of the Fourteenth Amendment to have a court appointed expert assist his defense

4