# COURT CLINIC
## ORENSIC SERVICES

A Division of Central Clinic

909 Sycamore Street, Suite 400
Cincinnati, Ohio 45202-1306
Phone: 513-352-1342
       513-651-9300
Fax: 513-352-1345
Email: court_clinic@central-clinic.org

## NOTICE
## PROHIBITION ON REDISCLOSURE

The confidentiality of the enclosed information is protected by state and/or federal law. Either or both of the following notices may apply to this information.

"This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR Part 2). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR Part 2. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient."

"This information has been disclosed to you from confidential records protected from disclosure by state law. You shall make no further disclosure of this information without specific, written, and informed release of the individual to whom it pertains, or as otherwise permitted by state law. A general authorization for the release of medical or other information is NOT sufficient for the purpose of the release of HIV test results or diagnoses."

8/96

CC 0001

Serving the Mental Health and Criminal Justice Needs of the Community

# Central Psychiatric Clinic
## COMM N DIAGNOSTIC AND TREATMEN ENTER

### F A C E   S H E E T

| | |
|---|---|
| e Referred/eived: 8-22-94 | Case No.: 07183-01 |
| Report Due: 11-2-94 | Re-Referral: no |
| Judge: Morrissey | Location (If Incarcerated): HCJC N5F31 |
| Court: Common Pleas | Referral Question (ORC): 2929.03 + Mitigation of Death Penalty |
| Charge: CAPITAL Agg. Murder w/ Spec., Agg. Robb. w/ Spec, Kidnapping | 2947.06 |
| Docket #: B9400481 | |
| Sentence (If Applicable): | |

Name: Lee Moore Edward   Soc. Sec. No.: 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
   271818
Maiden/AKA (If Applicable): none   Catchment Area: II
Address: 1101 Clearbrook Dr. 45229   Phone No.: 242-1482
Sex: Male   Race: AA   DOB: 10-19-74   Age: 19   POB: Cinti
Marital Status: NM   Education: 11th GED 6.94   Religion: Christian
Military History (If Applicable): none   Drug/Alcohol Treatment Programs (If Applicable): Talbert House ex 92
Psychiatric History (If Applicable): Ψ Dr Schwartz @ Bethesda 91 or 92 Evaluation Only
Employer: None   Occupation: none   Income: none SS for $375/mo fa
Family/Significant Other: Lee S. Moore, Sr   Relationship: Father 242-1482 reti
   Georgia Moore   Mother 522-0990
Address: Clearbrook   Phone No.: 761-9256 w
Previous Court Record (Specify): CCW, RSP, Grand Theft Auto   508 Eligible: ___ YES ✓ NO 203 xta.
Drug Abuse,

Case Manager: O'Donnell   Probation/PSI: FAX: 241-0154
Legal Examiner: Chiappone   Defense Attorney: Dan James, 721-1995
   Jim Deardorff, 241-4030
   CC 0002
Outside Examiner: ___   Prosecutor: Mark Piepmeir, 632-8534

Lateral Contacts: Dan James, Georgia Moore, Mark Piepmeir, Beverly Parker, Shirley McDaniel, Lee Moore, Sr, James Ray, Robin Thrasher, Dick Flagg, Ed Roberts

REPORTS SENT TO/DATE: TA for chart

07183  Copied 8-22

COMMON PLEAS COURT
HAMILTON COUNTY, OHIO
## COURT PSYCHIATRIC REFERRAL

MORRISSEY

The following person is referred in accordance with the Ohio Revised Code for evaluation as indicated below:

NAME  _Lee Moore_   (DOB) _10-19-74_   SS# _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_

ADDRESS _____   Phone No. _____

☒ Incarcerated       ☐ Hamilton Co. Annex          ☐ Justice Center
☐ Not Incarcerated

CHARGE _Capital Agg. Murder w/ Spec, Agg Robb w/ Spec, Kidnapping_   DOCKET NO. _B9400481_

SENTENCE _____

PLEA _____

HAS THE DEFENDANT ALREADY BEEN FOUND GUILTY?         YES       (NO)

ATTORNEY:   Defense                                                              Prosecutor
_D. James + T. Deardorff_                                                _Mark Piepmeir_

