preparation." <u>U.S. ex rel. Sanders vs. Ohio</u> (1969), 322 F. Supp. 28, 30. Defendant submits that the requirement of thorough trial preparation becomes all the more urgent in light of the serious nature of the offense with which he is charged and the potential penalty. The ability of defense counsel to provide affective legal assistance is highly dependent on the availability of expert assistance in trial preparation.

The exact extent to which the provision of expert assistance to an indigent defendant is constitutionally required has not been established. However, in <u>Britt vs. North Carolina</u> (1971), 404 U.S. 226, at 2227, while expressly declining to define the outer limits of the rule, the court reaffirmed the principle established in <u>Griffin vs. Illinois</u> (1956), 351 U.S. 12, that:

> "*** the state must, as a matter of equal protection provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners."

In <u>Williams vs. Martin</u> (4th Cir. 1980), 618 F. 2d 1021, the standard for determining whether expert assistance is constitutionally required by the equal protection or right to counsel clauses was stated to be:

> "Whether a substantial question requiring expert testimony arose *** and whether (defendant's) defense could be fully developed without professional assistance."

3

CC 0361

Id. at 1026.

In <u>Little vs. Streater</u> (1981), 452 U.S. 1, 6, the United States Supreme Court required analysis of three factors in determining whether the defendant is deprived of his due process right to "a meaningful opportunity to be heard:"

> "the private interests at stake, the risk that the procedures (otherwise) used will lead to erroneous results and the probable value of the suggested procedural safeguard, and the governmental interest affected."

Further, it is not constitutionally:

> incumbent upon (defendant) to prove *** that an independent expert would have provided helpful testimony at trial. An indigent prisoner should not be required to present proof of what an expert would say when he is denied access to an expert."

<u>Williams, supra,</u> at 1026-1027.

The ability to fairly and adequately present mitigating factors is essential to insure that no accused in arbitrarily sentenced to death. Arbitrary infliction of the death penalty violates the prohibition against the use of cruel and unusual punishment. <u>Furman vs. Georgia</u> (1982), 408 U.S. 238, Eighth Amendment, United States Constitution, Section 9, Article I, Ohio Constitution.

The United States Supreme Court in <u>Ahe vs. Oklahoma</u> (1985), 470 U.S. 68, 105 S. Ct. 1087, recognized an indigent accused's constitutional right under the Due Process Clause of the Fourteenth Amendment to have a court appointed expert assist his defense

4

CC 0362

counsel in the mitigation phase of the capital case.

Section 10, Article I, of the Ohio Constitution gives the indigent defendant a state constitutional right to the appointment of experts. R.C. 2929.024 authorizes the Court to appoint experts under the following circumstances:

> If the court determines that the defendant is indigent and the **** experts **** are reasonably necessary for the proper representation of a defendant charged with aggravated murder at trial **** the court shall authorize the defendant's counsel to obtain the necessary services for the defendant ****.

The statute goes on to state that the court shall grant the funds to employ the expert. The goal of the statute is to ensure a fair trial independent of a defendant's economic status.

In State vs. Jenkins (1984), 14 Ohio St. 3d 164, the Ohio Supreme Court cited two important factors to be considered in appointed experts to assist defense counsel under R.C. 2929.024:

> (1) the value of the expert assistance to the defendant's proper representation at either the guilt or sentencing phases of an aggravated murder trial, and
> (2) the availability of alternative devices that would fulfill the same functions as the expert assistance sought.

Jenkins, at 193.

More recently in State vs. Johnson (1986), 24 Ohio St. 3d 87, 90-91, the Ohio Supreme Court stated:

> It is quite clear . . . that the duty of defense counsel to investigate his client's background for mitigating factors is an indispensable component of the constitutional requirement that a criminal defendant . . . and particularly one on trial for his life . . . be afforded effective

5

CC 0363

representation and assistance from his lawyer
. . . (a) trial judge must exercise extreme
caution to ensure that full justice is accorded
to the accused . . .
. . . It is a vain act . . . to guarantee him
counsel without giving such counsel a reasonable
opportunity to explore and investigate potential
mitigating factors.

The defense requests that this court appoint a mitigation specialist who is qualified to assist the defense in presenting information that is relevant to the mitigating factors designated under O.R.C. 2929.024(B). The preparation of an adequate defense in a capital case includes the right to discover and introduce appropriate mitigating evidence. Providing such services to a capital defendant is a necessary and essential requirement for adequate and proper representation.

Respectfully submitted,

Daniel J. James  #0008067
30 E. Central Parkway
1300 American Building
Cincinnati, Ohio  45202
(513) 721-1995

and

Timothy J. Deardorff #0006308
2368 Victory Parkway
Suite 300
Cincinnati, Ohio  45206
(513) 872-7900

Attorneys for Defendant

6

CC 0364

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion was hand delivered to the office of the Hamilton County Prosecutor, fourth floor of the Hamilton County Courthouse, this _____ day of May, 1994.

Daniel J. James    #0008067
Attorney for Defendant

7

CC 0365