mitigation. Impairment, and not purpose, is the central issue to be considered by the jury in the penalty phase.

Failure to instruct on this nonstatutory mitigating factor will deny Defendant his rights under the Fifth, Sixth, Eighth and fourteenth Amendments to the United States Constitution and the corresponding provisions of the Ohio Constitution.

                                        Respectfully submitted,

                                        Daniel J. James #0008067

008355

mitigation. Impairment, and not purpose, is the central issue to be considered by the jury in the penalty phase.

Failure to instruct on this nonstatutory mitigating factor will deny Defendant his rights under the Fifth, Sixth, Eighth and fourteenth Amendments to the United States Constitution and the corresponding provisions of the Ohio Constitution.

Respectfully submitted,

---

Daniel J. James #0008067
Attorney for Defendant
30 E. Central Pkwy., 13th Flr.
Cincinnati, Ohio 45202
513-721-1995

and

---

Timothy J. Deardorff #0006308
Attorney for Defendant
2368 Victory Parkway
Suite 300
Cincinnati, Ohio 45206
513-872-7900

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion was hand delivered to the office of the Hamilton County Prosecutor, 4th floor of the Hamilton County Courthouse, this _____ day of _____, 1994.

008356

_____
Daniel J. James  #0008067
Attorney for Defendant

008357

COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | Case No. B9400481 |
| | : | Judge Ruehlman |
| Plaintiff | : | |
| | : | |
| vs. | : | **MOTION TO INSTRUCT** |
| | : | **JURY AS TO MERGER OF** |
| LEE MOORE | : | **COUNTS OF AGGRAVATED** |
| | : | **MURDER, MERGER OF** |
| Defendant | : | **SPECIFICATIONS AND FOR** |
| | : | **DELETION AS AN AGGRAVATING** |
| | : | **CIRCUMSTANCE OF PRIOR** |
| | : | **CALCULATION AND DESIGN** |

Comes now the Defendant, LEE MOORE, by and through his attorneys, and requests this Court, for the purposes of the sentencing phase of these proceedings, to merge the jury's finding of guilty as to Counts 1, 2 and 3 and instruct the jury that this finding of guilt is to one offense of Aggravated Murder.

In addition, the Defendant requests this Court to merge all of the specifications as to the Aggravating Circumstances to which the Defendant was found guilty and instruct the jury in the Recommendation of Sentence instruction that the Aggravating Circumstances which must be considered are as follows:

> "The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit kidnapping or aggravated robbery, and the offender was the principal offender in the commission of the Aggravated Murder."

The Defendant also requests this Court to delete from the instructions concerning the Aggravating Circumstances, any reference that the offender:

> ". . .if not the principal, committed the Aggravated Murder with prior calculation and design."

008358

Respectfully submitted,

Daniel J. James  #0008067
Attorney for Defendant
30 E. Central Pkwy.
13th Flr.
Cincinnati, OH  45202
513-721-1995

and

Timothy J. Deardorff #0006308
Attorney for Defendant
2368 Victory Parkway
Suite 300
Cincinnati, Ohio  45206
513-872-7900

## MEMORANDUM IN SUPPORT

In support of this request, the Defendant, LEE MOORE, was found guilty in a five Count Indictment, of 3 counts of Aggravated Murder, as follows:

Count 1 - Aggravated Murder - prior calculation and design

Count 2 - Aggravated Murder - felony murder for Kidnapping

Count 3- Aggravated Murder - felony murder for Aggravated Robbery

The underlying facts and circumstances as to these three counts are identical and each of the counts address the events concerning the same homicide, that being the death of Melvin Olinger on or about January 14, 1994. Where one homicide results in several different charges of Aggravated Murder, it is appropriate to merge the prior calculation and design count and the felony murder counts together. State vs. Benner (1988), 40 Ohio

008359

St. 3d 301, <u>State vs. Bonnell</u> (1991), 61 Ohio St. 3d 179, <u>State vs. Brown</u> (1988), 38 Ohio St. 30, 305.

Case law has also upheld the requirement that differing Specifications alleging differing Aggravating Circumstances should be merged where the Specifications involve the same offense and arose from the same acts. <u>State vs. Wiles</u> (1991), 59 Ohio St. 3d 71, <u>State vs. Benner</u> (1988), 40 Ohio St. 3d 301.

