# DEARDORFF

2368 Victory Parkway, Suite 300       & ASSOCIATES L.P.A.      (513) 872-7900
Cincinnati, Ohio 45206      FAX (513) 281-6760

June 28, 1996

Mr. Lee Edward Moore, Sr.
1101 Clearbrook Drive
Cincinnati, OH 45229

Dear Lee:

    Unfortunately, the First District Court of Appeals has decided to affirm your conviction and sentence. Enclosed you will find the opinion issued by the Court which sets forth their reasons for their decision.

    I have instructed Lee to contact the Ohio State Public Defender's Office for purposes of securing new counsel to represent him before the Ohio Supreme Court on his direct appeal. Although I believe we raised each and everyone of the applicable issues in Lee's case, a new attorney might be able to raise new issues or rephrase some of the other arguments we made before the Court of Appeals. Please have Lee's new attorney contact me to arrange for a transfer of our files. If you should have any questions or comments, don't hesitate to contact me.

                          Very truly yours,

                          DEARDORFF & ASSOCIATES


                          TIMOTHY J. DEARDORFF

CJH/jp
enclosures

008761

# DEARDORFF
## & ASSOCIATES L.P.A.

2368 Victory Parkway, Suite 300  
Cincinnati, Ohio 45206

(513) 872-7900  
FAX (513) 281-6760

June 28, 1996

Mr. Lee Edward Moore, #300-700  
Southern Ohio Correctional Facility  
P.O. Box 45699  
Lucasville, Ohio 45699

Dear Lee:

Unfortunately, the First District Court of Appeals has decided to affirm your conviction and sentence. Enclosed you will find the opinion issued by the Court which sets forth their reasons for their decision.

Please contact the Ohio State Public Defender's Office, who will appoint an attorney to represent you for purposes of your Appeal to the Ohio Supreme Court. Please instruct your new attorney that I am available at anytime for discussion of the case and the issues, and my associate, Curtis Hamilton, is also available for discussion of any of the issues.

Very truly yours,

DEARDORFF & ASSOCIATES

TIMOTHY J. DEARDORFF

CJH/jp  
enclosure

008762



LEE E. MOORE #A305700
ManCI
POST OFFICE BOX 788
MANSFIELD, OHIO 44901

March 4, 1996

Timothy Deardorf, Esq.
2368 Victory Parkway, Suite 300
Cincinnati, Ohio 45206

Dear Mr. Deardorf,

As you may or may not be aware, on 3/29/95 the Senate passed a bill promulgating new requirements for post-conviction. Later that year the House passed this same bill (5/31/95). It was concurred on 6/6/95. Following the concurrence by the Senate and the House, Governor George Voinivich signed this bill (6/20/95) making it effective on 6/21/95.

The particulars of this bill requires a petition for post-conviction relief be filed within 180 days of the filing of the trial transcript in the Court of Appeals or the Supreme Court in a death penalty case. The language of this bill that i would like to emphasize to you most states as follows: "Persons currently incarcerated have one (1) year from effective date to file Post-Conviction petition".

In essence, regardless of whether or not i'm still in my first stages of direct appeals, i'am required, should i wish to utilize this particular appellate remedy, to initiate a petition for post-conviction. To advise you, my intentions are just that; to file a petition for post-conviction so as to supplement evidence dehors the record. Doing so i believe would create a strong possibility in establishing my conviction and sentence to be void or voidable.

With this new bill being in effect and applying to an aspect of my appellate review i would like to inquire of you as to whether or not there were any intentions on your part to make the necessary preparations and represent me on this matter? If for some reason you are unable at this time to provide such a service in handling my post-conviction, then please immediately contact the Ohio Public Defenders Commission and

008763

express your position to them so that they may be on notice of my situation. Hopefully as a result, they will be able to provide adequate and trained representation to handle the preparing and filing of my petition for post-conviction.

At this point, should you not be able to provide assistance in the filing of my petition i will be in a most unfortunate position of having to rely on my own vices. And being that i have absolutely no legal experience or training in this area of appellate law/procedure i'm afraid that i will be forced to regrettably waive this very much needed avenue of appellate review.

