COURT OF COMMON PLEAS
GENERAL DIVISION
HAMILTON COUNTY, OHIO

ENTER
OCT 31 1994
FRED J. CARTOLANO, JUDGE

Administrative Judge

State of Ohio

vs

Lee Moore

Case Number B-940481

Entry of Re-Assignment

It appearing that due to the assigned judge Moorman being heavily engaged in other cases, and a trial date set

case B-940481 is hereby reassigned to Room 9,

Judge Kuehlman.

Carol Budai

Position Duties

Involved in assignment of case of Lee Moore

- When
- to which Judge
- How done - explain procedure

Since This case has been re-assigned

explain how re-assignment was accomplished

Show Entry (1)

(2)

Case assigned by Administrative Judge

Re-assigned on Oct 31st, 1994 - prior to today's trial date of Nov 9th

Entry does not indicate Judge Morrissey - absent

" " " " " - engaged in trial

Are you familiar w/ local rules - particularly Rule 7(H) providing for assignment of death penalty offense

Rule requires assignment by lot

That was not done here, in this case

Honorable Judge Ruehlman was not assigned by lot

STATE VS. LEE MOORE MOTIONS

1. MOTION TO WITHDRAW ENTRY ON WAIVER OF TRIAL BY JURY
   **NO OBJECTION**
2. MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION
   **NO OBJECTION**
3. MOTION TO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS
   **NO OBJECTION** -
4. MOTION FOR APPOINTMENT OF MITIGATION SPECIALIST AT PUBLIC EXPENSE
   **NO OBJECTION**. entry filed
5. MOTION FOR ORDER TO FURNISH COPY OF TRANSCRIPT OF MOTION TO SUPPRESS
   **NO OBJECTION** - entry filed
6. MOTION TO PROHIBIT REFERENCES TO THE JURY THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION
   **OBJECTION FILED** - entry filed
7. MOTION TO PROHIBIT PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE
   **OBJECTION FILED**
8. MOTION FOR COMPREHENSIVE VOIR DIRE
   **RESPONSE FILED - NO OBJECTION**
9. MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY
   **OBJECTION FILED** - entry filed
10. MOTION IN LIMINE TO LIMIT PROSECUTOR'S ARGUMENT TO THE AGGRAVATING CIRCUMSTANCE PROVEN AT THE GUILT PHASE
   **OBJECTION FILED**
11. MOTION FOR DISCLOSURE OF WITNESSES' STATEMENTS PRIOR TO TRIAL
   **OBJECTION FILED** - entry filed
12. MOTION TO COMPEL DISCLOSURE OF INFORMATION RELATING TO MITIGATING FACTORS
   **RESPONSE FILED - NO OBJECTION**
13. MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE
   **OBJECTION FILED** - entry filed
14. MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS
   **ORAL OBJECTION**
15. MOTION TO DISMISS INDICTMENT
   **OBJECTION FILED** - entry filed
16. MOTION TO PERMIT DEFENSE TO ADMIT ALL RELEVANT EVIDENCE OF SENTENCING PHASE
   **OBJECTION FILED**
17. MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AT THE MITIGATION PHASE
   **OBJECTION FILED** - entry filed
18. MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES
   **RESPONSE FILED - NO OBJECTION**
19. MOTION TO PROHIBIT PROSECUTOR FROM COMMENTING ON ACCUSED'S UNSWORN STATEMENT
   **OBJECTION FILED**
20. MOTION TO INCREASE THE NUMBER OF PEREMPTORY CHALLENGES WHICH DEFENDANT MAY EXERCISE
   **OBJECTION FILED** / entry filed

(6) Entry Overruling Def's Motion to Prohibit References to the Jury that A Verdict as to Death is Only Recommendation
(5) Entry Granting Motion for Order to Furnish Copy of Transcript Motion Suppress
Entry Overruling Motion to Suppress Statements
Entry " " " Evidence
(4) Entry Granting M for Funds to Retain Mitigation Specialist
(9) Entry Overruling Def's Motion to Prohibit Death Qualification of Jury
(20) Entry " Def's motion to Increase # of Peremptory Challenges
(17) " " " to Allow Defense to Argue First & Last at Mitigation Phase
(11) " " " " For Individual of Wit Statement Prior to Trial
(15) " " " " To Dismiss
(13) " " " " Individual Sequestered Voir Dire

