IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LEE MOORE, | : | |
| | : | |
| Petitioner, | : | CASE NO.: C-1:00-CV-00023 |
| | : | |
| v. | : | JUDGE DLOTT |
| | : | |
| BETTY MITCHELL, WARDEN | : | MAGISTRATE JUDGE MERZ |
| | : | |
| Respondent. | : | |

_____

**THE WARDEN'S MEMORANDUM IN RESPONSE TO MOORE'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S FINAL REPORT AND
RECOMMENDATIONS**

_____

Respectfully submitted,

**MARC DANN**
**Ohio Attorney General**

s/Charles L. Wille
_____
**CHARLES L. WILLE  (0056444)**
**Principal Assistant Attorney General**
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (facsimile)
Email: cwille@ag.state.oh.us

**COUNSEL FOR RESPONDENT**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................... IV

STATEMENT OF THE CASE ...................................................................................... 1

RESPONSE TO OBJECTIONS ...................................................................................... 2

    I.      Introduction ................................................................................................ 2

    II.     The Magistrate Judge correctly determined that Moore's claims of ineffective counsel do not warrant relief ........................................................................................................ 2

        A.     The Magistrate Judge correctly determined that the First Ground is procedurally defaulted and in any event without merit. ..................................................................... 3

        B.     The Magistrate Judge correctly determined that Moore's other claims of ineffective counsel do not warrant relief ...................................................................... 4

    III.    The Magistrate Judge correctly determined that Moore's "biased judge" claims do not warrant relief in federal habeas corpus. ........................................................ 7

    IV.    The Magistrate Judge correctly determined that Moore's erroneous instruction claims do not warrant relief in federal habeas corpus. ................................ 8

        A.     The trial judge's "acquittal first" instruction did not violate Moore's constitutional rights. ............................... 8

        B.     The trial court's instructions did not otherwise violate the constitution ..................................................... 9

    V.     The Magistrate Judge correctly determined that Moore's prosecutorial misconduct claims do not warrant relief in federal habeas corpus. ..................................... 13

        A.     The allegations set forth in Moore's Seventh Ground do not warrant relief. ................................. 13

        B.     The allegations set forth in Moore's Thirteenth Ground do not warrant relief. ................................. 15

        C.     The allegations set forth in Moore's Eighteenth Ground do not warrant relief. ................................. 16

VI.     The Magistrate Judge correctly determined that
        Moore's discrimination claims do not warrant relief in
        federal habeas corpus. ...................................................................17

VII.    The Magistrate Judge correctly determined that
        Moore's Fifteenth and Seventeenth Grounds do not
        warrant relief in federal habeas corpus. ........................................18

VIII.   The Magistrate Judge correctly determined that
        Moore's Nineteenth Ground does not warrant relief in
        federal habeas corpus. ...................................................................19

IX.     The Magistrate Judge correctly determined that
        Moore's ineffective assistance of appellate counsel claim
        does not warrant relief in federal habeas corpus. ..........................20

X.      The Magistrate Judge correctly determined that
        Moore's constitutional claims do no warrant relief in
        federal habeas corpus. ...................................................................22

        A.      Ohio's statutory "catch-all" provision is not
                unconstitutional. ...................................................................22

        B.      The Eighth Amendment does not prohibit a
                capital specification from duplicating an element
                of a capital offense, nor did the "double-
                counting" of specifications in Moore's case
                violate his constitutional rights. ...........................................22

        C.      Moore's remaining constitutional challenges are
                foreclosed by well-established precedent. ..............................23

CONCLUSION AND REQUEST FOR RELIEF ...............................................24

CERTIFICATE OF SERVICE ...........................................................................25

# TABLE OF AUTHORITIES

## CASES

*Aycox v. Lytle*,
   196 F.3d 1174 (10th Cir. 1999) .......................................................................... 12

*Brown v. Sanders*,
   546 U.S. 212, 126 S.Ct. 884 (2006).................................................................... 14

*Clemons v. Mississippi*,
   494 U.S. 738 (1990)............................................................................................ 14

*Davis v. Mitchell*,
   318 F.3d 682 (6th Cir. 2003) ............................................................................ 8, 9

*Eddings v. Oklahoma*,
   455 U.S. 104 (1982)............................................................................................ 19

*Harris v. Stovall*,
   212 F.3d 930 (6th Cir. 2000) ............................................................................. 12

*Henderson v. Kibbee*,
   431 U.S. 145 (1977)............................................................................................ 10

*Hennon v. Cooper*,
   109 F.3d 330 (7th Cir. 1997) *cert. denied*, 522 U.S. 819, 139 L. Ed. 2d
   32, 118 S. Ct. 72 (1997)...................................................................................... 13

*Hicks v. Collins*,
   384 F.3d 204 (6th Cir. 2004) ............................................................................... 6

*Lowenfield v. Phelps*,
   484 U.S. 231 (1988)............................................................................................ 23

*Madrigal v. Bagley*,
   276 F.Supp.2d 744 (N.Dist. Ohio 2003) ............................................................. 9

*Mills v. Maryland*,
   486 U.S. 367 (1988)............................................................................................ 10

*Murray v. Carrier*,
   477 U.S. 478 (1986).............................................................................................. 4

*Payne v. Tennessee*,
   501 U.S. 808 (1991)............................................................................................ 16

*Pennsylvania v. Finley*,
   481 U.S. 551 (1987)............................................................................................ 21

## CASES (*continued*)

*Roe v. Mitchell*,
   316F.3d 557 (6th Cir. 2002) ................................................................ 9

*Ross v. Moffitt*,
   417 U.S. 600 (1974) ........................................................................ 21

*Scott v. Mitchell*,
   209 F.3d 854 (6th Cir. 200) ........................................................... 9, 23

*State v. Hicks*,
   43 Ohio St. 3d 72 (1989) .................................................................. 6

*State v. Hill*,
   73 Ohio St. 3d 433 (1995) ................................................................. 6

*State v. Smith*,
   71 Ohio St.3d 1208 (1994) ................................................................ 21

*Taylor v. Mitchell*,
   296 F.Supp.2d 784 (N.Dist. Ohio 2003) ............................................... 9

*Williams v. Taylor*,
   529 U.S. 362 (2000) ...................................................................... 23

## STATUTES

28 U.S.C. §2254(d) ................................................................................ 12

O.R.C.§2929.04(B)(7) ........................................................................... 22

## STATEMENT OF THE CASE

The Petitioner, Lee E. Moore (hereinafter "Moore"), is under a sentence of death. On January 18, 2000, Moore filed a petition for a writ of habeas corpus in which he alleged that his conviction and death sentence are in violation of federal law or the Constitution of the United States. (Doc. 14) On March 20, 2000, the District Judge referred the case to United States Magistrate Judge Merz. On June 1, 2000, per the order of the Magistrate Judge, Moore filed an amended petition for a writ of habeas corpus. (Doc. 29) On July 17, 2000, Respondent filed an answer (Return of Writ) to the amended petition. (Doc. 31) On November 12, 2002, Moore filed a reply (Traverse) to Respondent's Return. (Doc. 81).

