# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEE E. MOORE,

    Petitioner,

        -vs-

BETTY MITCHELL, Warden,

    Respondent.

:

:

:

Case No. 1:00-cv-023

District Judge Susan J. Dlott
Chief Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THE MERITS

This capital habeas corpus case is before the Court on Objections by both Respondent (Doc. No. 130) and Petitioner (Doc. No. 132[1]) to the Magistrate Judge's Report and Recommendations on the Merits in which the Magistrate Judge recommended that the Petition be granted in part and denied in part ("Merits R&R" or "Report," Doc. No. 128). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

### Petitioner's General Objections

Petitioner "objects to the Recommendation's failure to consider the merits of claims presented in a *Murnahan* [motion] that received merits review" (Petitioner's Objections, Doc. No.

---

[1]Petitioner's Objections are ninety-seven pages in length. In blatant violation of S. D. Ohio Civ. R. 7.2(a)(3), counsel have not included a table of contents with principal arguments and citations of authority. They also did not seek leave to exceed the usual twenty-page limit.

1

132, at 3, citing Merits R&R's recommendations on the First, Sixth, Seventh, Thirteenth, Fifteenth, Seventeenth, Eighteenth, and Twenty-first Grounds for Relief.)

The first example occurs with respect to the First Ground for Relief. In this Ground for Relief, Petitioner asserted that he received ineffective assistance of trial counsel because his mitigation specialist at trial had a conflict of interest. Respondent contended this Ground for Relief was procedurally defaulted because it was never presented on the merits to the Ohio courts (Return, Doc. No. 31 at 36). Petitioner countered that he had presented this claim as one of the underlying omitted assignments of error in his Application for Delayed Reopening and the Ohio Supreme Court decided the claim on the merits (Pet. Merit Brief, Doc. No. 115 at 10-11).

The Report noted that Petitioner misconstrued the Ohio Supreme Court decision as a decision on the merits of this underlying conflict of interest claim. What the Ohio Supreme Court decided instead was the merits of Petitioner's ineffective assistance of appellate counsel claim. The Report concludes:

> The sole purpose of an Ohio App. R. 26(B) or *Murnahan* application is to present claims of ineffective assistance of appellate counsel. It is not intended to allow a criminal defendant another bite at the appellate apple by raising claims on the merits which he failed to raise previously. The application for reopening is granted only "if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Ohio App. R. 26(B)(5). "Neither *Murnahan* nor App. R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals." *State v. Reddick*, 72 Ohio St.3d 88, 90-91 (1995). "In light of the requirements of Rule 26(B), the [appellate] court's holding must be read as pertaining to the merits' of [petitioner's] ineffective assistance of appellate counsel claim, not his state procedural rule claim." *Roberts v. Carter*, 337 F.3d 609 (6th Cir. 2003).

(Merits R&R, Doc. No. 128, at 32.)

Petitioner's entire argument in support of this General Objection, reads

2

> Rather than assess the claims under cause and prejudice, the Recommendation **should** have addressed the merits of the claim. Once the Ohio Supreme Court reached the merits of the *Murnahan* claim, the merits of the claims not presented were considered on the merits. Further, because the merits of the underlying claim could not be independent of the assessment of the merits of the appellate claim, there can be no independent basis for a default and the merits had to have been considered.

(Petitioner's Objections, Doc. No. 132, at 3, emphasis supplied.)

Petitioner cites no law in support of his strongly-stated "should." He offers no Ohio law suggesting that a merits ruling on a 26(B) application constitutes a ruling on the merits of the underlying omitted claims, nor any federal law construing 26(B) in that manner. He does not even acknowledge or attempt to distinguish the law cited in the Report or *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005), which also holds that because claims of ineffective assistance of appellate counsel are based on a different legal theory from the underlying claims, the 26(B) application does not preserve the underlying claims from default. *Compare* Ohio Rule of Professional Conduct 3.3(a)(2). The first General Objection is without merit.

The second General Objection is to the Report's standard for review of the prejudice prong of ineffective assistance of appellate counsel claims (Petitioner's Objections, Doc. No. 132, at 4.) The language objected to is as follows:

> Counsels' failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied*, 535 U.S. 940 (2002).

(Merits R&R, Doc. No. 128, at 34.) *McFarland* is an ineffective assistance of appellate counsel case and the language here is a direct quotation. See 356 F.3d at 699.

