**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| LEE MOORE, | : | |
| | : | |
| Petitioner, | : | CASE NO.: C-1:00-CV-00023 |
| | : | |
| v. | : | JUDGE DLOTT |
| | : | |
| BETTY MITCHELL, WARDEN | : | MAGISTRATE JUDGE MERZ |
| | : | |
| Respondent. | : | |

**THE WARDEN'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
SUPPLEMENTAL RECOMMENDATION IN FAVOR OF GRANTING A
CONDITIONAL WRIT OF HABEAS CORPUS**

Respectfully submitted,

**MARC DANN**
**Ohio Attorney General**

s/ *Charles L. Wille*
**CHARLES L. WILLE (0056444)**
**Principal Assistant Attorney General**
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (facsimile)
Email: cwille@ag.state.oh.us

**COUNSEL FOR RESPONDENT**

## STATEMENT OF THE CASE

The Petitioner, Lee E. Moore (hereinafter "Moore"), is under a sentence of death. On January 18, 2000, Moore filed a petition for a writ of habeas corpus in which he alleged that his conviction and death sentence are in violation of federal law or the Constitution of the United States. (Doc. 14) On March 20, 2000, the District Judge referred the case to United States Magistrate Judge Merz. On June 1, 2000, per the order of the Magistrate Judge, Moore filed an amended petition for a writ of habeas corpus. (Doc. 29) On July 17, 2000, Respondent filed an answer (Return of Writ) to the amended petition. (Doc. 31) On November 12, 2002, Moore filed a reply (Traverse) to Respondent's Return. (Doc. 81)

On June 23, 2003, the Magistrate Judge granted in part Moore's motion for discovery. (Doc. 93) On June 30, 2004, in conformity with the scheduling order issued by the Magistrate Judge, Moore filed a motion for an evidentiary hearing. (Doc. 102) On July 12, 2004, the Warden filed a memorandum in opposition. (Doc. 103) On July 23, 2004, Moore filed a memorandum in reply. (Doc. 104) On September 3, 2004, the Magistrate Judge issued a decision and order denying Moore's motion. (Doc. 105) Moore subsequently appealed that decision to the District Judge. On November 1, 2004, the Magistrate Judge issued a supplemental memorandum regarding Moore's appeal. (Doc. 109) On November 24, 2004, the District Judge overruled Moore's appeal and adopted the Magistrate Judge's order. (Doc. 111)

On December 3, 2004, the Magistrate Judge issued a scheduling order for the filing of final briefs. (Doc. 112) Consistent with the scheduling order, on April 11, 2005, Moore filed his Merit Brief. (Doc. 115). On May 11, 2005, the Warden filed her merit

brief. (Doc. 116). On February 15, 2007, after the record was expanded at the joint request of the parties, the Magistrate Judge issued a final report and recommendations (Doc. 128) in which he recommended the conditional grant of a writ of habeas corpus with respect to a part of the second ground alleged in support of relief, and the denial of a writ of habeas corpus with respect to the remaining grounds alleged in the petition. The Warden subsequently filed timely objections to the Magistrate Judge's recommendation of a conditional grant of the writ. On August 13, 2007, the Magistrate Judge issued a supplemental report and recommendation in which he again recommended that a conditional writ of habeas corpus be granted.

## **OBJECTIONS**

The Warden respectfully objects to the Magistrate Judge's supplemental report and recommendations, insofar as the Magistrate Judge again recommends the conditional grant of a writ of habeas corpus with respect to allegations of error set forth in support of Moore's second alleged ground in support of relief.

The Magistrate Judge reasoned, in his initial recommendation, that trial counsel were objectively unreasonable in putting Dr. Chiappone's on the stand, in view of Dr. Chiappone's testimony on cross-examination that Moore admitted lying to the police and to having shot Mr. Olinger to avoid being identified. The Magistrate Judge further reasoned that counsel's error was prejudicial because the testimony was severely damaging to the defense's case in mitigation. In making the latter findings, and in determining that a conditional grant of the writ was warranted, the Magistrate Judge relied primarily on the decision of the United States Court of Appeals for the Sixth Circuit in *Combs v. Coyle*, 205 F.3d 269, 288 (6th Cir. 2000). *See* Report and

3

Recommendations (Doc. 128), pages 45-48. In fact, the Magistrate Judge essentially concluded that grant of the writ was compelled by the Sixth Circuit's decision in *Combs*.

