**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **LEE E. MOORE,** | ) | **CASE NO. C-1-00-0023** |
| | ) | |
| **Petitioner,** | ) | **Judge Dlott** |
| | ) | |
| **vs.** | ) | **Chief Magistrate Judge Merz** |
| | ) | |
| **BETTY MITCHELL, Warden** | ) | |
| | ) | ***DEATH PENALTY CASE*** |
| **Respondent.** | ) | |

**PETITIONER'S COMBINED RESPONSE TO RESPONDENT'S OBJECTIONS AND PETITIONER'S OBJECTIONS TO THE SUPPLEMENTAL REPORT AND RECOMMENDATION**

Now comes, Petitioner, by and through counsel, and files his Memorandum in response to Respondent's objections (ECF Doc. 136) to the Chief Magistrate Judge's Supplemental Report and Recommendation (ECF Doc. 135) and, pursuant to Fed. R. Civ. P. 72(b), files his objections to those portions of Supplemental Report and Recommendation that recommended overruling Petitioners Objections to the Report and Recommendation as to the Merits (ECF Doc. 132) and recommended denying relief as to all claims with the exception of two bases. Petitioner's objections are more fully explained in the attached Memorandum in Support and in Petitioners original Objections (ECF Doc. 132), which are incorporated herein by reference.

Respectfully Submitted,

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
Phone (636) 207 – 7330
Fax (636) 207 – 7351

-and-

/s/ Michael J. O'Hara

MICHAEL J. O'HARA – 0014966
O'Hara, Ruberg, Taylor, Sloan &
Sergent
25 Crestview Hills Mall Rd, Ste 201
P.O. Box 17411
Covington, KY 41017
Phone: (859) 331-2000
Fax: (859) 578-3365

COUNSEL FOR PETITIONER

## MEMORANDUM IN SUPPORT

### 1. Introductory Statement

The Chief Magistrate recommended granting in part and denying in part Petitioner's Writ of Habeas Corpus. ECF Doc. 128. The Chief Magistrate granted Petitioner relief on errors similar to that which convinced the Sixth Circuit to grant relief in *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000) and *Powell v. Collins*, 328 F.3d 268 (6th Cir. 2003). Petitioner and Respondent objected. ECF Doc. 130, 132.[1]

Pursuant to a standing order of this Court, the Chief Magistrate recommitted the matter and issued a Supplemental Report and Recommendation ("Supplemental Report"). ECF Doc. 135. The Supplemental Report again recommended granting relief, overruling Respondent's objections, and denied each of Petitioner's objections. *Id.* Respondent has objected to a portion of the Supplemental Report. ECF Doc. 136. Petitioner now timely files his response to Respondent's objections and his objections.

### 2. Applicable Standard

The governing rule under which this Court is to consider the objections is Fed.

[1] The Chief Magistrate faulted Petitioner's failure to comply with S.D. Loc. R. 7.2 (a)(3) (ECF Doc. 135 p. 1 n.1). Petitioner apologizes to the Court for this oversight and simply notes that the oversight was not brought to his attention by Respondent or the Court until mention of it in the Chief Magistrate's Supplemental Report. Had it been brought to Petitioner's attention, counsel assures the Court that the omission would have been promptly remedied, in time to assist the Court.

Civ. R. P. 72(b). The standard of review to be employed by this Court is *de novo*. 28 U.S.C. § 636(b)(1) (2000); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts (2005). *See Gomez v. United States*, 490 U.S. 858, 864-69, 874 n.28 (1989); *Flournoy v. Marshall*, 842 F.2d 875, 875-76 (6th Cir. 1988). This applies for legal, mixed or factual questions. *Thomas v. Arn*, 474 U.S. 140, 150 & n.8 (1985) (plain language of statute recognizes no distinction between legal and factual matters).

**3. Response to Respondent's Objections**

While noting the reasonableness of the Supplemental Report's conclusion that Petitioner received constitutionally ineffective assistance of counsel in trial counsel's decision to call at mitigation an expert (Dr. Chiappone) who then completely gutted the Petitioner's theory of mitigation, Respondent nevertheless re-asserts on the basis of two previously cited cases that the Ohio Supreme Court's decision was a reasonable application of Supreme Court case law. ECF Doc. 136 p. 5. Both cases cited by Respondent are distinguishable.