IS THIS AN EMERGENCY REFERRAL? _No_                COURT DATE _11/3/94_

If not, specify next hearing date: _____

### EVALUATION REQUESTED

Loc N5F31

☐ Competency to Stand Trial
☐ Mental State at time of Offense
     Number of Examiners Required:    1    2    3
☐ Pre-Conviction — Drug Dependency — Treatment in Lieu of Conviction
☐ Post-Conviction — Drug Dependency — Conditional Probation for Treatment
☐ Advisability of Treatment
☐ Probation/Parole Case Consultation
☐ Involuntary Hospitalization Eligibility
☒ Mitigation of Capital Punishment
     Number of Examiners Required:    1    2    3
☐ Other (See below)

O'Donnell 9:30
Wed. 8-31
Chiappone 10-4 11:00
Tues 9-

**FORWARD REPORTS TO:**
☒ Judge     ☒ Defense Attorney     ☒ Prosecutor     ☐ Probation     ☐ Parole

Other Special Concerns: _____

_____

_____

_W. J. Morrissey_                                      _8/22/94_
JUDGE/PROBATION OFFICER                        TODAY'S DATE

WHITE COPY TO CLINIC, PINK COPY TO JUDGE/PROBATION/PAROLE

CC 0003

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

| | | |
|---|---|---|
| THE STATE OF OHIO | : | CASE NO. B-_B940481_ |
| -vs- | : | |
| _Lee Moore_ | : | ENTRY APPOINTING COURT |
| | : | PSYCHIATRIC CENTER FOR |
| | : | EXAMINATION |

ENTER

_William J. Morrissey_
WILLIAM J. MORRISSEY

This case has come before the Court and the Court, being fully advised, is of the opinion that psychiatric examination is necessary to assist the Court in determining the proper disposition of the case.

It is therefore the Court's order that defendant be examined by the Court Psychiatric Center, and the said Psychiatric Center is hereby appointed for that purpose pursuant to the Ohio Revised Code.

It is further the order of the Court that said Psychiatric Center, upon completion of such examination, shall report in writing, to the Court, the facts found and an interpretation thereof, including conclusions as to the mental condition of said defendant, and such recommendations, suggestions and opinions as professional judgment indicates may be of help to this Court.

# DANIEL J. JAMES
ATTORNEY AND COUNSELOR AT LAW
13TH FLOOR, AMERICAN BUILDING
30 EAST CENTRAL PARKWAY
CINCINNATI, OHIO 45202

(513) 721-1995

**SUBURBAN OFFICE**
4226 BRIDGETOWN ROAD
CINCINNATI, OHIO 45211
(513) 574-5400

November 3, 1994

Dr. David Chiappone
Community Diagnostic and Treatment Center
909 Sycamore
Cincinnati, Ohio 45202

Attn: Jenny O'Donnell

    Re: Lee Moore
    Case No.: B9400481

Dear Dave and Jenny:

    Please find enclosed a copy of the Entry Judge Ruehlman has signed setting aside the previous order of Judge Morrissey. This should clarify any questions as to your concerns as to writing any report. If you have any questions, give me a call.

Sincerely yours,

Daniel J. James/kw

DJJ/kw
Encl.

CC 0005

JUDGE ROBERT P. RUEHLMAN
Court of Common Pleas
............ County, Ohio

COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

STATE OF OHIO : Case No. B9400481
　　　　　　　　　　　　　　　　　　 Judge Ruehlman
　　　Plaintiff　　　　　　　　　　　　ENTRY GRANTING
　　　　　　　　　　　　　　　　　　 MOTION TO SET ASIDE ENTRY
vs.　　　　　　　　　　　　　　　　　 APPOINTING COURT
　　　　　　　　　　　　　　　　　　 PSYCHIATRIC CENTER
LEE MOORE　　　　　　　　　　　　　　FOR EXAMINATION

　　　Defendant :


ENTERED NOV 3 1994 IMAGE

The Motion To Set Aside Entry Appointing Court Psychiatric Center For Examination filed by Defendant herein, is found to be well taken and is hereby granted. It is the order of this court that the Entry Appointing Court Psychiatric Center For Examination filed previously is set aside and found to be null and void. It is the additional order of this court that at this time the Court Psychiatric Center shall not be required to report in writing to the court any facts, interpretations, conclusions, recommendations, suggestions, or opinions resulting from contact with the Defendant and the Court Psychiatric Center.