> "Accordingly, in the penalty phase of a capital prosecution where two or more aggravating circumstances arise from the same act or indivisible course of conduct and are thus duplicative, the duplicative aggravating circumstances will be merged for purposes of sentencing." <u>State vs. Jenkins</u> (1984), 15 Ohio St. 3d, 164.

Ohio Supreme Court decisions have also held that it is improper to charge as an Aggravating Circumstance that the offense was committed with prior calculation and design where the Defendant is the principal offender, i.e. the actual killer. <u>State vs. Penix</u> (1987), 32 Ohio St. 3d, 369.

Accordingly, the Defendant requests that the jury, in the sentencing phase of these proceedings, is to be instructed as to one Aggravated Murder, as to one set of Aggravating Circumstances as indicated herein, and that these Aggravating Circumstances do not include reference to prior calculation and design.

Respectfully submitted,

Daniel J. James  #0008067
Attorney for Defendant

008360

and

---

Timothy J. Deardorff #0006308
Attorney for Defendant

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion was hand delivered to the office of the Hamilton County Prosecutor, 4th floor of the Hamilton County Courthouse, this _____ day of November, 1994.

---

Daniel J. James #0008067
Attorney for Defendant

### NOTICE OF HEARING

Please take notice that a hearing on the foregoing Motion has been set for the 21st day of November, 1994, before Judge Ruehlman in Court Room #534 at 9:00 A.M., 5th floor of the Hamilton County Courthouse.

---

Daniel J. James #0008067
Attorney for Defendant

008361



```
                           COURT OF COMMON PLEAS
                             CRIMINAL DIVISION
                           HAMILTON COUNTY, OHIO
```

STATE OF OHIO

    Plaintiff

vs.

LEE MOORE

    Defendant

Case No. B9400481
(Judge Morrissey)

MOTION TO SUPPRESS

Comes now the Defendant, Lee Moore, by and through his attorney and moves this Court for an order suppressing the introduction into evidence by the State of Ohio of any and all evidence, including all physical evidence, seized by police officers as a result of the arrest of the Defendant and the subsequent searches that occurred.

As a basis for this request, the Defendant states that this evidence was obtained and seized without a search warrant, without obtaining appropriate consent and in violation of the Defendant's constitutional rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Respectfully requested,

_Timothy J. Deardorff_
Timothy J. Deardorff   1848
Attorney for the Defendant
169 E. McMillan Street
Cincinnati, Ohio 45219
(513) 241-4030

_Daniel J. James_
Daniel J. James  J-074  8067
Attorney for the Defendant
30 E. Central Pkwy., 13 Fl.
Cincinnati, Ohio 45202
(513) 721-1995

DANIEL J. JAMES, ATTORNEY AT LAW, 30 E. CENTRAL PARKWAY, 13TH FLOOR
CINCINNATI, OHIO 45202   (513) 721-1997

008362

COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

STATE OF OHIO               :

    Plaintiff           :       Case No. 9400481
                                    (Judge Morrissey)
vs.                         :

LEE MOORE                   :       MOTION TO SUPPRESS
                                    STATEMENT
    Defendant.          :

*APR 21 1994*
*JAMES CISSELL*
*CLERK OF COURTS*

    Comes now the Defendant, Lee Moore, by and through his attorney, and respectfully requests that this Court grant an order suppressing use at trial by the prosecuting attorney of any statement, written, oral or recorded, made by the Defendant herein. As a basis for this request, the Defendant states that these statements were obtained in violation of the Defendant's constitutional privilege against self incrimination and right to due process. Further, the Defendant states that these statements were made without the advice of counsel and in violation of his rights as guaranteed by the Fifth and Sixth Amendments of the United States Constitution.

    WHEREFORE, this Defendant requests this Court to suppress the use at trial of any statement made by the Defendant.