So please, it is of paramount importance that you contact the Ohio Public Defenders Commission on my behalf, should you not be able to provide service, for purposes of seeking securement of adequate and legally trained representation in this area of appellate process.

In closing, i would like to thank you in advance for your time and attention on this matter. I look forward to receiving your response in the very near future.

Yours truly,

*[signature]* Lee Moore Jr.

cc: David Bodiker

008764




Timothy Deardorf, Esq.
2368 Victory Parkway, Suite 300
Cinti, OH 45206

L. Moore #305-700
P.O Box 788
Mansfield, OH 44901

008765

# DEARDORFF

2368 Victory Parkway, Suite 300      *&* ASSOCIATES L.P.A.     (513) 872-7900  
Cincinnati, Ohio 45206                                                                                                                         FAX (513) 281-6760

March 23, 1996

Mr. Lee Edward Moore, #305-700  
Mansfield Correctional Institution  
P.O. Box 788  
Mansfield, OH 44901

Dear Lee:

    Thank you for your letter of March 10, 1996. I would be more than happy to order copies of all those documents, which as you can see are very, very extensive. The copying charges are probably going to run at least $100.00. If you want to contact your mother and/or your father, please do so that we can get these documents copied. I would estimate that the bill from Kinko's would be in that range; it could be more, it could be less. As soon as I receive the $100.00, I will certainly get you copies of the same.

    As you know, the Court of Appeals has taken your case under submission and has not made a decision; however, as I explained to your sister Beverly, I believe that the Court of Appeals in this county is not going to be favorable to overturning your conviction. I do believe that this case, like all death penalty cases, have to be won in the Supreme Court of Ohio and post-conviction relief matters that have to be filed this summer. I have my law clerk preparing your post-conviction relief matter at this time. I will wait t hear from you regarding the copying cost.

    If you have any questions or comments, please don't hesitate to contact me.

                                      Very truly yours,

                                      DEARDORFF & ASSOCIATES

                                      TIMOTHY J. DEARDORFF

TJD/jeh

008766

LEE E. MOORE #A305700
ManCI
POST OFFICE BOX 788
MANSFIELD, OHIO 44901

March 10, 1996

Timothy Deardorf, Esq.
2368 Victory Parkway, Suite 600
Cincinnati, Ohio 45206

Dear Mr. Deardorf,

How are you this evening? Fine, i hope. I'm writing in regards to my trial transcript and a number of other relevant document's that you may have come to acquire during the preparation of the brief that was filed on my behalf.

More specifically, i'am in need of these document's for purposes of conducting my own research. Without them i find it very difficult to locate and develop further upon the issue's that have already been raised and those issue's that are there but just haven't been discovered as of yet.

I realize that the court has possession of the trial transcript for its review, but if you've made a copy of such i was hoping that you could make another copy for my personal use. It would be appreciated greatly.

The following document's are what i'd like to request a copy of:

1). Trial transcript;
2). Sentencing Opinion [document's];
3). Verdict's on each count;
4). Jury poll;
5). Any and all document form exhibit's;
6). Copies of photographs viewing crime scene/victim, and all those which were introduced into evidence;
7). Criminal complaint(s);
8). Preliminary hearing transcripts;
9). Pre-trial transcript;
10). Indictment;

008767

    11). Coroner's report;

    12). Any and all motions that may have been filed on my behalf [pre-trial/trial/post-trial].

    In closing, i'd like to thank you for your time and understanding in this matter.

P.S.

    Would you please include the BILL of PARTICULARS.

                                             Yours truly,

                                             Gee Moore jr.

cc:file

008768

# The Supreme Court of Ohio

30 EAST BROAD STREET, COLUMBUS, OHIO 43266-0419

February 8, 1994

COMMITTEE ON THE
APPOINTMENT OF COUNSEL FOR
INDIGENT DEFENDANTS IN
CAPITAL CASES

(614) 466-1551
1-800-826-9010 (IN OHIO)

Honorable William J. Morrissey, Jr.
Hamilton County Court of Common Pleas
Courthouse: 1000 Main Street
Cincinnati, Ohio   45202

RE: State of Ohio vs. Lee Moore
Case No. B940481

The Committee on the Appointment of Counsel for Indigent Defendants in Capital Cases (Rule 65 Committee) has been notified of the appointment of Daniel J. James and Timothy Deardorff as trial counsel in the above case.