NEED Entry Granting #18
" #12
#8
#3
#2

Abeyance 7
10
14
16
19

Robin Fletcher
Wk - 397- 9537
after 5:30 371-9331

Bev Parker
626-3525

Ms Simpson - Lee Moore Sr
242-1482

632-7000

Dave Chiappone 352-1342
Fax 352-1345

003084

Lee McDon[illegible]

Ask Amy

if bought - bracelet, necklace

hats, sweat pants, sweat shirt

bought anything for Larry, Jason

Larry Kennedy buy anything? credit cards

LEE MOORE

MOTION TO PROHIBIT DISPLAY OF EXCULPATORY EXHIBITS UNTIL ADMITTED

MOTION TO EXCLUDE PHOTOGRAPHS AND SLIDES OF DECEASED

MOTION TO DISMISS - Denial Equal Protection of Laws
Charged Identically - but 2 of 3 will not receive [illegible]
Same Conduct - not same punishment

MANUAL {- Proposed Reasonable Doubt Instruction for Mitigation Phase
{- MOTION TO INSTRUCT Jury to Consider - Mercy in the Mitigation Phase Deliberations

INSTRUCTIONS

Salvaera Feldhaus + Tape
- Mitigation people

- Questionnaire to Ingleman -
Copy to Pepmeier + [illegible]

- Entry appointing D Chappins

- Letter to Dearborn [illegible] - Sheldon - Mark Mitigation Records available to

003086

JURY ?'s

PROPOSED INSTRUCTIONS

OPENNING

MITIGATION - Dr. Cooper, [illegible], [illegible] - (UNSWORN STATEMENT)

- wit (~~CLOSING~~

VOIRE DIRE

"To speak the truth"

CLOSING Wit -

- ability to conform to [illegible]
- Youth, remorse
- effect of [illegible] + Alcohol

??? - [illegible] of accused
5 Sentence of other in some activity

Some [illegible]

ENTRYS

'rongful Death Proceeds
oposed Ward
Setting Hearing on Application
of Guardian
and Consent
tance—Guardian

anship
tory
lease Funds to Guardian
uthority to Expend Funds
nt

ppointment of Guardian of Mi-

dian by Minor Over Fourteen

for Appointment of Guardian
or Over Age 14)
on Application for Appoint-
of Minor (To Parent, Known
ersons Having Custody)
Appointment of Guardian of

pointment of Guardian (An Al-

rt Evaluation
ctive Ward
ive Ward of Application and

for Appointment of Guardian
tent Person
Appointment of Guardian for
n

rt

on of Minor Child
, Notice and for Appointment

on Petition for Adoption
n
sent Not Necessary
of Adoption
port and Finalizing Adoption
ption (Without Interlocutory

e for Parents

n of Adult
ption of Adult
ointment of Conservator
ppointment of Conservator
torship

lity; authority; citation

se Rules of Superinten-
all divisions of the courts
State.
les are promulgated pur-

suant to Section 5(A)(1) of Article IV of the Ohio Constitution.

(C) Citation. These rules shall be known as the Rules of Superintendence for Courts of Common Pleas and shall be cited as "C.P.Sup.R.___."

(Amended, eff 8-13-79; 1-1-90)

## RULE 2. Presiding judges

In counties having more than one common pleas judge, the judges thereof shall, pursuant to the Constitution, select one of their number to act as presiding judge to serve at their pleasure. The selection of the presiding judge shall be by majority vote of all the judges of all the divisions of the court, i.e., general, domestic relations, probate and juvenile.

If the judges are unable for any reason to make such selection, the judge having the longest total service on the court of common pleas in any division thereof shall serve as presiding judge until selection is made by vote.