On June 23, 2003, the Magistrate Judge granted in part Moore's motion for discovery. (Doc. 93) On June 30, 2004, in conformity with the scheduling order issued by the Magistrate Judge, Moore filed a motion for an evidentiary hearing. (Doc. 102) On July 12, 2004, the Warden filed a memorandum in opposition. (Doc. 103) On July 23, 2004, Moore filed a memorandum in reply. (Doc. 104) On September 3, 2004, the Magistrate Judge issued a decision and order denying Moore's motion. (Doc. 105) Moore subsequently appealed that decision to the District Judge. On November 1, 2004, the Magistrate Judge issued a supplemental memorandum regarding Moore's appeal. (Doc. 109) On November 24, 2004, the District Judge overruled Moore's appeal and adopted the Magistrate Judge's order. (Doc. 111)

On December 3, 2004, the Magistrate Judge issued a scheduling order for the filing of final briefs. (Doc. 112) Consistent with the scheduling order, on April 11, 2005, Moore filed his Merit Brief. (Doc. 115). On May 11, 2005, the Warden filed her merit brief. (Doc. 116). On February 15, 2007, after the record was expanded at the joint request of the parties, the Magistrate Judge issued a final report and recommendations (Doc. 128) in which he recommended the conditional grant of a writ of habeas corpus with respect to a part of the

second ground alleged in support of relief, and the denial of a writ of habeas corpus with respect to the remaining grounds alleged in the petition. On February 28, 2007, the Warden filed objections to the Magistrate Judge's final report and recommendations, insofar as the Magistrate Judge recommended a conditional grant of the writ.

On April 26, 2007, Moore filed his objections to the Magistrate Judge's final report, insofar as the Magistrate Judge recommended the denial of habeas corpus relief.

**RESPONSE TO OBJECTIONS**

**I.    Introduction**

In his amended petition for a writ of habeas corpus, Moore presented twenty-five grounds for relief. On February 15, 2007, after the record was expanded at the joint request of the parties, the Magistrate Judge issued a Final Report and Recommendations (Doc. 128) in which he recommended the conditional grant of a writ of habeas corpus with respect to a part of the second ground alleged in support of relief, and the denial of a writ of habeas corpus with respect to the remaining grounds alleged in the alleged petition.    The Magistrate Judge correctly recommended the denial of habeas corpus relief. Therefore, as discussed below, the Court should overrule Moore's objections and adopt the Magistrate Judge's final report and recommendations, insofar as the Magistrate Judge found that Moore's alleged grounds do not warrant relief in federal habeas corpus.

**II.    The Magistrate Judge correctly determined that Moore's claims of ineffective counsel do not warrant relief.**

In his First, Second, Third and Fourth Grounds, Moore alleged for various reasons that his trial counsel rendered constitutionally ineffective assistance. The Magistrate Judge found that the allegations set forth in Moore's First Ground are procedurally defaulted and therefore not

subject to "merits" review in federal habeas corpus, and that in any event, with the exception of one allegation set forth under the Second Ground, Moore has failed to show that his counsel rendered constitutionally ineffective assistance. The Magistrate Judge correctly determined that Moore's claims of ineffective counsel do not warrant relief.

### A.    The Magistrate Judge correctly determined that the First Ground is procedurally defaulted and in any event without merit.

In the First Ground of his amended petition, Moore alleged that his constitutional rights were violated because Chuck Stidham, the "mitigation specialist" employed by his trial counsel, "had an undisclosed, actual conflict of interest when he simultaneously represented Petitioner Moore and one of Petitioner Moore's co-defendant [sic] on his appeal of convictions and sentences for the same crime." The Magistrate Judge held that the First Ground was procedurally defaulted, due to Moore's failure to present it to the state courts, and that Moore failed to establish "cause and prejudice" to excuse the procedural default. In the latter regard, the Magistrate Judge found that Stidham had no actual conflict of interest because there was no evidence to support Moore's assertion that counsel relied solely on Stidham's recommendation in choosing Dr. Chiappone as the defense's expert psychologist, or that Stidham acted in his capacity as mitigation specialist for Moore in a way that adversely affected Moore and aided the co-defendant on appeal. Final Report and Recommendations (Doc. 128), pages 31-36.

Moore objects generally to the Magistrate Judge's default ruling. He argues, as he did before the Magistrate Judge, that he preserved this and other claims for "merits review" in habeas corpus by presenting them in his application to re-open his appeal, as examples of appellate counsel's alleged ineffectiveness. Objections at page 3. For the reasons stated by the Magistrate Judge, Moore mistakenly fails to acknowledge that a claim of ineffective assistance of appellate counsel is a claim of constitutional error separate and distinct from the claims of constitutional

error that appellate counsel allegedly failed to present.  Indeed, the Supreme Court of the United States has held that an appellate attorney's failure to raise a claim can only constitute "cause" to excuse the failure to raise the claim if such failure itself amounts to constitutionally ineffective appellate counsel.  *Murray v. Carrier*, 477 U.S. 478 (1986).  If Moore is correct, and simply *alleging* ineffective assistance of appellate counsel is sufficient to preserve the "merits" of an omitted claim for habeas review, then *Murray's* requirement that the petitioner *establish* ineffective assistance of appellate counsel would be completely superfluous.