The cases relied on by Petitioner in his General Objection are *Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *Strickland v. Washington*, 466 U.S. 668 (1984); *Nix v. Whiteside*, 475 U.S. 157 (1986);

and *Miller v. Anderson*, 255 F.3d 455 (7th Cir. 2001).

- *Kyles v. Whitley* holds that materiality of withheld evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), does not require a showing by a preponderance that the ultimate result would have been acquittal. Thus *Kyles* is a *Brady* case, not an ineffective assistance of appellate counsel case.

- *Strickland v. Washington* is the seminal case for ineffective assistance of trial, not appellate counsel.

- *Nix v. Whiteside* is also an ineffective assistance of trial counsel case in which the Supreme Court reversed a grant of the writ of habeas corpus by the Eighth Circuit.

- *Miller v. Anderson* is also an ineffective assistance of trial counsel case. Judge Posner does not even purport to discuss the standard for ineffective assistance of appellate counsel.

In sum, none of the authority cited by Petitioner in support of his second General Objection even purports to speak to the standard for evaluating the prejudice prong of an ineffective assistance of appellate counsel claim, much less contradicting the authority relied on in the Report, *McFarland v. Yukins, supra.* The second General Objection is without merit.

### First Ground for Relief

In his first ground for relief, Petitioner argued that his mitigation specialist, attorney Charles Stidham,[2] operated under an actual conflict of interest because he was simultaneously Mr. Moore's mitigation specialist and counsel on appeal for co-defendant Jason Holmes (Petition, Doc. No. 29

---

[2]As noted in the Report (Doc. No. 128 at 31), Mr. Stidham has resigned his license to practice law. *In re Resignation of Stidham*, 91 Ohio St. 3d 1231 (2001). As Petitioner points out, Mr. Stidham was previously suspended from the practice of law. *Cincinnati Bar Association v. Stidham*, 721 N.E. 2d 977 (2000).

4

at 4).

The Report found this claim was procedurally defaulted by Petitioner's failure to raise it on direct appeal, but considered whether that default might be excused by ineffective assistance of appellate counsel.[3] The Report concluded Petitioner had not proven excusing cause and prejudice by way of ineffective assistance of appellate counsel because "there is no proof that the conflict adversely affect Mr. Stidham's performance for Mr. Moore." (Report, Doc. No. 128, at 35, relying on *Cuyler v. Sullivan*, 446 335, 348-49 (1980)).

Having considered Petitioner's Objections on this Ground for Relief, the Magistrate Judge does not believe additional analysis would assist the Court.

**Second Ground for Relief**

In his second ground for relief, Petitioner asserted ineffective assistance of trial counsel during the mitigation phase of the trial. (Petition, Doc. No. 29 at 7). The Report concluded "[t]he second ground for relief is without merit except for that portion which asserts that counsel were ineffective in preparing for Dr. Chiappone's testimony which was very damaging to Petitioner's case." (Merits R&R, Doc. No. 128, at 55.)

Respondent objects to that portion of the Report which recommends granting relief on one of the sub-claims in Ground Two (Respondent's Objections, Doc. No. 130). Respondent notes that this Court principally relied on *Combs v. Coyle*, 205 F.3d 269, 288 (6th Cir. 2000), as precedent for its conclusion of ineffectiveness. *Id*. at 5, citing Merits R&R at 45-48. *Combs* was, as Respondent

---

[3]The Report considers the ineffective assistance of appellate counsel claim *de novo* rather than under the deferential 2254(d) standard because the Ohio Supreme Court decision on this question, though on the merits, was completely conclusory. (Report, Doc. No. 128, at 33.)

5

also notes, a pre-AEDPA[4] case and this case is governed by the AEDPA. Under AEDPA, a state court decision on a constitutional claim is entitled to deference in federal habeas corpus unless it is contrary to or an unreasonable application of clearly established law as determined by the United States Supreme Court. Respondent argues that the Report does not give appropriate deference to the Ohio Supreme Court's decision because it relies on lower court law.