In objecting to the Magistrate Judge's recommendation, the Warden argued that the Magistrate Judge's reliance on *Combs* was misplaced, because the prisoner in that case filed his petition prior to the enactment of the Anti-terrorism and Effective Death Penalty Act (AEDPA). Hence, the Sixth Circuit reviewed the prisoner's claims of ineffective assistance of counsel *de novo*, and did not apply the standard of deference applicable to the legal determinations of the state courts under 28 U.S.C. Section 2254(d). *See* 207 F. 3d at 277 (noting specifically that presumption of correctness applied only to factual findings of state courts and not to mixed questions of law and fact). The Warden further argued that the decision of the Supreme Court of Ohio rejecting Moore's allegations of ineffective assistance of trial counsel cannot be deemed contrary to or an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), which, as recognized by the Ohio Supreme Court, is the controlling decision of the Supreme Court of the United States.

In his supplemental recommendation, the Magistrate Judge agreed with the Warden that *Combs* is a pre-AEDPA case, and that, unlike the prisoner in *Combs*, Moore must satisfy the AEDPA's higher standard to obtain relief. Nevertheless, the Magistrate Judge concluded that the Supreme Court of Ohio's rejection of Moore's claim was objectively unreasonable. The Magistrate Judge again found that given the extremely damaging nature of Dr. Chiappone's testimony, in putting Dr. Chiappone on the stand, trial counsel was constitutionally ineffective, as defined by governing constitutional standard clearly established by decisions of the Supreme Court of the United States.

Supplemental Report and Recommendations, pages 5-7, citing *Strickland v. Washington*, 466 U.S. 668 (1984), *Wiggins v. Smith*, 539 U.S. 510 (2003), and *Rompilla v. Beard*, 545 U.S. 374 (2005).

The Warden does *not* suggest that the Magistrate Judge's underlying finding -- that Moore's counsel was constitutionally ineffective -- necessarily is based on an incorrect or unreasonable application of the *Strickland* standard. Nevertheless, the question here is not whether the Magistrate Judge's finding is reasonable, but whether the Supreme Court of Ohio necessarily was *unreasonable* in making the opposite finding, based on the record presented to it. For the reasons stated by the Warden previously in the Warden's initial objections, and the authorities cited therein, the Supreme Court of Ohio was reasonable in finding that Moore's trial counsel was not necessarily ineffective *merely* because Dr. Chiappone testified in a way that damaged Moore's case. *See* Objections to Final Report and Recommendations, page 7, citing *Beaver v. Thompson*, 93 F.3d 1186, 1196-1197 (4th Cir. 1996) (counsel's decision to call the *state's* expert as a witness for the defense was not unreasonable under the *Strickland* test); *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (to rise to the level of constitutional ineffectiveness as defined by *Strickland*, counsel's decision to call a particular witness "must have been completely unreasonable, not merely wrong") (internal citations and quotation marks omitted).

For all the foregoing reasons, the Warden respectfully requests that the Court sustain the Warden's objections to the Magistrate Judge's final and supplemental reports and recommendations, insofar as the Magistrate Judge recommends a conditional grant of the writ.

       **Respectfully submitted,**

       **MARC DANN**
       **Ohio Attorney General**

       s/ *Charles L. Wille*
       **CHARLES L. WILLE  (0056444)**
       **Principal Assistant Attorney General**
       Capital Crimes Unit
       30 East Broad Street, 23rd Floor
       Columbus, Ohio 43215
       (614) 728-7055; (614) 728-8600 (facsimile)
       Email: cwille@ag.state.oh.us

       **COUNSEL FOR RESPONDENT**

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing *The Warden's Objections To The Magistrate Judge's Supplemental Recommendation In Favor Of Granting A Conditional Writ Of Habeas Corpus* has been sent via the court's electronic filing system to: Laurence E. Komp, Esquire (lekomp@swbell.net), 423 Madrina, Ballwin, Missouri, 63021; **and** Michael J. O'Hara, Esquire (Mohara@ortlaw.com), 25 Crestview Hills Mall Road, Suite 201, P. O. Box 17411, Covington, Kentucky, 41017; Counsel for Petitioner, this 23rd day of August, 2007.

       s/ *Charles L. Wille*
       **CHARLES L. WILLE  (0056444)**
       **Principal Assistant Attorney General**