In *Beaver v. Thompson*, 93 F.3d 1186, 1196 (4th Cir. 1996), the court specifically found that the trial counsel's calling and examination of the prosecution's expert "was more helpful to [Petitioner] than harmful." Respondent does not attempt to explain how Dr. Chiappone could be considered "more helpful." To the contrary, the Chief Magistrate's initial Report and Recommendation makes it obvious that trial counsel failed to properly prepare for Chiaponne's testimony, whose testimony directly contradicted Petitioner's theory of mitigation, and on whose testimony the trial court relied in imposing a sentence of death. (ECF Doc. 128 pp. 47-48).

In *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997), defense counsel called a witness whose pretrial statement confirmed that he was intoxicated to the point that he was unable to remember what occurred the morning of the murder. Defense counsel could reasonably rely on the helpful pretrial statement of the witness and reasonably assume the witness would do poorly on the stand, "perhaps even admitting to the shooting." *Id.* No argument has been made that Dr. Chiappone was helpful at all; rather quite the opposite – he could not have been more harmful.

For the reasons stated herein and previously stated in Petitioner's Response to the original objections (ECF Doc. 131), this Court should adopt the original report and the Supplemental Report, and grant relief on this portion of Petitioner's Second Habeas Ground.

**4. General Objections**

Petitioner objects to the Supplemental Report's rejection of Petitioner's request that this Court "should" consider the underlying merits of the claims considered by the Ohio Supreme Court when addressing an appellate ineffectiveness claim. The Supplemental Report relies largely upon *White v. Mitchell*, 413 F.3d 517, 526 (6th Cir. 2005). ECF Doc. 135 p. 3.[2]

First, the Ohio Supreme Court appears to have considered the underlying claims on the merits *See State v. Moore*, 93 Ohio St. 3d 649, 650 (Ohio 2001)("Moore's first,

[2] The Supplemental Report intimates Petitioner may have violated a duty of candor in not acknowledging or attempting to distinguish *White* which the Supplemental Report incorrectly assumes compels a conclusion against Petitioners interest. As will be noted herein, *White* is distinguishable and does not entirely refute Petitioner's arguments. Rather *White* supports Petitioner's request that this Court should exercise its discretion to consider the merits underlying Petitioners ineffective assistance of appellate counsel claims. Petitioner notes that a similar intimation did not befall Respondent for failing to cite AEDPA cases from the Sixth Circuit that relied upon *Combs* in granting post-AEDPA relief. *See Towns v. Smith*, 395 F.3d 241, 258-259 (6th Cir. 2005). To be clear, Petitioner does not impugn counsel for Respondent for not finding *Towns*, but to note the differing treatment.

second, and third propositions argue the merits of issues that he claims his former appellate lawyers should have raised.") This is substantially different from the Ohio Supreme Court's treatment of White's application to reopen his appeal, which was denied *in toto* on the basis that "***MOTION DOCKET*** On application for reopening under *S.Ct.Prac.R. XI(5)*. Application denied." *State v. White*, 89 Ohio St. 3d 1467 (Ohio 2000) (Table). The Ohio Supreme Court's differing approach from that considered by the Sixth Circuit in *White* establishes a different result from *White* as to the existence of the procedural default.

Second, while there is an adequate procedural default, the Ohio Supreme Court's consideration of the underlying merits does not form an independent basis for a default. The Ohio Supreme Court also noted that that, in order to succeed in his Rule 26 application, Moore was required to show that there was a "reasonable probability of success [on the underlying merits] had he presented those claims on appeal. *Moore*, 93 Ohio St 3d at 650. This commingling of the distinct questions of the merits and appellate IAC, recognized as distinct in *White* and by the Supplemental Report, represents a non-independent basis for a default.

Third, while in *White v. Mitchell*, 413 F.3d 517, 526 (6th Cir. 2005), the court did hold that the ineffective assistance and underlying merits claims are different, the court also noted:

> As a result of White's failure to raise the Batson challenge, we decline to reach the merits of this claim. In so doing, we are mindful of the fact that the exhaustion requirement is not a jurisdictional one but rather is an issue of comity between federal and state courts. *Strickland v. Washington*, 466 U.S. 668, 684, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Duckworth*, 454 U.S. at 4. Nevertheless, the Supreme Court has stated that "there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies . . . ." *Granberry v. Greer*, 481 U.S. 129, 131, 107

> S. Ct. 1671, 95 L. Ed. 2d 119 (1987). As a result, we exercise our discretion not to reach the merits of the argument.

In short, *White* does not foreclose discretion to consider the merits, rather it allows for this Court to exercise its discretion to consider the merits of a constitutional claim upon which an ineffective assistance of appellate counsel claim is based. This quoted language does not, as the Supplemental Report suggests, foreclose Petitioner's request that this Court should consider the merits.