_____
Judge

Daniel J. James  #0008067
Attorney for Defendant
30 E. Central Pkwy., 13th Flr.
Cincinnati, Ohio  45202
513-721-1995

CC 0006

# DANIEL J. JAMES
ATTORNEY AND COUNSELOR AT LAW
13TH FLOOR, AMERICAN BUILDING
30 EAST CENTRAL PARKWAY
CINCINNATI, OHIO 45202

(513) 721-1995

**SUBURBAN OFFICE**
4226 BRIDGETOWN ROAD
CINCINNATI, OHIO 45211
(513) 574-5400

November 2, 1994

Dr. David Chiappone
Community Diagnostic and Treatment Center
909 Sycamore
Cincinnati, Ohio  45202

Attn: Jenny O'Donnell

Re: Lee Moore
Case No.: B9400481

Dear Dave and Jenny:

Please find enclosed a copy of a Motion that was filed with the Court earlier today. This Motion will be heard by the judge on Wednesday, November 9th.

Since this Motion is pending, I am asking you not to prepare any written reports until we have a ruling from Judge Ruehlman. It is my position that Dave is a defense witness and, as such, is not required to prepare any reports for submission to the Court.

I will keep you advised as to the status of this Motion and will advise you as soon as I receive a decision from the Court.

Sincerely yours,

Daniel J. James

DJJ/kw
Encl.

CC 0007



COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

STATE OF OHIO

    Plaintiff

vs.

LEE MOORE

    Defendant

Case No. B9400481
Judge Morrissey

**MOTION TO SET ASIDE ENTRY APPOINTING COURT PSYCHIATRIC CENTER FOR EXAMINATION**

Comes now the ~~Defendant~~, LEE MOORE, by and through his attorneys, and requests this court to void and set aside the Entry Appointing Court Psychiatric Center For Examination entered herein on August 22, 1994, a copy of which is attached hereto and marked as "Exhibit A".

In support of the request, the Defendant states that the Entry filed and marked as "Exhibit A" was filed by the court at the court's own discretion. Defense counsel has never requested an examination as ordered in this Entry, nor did defense counsel review or argue the substance of this Entry, nor did counsel for the Defendant review, approve or sign this Entry.

WHEREFORE, the Defendant requests this Entry be set aside.

Respectfully submitted,

Daniel J. James   #0008067
Attorney for Defendant
30 E. Central Pkwy., 13th Flr.
Cincinnati, Ohio   45202
513-721-1995

and

1

CC 0008

*Timothy J. Deardorff by DJJ*
Timothy J. Deardorff #0006308
Attorney for Defendant
2368 Victory Parkway
Suite 300
Cincinnati, Ohio  45206
513-872-7900

## MEMORANDUM

In support of this request, the Defendant states that on August 4, 1994, a Motion For Appointment Of Psychologist To Assist In Preparation Of Defense was filed on behalf of the Defendant. Pursuant to this request, Dr. David Chiappone of the Community Diagnostic and Treatment Center was appointed "to assist the defense in this proper presentation of both phases of trial herein". This appointment was pursuant to an Entry signed by the court and counsel for both the State and the Defendant and filed on August 12, 1994, a copy of which is attached hereto and marked "Exhibit B". In accordance with this Entry, Dr. Chiappone is now in the process of interviewing the Defendant and assisting the defense. As such, Dr. Chiappone is a defense witness.

There is no authority for the appointment of the Court Psychiatric Center to assist the court as specified in the Court's Entry marked "Exhibit A". As such, this Entry is improper and the request for a report in writing is improper.

A mental evaluation of the Defendant may only be ordered upon request of the Defendant prior to sentencing.

"A pre-sentence investigation or mental examination
shall not be made except upon the request of the defendant."

2

CC 0009

(ORC Section 2929.03(D)(1))

No finding of guilt has been made and this case has not proceeded to the sentencing phase. The Defendant has not requested a mental examination and it is improper to require Dr. Chiappone to prepare a written report concerning his contact with the Defendant as ordered in the Entry marked "Exhibit A". The Defendant requests that the Court's Entry as stated in "Exhibit A" shall be set aside and declared null and void.

Respectfully submitted,

_____
Daniel J. James  #0008067
Attorney for Defendant
30 E. Central Pkwy., 13th Flr.
Cincinnati, Ohio  45202
513-721-1995

and

_____
Timothy J. Deardorff #0006308
Attorney for Defendant
2368 Victory Parkway
Suite 300
Cincinnati, Ohio  45206
513-872-7900

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion was hand delivered to the office of the Hamilton County Prosecutor, 4th floor of the Hamilton County Courthouse, this 2nd day of November, 1994.