Respectfully requested,

_Timothy J. Deardorff_
Timothy J. Deardorff   1848
Attorney for the Defendant
169 E. McMillan Street
Cincinnati, Ohio  45219
(513) 241-4030

_Daniel J. James_
Daniel J. James / J-074   8067
Attorney for the Defendant
30 E. Central Pkwy., 13 Fl.
Cincinnati, Ohio  45202
(513) 721-1995

COURT OF COMMON PLEAS
GENERAL DIVISION
HAMILTON COUNTY, OHIO

*ENTER* OCT 31 1994
FRED J. CARTOLANO, JUDGE

------------------------------------
Administrative Judge

ENTERED OCT 31 1994
PAGE 339

State of Ohio                           Case Number B-940481

   vs                                   Entry of Re-Assignment

Lee Moore

It appearing that due to _the assigned judge moving_ _being heavily engaged in other cases, and a trial date set_ case _B-940481_ is hereby reassigned to Room _9_,
Judge _Kuehlman_.

116

008364

COURT OF COMMON PLEAS

HAMILTON COUNTY, OHIO



In Re:   DISQUALIFICATION   :   CASE NO. B-940481

STATE OF OHIO   :

-vs-   :   **E N T R Y**

LEE MOORE   :

Defendant   :

Pursuant to provisions of Rule 7E, Local Rules of Practice, the undersigned hereby disqualifies himself from the above-captioned case for the following reasons: Heavily involved in other cases.

_____
Judge William J. Morrissey, Judge

008365



COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

STATE OF OHIO,              :    Case No. B-940481
                                  Judge Morrissey
    Plaintiff,           :
                                  **REQUEST FOR DISCOVERY**
v.                          :

LEE EDWARD MOORE,           :

    Defendant.           :

Now comes the Defendant, by and through counsel, and requests discovery of the following items, pursuant to Rule 15, Ohio Rules of Criminal Procedure:

1. Statements of the Defendant and his co-defendants;

2. The prior criminal record, if any exist, of the Defendant and/or his co-defendants;

3. Documents and tangible objects in the State's possession;

4. Reports of any examinations and tests of the Defendant and his co-defendants;

5. Any witnesses' names and addresses and records of any prior felony convictions of each, if any exist; and

6. Disclosure of any other evidence favorable to the Defendant.

Respectfully submitted,

_____          _____
DANIEL J. JAMES                    TIMOTHY J. DEARDORFF
Lead counsel for Defendant         Co-counsel for Defendant
Supreme Court No. 0008067          Supreme Court No. 0001848
30 East Central Parkway            169 E. McMillan Street
Cincinnati, Ohio 45202             Cincinnati, Ohio 45219
(513) 721-1995                     (513) 241-4030

DEARDORFF & HAAS
Attorneys At Law
169 East McMillan
Cincinnati, Ohio 45219
(513) 241-4030

008366

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Request for Discovery was served upon Joseph Deters, Prosecuting Attorney, 1000 Main Street, Cincinnati, OH 45202 on the same day the notice was filed.

*[signature]*
TIMOTHY J. DEARDORFF

DEARDORFF & HAAS
Attorneys At Law
169 East McMillan
Cincinnati, Ohio 45219
(513) 241-4030

008367



COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

STATE OF OHIO

    Plaintiff

vs.

LEE MOORE

    Defendant

Case No. B9400481
Judge Morrissey

MOTION TO SUBMIT
QUESTIONNAIRE TO
PROSPECTIVE JURORS

Defendant, by and through his attorneys, respectfully moves this court to order that the attached questionnaire be sent to all prospective jurors called on this case.

It is further requested that said questionnaires be mailed by the Clerk of this Court at the expense of the State at least 15 days before trial and that said jurors be instructed to return said questionnaires to the Clerk no later than 7 days before trial.

Daniel J. James  #0008067
Attorney for Defendant
30 E. Central Parkway
1300 American Building
Cincinnati, Ohio  45202
(513) 721-1995

and

Timothy J. Deardorff/#0006308
Attorney for Defendant
2368 Victory Parkway
Suite 300
Cincinnati, Ohio  45206
(513) 872-7900

008368

## MEMORANDUM IN SUPPORT

The information derived therefrom will expedite <u>voir dire</u>, insure proper excusal for cause, promote the judicious use of peremptory challenges, and reduce the likelihood of prejudicial error. Typically, in death penalty cases, <u>voir dire</u> is extensive and rather time-consuming. This is obvious given the serious nature involved in proceedings involving the death penalty. The Defendant's guilt or innocence as well as potentially his life rests in the hands of those chosen to sit as jurors. The questionnaire, as such, will benefit both the defense and the State in ensuring that a qualified jury is chosen.