The attorneys are certified by the Committee as follows:

Daniel J. James         -- Lead Trial Counsel

Timothy Deardorff       -- Trial Co-counsel & Appellate Counsel

Therefore, they are approved as counsel in the captioned case.

Enclosed is a Dispositional Report Form which must be completed and returned to us at the conclusion of this case.

Thank you for your cooperation. If you have any questions, please contact Keith Bartlett at (614) 466-1551.


cc: Daniel J. James
    Timothy Deardorff
94-AP-005

008769

**DEARDORFF & HAAS**
**ATTORNEYS AT LAW**

TIMOTHY J. DEARDORFF
LOREN S. HAAS
JAMES S. GINOCCHIO

2368 VICTORY PARKWAY, SUITE 300
CINCINNATI, OHIO 45206
(513) 872-7900
FAX 281-6760

September 29, 1995

Mr. Lee Edward Moore, #305-700
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH 44901

Dear Lee:

Enclosed you will find the State's motion for extension of time to file its brief. As you can see, their brief will now be due on November 30, 1995. After that, we will have ten (10) days to file a reply brief.

If you have any questions or comments, please don't hesitate to contact me.

Very truly yours,

DEARDORFF & HAAS


TIMOTHY J. DEARDORFF

CJH/jeh

008770

LAW OFFICES

# Herbert E. Freeman

TELEPHONE (513) 381-8115

620 AMERICAN BUILDING
30 EAST CENTRAL PARKWAY
CINCINNATI, OHIO 45202-1118

January 16, 1995

Timothy J. Deardorff, Attorney at Law
2368 Victory Parkway, Suite 300
Cincinnati, Ohio  45206

                      RE:  State of Ohio, plaintiff-appellee
                             -vs-
                         Lee Edward Moore, Jr.,
                            defendant-appellant

Dear Tim:

Enclosed are the following items, which may be helpful to you in succeeding me to pursue Mr. Moore's appeal;

1. notice of appeal;

2. docketing statement;

3. motion for stay of execution of death sentence;

4. proposed entry granting stay of execution;

5. sentencing entry;

6. copy of Dan James' letter to me, which I had requested, summarizing his understanding of certain appellate issues.

Best of luck to you in this matter.

Sincerely,

*Herbert E. Freeman*

Herbert E. Freeman
Attorney at Law

HEF/kk     enclosures (6) as enumerated herein

008771

COURT OF COMMON PLEAS

CRIMINAL DIVISION

HAMILTON COUNTY, OHIO

C950009

| | |
|---|---|
| STATE OF OHIO | CASE NUMBER B-9400481 |
| plaintiff-appellee | |
| | NOTICE OF APPEAL |
| -vs- | |
| LEE EDWARD MOORE | |
| defendant-appellant | |

COPY FILED
CLERK OF COURTS
HAMILTON COUNTY
JAN 25 1995
JAMES CISSELL

Defendant herein, by and through counsel, hereby notifies the Court of his intention to appeal the judgment (final order) issued on or about December 14, 1994. On that date the trial judge, pursuant to the defendant-appellant's previous conviction, imposed a sentence of death.

*Herbert C. Freeman*

Herbert E. Freeman, Lead Counsel
Supreme Court Number 0005364
620 American Building
30 East Central Parkway
Cincinnati, Ohio 45202-1118
(513) 381-8115  FAX 381-8153

008772

## CERTIFICATION

I certify that an exact copy of this pleading was personally delivered to the usual place of business of Joseph T. Deters, trial attorney for plaintiff-appellee, on the filing date time-stamped hereon.