The judges of all multi-judge courts of common pleas shall meet at the call of the presiding judge, and at least once annually, for the purpose of discussing and resolving administrative problems common to all divisions of the court. The presiding judge shall chair all such meetings and may assign judges on a temporary basis from one division of the court to serve another division as the business of the court may require.

Nothing in these superintendence rules prevents a presiding judge from serving simultaneously as an administrative judge of a division pursuant to Sup.R. 3.

(Amended, eff 1-1-90)

## RULE 3. Administrative judge

**(A) Selection and term; notifications.** The judges of each multi-judge division of the court of common pleas shall, by majority vote of all judges of the division, select one of their number to act as administrative judge. The administrative judge shall serve for an annual term and may be reelected.

If the judges, for any reason, are unable to elect an administrative judge, the judge having the longest total service on the court shall serve as the administrative judge for one term. If two judges have equal periods of service, the holder of the office shall be determined by lot. In the event of continued failure to elect an administrative judge, the judges shall, in turn, serve in the order of seniority as determined by total length of service on the court.

The administrative judge shall promptly notify the Office of the Administrative Director of the judge's selection and term.

**(B) Powers.** The administrative judge shall be the presiding officer of his division and shall have full responsibility for and control over the administration, docket, and calendar of the division which the judge serves. The administrative judge shall cause cases to be assigned to the judges within the division and shall require such reports from each judge concerning the status of assigned cases as may be required to assist the judge in discharging his overall responsibility for the observance of these superintendence rules and for the termination of cases in his division without undue delay.

The administrative judge shall maintain records indicating the number of pending cases which each attorney is to try. In civil cases the attorney who is to try the case shall be designated as trial attorney on all pleadings filed therein. At the time of arraignment in criminal cases, the attorney who is to try the case shall be stated in writing by such attorney.

The administrative judge shall formulate such accounting and audit procedures within the division and the office of the clerk of court as will insure the accuracy of and consistency with all reports required by these Rules.

**(C) Relief from trial duties.** By local rule, the administrative judge may be relieved from part of the judge's trial duties to utilize the time to manage the calendar and docket of the court.

(Amended, eff 8-13-79; 1-1-90)

## RULE 4. Assignment system

As used in these rules, "individual assignment" system is that system in which, upon the filing in, or transfer to, a division of the court of a civil case, or upon arraignment in a criminal case, a case immediately is assigned by lot to a judge of the division, who becomes primarily responsible for the determination of every issue and proceeding in the case until its termination. Under this system, all preliminary matters, including requests for continuances, shall be submitted for disposition to the judge to whom the case has been assigned or, if the assigned judge is unavailable, to the administrative judge.

Each multi-judge general, domestic relations, and juvenile division of the court of common pleas shall adopt the individual assignment system for the assignment of all cases to judges of the division.

In any instance where a previously filed and dismissed case is refiled, that case shall be reassigned to the judge originally assigned by lot to hear it unless, for good cause shown, that judge is precluded from hearing the case.

(Amended, eff 8-13-79; 1-1-84; 2-1-85; 1-1-90; 1-1-92)

## RULE 5. Reports and information

**(A) Report Form; Responsibility for Submission.** Each judge of a general, domestic relations, or juvenile division and each judge temporarily assigned to a division by the presiding judge under C.P.Sup.R. 2 is responsible for a report of the

judge's work in that division to the Court Statistical Reporting Section of the Supreme Court. In a multi-judge general, domestic relations, or juvenile division, the report shall be submitted through the administrative judge. In a multi-judge probate division, the judges shall sign and submit one report of the work in that division. The signatures of the reporting judge, the administrative judge, and the preparer, if other than the reporting judge, shall attest to the accuracy of the report.

Each judge sitting by assignment of the Chief Justice shall submit a report of the judge's work to the Court Statistical Reporting Section. The reports shall be submitted through the administrative judge of the division to which the judge is assigned. The signatures of the reporting judge, the administrative judge, and the preparer, if other than the reporting judge, shall attest to the accuracy of the report.