Moore also objects to the Magistrate Judge's alternate holding that the claim is without merit.  Moore argues that the Magistrate Judge erred in determining that Stidham had no actual conflict of interest.    Objections at pages 5-8.  However, he cites no evidence contrary to the Magistrate Judge's factual findings; rather, he offers additional speculation that Stidham was responsible for selecting Dr. Chiappone because Dr. Chiappone's testimony was consistent with Stidham's appellate arguments on the co-defendant's behalf, and could have been helpful in the event that the co-defendant sought post-conviction relief.  As noted by the Magistrate Judge, Moore does not explain in what manner Stidham could have used Dr. Chiappone's testimony in the co-defendant's appellate proceedings, nor does Moore offer any evidence that the co-defendant actually sought post-conviction relief based on Dr. Chiappone's testimony.

In sum, Moore's objections are without merit.  The Magistrate Judge correctly determined that the First Ground is procedurally defaulted and in any event meritless.

### B.    The Magistrate Judge correctly determined that Moore's other claims of ineffective counsel do not warrant relief.

In his Second Ground, Moore alleged that counsel were ineffective in failing to obtain an adequate "mitigation specialist;" in failing to prepare for mitigation; in presenting a "hopelessly ineffective" mitigation argument; and in failing to seek or offer an expert to testify as to the

effects of Moore's extensive alcohol and drug abuse.   Moore further alleged that his counsel was ineffective in failing to prevent ex parte communications with defense experts by the trial judge and prosecutor.  The Magistrate Judge held, with the exception of Moore's allegation concerning counsel's preparation of Dr. Chiappone's testimony, that Moore's Second Ground does not warrant relief.   The Magistrate Judge specifically found that counsel conducted an adequate investigation for mitigating evidence, and that therefore counsel's decisions regarding the evidence presented were reasonable; that the trial judge's communications with defense experts were for the purpose of clarifying that their services were provided to assist the defense, and that the trial judge disclosed these communications on the record; that counsel did present evidence in mitigation concerning Moore's use of drugs and alcohol; that counsel's opening statement in sentencing appropriately referenced mitigating factors that the defense intended to advance; and that counsel's arguments in sentencing were an appropriate attempt to explain the mitigating evidence presented.  Final Report and Recommendations (Doc. 128), pages 37-55.

In his objections, Moore for the most part reiterates arguments that counsel and Stidham failed to conduct adequate investigations for mitigating evidence and that counsel's arguments at closing were inappropriate.  Objections at pages 8-16.  Moore does not cite anything in rebuttal to the Magistrate Judge's specific findings that counsel conducted adequate investigations and presented adequate mitigating evidence, including evidence of Moore's alcohol and drug use. Finally, Moore fails to discuss much less dispute the Magistrate Judge's finding -- based on specific references to the record -- that counsel's closing arguments in sentencing appropriately sought to explain and advance the mitigating evidence presented by the defense.

In his Third Ground, Moore alleged that trial counsel were ineffective during the guilt phase in "failing" to request an instruction on intoxication and in "failing" to secure the

assistance of a firearms expert to challenge the state's theory of the case.  The Magistrate Judge found that Moore was not prejudiced by counsel's "failure" to request an instruction on voluntary intoxication because such an instruction was not supported by the evidence.  The Magistrate Judge further found that Moore's claim that a firearms expert should have been employed was without merit, as Moore failed to show what evidence a firearms expert would have discovered or in what manner the lack of such evidence deprived him of a fundamentally fair trial.   Final Report and Recommendations (Doc. 128), pages 56-59.

In his objections, Moore essentially argues that evidence of his use of drugs and alcohol at the time of the crimes required the trial judge to instruct on voluntary intoxication as a possible defense.  Objections at page 17.  For the reasons stated by the Magistrate Judge, Moore is mistaken.  Final Report and Recommendations (Doc. 128) at page 57, citing *State v. Hill*, 73 Ohio St. 3d 433, 443 (1995), citing *State v. Hicks*, 43 Ohio St. 3d 72 (1989).  *See also Hicks v. Collin*s, 384 F.3d 204, 215 (6th Cir. 2004) (defense attorney was not required to obtain expert on the toxicological effects of cocaine because expert admitted that despite defendant's use of cocaine, defendant still had the capacity to act with purpose).  Moore argues further that counsel should have obtained an expert to support the defense's argument that the shooting could have been accidental.  Objections at page 18.  Moore ignores the Magistrate Judge's finding that there is nothing to show that an expert would have uncovered any evidence to support such an argument.

Finally, in his Fourth Ground, Moore alleged that his trial counsel rendered ineffective assistance by continuing to represent him on direct appeal before the Ohio Court of Appeals, and that counsel on direct appeal was ineffective in failing to raise various claims.  The Magistrate Judge found that counsel's continued representation on appeal was not ineffective because counsel

6

was not required to raise his own alleged ineffectiveness at trial as an appellate issue, and that, for the reasons stated elsewhere in the report, the claims allegedly overlooked by appellate counsel were without merit.   Final Report and Recommendations (Doc. 128), pages 59-60.

Moore does not object to the Magistrate Judge's finding that counsel's continued representation did not amount *per se* to constitutionally ineffective assistance on appeal.   He objects generally to the Magistrate Judge's determination that the claims allegedly overlooked by appellate counsel were without merit. Objections at pages 18-19.

In sum, the Magistrate Judge correctly determined that Moore's claims of ineffective counsel do not warrant relief in federal habeas corpus.

### III.    The Magistrate Judge correctly determined that Moore's "biased judge" claims do not warrant relief in federal habeas corpus.

Moore alleged, in his Fifth and Twelfth Grounds, that the trial judge was not impartial and therefore his constitutional rights to a fair trial and an "adequate post-conviction" process were violated.   The Magistrate Judge found that the allegations set forth in support of the Fifth and Twelfth Grounds were procedurally defaulted, to the extent that they are based on matters of record that could have been raised on direct appeal.   However, the Magistrate Judge then proceeded to determine that the allegations lacked merit, insofar as the "merits" were relevant to a determination whether appellate counsel was constitutionally ineffective.   Finally, the Magistrate Judge determined that allegations of bias, based on the judge's conduct in post-conviction proceedings and in matters unrelated to Moore's case, were procedurally defaulted, due to Moore's failure to properly present them to the Ohio courts, and that, in any event, the allegations were without merit.   Final Report and Recommendations (Doc. 128), pages 60-72, 96.