It is true that the AEDPA deference standard is not explicitly mentioned in the Report's discussion of the Second Ground for Relief. It is, however, acknowledged as governing in the section entitled "Standard of Review and Generally Applicable Law" (Merits R&R, Doc. No. 128, at 25-27). *Combs* itself is an application of *Strickland v. Washington*, 466 U.S. 668 (1984), which everyone acknowledges is the generally governing Supreme Court standard for ineffective assistance of trial counsel. In determining whether a state court decision is an objectively unreasonable application of United States Supreme Court law, a federal district court must, of course, be guided by interpretations of Supreme Court decisions made by the circuit court. Thus the question whether Petitioner is entitled to relief on this sub-claim of his Second Ground for Relief turns on whether the Ohio Supreme Court was objectively unreasonable in denying relief under *Strickland*.

When the Ohio Supreme Court's decision on this question (which is quoted *in toto* in the Report at 41-43) is considered in light of *Strickland* and of later applications of *Strickland* by the United States Supreme Court in *Wiggins v. Smith*, 539 U.S. 510 (2003), and *Rompilla v. Beard,* 545 U.S. 374 (2005), it is objectively unreasonable. It is difficult to imagine more damaging testimony

---

[4] The AEDPA was inapplicable because Combs filed his petition before its effective date. Combs v. Coyle, 205 F.3d 269, 277, n. 5 (6th Cir. 2000), *citing Lindh v. Murphy*, 521 U.S. 320, 336, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997).

coming from one's own expert witness than a confession of the crime and of a death specification (i.e., that the murder was committed to avoid identification by the victim). It simply cannot have been effective assistance of counsel to present that evidence, which is to say, not to know what the witness was going to say.

Petitioner objects to the Report's conclusion that the remaining sub-claims of Ground Two are without merit (Petitioner's Objections, Doc. No. 132, at 8-16). Having reviewed the Objections, the Magistrate Judge does not believe additional analysis would benefit the Court.

### Third Ground for Relief

In his third ground for relief, Petitioner argued ineffective assistance of trial counsel during the guilt phase of trial, pleading two sub-claims.[5] (Petition, Doc. No. 29 at 14.) Respondent asserted that the claims were procedurally defaulted and without merit (Return, Doc. No. 31, at 54-56). The Report bypassed the default assertion and decided both sub-claims were without merit (Merits R&R, Doc. No. 128, at 56-59).

Having considered the Petitioner's Objections, the Magistrate Judge does not believe further analysis of this Ground for Relief would assist the Court.

### Fourth Ground for Relief

In his fourth ground for relief, Petitioner makes the argument that his rights were violated as a result of Attorney Deardorff's continued representation on direct appeal to the Hamilton

---

[5]Petitioner initially pled three sub-claims, but the first had been withdrawn at the time the Report was filed (Merits R&R, Doc. No. 128, at 56).

7

County Court of Appeals. (Petition, Doc. No. 29 at 17-18.) Given Petitioner's response (Petitioner's Objections, Doc. No. 132, at 18-19), no further analysis is called for at this point.

**Fifth Ground for Relief**

In his fifth ground for relief, Petitioner argued that the trial judge was not impartial and as a result his rights were violated. (Petition, Doc. No. 29 at 19.) The first sub-claim, challenging the randomness of the assignment of Judge Ruehlman to the case, was withdrawn as of the time the Report was filed (Merits R&R, Doc. No. 128, at 61).

On the second sub-claim, the Report concluded that Judge Ruehlman's opinion about post-conviction process in death penalty cases did not constitute a disqualifying personal bias against the Petitioner (Merits R&R, Doc. No. 128, at 61-64.) No additional analysis is needed on this point.

The third sub-claim itself had five sub-sub-claims. No additional analysis would be useful to the District Court on these claims.

Petitioner has no objection to the Report's recommendation on the fourth, fifth, sixth, and seventh sub-claims (Petitioner's Objections, Doc. No. 132) and no further analysis would be useful on the eighth sub-claim.

**Sixth Ground for Relief**

In his sixth ground for relief, Petitioner argued that the trial judge erred when he gave improper jury instructions concerning unanimity and acquittal first. (Petition, Doc. No. 29 at 37); (Brief, Doc. No. 115 at 62.) Respondent argues that this claim is procedurally defaulted as Petitioner failed to present this claim to the state courts, specifically to the Ohio Supreme Court on direct

8

appeal. (Return, Doc. No. 31 at 67.) Alternatively, Respondent asserts that this claim lacks merit. *Id*. at 68.