Petitioner objects to the Supplemental Report's rejection of Petitioner's arguments concerning the ineffective assistance on appellate counsel standards. ECF Doc. 135 pp. 3-4. The cases relied upon by Petition inform the standard applicable to ineffectiveness claims –defining reasonableness – and thus, those cases are applicable. Petitioner cited those cases to explain the standard to be employed, and therefore renews his objection and the Supplemental Report's rejection of such.

**5. Objections as to Specific Grounds**

Petitioner hereby reincorporates his previous objections. In most circumstances, the Supplemental Report noted no further analysis was required or did not conduct additional substantive analysis. *See* First ground (ECF Doc. 135 p. 5), Portions of second ground (*id.* p. 7), Third Ground (*id.* p. 7), Fourth Ground (*id.* p. 8), Fifth Ground (*id.* p. 8), Sixth Ground (*id.* p. 9), portion of the Seventh Ground (*id.* pp. 9-10), portion of the Eighth Ground (*id.* pp. 12-13), Tenth Ground (*id.* pp. 14-15), Thirteenth Ground (*id.* p. 16), Sixteenth Ground (*id.* p. 17), Eighteenth Ground (*id.* p. 17), Nineteenth Ground (*id.* p. 18), Twentieth Ground (*id.* p. 18), portions of the Twenty-first Ground (*id.* p. 19), twenty-second Ground (*id.* p. 19), and Twenty-fifth Ground (*id.* p. 17).

a. Seventh Ground

As to the second sub-claim of his Seventh Ground (prosecutorial misconduct in arguing non-statutory aggravating standards), the Supplemental Report again rejected Petitioner's argument that there was not a plain statement of procedural default. (ECF Doc. 135 pp. 10-11). Petitioner again objects. Petitioner does not object to the authority considered by the Chief Magistrate – but only the ultimate conclusion – that there is a plain statement of procedural default. Rather, Petitioner asserts while the Ohio Supreme Court did note the lack of objection – the Ohio Supreme Court never clearly indicated that it was enforcing the waiver and instead its review of improper prosecutorial arguments was on the merits. *State v. Moore*, 81 Ohio St. 3d 22, 35 (1998) (Compare Ohio Supreme Court's earlier statement "Moore did not object to either comment and thus waived all but plain error" to the one at issue herein "However, no objection was raised to this statement, and we find it was not prejudicial.")

The Supplemental Report also rejected Petitioner's objections related to the Seventh Ground that any error from the improper prosecutorial argument was cured by the Ohio Supreme Court's appellate reweighing under *Clemons v. Mississippi*, 494 U.S. 738 (1990). (ECF Doc. 135 p. 11). Petitioner again objects. It appears that *Brown v. Sanders*, 546 U.S. 212 (2006), may have modified the remedy when there is no omnibus aggravating catch-all and the state invited the jury to consider aggravators that the prosecutor knew should not be considered. It is not just a question of whether the evidence was otherwise admissible but as noted by Justice Scalia "An invalidated sentencing factor (whether an eligibility factor or not) will render the sentence unconstitutional by reason of its adding an improper element to the aggravation scale in

the weighing process *unless* one of the other sentencing factors enables the sentencer to give aggravating weight to the same facts and circumstances." *Brown*, at 220 (emphasis in original)(footnote omitted).

b. Eighth Ground

The Supplemental Report again denied relief as to a portion of Petitioner's Eighth Habeas Ground related to the ineffective assistance of appellate counsel. (ECF Doc. 135 pp. 11-12). Petitioner re-asserts his objections: the legal basis of the failure to consult was presented to the Ohio Supreme Court; the failure to consult is relevant to the deficiency prong; and that *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) imposes upon counsel a duty to consult.

c. Ninth Ground

The Supplemental Report again overruled Petitioner's objections to the Ninth Habeas Ground related to Hamilton County's gender and race discrimination in the selection of grand jury forepeople. (ECF Doc. 135 pp. 13-14). Petitioner objected to the imposition of a procedural default when the state discriminates so blatantly against women and minorities, and when he can establish cause for any procedural default.

Petitioner originally argued in his objections that "grand jury challenges are unique to the trial and direct appeal process, and not the post-conviction process. *Davis v. United States*, 411 U.S. 233 (1973)." The Supplemental Report noted that the United States Supreme Court in *Davis* found a claim raised in a 2255 petition was waived for failing to be raised pre-trial. Thus, the claim cannot be raised in post-conviction review. Petitioner rightly asserted the claim in his *Murnahan* proceedings. *See* Moore Supp. ROW Apx. Vol. I pp. 6-7. This trial ineffectiveness serves as cause for the allegation of

extreme gender and race discrimination pervading the selection of the grand jury foreperson.