_____
Daniel J. James  #0008067
Attorney for Defendant

3

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

"Ex A"

ENTER

THE STATE OF OHIO : CASE NO. B-_____

-vs-

_Lee Moore_ :

: ENTRY APPOINTING COURT
: PSYCHIATRIC CENTER FOR
: EXAMINATION

This case has come before the Court and the Court, being fully advised, is of the opinion that psychiatric examination is necessary to assist the Court in determining the proper disposition of the case.

It is therefore the Court's order that defendant be examined by the Court Psychiatric Center, and the said Psychiatric Center is hereby appointed for that purpose pursuant to the Ohio Revised Code.

It is further the order of the Court that said Psychiatric Center, upon completion of such examination, shall report in writing, to the Court, the facts found and an interpretation thereof, including conclusions as to the mental condition of said defendant, and such recommendations, suggestions and opinions as professional judgment indicates may be of help to this Court.

CC 0011

"EX B"


ENTERED
AUG 12 1994
IMAGE 113

## COURT OF COMMON PLEAS
### CRIMINAL DIVISION
### HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | Case No. B9400481 |
| Plaintiff | : | Judge Morrissey |
| vs. | : | **ENTRY GRANTING MOTION FOR APPOINTMENT OF PSYCHOLOGIST TO ASSIST IN PREPARATION OF DEFENSE** |
| LEE MOORE | : | |
| Defendant | : | |

The Motion of the Defendant for Appointment Of Psychologist To Assist In Preparation Of Defense is found to be well taken and is hereby granted.

The Court appoints Dr. David Chiappone of the Community Diagnostic and Treatment Center to assist the defense in this proper presentation of both phases of trial herein.

_____
Judge

_____
Assistant Hamilton County Prosecutor

_____
Daniel J. James   #0008067
Attorney for Defendant
30 E. Central Pkwy.
13th Flr. - American Bldg.
Cincinnati, Ohio  45202
(513) 721-1995

# DANIEL J. JAMES
ATTORNEY AND COUNSELOR AT LAW
13TH FLOOR, AMERICAN BUILDING
30 EAST CENTRAL PARKWAY
CINCINNATI, OHIO 45202

(513) 721-1995



SUBURBAN OFFICE
4226 BRIDGETOWN ROAD
CINCINNATI, OHIO 45211
(513) 574-5400

August 12, 1994

David Chiappone, Ph.D.
Community Diagnostic & Treatment Center
900 Sycamore Street
Suite #300
Cincinnati, Ohio  45202

Re: State of Ohio vs. Lee Moore
Case No.: B9400481

Dear Dr. Chiappone:

Enclosed please find a copy of the Entry Granting Motion For Appointment of Psychologist To Assist In Preparation Of Defense. You will note that in the body of the Entry you are noted as the doctor to assist the defense.

Sincerely yours,

Daniel J. James

DJJ/kw
Encl.

CC 0013



COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

STATE OF OHIO                           :    Case No. B9400481
      Plaintiff                     :    Judge Morrissey
vs.                                     :    **ENTRY GRANTING MOTION FOR APPOINTMENT OF PSYCHOLOGIST TO ASSIST IN PREPARATION OF DEFENSE**
LEE MOORE                               :
      Defendant                     :

The Motion of the Defendant for Appointment Of Psychologist To Assist In Preparation Of Defense is found to be well taken and is hereby granted.

The Court appoints Dr. David Chiappone of the Community Diagnostic and Treatment Center to assist the defense in this proper presentation of both phases of trial herein.

_____
Judge

_____
Assistant Hamilton County Prosecutor

_____
Daniel J. James  #0008067
Attorney for Defendant
30 E. Central Pkwy.
13th Flr. - American Bldg.
Cincinnati, Ohio  45202
(513) 721-1995

# COMMUNITY DIAGNOSTIC AND TREATMENT CENTER
### A Division of Central Psychiatric Clinic

909 Sycamore Street, Suite 300
Cincinnati, Ohio 45202
Phone: (513) 651-9300
Fax: (513) 352-1345

WALTER S. SMITSON, PH.D.
  Director

NANCY SCHMIDTGOESSLING, PH.D.
  Associate Director

WILLIAM WALTERS, PH.D.
  Assistant Director

GAIL HELLMANN, M.D.
  Medical Director

SHERRY SANDERS, M.E.D.
  Forensic Liaison

CHARLOTTE E. HOLLAND
  Office Manager


BOARD OF TRUSTEES:
HON. DAVID E. GROSSMANN
  Chairman

ROBERT F. RECKMAN
  Vice-Chairman

CHARLES THOMAS
  Secretary

DR. TIMOTHY E. JOHNSON
  Treasurer

BESSE-LEE ALLNUTT, M.D.