The use of the proposed questionnaire, by providing more detailed information, will assist defense counsel and the prosecution in the jury selection process which, in turn, will help protect the Defendant's right to a fair trial by an impartial jury. This request is designed to facilitate the jury selection by ensuring that more information is available to counsel. Additionally, the advance completion of the questionnaire will benefit both the State and the Defense counsel by allowing a preliminary review of all potential jurors thus limiting <u>voir dire</u> to more specific grounds of questioning. <u>Voir dire</u> on basic information about the venire is eliminated and the jury selection process is expedited through the use of the attached questionnaire.

For these reasons, the Defendant moves this Court to grant this Motion and require those chosen to serve on the special venire

008369

to complete the attached questionnaire. In the alternative, the Defendant requests that this Court hold a hearing in which evidence concerning the need for such expansion of the juror questionnaire can be presented, and through which the Court can decide the acceptability of alternative questions.

Respectfully submitted,

_____
Daniel J. James  #0008067
Attorney for Defendant

and

_____
Timothy J. Deardorff  #0006308
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion was hand delivered to the office of the Hamilton County Prosecutor, 4th floor of the Hamilton County Courthouse, this ___27th___ day of ___May___, 1994.

_____
Daniel J. James  #0008067
Attorney for Defendant

and

_____
Timothy J. Deardorff  #0006308
Attorney for Defendant

008370

## PROSPECTIVE JUROR QUESTIONNAIRE

Please answer each question in the following pages as completely and as accurately as you can. Complete answers will save the Court and all parties involved a great deal of time. If you need more space to sufficiently answer any particular question, please use the blank page at the end of the questionnaire.

There are no right or wrong answers to the questionnaire. The only right answers are complete and honest responses to all questions. The purpose in using this questionnaire is threefold. The first is to gain full and honest responses from you without revealing that information to the entire panel of jurors in open court. This will protect the confidentiality of your responses. Second, the questionnaire will spare you the long wait that usually occurs when the attorneys must repetitiously ask all of you the same questions. Finally, the use of this questionnaire provides each side the opportunity to select a fair and impartial jury. Therefore, your full cooperation is of the greatest significance to the administration of justice in this case.

SOME OF THESE QUESTIONS MAY CALL FOR INFORMATION OF A PERSONAL NATURE THAT YOU MAY NOT WANT TO DISCUSS IN PUBLIC; I.E., IN AN OPEN COURTROOM, WITH THE PRESS AND/OR THE PUBLIC PRESENT. IN ANY INSTANCE WHERE YOU FEEL PUBLIC DISCUSSION OF YOUR ANSWER MAY INVADE YOUR RIGHT TO PRIVACY OR MIGHT BE EMBARRASSING TO YOU, YOU MAY INDICATE BY PLACING YOUR INITIALS ALONGSIDE THE NUMBER OF THE QUESTION. THE COURT WILL THEN GIVE YOU THE OPPORTUNITY TO EXPLAIN YOUR REQUEST FOR CONFIDENTIALITY IN A CLOSED HEARING.

## PROSPECTIVE JUROR QUESTIONNAIRE

GENERAL BACKGROUND

1. Name, address, (nearest major intersection) age, race, nationality and place of birth.

2. How long have you lived at your current address?

3. How long have you lived in Hamilton County?

4. If you have lived at other addresses in the past ten years, please list beginning with most recent:

5. Do you own _____ rent _____ your home? If neither, please explain.

EDUCATION

6. Please check one:   _____ less than high school

   _____ high school

   _____ some college

   _____ B.A.   _____ B.S.

   _____ M.A.   _____ M.S.

   _____ other graduate degree, please describe _____
   _____
   _____

7. If you attended college or graduate school, which one, when and where?

8. What did you study?

9. Have you received any special training? If yes, please describe.

EMPLOYMENT

10. Are you currently employed, unemployed, retired, disabled, a homemaker, or a student?

008373

11. If retired, presently unemployed, or disabled, please answer the questions above for your last job(s).

12. If employed, where and how long?

    Where is your employment located?

    Job title, if any:

13. Do you have any supervisory responsibilities?

    If yes, how many people do you supervise and what do they do?

14. Do you have a second job?

    If yes, please describe what you do.

008374