*Herbert E. Freeman*

Herbert E. Freeman

008773

**STATEMENT** — Court of Appeals

C950009

**CASE CAPTION** (MUST BE COMPLETE)

STATE OF OHIO
  plaintiff-appellee
      -vs-
LEE EDWARD MOORE
  defendant-appellant

FILED COURT OF APPEALS JAN -5 1995

| | |
|---|---|
| APPEAL NO. | |
| RELATED APPEALS | |
| TRIAL NO. | B-9400481 |
| TRIAL JUDGE | Ruehlman |

**COUNSEL FOR APPELLANT / OR APPELLANT, IF PRO SE**

HERBERT E. FREEMAN (0005364)    (513) 381-4415
620 American Building, 30 East Central Parkway
Cincinnati, Ohio 45202-1118

DATE OF JUDGEMENT / ORDER APPEALED FROM: 12-14-94

**COUNSEL FOR APPELLEE / OR APPELLEE, IF PRO SE**   ADDRESS   PHONE

JOSEPH T. DETERS   (0012084)   (513) 632-8555
441 Hamilton County Courthouse, 1000 Main Street
Cincinnati, Ohio 45202

DATE NOTICE OF APPEAL FILED: 01/05/95

---

**STATUS:**
- COUNSEL WAS APPOINTED FOR TRIAL   YES ☒  NO ☐
- COUNSEL WAS APPOINTED FOR APPEAL  YES ☒  NO ☐   on 05-16-95
- STAY WAS GRANTED BY TRIAL COURT   YES ☐  NO ☒   defendant ordered executed
- LENGTH OF SENTENCE:
- COUNSEL WILL MAKE A REASONABLE EFFORT TO MAKE CONTACT WITH THE CLIENT BETWEEN 30 AND 60 DAYS PRIOR TO MERIT HEARING SO THAT COUNSEL CAN ADVISE THE COURT OF THE CLIENTS WHEREABOUTS, STATUS AND DESIRE TO PROCEED WITH THE APPEAL
  YES ☒  NO ☐
  IF ANSWERED NO, PLEASE EXPLAIN:

**NATURE OF CASE:**
- ☐ ASSAULT
- ☒ HOMICIDE  agg. murder
- ☐ KIDNAPPING OR EXTORTION
- ☐ SEX OFFENSE
- ☐ ARSON
- ☒ ROBBERY  agg. robbery
- ☐ BURGLARY
- ☐ TRESPASS
- ☐ THEFT AND FRAUD
- ☐ GAMBLING
- ☐ OFFENSE AGAINST PUBLIC PEACE
- ☐ OFFENSE AGAINST FAMILY
- ☐ OFFENSE AGAINST JUSTICE
- ☐ CONSPIRACY OR COMPLICITY
- ☐ DRUGS
- ☐ PROBATION VIOLATION
- ☐ POST CONVICTION
- ☐ WEAPONS
- ☐ TRAFFIC OFFENSE
- ☒ OTHER  kidnapping
- ☒ STATUTE(S) INVOLVED  2903.01; 2911.10; 2905.01(A)

**PROBABLE ISSUE FOR REVIEW:**
- ☒ ABUSE OF DISCRETION  Please Specify: as to application
- ☒ ARREST  of specific
- ☒ COUNSEL  sentencing
- ☐ CRIM. R. 11  guidelines
- ☒ EVIDENCE
- ☐ ID PHOTOS
- ☒ INDICTMENT / COMPLAINT
- ☐ INSANITY
- ☒ INSTRUCTIONS
- ☐ LESSER INCLUDED OFFENSES
- ☐ MIRANDA RIGHTS
- ☒ PROCEDURE & RULES  as to the   Please Specify:  judge's
- ☒ PROSECUTORS MISCONDUCT  trial
- ☐ SEARCH & SEIZURE  orchestration
- ☒ SENTENCING  & as to how
- ☐ SPEEDY TRIAL  trial judge
- ☒ WEIGHT OF EVIDENCE  was selected
- ☒ WITNESSES
- ☒ OTHER  constitutionality of § 2903.01 O.R.C. & related statutes (death penalty)

---

**RECORD**

- THERE WILL BE A PARTIAL TRANSCRIPT OF PROCEEDINGS FILED ☐
  THE PARTS TO BE ORDERED ARE:
- THERE WILL BE A COMPLETE TRANSCRIPT OF PROCEEDINGS FILED ☒
  IF EITHER OF THE ABOVE ARE APPLICABLE THEN THE COURT REPORTER'S CERTIFICATION BELOW MUST BE COMPLETED.
  IF NEITHER OF THE ABOVE ARE APPLICABLE THEN ONE OF THE FOLLOWING MUST BE CHECKED:
- THERE WILL BE A STATEMENT FILED PURSUANT TO APP. R. 9 (C) ☐
- THERE WILL BE AN AGREED STATEMENT FILED PURSUANT TO APP. R. 9 (D) ☐
- THERE IS NO TRANSCRIPT, STATEMENT OR AGREED STATEMENT TO BE FILED ☐
  A CHECK OF ANY ONE OF THE ABOVE THREE WILL BE DEEMED SUFFICIENT COMPLIANCE WITH APP. R. 9 (C) AND LOCAL RULES