The report forms are attached as an appendix to this rule.

(B) Report Forms; Time for Submission. Each report form specified by these rules shall be submitted monthly except Form C, which shall be submitted quarterly.

Each report form specified by these rules shall be filed with the Court Statistical Reporting Section not later than fifteen days after the close of the reporting period.

(C) Administrative Director; Reports Public Record When Filed. All reports specified by these rules shall be public records. The Administrative Director of the Supreme Court shall publish an annual compilation of the reports. All judges and clerks shall cooperate with the Administrative Director to ensure the accuracy of the reports.

The Court Statistical Reporting Section shall provide an Implementation Manual that contains commentary and explanatory material pertaining to these rules and the report forms required by these rules.

(D) Chief Justice of the Supreme Court; Requests for Additional Information. The Chief Justice of the Supreme Court may require additional information concerning the disposition of cases and the management of the courts in order to discharge the constitutional and statutory duties. All judges, clerks, and other officers of all courts shall furnish the Chief Justice with any information requested by the Chief Justice.

(E) Annual Physical Case Inventory; New Judge Inventory.

(1) Except as provided in division (E)(2) of this rule, each judge, on or before the first day of September, shall complete an annual physical inventory of all cases reported as pending on the applicable statistical report forms filed by the judge.

(2) A judge, when initially elected or appointed to the court of common pleas, shall complete a physical case inventory within three months of the date on which the judge first takes office. Subsequent annual physical inventories shall be completed on or before the first day of September of each ensuing year.

(3) Completion of the physical inventory required by this rule shall be documented in the appropriate space on the applicable statistical report forms.

(Amended, eff 12-19-77; 1-1-79; 8-13-79; 1-1-90; 2-18-91; 1-1-92)

County
Report for the r

Pending beginn
New cases filed
Cases transferred redesignated
TOTAL (Add lines
TERMINAT
Jury trial
Court trial
Settled or dismiss
Dismissal
Dismissal for lack want of prosecutio
Default (include c
Diversion or arbitr
Guilty or no contest original charge
Guilty or no contest reduced charge
Unavailability of ac or sentencing
Transfer to another
Referral to private
Bankruptcy stay or
Other terminations
TOTAL (Add lines
Pending end of per (Subtract line 18 fr
Time Guidelin
Cases pending bey
Number of months beyond time guidel
Cases submitted a or judgment beyon

Mail to:
Court Statistical R
Supreme Court o
30 East Broad St
Columbus, Ohio

(Effective 2-18-91)

RULE 7. Individual assignment system

(A) The several Judges of the General Division shall be assigned each month in rotation as Presiding Criminal Judge and as Equity Judge. Where there is an application for a restraining order, appointment of a receiver or mandamus, the party making the application shall give written notice to the opposite party of the intention to make such application, unless the Equity Judge, for good cause shown, otherwise directs. If the Equity Judge directs that the written notice be omitted, an entry shall be made stating the reason for the omission of such notice. No request for a temporary restraining order will be heard unless it is presented by a motion separately filed. A case shall be permanently assigned to the judge serving in equity at the time a motion for temporary restraining order is filed; except that a case already permanently assigned at the time the motion is filed shall not be reassigned. For purposes of reports under Superintendence Rule 5, all miscellaneous cases not otherwise assigned shall be reported each month by the Equity Judge.

(B) In accordance with Superintendence Rule 4, upon the filing in, or transfer to, a division of the Court of a civil case, or upon arraignment upon information or indictment in a criminal case, such case shall be immediately assigned by the Presiding Judge or the Court Administrator by lot to a judge thereof, who thus becomes primarily responsible for the determination of, except as otherwise provided herein, every issue and proceeding in the case until its termination. Under this system, all preliminary matters, including requests for continuances, must be submitted for disposition to the judge to whom the case has been assigned, or if the assigned judge is unavailable, to the Administrative Judge. Such cases, whether civil or criminal, shall be distributed, as nearly equally as possible, to each of the judges then in office in the division in which such action is cognizable, and the several judges of that division may effect any system whereby this is to be accomplished, provided such assignment is immediate upon filing, transfer or assignment, as the case may be.
(effective December 1, 1991)