Insofar as he objects to the Magistrate Judge's recommendations, *see* Objections at pages 27 and 42 (stating that Moore does not object to the Magistrate Judge's treatment of

7

"subsections" D-E of the Fifth Ground and to the Magistrate Judge's recommendation with respect to the Twelfth Ground), Moore reiterates his arguments in support of his allegations and does not address specifically or in detail the Magistrate Judge's findings of fact and legal reasoning in denying relief.  Objections, pages 19-27.  For the reasons stated by the Magistrate Judge, with respect to which Moore presents no substantive or persuasive arguments in rebuttal, the Magistrate Judge correctly determined that Moore's biased judge claims do not warrant relief in federal habeas corpus.

IV.    **The Magistrate Judge correctly determined that Moore's erroneous instruction claims do not warrant relief in federal habeas corpus.**

Moore alleged, in his Sixth, Sixteenth, Twentieth, and Twenty-first Grounds that erroneous instructions violated his constitutional rights.  The Magistrate Judge held that, with the exception of a single allegation under the Twenty-first Ground, that Moore's claims were procedurally defaulted, and that none of Moore's claims warranted relief.   Final Report and Recommendations (Doc. 128), pages 72-76, 114-117, 126-131.  For the reasons explained below, the Magistrate Judge decided correctly.

A.    **The trial judge's "acquittal first" instruction did not violate Moore's constitutional rights.**

Moore alleged, in his Sixth Ground, that the trial court's instructions at pages 1243-1244 of the transcript were constitutionally erroneous.  Moore argued that the instructions erroneously required that the jury "acquit" Moore of death before considering a life sentence.   Moore relied primarily on *Davis v. Mitchell*, 318 F.3d 682 (6th Cir. 2003).  The Magistrate Judge held that the claim was procedurally defaulted due to Moore's failure to present it on direct appeal.  The Magistrate Judge further found, in considering whether Moore's appellate counsel was deficient

for failing to present it, that the instructions were not constitutionally erroneous.  Final Report
and Recommendations (Doc. 128), pages 72-76.

In his objections, Moore offers extensive additional argument that the instructions
violated *Davis v. Mitchell*, citing additional decisions that post-dated the direct appeal in his
case.  Objections at pages 27-30.  Thus, Moore's argument is largely beside the point.  Moore
must show that his appellate counsel was ineffective in not presenting the claim on direct appeal
to excuse the default of the claim.  Moore's appellate counsel can hardly be faulted for not
anticipating decisions that post-dated Moore's appeal, where, as here, the applicable law is at best
unclear.  As the Warden has noted previously, the Sixth Circuit has in several cases upheld the
constitutionality of virtually identical instructions.  *See Scott v. Mitchell*, 209 F.3d 854, 873-877
(6th Cir. 200); *Roe v. Mitchell*, 316F.3d 557, 564 (6th Cir. 2002).  And, as recognized by the
district courts, *Davis v. Mitchell* conflicts with *Scott* and *Roe*, which are binding, prior precedent.
See *Madrigal v. Bagley*, 276 F.Supp.2d 744, 785 (N.Dist. Ohio 2003); *Taylor v. Mitchell*, 296
F.Supp.2d 784 (N.Dist. Ohio 2003).

Accordingly, the Magistrate Judge correctly determined that the Sixth Ground does not
warrant relief.

**B.    The trial court's instructions did not otherwise violate the constitution.**

In his Sixteenth Ground, Moore alleged, among other things, that the trial court violated
his constitutional rights by refusing to give instructions requested by the defense; and by failing
to instruct, during the guilt phase, that the jury was required to find unanimously that Moore was
the "principal offender," or to find unanimously that Moore committed the murder with prior
calculation and design.  According to Moore, the additional instructions were necessary to
preclude the prosecutor from making improper arguments and to ensure that the jury did not
mistakenly interpret the "acquittal first" instruction as mandating unanimous agreement on the

existence of mitigating factors, in violation of *Mills v. Maryland*,  486 U.S. 367 (1988).    The

Magistrate Judge held that Moore's claims were procedurally defaulted due to his failure to raise

them on appeal.  The Magistrate Judge further found, in considering whether Moore's appellate

counsel was deficient for failing to present the claims, that the instructions were not

constitutionally erroneous.  Final Report and Recommendations (Doc. 128), pages 114-117.

        In his objections, Moore provides additional argument that the instructions were

erroneous.  He does not, however, address specifically or in detail the Magistrate Judge's

findings of fact and legal reasoning in denying relief.  Objections, pages 63-66.  Accordingly, for

the reasons stated by the Magistrate Judge, to which Moore offers no reasoned or persuasive

rebuttal, the Magistrate Judge correctly determined that the Sixth Ground does not warrant relief.

*See also Henderson v. Kibbee*, 431 U.S. 145, 155 (1977) (burden to show prejudice based on a claim

that additional instructions should have been given is "especially heavy," because "an omission, or

an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.").

        In his Twentieth Ground, Moore alleged that the trial court's instructional definition of

reasonable doubt violated his constitutional rights.  The Magistrate Judge held that the claim was

procedurally defaulted, due to Moore's failure to lodge a contemporaneous objection at trial, and

that in any event the instructions were constitutional.  In the latter regard, the Magistrate Judge

noted that the constitutionality of Ohio's statutory definition of reasonable doubt has been upheld

repeatedly by the Sixth Circuit.  Final Report and Recommendations (Doc. 128), pages 126-127.

In objecting, Moore argues that notwithstanding the Sixth Circuit's view the instructions must be

deemed contrary to or an unreasonable application of *Cage v. Louisiana*, 498 U.S. 39 (1990).

Objections at page 85.  However, the instructions at issue certainly did not contravene *Cage* (a

case that did not address the constitutionality of *Ohio's* definition of reasonable doubt), and, in

view of the Sixth Circuit's decisions, the Ohio courts cannot be deemed to have unreasonably applied *Cage* in upholding instructions based on the statutory definition.

In sum, the Magistrate Judge correctly determined that the Twentieth Ground did not warrant relief.