The Report concluded that the claim was procedurally defaulted because it was based on the record and could have been brought on direct appeal. It was, however, asserted as a basis for relief in the 26(B) Motion and this Court therefore considers the merits in determining whether it was ineffective assistance of counsel to fail to raise it on direct appeal.[6] The Report concludes that the instructions given to the jury were not in error on the point asserted (Report, Doc. No. 128, at 76). The Magistrate Judge believes no further analysis on this Ground for Relief would assist the District Court.

### Seventh Ground for Relief

In the Seventh Ground for Relief, Petitioner argued four instances of prosecutorial misconduct in closing argument in the mitigation phase (Petition, Doc. No. 29 at 39); (Brief, Doc. No. 115 at 74.) Respondent argued that the majority of this claim was procedurally defaulted as it was not raised on direct appeal, specifically to the Ohio Supreme Court. (Return, Doc. No. 31 at 73.) Alternatively, if not defaulted, Respondent argued that this claim was without merit and the Ohio Supreme Court's rejection of the claim is entitled to deference under the AEDPA. *Id*.

In his first sub-claim Petitioner argued that the prosecution improperly asked jurors to identify with the victim and what he was feeling. (Petition, Doc. No. 29 at 39.) Both the Ohio

---

[6]That is, because the Ohio Supreme Court reached the merits of the ineffective assistance of appellate counsel claim, this Court is required to decide if that court's decision on that question was contrary to or an unreasonable application of clearly established federal law. If it was not, then the ineffective assistance of appellate counsel may not be relied upon to excuse the underlying procedural default. *Edwards v. Carpenter,* 529 U.S. 446 (2000).

9

Supreme Court and the Magistrate Judge found the prosecutor's comments in closing were improper but that the remarks were not so egregious as to render the entire trial unfair. Petitioner admits this the correct legal standard, but argues there must have been prejudice without saying why (Objections, Doc. No. 132, at 33). The Magistrate Judge has nothing to add on this point, which is essentially a question of weighing the improper remarks against the trial record as a whole.

In the second sub-claim, Petitioner argued there was prosecutorial misconduct in arguing non-statutory aggravating factors (Petition, Doc. No. 29, at 41). The Magistrate Judge concluded this sub-claim was procedurally defaulted because there had been no contemporaneous objection (Merits R&R, Doc. No. 128, at 82).

Petitioner argues that the procedural default was not enforced by the Ohio Supreme Court (Objections, Doc. No. 132, at 34). This claim was part of the eleventh proposition of law before the Ohio Supreme Court. On this part of the claim, the court wrote:

> The prosecutor stated, "These are all the facts that are aggravating circumstances to be weighed against the total void of mitigation presented to you today." Under our decision in *State v. Wogenstahl* (1996), 75 Ohio St. 3d 344, 662 N.E.2d 311, paragraph two of the syllabus, this comment was clearly improper because it elevates the nature and circumstances of the crime to the level of aggravating circumstances. However, no objection was raised to this statement, and we find it was not prejudicial.

*State v. Moore,* 81 Ohio St. 3d 22, 35 (1998). However, on the same page of the decision with respect to another part of this proposition of law, the court invoked the contemporaneous objection bar and noted that its review after making such a finding is for plain error only. *Id.*

Petitioner asserts that this is a not a plain statement of enforcement of the procedural bar, relying on *Harris v. Reed*, 489 U.S. 255 (1989) (Petitioner's Objections, Doc. No. 132, at 34). The Magistrate Judge disagrees. A fuller statement of the contemporaneous objection rule and its effect is cited on the same page. As noted in the Report, the Ohio contemporaneous objection rule is an

adequate and independent state ground of decision under Sixth Circuit law. *Harris v. Reed* does not preclude a finding that the state procedural rule was actually enforced where the state court decision also relies on an alternative ground. *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). As long as the statement is plain, it needed not be lengthy.

Petitioner objects to the Report's conclusion that any error in the prosecutor's mischaracterization of the nature and circumstances of the offense as an aggravating circumstance was cured by the Ohio Supreme Court's reweighing under Ohio Revised Code §§ 2929.03 (D)(3) and 2929.05 (A). (Merits R&R, Doc. No. 128, at 84, *citing Clemons v. Mississippi*, 494 U.S. 738 (1990). Petitioner argues that *Clemons* and *Stringer v. Black*, 503 U.S. 222 (1990), have been overruled by *Brown v. Sanders*, 546 U.S. 212 (2006). That represents a complete misunderstanding of *Brown*, which in fact recognized the continued validity of *Stringer* and *Clemons*. *Brown*, 546 U.S. at 219, n.3. In addition, Petitioner points to no evidence which the jury heard which it was not entitled to hear in the penalty phase.