The Supplemental Report indicates that there is no difference between the federal and Ohio grand jury system. (ECF Doc. 135 pp. 13-14). In *Hobby v. United States*, 486 U.S. 339, 346 (1984), the United States Supreme Court noted that the foreperson in the federal grand jury system performs administrative/clerical tasks. "Given the ministerial nature of the position, discrimination in the selection of one person from among the members of a properly constituted grand jury can have little, if indeed any, appreciable effect upon the defendant's due process right to fundamental fairness." *Id.* However, the grand jury foreperson in Hamilton County is not derived from the members of a properly constituted grand jury – but is selected separate and apart from them in a racially and discriminatory fashion. Thus, the discriminatory selection does have a real impact on defendant's due process right. The Supplemental Report also refuses to consider the overwhelming statistical analysis provided by the National Jury Project presented through affidavit. (ECF Doc. 135 pp. 13-14). Petitioner objects to the failure to consider the affidavit. This affidavit was filed in state and federal court and at no point was an objection lodged as to its substance or its admissibility. Respondent's failure to object constitutes a waiver. Moreover, it must be remembered that Petitioner was denied the opportunity for an evidentiary hearing in both state and federal court. Having been deprived of a hearing, it is no wonder the affidavit is "uncrossed." This demonstrates the need for a hearing, not that the affidavit is incredible. Further, to the best of Petitioner's knowledge, Respondent has never challenged the affidavit or the longstanding allegations regarding Hamilton County's discrimination or its contents with lay or expert testimony

or counter-affidavits. Finally, because this evidence was considered by the state court, it cannot be ignored when it reaches federal court.

d. Tenth Ground

In his Tenth Ground for Relief, Petitioner challenges as a denial of due process, the under-representation of minorities in the grand jury and petit venires. Petitioner objects to the Supplemental Report's failure to consider the affidavit as to the Tenth Ground on the above basis. (ECF Doc. 135 p. 15).

The Supplemental Report denied Petitioner's objection related to his Fifteenth habeas Ground that the trial court failed to consider and give effect to relevant mitigation as required by *Eddings v. Oklahoma*, 455 U.S. 104 (1982). (ECF Doc. 135 pp. 16-17). Petitioner reincorporates his original objection and reiterates that, while he agrees with legal principles considered in the Supplemental Report, he objects to the conclusion that *Eddings* was not violated.

In Petitioner's case, the sentencing order specifically held that other than age and a good family upbringing, nothing else was mitigating. (Return Ex. A at p. 12 ("the Court cannot find any [other mitigating factors]"); *see also* Tr., p. 1266). Petitioner does not dispute the weight given a mitigating factor found to exist – but when there is a specific finding that relevant evidence is not mitigation, does not exist, then *Eddings* is violated because it is neither considered nor given effect. *See Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007).

e. Twentieth Ground

The Supplemental Report rejected an objection Petitioner argued in his Twentieth Ground related to an instruction that created a constitutionally inappropriate presumption.

(ECF Doc. 135 p. 19). Petitioner objects because the Supplemental Report was required to examine what a reasonable juror could have understood the totality of the instructions to mean. *See Francis v. Franklin*, 471 U.S. 307, 315-316 (1985) ("The question is not what the State Supreme Court declares the meaning of the charge to be, but rather what a reasonable juror could have understood the charge as meaning."). This has not been done. As noted in his original objections and reincorporated herein, the totality of the instructions created an improper presumption and lessens the State's burden to prove all elements of the offense beyond a reasonable doubt.

**CONCLUSION**

**Wherefore**, for the above stated reasons, this Court should affirm the Supplemental Report as to the bases upon which it granted the conditional writ of habeas corpus. This Court should exercise its *de novo* review and sustain Petitioner's objections as to the merits and or procedural defaults, and grant appropriate relief.

Respectfully Submitted,

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
Phone (636) 207 – 7330
Fax (636) 207 – 7351

-and-

/s/ Michael J. O'Hara
MICHAEL J. O'HARA – 0014966
O'Hara, Ruberg, Taylor, Sloan & Sergent
25 Crestview Hills Mall Rd, Ste 201
P.O. Box 17411
Covington, KY 41017

Phone: (859) 331-2000
Fax: (859) 578-3365

COUNSEL FOR PETITIONER

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed with and will be made available to Respondent via this Court's electronic filing system and pursuant to Loc. R. 5.2 this constitutes service.

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142