HELEN C. BLACK

REV. THEODORE RAY HADDIX, JR.

WENDELL E. HAWKINS

HON. MELBA MARSH

WEST SHELL, JR.


UNIVERSITY LIAISON:
DONALD C. HARRISON, M.D.

J. RANDOLPH HILLARD, M.D.

## CONSENT TO BE EXAMINED

You have been charged with Aggravated Murder with Specifications. The death penalty may be imposed if you are found guilty. If you are convicted, you will have a right to request a psychiatric examination to assess mitigating factors which may reduce your sentence.

Information given in this examination may be used as a basis for a later examination regarding mitigating factors. You have a right to talk to your attorney to help you decide if you wish to withhold any information during this examination.

I understand that information learned during my examination by the Community Diagnostic and Treatment Center may be used if I request a psychiatric report in the penalty phase of my trial.

_____
Signature

9-14-94
_____
Date

/ay

**CENTRAL PSYCHIATRIC CLINIC**
**COMMUNITY DIAGNOSTIC AND TREATMENT CENTER**

909 Sycamore - Third and Fourth Floors
Cincinnati, Ohio 45202
(513) 651-9300

November 2, 1994

RE: LEE EDWARD MOORE
DOC.#: B94-00481

Mr. Lee Edward Moore was evaluated in reference to Mitigation of Death Penalty, pursuant to Ohio Revised Code 2929.03 and as defined in Ohio Revised Code 2947.06. Mr. Moore is charged with Aggravated Murder with Specification, Aggravated Robbery with Specification and Kidnapping. The defendant was evaluated by the undersigned, David Chiappone, Ph.D., Clinical Psychologist, on September 13, September 15, September 17, September 22 and October 20, 1994 for a total of approximately six hours at the Hamilton County Justice Center (HCJC). He was administered the Wechsler Adult Intelligence Scale-Revised (WAIS-R), the Wechsler Memory Scale, and the Bender Gestalt. Mr. Moore was also interviewed at the HCJC by Jenny O'Donnell, B.S., Psychology Trainee, on September 1, and September 12, 1994 for a total of approximately two hours and forty minutes. In addition, Ms. O'Donnell administered the Minnesota Multiphasic Personality Inventory (MMPI) on September 14, 1994 at the HCJC for approximately two hours and thirty minutes. The nonconfidential nature of the evaluation was explained to Mr. Moore prior to all sessions, and he acknowledged understanding such and signed a form to that effect. He also acknowledged his understanding that he was being evaluated for possible Mitigation of the Death Penalty. Collateral contact was made by the undersigned psychologist with the defense attorneys, Dan James and Tim Deardorff. Ms. O'Donnell made collateral contact with Dan James and Tim Deardorff, defense attorneys; Chuck Stiddham, mitigation specialist; Pamela King, juvenile probation officer; Mark Piepmeier, prosecuting attorney; Georgia Moore, the defendant's mother; Lee Moore Sr., the defendant's father; Ed Roberts, Fairfield Police; Dick Flagg, guidance counselor at Mt. Healthy High School; Westerfield, Mt. Healthy High School principal; Robin Thrasher, the defendant's sister; Beverly Parker, the defendant's sister; Shatunda Neal, the defendant's girlfriend; James Ray, father's friend; and Shirley McDaniel, a neighbor of the family. Records were obtained from the Hamilton County Justice Center (HCJC) Intake Assessment and medical chart, Children's Hospital, two letters from the defendant to his parents, employment records from McDonald's, Mt. Healthy High School records, the defendant's statement to the police, statements from the two alleged accomplices, Fairfield Police Department report of two alleged accomplices, coroner's report, medical records from a prior treating source Terry Schwartz, Psy.D., Juvenile Court contact records, Juvenile Detention Center in Butler and Hamilton County, Central Baptist School records, Orthopedic Diagnostic and Treatment Center, and Woodward High School. Records have not been received

RE:  LEE EDWARD MOORE

from the Talbert House for Young Men. What follows are my findings and information regarding mitigation.