**BRIEF**

I REQUEST 120 DAYS TO FILE THE BRIEF AND ASSIGNMENTS OF ERROR UPON THE FILING OF THE COMPLETE RECORD.
This is a capital case, thereby involving multiple additional issues

**CERTIFICATE OF SERVICE**

I CERTIFY THAT I HAVE MAILED OR OTHERWISE DELIVERED A COPY OF THIS DOCKET STATEMENT TO ALL COUNSEL OF RECORD OR THE PARTIES IF UNREPRESENTED.

DATE 01/05/95    SIGNATURE /s/ Herbert E. Freeman
                                Herbert E. Freeman

**COURT REPORTERS CERTIFICATION**

THE TRANSCRIPT AS ORDERED CONSISTS OF APPROXIMATELY 1500 PAGES AND PURSUANT TO LOCAL RULE 10, THE TRANSCRIPT WILL BE PREPARED AND READY FOR FILING ON MARCH 15, 1995

DATE 12-20-94   SIGNATURE /s/ Ray Dimmore

008771

COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | C950009 |
| plaintiff-appellee | : | APPEAL NO. _____ |
| | : | (Trial No. B-9400481) |
| -vs- | : | MOTION FOR STAY OF EXECUTION |
| | : | OF SENTENCE OF DEATH |
| LEE EDWARD MOORE | : | |
| defendant-appellant | : | |

Now comes Herbert E. Freeman, trial attorney on appeal for defendant-appellant herein, who states that on December 14, 1994 Judge Robert Ruehlman of the Hamilton County Court of Common Pleas imposed a sentence of death, that sentence being ordered to be carried out on May 16, 1995.

WHEREFORE defendant-appellant moves the Court for an order staying the sentence of death until after final resolution of this appeal.

_____
Herbert E. Freeman  (0005364)
Trial Attorney for Defendant-Appellant
620 American Building
30 East Central Parkway
Cincinnati, Ohio  45202-1118
(513) 381-8115   FAX 381-8153

008775

## CERTIFICATION

I certify that an exact copy of this pleading was personally delivered to the usual place of business of Joseph T. Deters, trial attorney for plaintiff-appellee, on the filing date time-stamped hereon.

*Herbert C. Freeman*

Herbert E. Freeman

COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

| STATE OF OHIO | : | CASE NO. C950009 |
|---|---|---|
| plaintiff-appellee | : | ENTRY STAYING EXECUTION |
| | : | OF SENTENCE OF DEATH |
| -vs- | : | |
| | : | |
| LEE EDWARD MOORE | : | |
| defendant-appellant | : | |

This matter came before the Court upon the motion of defendant-appellant for an order staying execution of his sentence of death, presently scheduled for May 16, 1995.

Upon examination of same, the Court finds the motion to be well-taken and it is hereby granted. It is hereby ordered that the death sentence imposed by Robert Ruehlman, Judge, Court of Common Pleas in and for Hamilton County, Ohio be stayed until such time as this appeal is resolved.

IT IS SO ORDERED.

Herbert E. Freeman (0005364)
Trial Attorney for Defendant-Appellant
620 American Building
30 East Central Parkway
Cincinnati, Ohio 45202-1118
(513) 381-8115    FAX 381-8153

008777

**DANIEL J. JAMES**
ATTORNEY AND COUNSELOR AT LAW
13TH FLOOR, AMERICAN BUILDING
30 EAST CENTRAL PARKWAY
CINCINNATI, OHIO 45202

(513) 721-1995

SUBURBAN OFFICE
4226 BRIDGETOWN ROAD
CINCINNATI, OHIO 45211
(513) 574-5400

January 4, 1995

Mr. Herbert E. Freeman
Attorney at Law
620 American Building
30 E. Central Parkway
Cincinnati, Ohio 45202

Re: State of Ohio vs. Lee Edward Moore
Case No.: B9400481

Dear Herb:

Over the holidays, I spent some time looking over Lee Moore's file concerning possible issues that may be raised on appeal. We filed many of the standard "Death Penalty" motions and I'm sure the denial of these motions should be included in your brief.