(C) Whenever, upon the date set for trial of a cause, whether civil or criminal, counsel for the parties acknowledge their readiness to proceed to trial, and the judge to whom the cause has been assigned is engaged in another trial, or is absent, the Administrative Judge may forthwith assign such case to any judge of that division who is not engaged in the trial of a cause at that time, and such judge shall take credit for the disposition of that case, in accordance with Superintendence Rule 5, as if such case had been originally assigned to him or her. Thereupon

003090

the judge receiving such reassignment shall promptly select and transfer one of the cases assigned to that judge's room in the same classification and filed in the same or subsequent year, in exchange to the room from which said case came, as a permanent transfer.

(D) For good cause shown, on written application by counsel to the Presiding Judge, a case may be reassigned by the Presiding Judge in the manner provided in Section (C) hereof.

(E) When necessary or proper a judge may disqualify himself or herself from a particular case. In those circumstances, that judge shall inform the Administrative Judge in writing of such disqualification and upon approval of the Administrative Judge, the Court Administrator will reassign the case pursuant to Rule 7(B) and (C) above. The writing will be an official entry.

(F) When a new trial is ordered, for any reason, either by the judge who originally tried the case or by a reviewing court, the case, for purposes of such new trial, shall be reassigned by lot in accordance with the system authorized by Paragraph B hereof. When a case has once been tried, and for any reason a retrial is required, said case shall be given preference in the setting of cases for trial.

(G) Consolidation and separate trials: Civil Rule 42 governs consolidation and separate trials. Unless otherwise agreed by the judges involved, motions to consolidate shall be heard by the judge to whom the lowest numbered case is assigned and, if granted, all cases shall then go to that judge. In lieu of that judge returning a case under the provisions of Rule 7(C), the judge from whom a case is taken shall be reassigned a new case pursuant to Rule 7(B).

(H) A separate assignment by lot shall be made for death penalty offenses. In these cases, the Presiding Criminal Judge shall appoint one attorney for defendant on the day that the defendant is either arraigned in the Municipal Court or indicted, whichever comes first. The Assigned Judge will appoint one additional attorney for defendant upon assignment of the case in the Common Pleas Court. (Amended June 17, 1983)

(I) If it is ascertained that a defendant is under the age of 18 years of age and the Juvenile Court has not yet waived jurisdiction, the general division judge shall continue the case one day and will notify the presiding Juvenile Judge so that the proper complaint can be processed.

003091

(J) In accordance with Superintendence Rule 4, in any instance where a previously filed and dismissed case is refiled, that case shall be reassigned to the judge originally assigned by lot to hear it, unless, for good cause shown, that judge is precluded from hearing the case. (New February 1, 1985)

(K) When a criminal case has been assigned to a judge of this court and the state seeks to obtain relief from discovery or to perpetuate testimony or for a witness protective order under Crim. R. 16(B), said motion will not be heard by the assigned judge but rather will be heard and determined by the judge assigned as presiding criminal judge for the month wherein the motion is filed. The assigned judge will continue to be primarily responsible for the determination of every other issue and proceeding in the case until its termination pursuant to paragraph (B) above.

003092




PHONE CALL

FOR Dan DATE 1-31 TIME 3:30 P.M.

M Jack Stedham

OF

PHONE 761-4929

MESSAGE

PHONED ✓ / PLEASE CALL ✓

SIGNED K

PHONE CALL

FOR Dan DATE 12-19 TIME 2:15 P.M.

M Fritz Mayer

PHONE 632-6800

MESSAGE 75 ...