Finally, in his Twenty-first Ground, Moore alleged that the instructions violated his constitutional rights by permitting his conviction based on alternative bases that he was the principal offender or that he acted with prior calculation and design, and by unconstitutionally lessening the state's burden to show that he had the specific intent to kill. The Magistrate Judge determined that the Supreme Court's rejection of the first allegation was not contrary to or an unreasonable application of clearly established federal law; that Moore procedurally defaulted his claim that the instructions improperly lessened the state's burden of proof, and that in any event Moore's claims were without merit. Final Report and Recommendations (Doc. 128), pages 127-131.

In objecting, Moore argues, with respect to his allegation that the jury failed to find unanimously that he was the principal offender or acted with prior calculation and design, that the Magistrate Judge erred in deferring to the Supreme Court of Ohio's decision. He contends specifically that the Supreme Court of Ohio was wrong in determining the error harmless, in view of his conviction on the first count, which alleged "prior calculation and design murder," and which, of course, was entered unanimously. Moore argues that the conviction on the first count was also tainted by the same allegedly erroneous alternative instruction. Objections at page 87. Moore's argument is baseless. Even if the instructions with respect to the felony murder *specification* under the first count were erroneous, the instructions on the murder count itself were correct, i.e., they required the jury to find beyond a reasonable doubt that Moore had a prior calculation and design to kill. Moore further argues that the Magistrate Judge erred in

11

relying on the Supreme Court of Ohio's finding of harmlessness because, according to Moore, this was contrary to a constitutional requirement that the jury enter the finding of fact that rendered him eligible for a death sentence.  But the Supreme Court of Ohio reasonably deemed the alleged error harmless *because* the jury actually made the requisite finding of fact, e.g., that Moore acted with prior calculation and design, in finding Moore guilty of aggravated murder as alleged by the first count.

With respect to his remaining claim, Moore argues that the Magistrate Judge and the Supreme Court of Ohio failed to apply the proper test for constitutional error, namely, whether a reasonable juror would have interpreted the instructions in a way that improperly lessened the state's burden of proof.  He further argues that the Magistrate Judge erred in deferring to the Supreme Court of Ohio's decision because the Supreme Court of Ohio did not expressly apply and elaborate on the applicable constitutional test.  Objections at page 91.  Both arguments are completely groundless.  The Magistrate Judge specifically found "that there is no way that a reasonable juror would have viewed the presumption [the instruction at issue] as mandatory or even permissible or that such finding of intent was negated by the causation definition."  Final Report and Recommendations (Doc. 128) at page 130.

And, the Magistrate Judge certainly did *not* err in deferring to the decision of the Supreme Court of Ohio.  *Harris v. Stovall*, 212 F.3d 930, 943 (6th Cir. 2000) (standard of deference applies even where state court decides a constitutional issue by form order or without extended discussion); *Aycox v. Lytle*, 196 F.3d 1174, 1177-1178 (10th Cir. 1999) (noting decisions of the fourth, fifth and seventh circuits holding that a summary decision can constitute an adjudication on the merits for purposes of Section 2254(d), provided that the decision was reached on substantive rather than procedural grounds); *Hennon v. Cooper*, 109 F.3d 330, 335

(7th Cir. 1997) (Posner, C.J.) (recognizing that to condition "reasonableness" or "unreasonableness" on the quality of a state court's reasoning, rather than its result "would place the federal court in just the kind of tutelary relation to the state courts that the recent amendments are designed to end."), *cert. denied*, 522 U.S. 819, 139 L. Ed. 2d 32, 118 S. Ct. 72 (1997).

In sum, the Magistrate Judge correctly determined that Moore's claims of instructional error do not warrant relief in federal habeas corpus.

## V.    **The Magistrate Judge correctly determined that Moore's prosecutorial misconduct claims do not warrant relief in federal habeas corpus.**

Moore alleged, in his Seventh, Thirteenth, and Eighteenth Grounds, that prosecutorial misconduct at trial violated his constitutional rights. The Magistrate Judge held that the claims were procedurally defaulted, to the extent that they could have been raised on direct appeal but were not; and that, in any event, the claims were without merit. In the latter regard, the Magistrate Judge performed "merits" review of the defaulted claims to the extent necessary in determining that appellate counsel was not constitutionally ineffective in "failing" to present the claims on direct appeal. Final Report and Recommendations (Doc. 128), pages 76-85, 97-108, and 119-121. For the reasons discussed below, the Magistrate Judge decided correctly.

### A.    **The allegations set forth in Moore's Seventh Ground do not warrant relief.**

In his Seventh Ground, Moore alleged, among other things, that erroneous arguments by the prosecutor at trial violated his constitutional rights. Moore alleged specifically, among other things, that the prosecutor improperly argued that the jury should consider the personal feelings of the victim; that the jury had a duty to impose death; that the jury should consider non-statutory aggravating circumstances in imposing a death sentence; and that the jury should consider that Moore's statement to the jury in sentencing was unsworn. The Magistrate Judge concluded that the Supreme Court of Ohio reasonably rejected Moore's claims, to the extent that Moore

13

presented them on direct appeal, and that in any event none of the claims had merit. The Magistrate Judge's also reasoned that consistent with *Clemons v. Mississippi*, 494 U.S. 738 (1990), the Supreme Court of Ohio or the Ohio Court of Appeals could have utilized independent re-weighing or harmless error review to uphold Moore's death sentence, notwithstanding the jury's alleged consideration of improper or invalid aggravators. Thus, appellate counsel could not be deemed ineffective in declining to argue that Moore's sentence was based on an invalid aggravating circumstance. Final Report and Recommendations (Doc. 128), pages 76-85.

In his objections, Moore essentially argues that the Magistrate Judge was incorrect in finding that the alleged improprieties did not deprive him of a fundamentally fair trial. Moore further takes issue with the Magistrate Judge's invocation of the Ohio courts' independent appellate re-weighing as a basis for denying his claims. Objections at pages 30-37. Apart from a single conclusory assertion, *see* Objections at page 34, Moore does not explain in what manner the Supreme Court of Ohio was objectively unreasonable in rejecting the claims of prosecutorial misconduct that Moore actually presented on direct appeal. And, to the extent that Moore did not present them on appeal, Moore does not explain in what manner appellate counsel was objectively unreasonable in not presenting the claims, or trial counsel was unreasonable in not lodging a trial objection.