Petitioner's objection regarding the Magistrate Judge's recommended disposition of the claim of prosecutorial misconduct in commenting on Petitioner's unsworn statement does not require more analysis.

### Eighth Ground for Relief

In his Eighth Ground for Relief Petitioner argued ineffective assistance of appellate counsel. (Petition, Doc. No. 29 at 43.);(Brief, Doc. No. 115 at 87.) Respondent argued that this ground for relief was procedurally defaulted as it was not raised in the Ohio courts. (Return, Doc. No. 31 at 78.)

In the first sub-claim, Petitioner asserted that his direct appeal counsel were ineffective

11

because they did not consult with him prior to filing the briefs on the merits. The Report found this sub-claim procedurally defaulted because it was never raised in the Ohio courts. Petitioner objects that he did present this argument to the state courts, citing Moore Supp. Apx. Vol. I, p. 11. No such citation is given in the Merit Brief (See Doc. No. 115, at 86-89.

Petitioner's citation to his 26(b) motion does not support this particular sub-claim (Moore Supp. Apx. Vol. 1 at 10-11). While Moore did raise a claim of ineffective assistance of appellate counsel in his *Murnahan* motion, this particular claim of ineffectiveness -- counsels' failure to consult with him prior to filing a merits brief -- was not asserted.[7] As such this sub-claim is procedurally defaulted and the Magistrate Judge believes that no further analysis on this ground for relief would assist the District Court.

Petitioner relies on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), for the proposition that there is a constitutionally-imposed duty to consult regarding an appeal. Roe concerns the duty of a trial attorney to consult with a defendant client about whether or not to file an appeal at all.

In the second sub-claim, Petitioner asserted that his appellate counsel failed to present significant claims of constitutional error (Merit Brief, Doc. No. 115, at 89-92). This sub-claim

---

[7]
> Direct Appeal counsel failed to adequately brief: (1) the trial court's sentencing decision being based upon the nature and circumstances of the offense, including this decision being a due process violation; (2) the trial court's denial of proposed mitigation instructions regarding the sufficiency of a single mitigating factor; (2) (sic) Appellant's substance abuse at the time of the offense as a mitigating factor for a specific mitigation instruction for the jury to consider Appellant's impairment at the time of the offense (due to his ingestion of substances) as a mitigating factor; (3) lack of unanimity of agreement on the existence of a mitigation factor; to instruct the jury that it need not unanimously agree on the existence of a mitigating factor; (5) to instruct the jury regarding the sufficiency of a single mitigating factor to support a non-death verdict.

Moore Sup. Apx. Vol. 1 at 10-11

does not require further analysis.

Although the Report recommends that part of this sub-claim be granted if the Report's recommendation on the Second Ground for Relief is not adopted, Respondent makes no objection to that portion of the Report. That portion of the Report may therefore be adopted by the District Judge without further analysis.

### Ninth Ground for Relief

In his Ninth Ground for Relief, Petitioner argued that his rights were violated because the selection process of the grand jury foreperson and grand jury members in Hamilton County results in an underrepresentation of minorities and women. (Petition, Doc. No. 29 at 45);(Brief, Doc. No.115 at 93.) Respondent argued that this claim was procedurally defaulted as Petitioner failed to raise this claim in the state courts and could not demonstrate cause for this failure or prejudice resulting from the failure to raise the claim. (Return, Doc. No. 31 at 80-81.) Alternatively, Respondent argued that this claim was without merit. *Id.*

The Report concluded that the claim was indeed procedurally defaulted because the only excusing cause argued by Petitioner – ineffective assistance of appellate counsel - was untenable: alleged discriminatory impact in the grand jury foreperson selection system, depending on evidence outside the record, could not have been presented on direct appeal (Report, Doc. No. 128, at 91). Petitioner objects that "the claim should have been presented on direct appeal [because] grand jury challenges are unique to the trial and direct appeal process, and not the post-conviction process" (Objections, Doc. No. 132, at 39), *citing Davis v. United States,* 411 U.S. 233 (1973). *Davis* was a § 2255 case attempting to raise a similar claim; the Supreme Court held the claim was waived by failure to raise it pre-trial, under the waiver provisions of Fed. R. Crim.12(b)(2). It emphatically

13

does not hold that such a claim can be raised for the first time on direct appeal, either in the federal or Ohio courts.