In the interview, Mr. Moore presented as a large, stocky built, African American male appearing older than his nineteen years. He had short cropped hair, full beard and long fingernails. He was oriented in all spheres and was relevant and coherent. He did not appear to be suffering from any hallucinations, delusions or other symptoms of a major mood or thought disorder. He was somewhat downcast about being incarcerated. He could attend and concentrate as needed. His emotional expression throughout several interviews did not vary. His thoughts were logical, coherent and goal-directed. Memory was intact. He was able to complete all tasks presented to him and participated in psychological testing without any difficulty. Regarding the current allegations, Mr. Moore was able to provide a relevant and coherent story, explaining his acts relevant to the allegations and added that he was using marijuana and alcohol on the day of the offense.

Mr. Moore reported having juvenile charges of Carrying a Concealed Weapon, Receiving Stolen Property, Grand Theft Auto and Drug Abuse. Collateral contact with Pamela King, Juvenile Probation Officer, reported that Mr. Moore was cooperative in reporting weekly and would discuss his activities with her. Ms. King also said that his mother was involved with his court hearings and enforced his cooperation.

Mr. Moore was born and raised in the Cincinnati area, one of eight children in two families, and the only child from the union of his parents. When the defendant was approximately six years old, his parents divorced. He was raised by his mother and had regular visitation with his father. When Mr. Moore reached his late teens and started having difficulties at school and legal problems, Mrs. Moore had the defendant live with his father. The defendant remembers his parents arguing but did not recall any violence between them. He described his mother as strict. Both parents have always worked. He remembers going to live with father at times, and father being variably present. It appears that Mr. Moore had difficulty with the divorce and felt the absence of a father figure. Robing Thrasher, the defendant's sister, indicated that Mr. Moore did miss father and was hoping that his parents would get back together. Robin Thrasher added that Mr. Moore was basically a "golden child" and that he received everything he needed in the home and was overprotected. He was a nonproblematic child until adolescent years and was teased in school and bullied by one particular young man. A friend of the family and neighbor, Shirley McDaniel, corroborated that Mr. Moore was teased as a youngster and had an altercation with a classmate. It appears that sometime after this, Mr. Moore started getting into trouble and was more willing to act out. In retaliation, Mr. Moore used brass knuckles in fighting with the youth. Mr. Moore received a Carrying a Concealed Weapon charge from that incident.

RE:  LEE EDWARD MOORE

Mr. Moore has generally intact physical health. He had no major head injuries, illnesses or surgeries as a child. Mr. Moore did not suffer any developmental delays. He did sustain two head injuries and a sprained ankle but medical records show those events as unrelated and not problematic. Collateral contact from the Hamilton County Justice Center reveals that Mr. Moore was seen in intake and had three sick calls regarding physical conditions.

Academically, Mr. Moore obtained eleven grades of formal education and eventually a GED in June, 1994. He was held back in the fourth grade and ninth grade. He made below average marks in school. He was in regular classes. His grades deteriorated when he started "hanging with the wrong crowd" and using marijuana and alcohol. In later years he was truant from school and dropped out. He was suspended for fighting. He did not engage in extracurricular activities. He made friends adequately. Collateral contact with Dick Flagg, guidance counselor of Mt. Healthy High School, revealed that Mr. Moore had discipline problems and decreased motivation. Yet, Mr. Moore was always polite in interactions with Mr. Flagg. What success Mr. Moore did have in school, however, appeared to be at mother's insistence and supervision. Mr. Flagg remembers Mr. Moore "trying to change his ways" on several occasions but his efforts were short-lived.

Vocationally, Mr. Moore last worked in 1992 as an usher for a few months but was fired for absenteeism. He worked at a fast food restaurant for several months but quit that job. He was fired from a grocery store for absenteeism. He said he would rather be "hanging with the boys." His longest period of employment was approximately five months. He admitted that bosses were critical of him for his irresponsibility, tardiness and absenteeism and that co-workers would be upset with him because they had to fill in for him. He stated that recently he felt his life was going nowhere and that he needed to get a job and this was at the insistence of his parents.

Prior to the current allegations, Mr. Moore was living with his father but felt he was living by himself. That is he liked living with his father. His father would not "nag him" like his mother did. He was able to do what he wanted to do. Mr. Moore was receiving some Social Security funds as father was retired. Mr. Moore had to pay rent to father but was able to retain some of the money from Social Security.