There was also a motion filed and hearing conducted concerning suppression of the Defendant's statement and suppression of various searches which occurred. This hearing was conducted before Judge Morrissey and occurred on May 5, 1994 and you can certainly address denial of this motion in your appeal.

In addition, there were a number of issues that arose in the course of the actual trial which should at least be reviewed. They are as follows:

1. This case was originally assigned to Judge Morrissey. Jury selection was scheduled for 11-7-94. On 10-31-94 this case was reassigned by Judge Cartolano to Judge Ruehlman due to "Judge Morrissey being heavily engaged in other cases. . ." On 11-1-94 I filed a Motion To Reassign Trial Judge and this was argued in open court. The basis of the motion is that Judge Ruehlman was assigned this case in contravention of the Local Rules. Such a procedure allows for "selective" assignment of death penalty cases rather than random assignment as required "by lot". This assignment becomes all the more objectionable when you review Judge Ruehlman's comments at sentencing.

008778

2. Upon receiving the Questionnaires that were used, we learned that the prospective panel of 50 or so people contained approximately 4 or 5 blacks, of which I believe only one was a black male. We made an oral motion for a new panel arguing that this was not a fair cross-section of the community and denied to the Defendant his right to due process and equal protection of the law. A hearing was also conducted in open court and our request was denied.

3. Please review the Voir Dire and pay specific attention to Judge Ruehlman's comments when deciding to remove or keep a juror on the panel. I believe there was one juror whom I spent a fair amount of time with who indicated that she was very uncomfortable with handing down a verdict of death. Nevertheless, she did indicate that she could follow the law and yet Ruehlman removed her.

4. The prosecutor did remove one or two blacks from the panel and we made a "Batson" challenge which was argued on the record at side-bar. Our objection was denied but this should be reviewed and addressed, if appropriate.

5. I believe on Voir Dire, and I'm sure later in the course of the trial, we had problems with one particular juror who appeared to us to be sleeping. We brought this to the attention of the court on several occasions with discussions on the record at side-bar and the court eventually removed this juror. Judge Ruehlman's comments in this regard should be reviewed as to a possible issue concerning his disposition as to moving trial along rather than assuring that the Defendant received a fair trial. I don't recall if we moved for a mistrial or not because of this and perhaps failure on our part may be the basis for error.

6. One issue that I always raise with Judge Ruehlman is his policy that he does not permit you to state the basis for or argue any objections in open court, in the presence of the jury. He does permit you to place any objection you may have on the record at a later time, but as a practical matter it is often too late; he has already made his ruling and the objectionable question and/or testimony has been admitted. Additionally, the prosecutor may not

      know the basis of the objection and is unable to respond appropriately. At one point early in this trial, I believe Mr. Deters even indicated to the court that he would like to know the basis of one of my objections so that he could respond. Judge Ruehlman does not permit you to argue or explain your objection and I think such rulings can provide the basis for the claim of denial of a fair trial.

7. Review the prosecutor's closing arguments at both the trial and penalty phases. I believe I objected to some of his comments and I recall that I even placed these objections on the record at side-bar, citing appropriate case authority.

8. Several additional motions were filed after the trial phase addressing various issues concerning the penalty phase. Many of these motions included requests for instruction and I believe all of these were denied. I believe we had argument on the record and I think I renewed my objections prior to submission to the jury. In particular, I ask you to review my request concerning "Merger". I believe Judge Ruehlman merged some of the specifications, but again I think you have a valid issue for review on appeal.

    These are some of the major areas that merit consideration as issues on appeal. You will have to review the transcripts of the Motion To Suppress as well as both phases of trial. I again ask you to pay close attention to Judge Ruehlman's comments at sentencing. These comments seem to me to provide justification for requiring that cases be assigned "by lot" rather than by preference or choice. If you have any questions, give me a call.

Sincerely yours,

*Daniel James* (signature)

Daniel J. James

DJJ/kw