Select 75 - no fillet 23

852-3477

PHONED ✓ / PLEASE CALL ✓

SIGNED K

003093

Jenny O'Donnell

Lee Moore

9/16/54 Initial calls
Met w Very Polite
Cooperative

Call Stidham

P-TM
CCW
RSP

[illegible] 20
10 - 25
10 - 25
+3
40 - 1/3 (12) = 28
+3
3
31
+9
50

Nu 3d Kept Done

Jenny O'Donnell - 352-1342
Referral - Write rpt

Stay away
from Juv Record

Bad News
- Nobody called Lee Morris prev Juv Off
Not 1st offense w gun
Sav Wit - accused of holding gun to
head, when robbed store
[illegible] - Went to DYS - says Lee trigger-man
why Lee Never Charged

Lee Moore

[illegible] Schmidtgoessling
Prepare -- Meet w/ [illegible]

5/27 Pleadings
5/27 Visit w/ Def
5/31 Pleadings / Phone w/ [illegible]

.5 - 6/1/94 [illegible] Ct / [illegible]

.5 6/2/94 File Jury Waiver Judges [illegible] meet w/ Assignment Comm & meet w/ Capt [illegible] [illegible] judges

Agg Circumstances → Mitigating Factors
(1) Victim of offense induced or facilitated
(2) Unlikely offense committed [illegible] duress, coercion, or strong provocation
(3) [illegible] mental [illegible] [illegible] - lacked [illegible] capacity to appreciate criminality [illegible] [illegible] conform [illegible] of law
(4) Youth of offender
(5) Offender's lack of significant history of prior criminal convictions & delinquency adjudications
(6) If offender participant not principal offender - degree of offender's participation & degree of participation in acts that led to death
(7) Any other factors relevant to issue of whether offender should be sentenced to death

1410

Verdict form recommend by Ct

003097

N-5-F

3/25/94 VISIT Lee Moore
written statement
Waiver of [illegible] form

Darrell Anderson
Groom [illegible] [illegible]

Vinetta Gillian - Aunt

Trista Neal - ex-girlfriend's sister

On The Evening of Jan 14 1994 Me, Larry Kinley & Jason holmes were sitting at Jason holmes house Smoking Weed + drinking beer, (We were very high + drunk) Then Jason Said "Lets go get a Car."

I Knew what he Meant because we had Talked About it before we Just Never Did it, he was Talking About Carjacking. I Agreed To Do This (I was NOT in My Right Mind) So we drive up To butler County looking for A Victim AND we finally See a Man getting out of a ford Taurus going into a bar, we decided To Wait for The Man To Return To his Car and Then Carjack him, Jason was going To drive My Car back To Cincinnati, Well The Man Returned To his Car and (STill Really high + drunk) I held The gun on The Man + Told him To get in his Car on The drivers side he did So I drove off Around The building + Told The Man To get in his Trunk he did and I Told him I was NoT going To hurt him, he Said "I Just Dont Want Any Trouble". I was on My Way back To Jason's house To pick up Larry Kinley but on The Way I bought a 40 ounce and Smoked Some More weed because I was Sobering up And Started Realizing what I was Actually into and I Wanted To get it All off of My Mind and it worked.

I finally get To Jason's house + Larry got in The Car and I Told him That I had a Man in The Trunk and That I wanted To drop him off in a place unfamiliar To him Larry Said "I will help you find one" So We drive off And we

003099

in Cumminsville + we See a A Dark Street So I Turned down The Street And I Stopped The Car To get The Man out of The Trunk (I am still very high at This point) And from This Point on All I Can Remember was a loud Sound and Driving off (I Can barely Remember The whole Night) I Remember getting into The Car And Larry Said "Fuck him" I was driving and Sobering up And Started Remembering bits + Pieces of what went on That Night And I Started feeling Sick + Scared Then Larry Started Telling Me About Some Credit Cards in The Mans Wallet + To This day I Cant Tell you how he got The Wallet, I just Cant Remember.

On The way back To Jasons house we Stopped at a Store + bought Some More 40 ounce because I felt I Needed To Stay Drunk in Order To get Through That Terrible Night (That was My Answer To all My problems) We finally got back To Jasons house and I drunk a Couple of 40 ounces and finally passed out, I dont Remember how My license plate got on The Taurus and I don Remember who put it on There.