Finally, Moore does not explain in what manner the Supreme Court of Ohio or the Ohio Court of Appeals would have been objectively unreasonable in holding that its appellate re-weighing was sufficient to cure possible prejudice. Moore argues that the Supreme Court "overruled, or at the minimum restricted" *Clemons* in *Brown v. Sanders*, 546 U.S. 212, 126 S.Ct. 884 (2006). Objections at page 35. Moore's argument is another non sequitur, as the state in that case did not argue that the alleged constitutional error was harmless or that appellate re-weighing

14

cured the error.  *See* 126 S.Ct. at 896, Stevens, J., dissenting ("In this case, if the question had been presented to us, I might well have concluded that the error here was harmless.").  In any event, Moore does not explain in what manner his appellate counsel or the Supreme Court of Ohio were unreasonable in failing to predict a future decision of the Supreme Court of the United States.

      **B.**      **The allegations set forth in Moore's Thirteenth Ground do not warrant relief.**

In his Thirteenth Ground, Moore alleged, among other things, that the prosecution improperly challenged an African-American woman because of her race, and erroneously "organiz[ed] a jury to return a sentence of death."  Reviewing the claims as alleged instances of professional dereliction by trial and appellate counsel, e.g., that trial counsel erred in "failing" to object to the prosecutor's allegedly improper conduct and appellate counsel erred in "failing" to argue that the prosecutor thereby violated Moore's constitutional rights, the Magistrate Judge determined that none of the claims warranted relief.  In reviewing Moore's allegation trial counsel erred in permitting Juror England to serve, the Magistrate Judge specifically found that trial counsel repeatedly asked England if she would follow the law, to which she replied affirmatively each time.  With respect to Moore's claim that the prosecutor improperly excused prospective juror Freeman on the basis of race, the Magistrate Judge determined that the Supreme Court of Ohio was not objectively unreasonable in finding no violation of Moore's constitutional rights.  Final Report and Recommendations (Doc. 128), pages 97-108.

In his objections, Moore for the most part simply reiterates his arguments that the prosecutor violated his rights and that his trial counsel was ineffective in "failing" to object.  For the reasons stated by the Magistrate Judge, Moore's arguments are unpersuasive.  Moore contends specifically that the Magistrate Judge failed to take into account trial counsel's "failure" to ask Juror England whether she could consider mitigating evidence.  Objections at pages 48-49.

Moore overlooks the procedural context in which the Magistrate Judge reviewed the claim. The Magistrate Judge held that in view of trial counsel's questions and the juror's responses, *appellate* counsel was not ineffective in "failing" to raise the issue on appeal. Final Report and Recommendations (Doc. 128) at 103. In hindsight, it is easy to think of additional questions trial counsel could have asked. Appellate counsel could quite reasonably have concluded that in view of England's responses, and trial counsel's lack of objection, raising the issue on appeal would have been fruitless.

### C. The allegations set forth in Moore's Eighteenth Ground do not warrant relief.

Finally, in his Eighteenth Ground, Moore alleged, among other things, that the trial judge improperly met with a defense expert; and that the prosecution "presented testimony from the victim's father in order to elicit sympathy from the jury." Moore also alleged, as he did in furtherance of the Seventh and Thirteenth Grounds, that the prosecutor unfairly organized a "death jury" and improperly urged the jury to sympathize with the victim. Based primarily on his disposition of other grounds in furtherance of which Moore advanced the same allegations, the Magistrate Judge determined that Moore's claims were without merit. The Magistrate Judge specifically held that the prosecutor's presentation of testimony by the victim's father was not improper, in view of the Supreme Court's sanctioning of "victim impact" evidence in *Payne v. Tennessee*, 501 U.S. 808 (1991). Final Report and Recommendations (Doc. 128), pages 110-121.

In objecting, Moore for the most part reiterates his arguments that the prosecutor violated his rights. He specifically contends that the Magistrate Judge failed to consider his allegation that the prosecutor's closing argument in the guilt phase "encouraged the jury to perform its own experiment." He also criticizes the Magistrate Judge for relying on *Payne* because according to

Moore the Supreme Court has never permitted "victim impact" evidence in the culpability phase. Objections at pages 72-73. Moore's arguments are insubstantial. The prosecutor's arguments concerning the position of the victim were fair comment on the evidence, and cannot be reasonably equated with "experiments" or "investigations" by jurors outside the courtroom. The Magistrate Judge reasonably focused on Moore's explicit claim that the testimony was a violation of Moore's rights under the Eighth Amendment, as opposed to a general, due process violation. In any event, the testimony from the victim's father was innocuous and cannot reasonably be construed as so inflammatory as to have deprived Moore of a fundamentally fair trial..

For all the above reasons, the Magistrate Judge correctly determined that Moore's prosecutorial misconduct claims do not warrant relief in federal habeas corpus.

**VI.** **The Magistrate Judge correctly determined that Moore's discrimination claims do not warrant relief in federal habeas corpus.**

Moore alleged, in his Ninth and Tenth Grounds, that the discriminatory selection of grand jury forepersons and grand and trial jurors violated his constitutional rights. The Magistrate Judge found that Moore's challenges with respect to the grand jury were procedurally defaulted, based on Moore's failure to present them to the state courts. Further, the Magistrate Judge held that the alleged ineffectiveness of Moore's appellate counsel could not constitute "cause" to excuse the defaults, because Moore's challenges were based on evidence outside the record and therefore not presentable on appeal. Finally, the Magistrate Judge determined that in any event Moore's allegations were without merit. The Magistrate Judge specifically found that no evidence was presented at trial that improper, discriminatory methods were used to select the trial jurors, and that the use of voter registration lists for jury selection has been deemed constitutionally proper. Final Report and Recommendations (Doc. 128), pages 65-66, 91-95.

In objecting, Moore primarily takes issue with Magistrate Judge's procedural default rulings, arguing that the challenges to the grand jury could have been presented on direct appeal. Moore then, inconsistently, points to evidence outside the record in an effort to substantiate his claims.    Objections at pages 39-41.    For the reasons stated in the Final Report and Recommendations, the Magistrate Judge correctly determined that Moore's Ninth and Tenth Grounds do not warrant relief in federal habeas

For all the above reasons, Moore's discrimination claims do not warrant relief in federal habeas corpus.