In *Hobby v. United States*, 468 U.S. 339 (1984), the Supreme Court held that any discrimination in the selection of the grand jury foreperson, as distinguished from discrimination in the selection of the grand jury itself, does not threaten the interests of the defendant. *Id.* at 344. Petitioner attempts to distinguish *Hobby* by claiming, without any citation of authority, that federal grand jury forepersons do not vote, whereas Ohio grand jury forepersons do vote on indictments. The leading authority, Brenner and Shaw, Federal Grand Jury Practice 2d, §15.7, mentions no such rule.

Finally, Petitioner relies on an affidavit of the President of the National Jury Project, Midwest, to prove that racial discrimination has occurred in the selection of grand jury forepersons in Hamilton County. The affidavit is, of course, uncross-examined hearsay which should not be considered as proof in this matter.[8]

**Tenth Ground for Relief**

In his Tenth Ground for Relief, Petitioner claimed that his rights were violated due to the underrepresentation of minorities in the grand jury and petit jury venires in Hamilton County.(Petition, Doc. No. 29 at 47.) Respondent argued that this claim was procedurally defaulted as a result of Petitioner's failure to present the claim on his direct appeal to the Ohio Supreme Court. (Return, Doc. No. 31 at 82.)

The Report concluded that the portion of this claim relating to grand juries was procedurally

---

[8]Although district courts have discretion to accept affidavits in habeas corpus cases, 28 U.S.C. § 2246, they are not obliged to do so, and the Court declines to do so here.

defaulted. Although Petitioner objects to this conclusion, no further analysis is needed beyond what is given above as to the Ninth Ground for Relief.

As to the grand jury portion, the Ohio Supreme Court decided this claim on the merits and the Report concluded that decision was not an objectively unreasonable application of *Duren v. Missouri*, 439 U.S. 357, 364 (1979). While Petitioner objects that it is an unreasonable application of *Duren*, he offers no explanation as to why and thus no further analysis is needed. Petitioner here again relies on the Affidavit mentioned as to Ground Nine, which the Court declines to accept.

## Eleventh Ground for Relief

This Ground for Relief was withdrawn before the Report was filed.

## Twelfth Ground for Relief

The Report recommended that no relief be granted on this Ground for Relief and Petitioner makes no objection to that recommendation (Objections, Doc. No. 128, at 42). Thus the District Judge may adopt this recommendation wtihout further analysis.

## Thirteenth Ground for Relief

In his thirteenth ground for relief, Petitioner argued that his rights were violated during voir dire due to multiple factors, such as pre-trial publicity and a voir dire procedure which resulted in organizing a jury to return a death verdict. (Petition, Doc. No. 29 at 56);(Brief, Doc. No. 115 at 105.) Respondent argued that the portion of this claim pertaining to trial counsels' failure to explore juror

15

bias and permitting Juror England to sit on the jury was procedurally defaulted because Petitioner failed to properly present it during direct appeal to the Ohio Supreme Court. (Return, Doc. No. 31 at 97-104.) Respondent also argued that the remaining portions of this claim are without merit. *Id.* at 94-105.

The Report declines to recommend relief based on this claim. No further analysis is required beyond what is given in the Report.

### Fourteenth Ground for Relief

No further analysis is needed on this Ground for Relief beyond what appears in the Report.

### Fifteenth Ground for Relief

In his Fifteenth Ground for Relief, Petitioner claimed the trial judge refused to consider certain proffered mitigating evidence, relying principally on *Eddings v. Oklahoma,* 405 U.S. 104 (1982). The Report rejected this claim on the merits, finding that the trial judge had not refused to consider any evidence which the Petitioner proffered as mitigating, but instead found the proffered mitigating evidence was nor worthy of much weight, for reasons he explained.