Mr. Moore has never been married and has no children. He had one serious relationship with Shatunda Neal, meeting her when he was sixteen, and this relationship lasted for about four years until he was arrested. He admitted that they argued periodically. She complained about his alcohol use.

Mr. Moore has never been psychiatrically hospitalized. He has never received psychiatric medications. He has never experienced

- 3 -

RE:   LEE EDWARD MOORE

any psychotic symptomatology. He denied suicide ideation or attempts. As an adolescent, after difficulties in school and in an incident that raised questions in Mrs. Moore's mind about her son's substance abuse, Mr. Moore did receive treatment for a short duration with Terry Schwartz, Psy.D., Psychologist. Mr. Moore felt it was not helpful. Mr. Moore has not received any psychiatric treatment while at the HCJC.

Regarding substance use, Mr. Moore started using alcohol and marijuana by age fifteen. Last use of both substances was on the day of his arrest. He reported that he would use both substances several times during the week and spend as much as $350.00 a week on marijuana. His drug of choice was marijuana. He has never had periods of sobriety. His mother and girlfriend complained about his drug use. On one occasion he came home and mother had to help him to bed, but he denied or would not talk about his substance use. Shatunda Neal, the defendant's girlfriend, reported that Mr. Moore has a problem with alcohol and marijuana. The defendant's father and sister, Beverly Parker, were aware of Mr. Moore's substance use, but were not aware to what extent. Mr. Moore claimed he started using alcohol and marijuana to get his mind off his problems. When using substances he experienced and reported personality change, use in the morning, financial difficulties, blackouts and loss of control. He has never received substance abuse treatment.

Regarding the use of weapons, Mr. Moore has had a juvenile charge of Carrying a Concealed Weapon, involving brass knuckles in which he fought with a peer. Also, several weeks prior to the current allegations, Mr. Moore was robbed at gunpoint. Lee Moore, Sr., the defendant's father, and James Ray, father's friend, were told of this incident by Mr. Moore and related it to Ms. O'Donnell. It was after this incident that Mr. Moore reportedly obtained a weapon from his father's home, unbeknown to father. Lee Moore, Sr. counseled his son not to take the law into his own hands and told his son to report the assault to the police.

The Wechsler Adult Intelligence Scale-Revised (WAIS-R) revealed Mr. Moore obtained a Verbal IQ of 100, a Performance IQ of 97, a Full Scale IQ of 100, placing him in the average range of intellectual ability, and at the 50th percentile of the general population. There is no significant verbal versus performance differential. Mr. Moore displayed the intellectual capability to appreciate his and other's actions and the ability to handle high school studies. He has above average skill in learning a simple coding task involving active memory. It appears with structure he works fairly well. The Wechsler Memory Scale resulted in a memory quotient of 100 which is commensurate with the obtained IQ and suggests that he has intact memory abilities. There are no pathomonic signs on the Bender Gestalt test. Results of the Minnesota Multiphasic Personality Inventory suggest that Mr. Moore answered in such a fashion as to overendorse pathology and

RE:  LEE EDWARD MOORE

invalidate the results.  This is not inconsistent with individuals who are involved with such serious charges and possible consequences.

## Summary of Mitigation Issues

Lee Moore, a nineteen year old, African American male explained that his actions relevant to the current offenses were a function of his feeling that his life was going nowhere and that he was abusing substances.  Developmental perspective reveals that Mr. Moore grew up receiving all that he needed, especially from his mother and being somewhat overprotected, while having a distant father and struggling with the divorce of his parents.  It appears that he did not receive guidance from his parent to give him a sense of direction in life and goals to work toward.  Consequently, both academic and vocational history are incomplete.  As a child, he was teased at times and felt he had to present a "tough guy" presentation.  He did so on one occasion and eventually obtained a Carrying a Concealed Weapon charge after fighting with a peer.  He has had short-term treatment regarding his acting out behavior as a juvenile, but he found it not helpful.  Mr. Moore started to "hang" with the wrong crowd and was abusing substances in his adolescent years.  In addition, prior to the allegations, Mr. Moore was himself accosted and soon thereafter he obtained a weapon.  This young man who has not been able to utilize his potential (as noted by intelligence testing) and has struggled with his sense of identity, especially in terms of the loss of direction from a father figure.  He turned to using substances, and obtained a weapon, to make him feel more like a member of "his own group."

David Chiappone, Ph.D.
Clinical Psychologist

DC/vle
11/1/94