## VII.  **The Magistrate Judge correctly determined that Moore's Fifteenth and Seventeenth Grounds do not warrant relief in federal habeas corpus.**

Moore alleged, in his Fifteenth and Seventeenth Grounds, that the trial court deprived him of his constitutional rights by failing to consider mitigating evidence and by "locking the courthouse doors."  The Magistrate Judge agreed with the Warden that the claims were procedurally defaulted, due to Moore's failure to present the claims on appeal.  Accordingly, the Magistrate Judge considered the "merits" of Moore's claims, to the extent that the claims allegedly exemplified instances of professional dereliction by appellate counsel.  The Magistrate Judge ultimately determined that the claims lacked merit.  The Magistrate Judge found specifically that there was no evidence the trial court limited Moore in presenting mitigating evidence or that the trial court failed to consider the mitigating evidence presented.  The Magistrate Judge further found that courtroom doors were locked only for a few minutes and while the jury was being instructed; and that spectators were permitted to remain while the trial court instructed the jurors. Final Report and Recommendations (Doc. 128), pages 110-113, 117-119.

In his objections, Moore argues that the Magistrate Judge overlooked "the trial judge's unequivocal statement that he did not consider anything other than age and family upbringing as

a mitigator." He maintains that this is contrary to *Eddings v. Oklahoma*, 455 U.S. 104 (1982). Objections at pages 57-58. Moore's objection is baseless. As found by the Magistrate Judge, the trial court's opinion establishes that the trial judge considered all of the evidence in mitigation that was presented. The trial court properly found which if any mitigating factors were established by the evidence, and stated his findings in his opinion. As determined by the Magistrate Judge, the trial court's findings are *not* comparable to the trial judge's statement in *Eddings* that it "could not consider the *fact* of this young man's violent background." Final Report and recommendations (Doc. 128), page 112, citing *Eddings*, 455 U.S. at 110 (emphasis added). Moore does not object to the Magistrate Judge's findings concerning the Seventeenth Ground. Objections at page 66.

In sum, the Magistrate Judge correctly determined that Moore's Fifteenth and Seventeenth Grounds do not warrant relief in federal habeas corpus.

**VIII.    The Magistrate Judge correctly determined that Moore's Nineteenth Ground does not warrant relief in federal habeas corpus.**

In his Nineteenth Ground, Moore alleged that his statements to the police were involuntary and therefore their admission into evidence violated his constitutional rights. Based on a thorough review of the record, the Magistrate Judge determined that the Supreme Court of Ohio's rejection of Moore's claim on direct appeal was not contrary to or an unreasonable application of clearly established federal law. Final Report and Recommendations (Doc. 128), pages 121-126. In objecting, Moore essentially argues that the Magistrate Judge and the Supreme Court of Ohio erred in rejecting his claims. Objections at pages 75-80. However, as found by the Magistrate Judge, the evidence considered by the Ohio courts included testimony by police officers that Moore was offered food and drink at the Cincinnati station; that there was no evidence that police officers intentionally deprived Moore of sleep; that Moore in fact was

19

given and advised of his constitutional rights on several occasions; and that Moore himself testified that he had been read his rights on three separate prior occasions and was familiar with and understood those rights. Accordingly, the Magistrate Judge correctly found that the Supreme Court of Ohio's holding was objectively reasonable.

For all the above reasons, Moore's involuntary confession claim does not warrant relief in federal habeas corpus.

## IX.    The Magistrate Judge correctly determined that Moore's ineffective assistance of appellate counsel claim does not warrant relief in federal habeas corpus.

In his Eight Ground, Moore alleged that he received "ineffective assistance of counsel in his direct appeal of right to the Ohio Supreme Court in violation of the Sixth, Eighth and Fourteenth Amendments." The Magistrate Judge found that the claim was procedurally defaulted, to the extent that Moore failed to present it to the state courts, and that, in any event it was without merit. The Magistrate Judge reasoned as follows. First, the Magistrate Judge held that Moore failed to allege before any Ohio court that his counsel before the Supreme Court of Ohio failed to consult with him. Hence, that portion of the claim was defaulted. Second, the Magistrate Judge then noted that to the extent that Moore filed an application to reopen his direct appeal, based on an allegation that counsel before the *Ohio Court of Appeals* was ineffective, and to the extent that the Supreme Court of Ohio issued a decision on the "merits" in reviewing the Court of Appeals' denial of the application, "merits" review of the claims that counsel allegedly failed to present was preserved. Third, the Magistrate Judge concluded, with the exception of the allegation set forth under the Second Ground, that none of the omitted claims has merit. With respect to the portion of the Second Ground upon which the Magistrate Judge recommended the grant of relief, the Magistrate Judge reasoned that appellate counsel before the Ohio Court of

Appeals was not ineffective, because, since he was also trial counsel, he was not required to raise his own ineffectiveness. Final Report and Recommendations (Doc. 128), pages 85-90.[1]

In his objections, Moore argues that he fully raised his claims before the Ohio Courts, and that, based on his arguments relevant to the "merits" of the underlying claims his counsel allegedly "failed" to present, he is entitled to relief. Objections at pages 37-39. Moore's objections are moot. As argued by the Warden previously, under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), the defendant's right to counsel extends only to his *first* direct appeal as of right. The Supreme Court in *Finley* relied on *Ross v. Moffitt*, 417 U.S. 600 (1974), in which the Supreme Court observed, "The fact that an appeal has been provided does not automatically mean that a State then acts unfairly by refusing to provide counsel to indigent defendants at every stage of the way." *Pennsylvania v. Finley*, 481 U.S. at 556, quoting *Ross v. Moffitt*, 417 U.S. at 611. *See also State v. Smith*, 71 Ohio St.3d 1208 (1994) (capitally sentenced defendant's appeal to the Supreme Court of Ohio, following appeal to the court of appeals, not a first appeal as of right, and, therefore, defendant had no constitutional right to counsel).