In his Objections, Petitioner essentially repeats the argument made in the Merit Brief. In the opinion of the undersigned, he confuses the obligation to admit evidence and thus consider it with weighing that evidence. *Eddings*, and the recent Sixth Circuit case relied on in the Objections, *Davis v. Coyle*, 475 F. 3d 761 (6th Cir. 2007), reversed sentences based on the refusal to admit mitigating evidence. The trial judge here did not refuse to admit any proffered mitigating evidence. Rather, having admitted it, he gave it the weight he believed was appropriate. Nothing in the United

States Constitution requires a sentencing judge to give any particular weight to any particular mitigating evidence.

### Sixteenth Ground for Relief

In his Sixteenth Ground for Relief, Petitioner asserted the trial judge refused to give certain mitigation instructions requested by the defense and gave erroneous mitigation instructions. In the Report, the Magistrate Judge found these claims without merit. Nothing in Petitioner's Objections on this Ground requires further analysis.

### Seventeenth Ground for Relief

Petitioner makes no objection to the proposed disposition of this Ground for Relief and thus it may be adopted by the District Judge without further analysis.

### Eighteenth Ground for Relief

In his Eighteenth Ground for Relief, Petitioner asserted that his rights were violated by numerous instances of prosecutorial misconduct. Respondent replied that this ground for relief was procedurally defaulted in its entirety or without merit. The Report found this ground for relief to be without merit.

No further analysis is needed on this Ground for Relief beyond that given in the Report.

### Nineteenth Ground for Relief

In his nineteenth ground for relief, Petitioner argued that his rights were violated as a result of the methods used to obtain his confession and its admission into evidence. (Petition, Doc. No. 29 at 76.) Respondent did not assert procedural default, but rather argued that the claim is without merit. (Return, Doc. No. 31 at 128-130.)    The Report concluded that the Ohio courts' rejection of this claim was not an objectively unreasonable application of clearly established Supreme Court law, nor was determination of the underlying facts shown by clear and convincing evidence to have been erroneous.

The Magistrate Judge does not believe additional analysis is needed on this Ground for Relief.

### Twentieth Ground for Relief

In his Twentieth Ground for Relief, Petitioner alleged that his rights were violated because the reasonable doubt instruction, as given, is unconstitutional (Petition, Doc. No. 29 at 80). The Report found that this claim was procedurally defaulted, as argued by Respondent, because no contemporaneous objection was made and the claim was reviwed on direct appeal under a plain error standard. The Report also accepted the Respondent's alternative argument that the claim is without merit because this particular instruction has been held by the Sixth Circuit Court of Appeals to be constitutional, citing *Scott v. Mitchell*, 209 F.3d 854, 883-883 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 527 (6th Cir. 2000); *Thomas v. Arn*, 704 F.2d 865 (6th Cir. 1983).

The Objections point to no Supreme Court law which is contrary to the Sixth Circuit decisions. Thus the Objections should be overruled.

**Twenty-First Ground for Relief**

In his Twenty-first Ground for Relief, Petitioner made two claims about the impropriety of the jury instructions. On the first of these, the Report concluded that the Ohio Supreme Court's finding of harmless error was not contrary to or an unreasonable application of any clearly established Supreme Court law. As to the second of these claims, the Report found it procedurally defaulted, a point not addressed in the Objections. On the merits, Petitioner asserts that the instruction that "the purpose to cause death may be inferred from the use of the weapon" creates a conclusive presumption of purpose to cause death. That is simply inaccurate: "may infer" is quite different from "shall presume." There is nothing unconstitutional about telling a jury that it may infer purpose to cause death from pointing a handgun at someone and pulling the trigger.

**Twenty-Second Ground for Relief**

In his twenty-second ground for relief, Petitioner argued that his rights were violated because he was charged with duplicative specifications and that the same operative facts served to elevate a murder charge to an aggravated murder charge, and then to a capital aggravated murder charge. (Petition, Doc. No. 29 at 85);(Brief, Doc. No. 115 at 149-151.) The Report concluded this Ground for Relief did not merit granting the writ and the Magistrate Judge does not believe additional analysis would be helpful.

**Twenty-Third and Twenty-Fourth Grounds for Relief**

These Grounds for Relief were withdrawn prior to the Report's filing.

**Twenty-Fifth Ground for Relief**

In his Twenty-fifth Ground for Relief, Petitioner asserted that Ohio's death penalty scheme is generally unconstitutional. Although Petitioner objects to the Report's rejection of this claim on the basis of precedent, he adds no additional analysis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judges again respectfully recommends that the Petition be granted on a portion of the second claim and otherwise denied.

August 13, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).