Hence, the Magistrate Judge correctly determined -- albeit for reasons different from the reasons cited by the Warden -- that Moore's Eighth Ground does not warrant relief in federal habeas corpus

_____

[1] At the close of his discussion of the Eighth Ground, the Magistrate Judge stated, "Therefore Petitioner has not established that he suffered ineffective assistance of appellate counsel, except insofar as this Court has found the Second Ground for relief to have merit in part. Because of the Magistrate Judge's recommendation below as to that Ground for Relief, insofar as it underlies this Eighth Ground for Relief and the Magistrate Judge's recommendation is adopted, this Eighth Ground for Relief will be moot. If, however, the District Court rejects the Magistrate Judge's recommendation on the Second Ground for Relief, it should conclude that Petitioner suffered in effective assistance of counsel insofar as the claim made in the Second Ground was not raised on appeal." As conceded by the Warden, the portion of the Second Ground upon which the Magistrate Judge recommended the grant of relief was raised on direct appeal before the Supreme Court of Ohio. Final Report and Recommendations (Doc. 128), page 41. Accordingly, counsel before the Supreme Court of Ohio cannot be deemed ineffective for not presenting the claim. In any event, as explained above, Moore had no constitutional right to counsel before the Supreme Court of Ohio, and, hence, he is not entitled to habeas corpus relief in any event.

**X.    The Magistrate Judge correctly determined that Moore's constitutional claims do no warrant relief in federal habeas corpus.**

Moore alleged, in his Fourteenth, Twenty-second and Twenty-fifth Grounds, that for various reasons Ohio's death penalty statutes are unconstitutional on their face or as applied in his case. The Magistrate Judge determined that Moore's constitutional challenges were without merit. Final Report and Recommendations (Doc. 128), pages 109-110, 131-132, and 133-137. As discussed below, the Magistrate Judge decided correctly.

**A.    Ohio's statutory "catch-all" provision is not unconstitutional.**

O.R.C. §2929.04(B)(7) requires that the sentencing jury or court "consider, and weight against the aggravating circumstances ... [a]ny other factors that are relevant to the issue of whether the offender should be sentenced to death." In furtherance of his Fourteenth and Twenty-fifth Grounds, Moore alleged that O.R.C. §2929.04(B)(7) is unconstitutional because it could be construed by a jury to require or permit the imposition of a death sentence based on "non-statutory" aggravating circumstances. The Magistrate Judge held that the trial court instructed the jury consistent with O.R.C. §2929.04(B)(7) and that the court's instructions could not have been construed by the jurors in the way Moore alleged. Final Report and Recommendations (Doc. 128) at page 110. Moore offers no specific objection to the Magistrate Judge's determination. Objections at page 96. Accordingly, for the reasons stated by the Magistrate Judge, Moore's claim is without merit.

**B.    The Eighth Amendment does not prohibit a capital specification from duplicating an element of a capital offense, nor did the "double-counting" of specifications in Moore's case violate his constitutional rights.**

In his Twenty-second Ground, Moore alleged that his Eight Amendment rights were violated because the "same operative facts" established the basis for the capital specification and an element of the charged aggravated murder; and because each aggravated murder count set

forth the same aggravating specifications. The Magistrate Judge determined that Moore's claim was without merit because the trial court merged the aggravated murder counts and the specifications for the purpose of sentencing, and because Moore's arguments were precluded by well established precedent. Final Report and Recommendations (Doc. 128), pages 131-132, citing *Williams v. Taylor*, 529 U.S. 362 (2000), *Lowenfield v. Phelps*, 484 U.S. 231 (1988), and *Scott v. Mitchell*, 209 F. 3d 854, 884 (2000).

In objection, Moore argues that the trial court's "merger" instructions were deficient and resulted in the jury's improper consideration of additional aggravating circumstances. Objections at pages 92-96. Moore's arguments are mistaken. First, it is unlikely that the jury could have construed the trial court's instructions in the way that Moore contends. Second, the decisions cited by Moore -- which construe federal death penalty statutes -- do not call into question the controlling decisions cited by the Magistrate Judge. In an attempt to distinguish *Scott v. Mitchell*, Moore offers another non-sequitur. He argues that *Scott* "concerned itself only with the issue whether the same *act* that forms the basis of conviction can also provide an aggravating circumstance," Objections at page 96. However, Moore alleged that "the use of the same *operative facts* to elevate murder to aggravated murder and to capital aggravated murder" violated his constitutional rights. Thus, Moore alleged the very ground for relief rejected by *Scott.*

In sum, Moore's objections are without merit. The Magistrate Judge correctly recommended denial of relief.

### C. Moore's remaining constitutional challenges are foreclosed by well-established precedent.

In his Twenty-fifth Ground, Moore alleged for other various reasons that Ohio's death penalty is unconstitutional. The Magistrate Judge thoroughly reviewed Moore's claims and

found that they were foreclosed by well-established precedent. Final Report ad Recommendations (Doc. 128), pages 133-138). Moore offers no specific objections to the Magistrate Judge's determinations. Objections at page 96. Accordingly, for the reasons stated in the Final Report and Recommendations, the Magistrate Judge decided correctly.

For all the foregoing reasons, the Magistrate Judge correctly determined that Moore's constitutional claims do not warrant relief in federal habeas corpus.

## <u>CONCLUSION AND REQUEST FOR RELIEF</u>

For the reasons stated above, all of Moore's objections are without merit. Therefore, the Warden respectfully requests that the Court overrule Moore's objections and issue a final decision denying Moore's amended petition for a writ of habeas corpus.

**Respectfully submitted,**

**MARC DANN**
**Ohio Attorney General**

s/Charles L. Wille
**CHARLES L. WILLE  (0056444)**
**Principal Assistant Attorney General**
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (facsimile)
Email: cwille@ag.state.oh.us

**COUNSEL FOR RESPONDENT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *The Warden's Memorandum in Response to Moore's Objections To The Magistrate Judge's Final Report and Recommendations* has been sent via the court's electronic filing system to: Laurence E. Komp, Esquire (lekomp@swbell.net), 423 Madrina, Ballwin, Missouri, 63021; **and** Michael J. O'Hara, Esquire (Mohara@ortlaw.com), 25 Crestview Hills Mall Road, Suite 201, P. O. Box 17411, Covington, Kentucky, 41017; Counsel for Petitioner, this 11th day of May, 2007.

 s/Charles L. Wille
**CHARLES L. WILLE (0056444)**
Principal Assistant Attorney General