IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LEE MOORE, | : | |
| | : | |
| Petitioner, | : | CASE NO.: C-1:00-CV-00023 |
| | : | |
| v. | : | JUDGE DLOTT |
| | : | |
| BETTY MITCHELL, WARDEN | : | MAGISTRATE JUDGE MERZ |
| | : | |
| Respondent. | : | *Death Penalty Case* |

**THE WARDEN'S MEMORANDUM IN RESPONSE TO MOORE'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S SUPPLEMENTAL
REPORT AND RECOMMENDATIONS**

Respectfully submitted,

MARC DANN
Ohio Attorney General

s/ *Charles L. Wille*
**CHARLES L. WILLE  (0056444)**
**Principal Assistant Attorney General**
Capital Crimes Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (facsimile)
Email: cwille@ag.state.oh.us

**COUNSEL FOR RESPONDENT**

## STATEMENT OF THE CASE AND FACTS

The Petitioner, Lee E. Moore (hereinafter "Moore"), is under a sentence of death. On January 18, 2000, Moore filed a petition for a writ of habeas corpus in which he alleged that his conviction and death sentence are in violation of federal law or the Constitution of the United States. (Doc. 14) On March 20, 2000, the District Judge referred the case to United States Magistrate Judge Merz. On June 1, 2000, per the order of the Magistrate Judge, Moore filed an amended petition for a writ of habeas corpus. (Doc. 29) On July 17, 2000, Respondent filed an answer (Return of Writ) to the amended petition. (Doc. 31) On November 12, 2002, Moore filed a reply (Traverse) to Respondent's Return. (Doc. 81).

On June 23, 2003, the Magistrate Judge granted in part Moore's motion for discovery. (Doc. 93) On June 30, 2004, in conformity with the scheduling order issued by the Magistrate Judge, Moore filed a motion for an evidentiary hearing. (Doc. 102) On July 12, 2004, the Warden filed a memorandum in opposition. (Doc. 103) On July 23, 2004, Moore filed a memorandum in reply. (Doc. 104) On September 3, 2004, the Magistrate Judge issued a decision and order denying Moore's motion. (Doc. 105) Moore subsequently appealed that decision to the District Judge. On November 1, 2004, the Magistrate Judge issued a supplemental memorandum regarding Moore's appeal. (Doc. 109) On November 24, 2004, the District Judge overruled Moore's appeal and adopted the Magistrate Judge's order. (Doc. 111)

On December 3, 2004, the Magistrate Judge issued a scheduling order for the filing of final briefs. (Doc. 112) Consistent with the scheduling order, on April 11, 2005, Moore filed his Merit Brief. (Doc. 115). On May 11, 2005, the Warden filed her merit brief. (Doc. 116). On February 15, 2007, after the record was expanded at the joint request of the parties, the Magistrate Judge issued a final report and recommendations (Doc. 128) in which he recommended the conditional grant of a writ of habeas corpus with respect to a part of the

second ground alleged in support of relief, and the denial of a writ of habeas corpus with respect to the remaining grounds alleged in the petition. On February 28, 2007, the Warden filed objections to the Magistrate Judge's final report and recommendations, insofar as the Magistrate Judge recommended a conditional grant of the writ.

On April 26, 2007, Moore filed his objections to the Magistrate Judge's final report, insofar as the Magistrate Judge recommended the denial of habeas corpus relief. On August 13, 2007, the Magistrate Judge issued a supplemental report and recommendations in which he again recommended the granting of the writ based on part of the second ground and the denial of the writ with respect to all remaining grounds alleged in support of relief. The Warden thereafter filed timely objections to the supplemental report. On August 27, 2007, Moore filed objections to the Magistrate Judge's supplemental report insofar as the Magistrate Judge again recommended denial of the writ, and a response to the Warden's objections to the supplemental report.

### RESPONSE TO OBJECTIONS TO SUPPLEMENTAL REPORT

In support of his objections to the Magistrate Judge's final report and recommendations, Moore argued that the Magistrate Judge erred in failing to review the merits of claims of constitutional error that Moore presented in an application to reopen his direct appeal. In his supplemental report, the Magistrate Judge correctly stated that an application to reopen a direct appeal is the means through which a claim of ineffective assistance of appellate counsel is presented to the Ohio courts. Generally appellate counsel is alleged to be ineffective by virtue of counsel's failure to present certain underlying claims of constitutional error that are described in the application to reopen. In response to Moore's objections, the Magistrate Judge noted Moore's failure to cite any legal authority holding that a court's "merits" denial of an application to

3

reopen, i.e., the court denies the application based on a decision that appellate counsel was not constitutionally ineffective, constitutes a "merits" determination of the underlying claims that appellate counsel allegedly failed to present. The Magistrate Judge then cited specific authority in support of his previous holding that the Ohio Supreme Court's denial of Moore's application to reopen did not constitute a "merits" decision by the Ohio Supreme Court with respect to the underlying claims that Moore presented as examples of appellate counsel's alleged ineffectiveness. Supplemental Report and Recommendations (Doc. 135), pages 1-3, citing *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005).

In objecting to the supplemental report, Moore argues that in his case the Ohio Supreme Court actually considered and rejected on the "merits" the claims underlying the allegation of ineffective appellate counsel that he presented in his application to reopen his direct appeal. He also suggests that the federal court retains the discretion to review the "merits" of the underlying claims, even if the claims are unexhausted. Objections to Supplemental Report at pages 4-6. Moore's arguments are mistaken. A state court's review of a claim of ineffective assistance of appellate counsel necessarily requires an examination of the relative "merits" of the underlying claims that appellate counsel allegedly overlooked, as the "merits" are relevant to the issues of appellate counsel's exercise of professional judgment and the degree of possible prejudice caused by counsel's alleged failure to present the underlying claims. But, as correctly recognized by the Magistrate Judge, the claim of appellate ineffectiveness nevertheless is a ground for relief that is legally distinct from the underlying claims allegedly overlooked by appellate counsel. Further, contrary to Moore's suggestion, even if the claims underlying his application to reopen are considered "unexhausted," a federal court does not have the discretion to grant relief on unexhausted claims. *See* 28 U.S.C. Section 2254(b)(1)(A) ("An application for a writ of habeas

corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

In objecting to the final report and recommendations, Moore cited case decisions which he argued were inconsistent with the legal standards applied by the Magistrate Judge in reviewing Moore's ineffective assistance of appellate counsel claim. In the supplemental report, the Magistrate Judge found that the decisions cited by Moore did not directly address the standard of prejudice applied by the Magistrate Judge in evaluating Moore's ineffective assistance of appellate counsel claim, and that the cited decisions did not call into question the authority relied upon by the Magistrate Judge. Supplemental Report at pages 3-4. In his objections to the supplemental report, Moore argues that the cases he cited in his previous objections are relevant because the cases "defin[e] reasonableness." Objections at page 6. Nevertheless, Moore does not dispute that the Magistrate Judge applied the correct standard of review in evaluating Moore's claim of ineffective assistance of appellate counsel.

In objecting to the Magistrate Judge's final recommendation with respect to the Seventh Ground, Moore argued that the Magistrate Judge erroneously held that a portion of the claim was procedurally defaulted, by virtue of the Supreme Court of Ohio's invocation on appeal of Ohio's contemporaneous objection rule. Moore maintained that the Supreme Court of Ohio did not plainly rely on the rule. In the supplemental report, the Magistrate Judge found that in its opinion, the Supreme Court of Ohio held, with respect to the particular portion of the claim in question, that "no objection was raised to the statement, and we find it was not prejudicial." However, the Magistrate Judge further found that on the same page of its opinion, in dealing with another part of the claim, the Supreme Court of Ohio invoked the contemporaneous

5

objection rule and noted that absent an objection its review was for plain error only. Supplemental Report at page 10. Moore again objects to the Magistrate Judge's finding of procedural default. However, he does not dispute the Magistrate Judge's findings with respect to the Supreme Court of Ohio's opinion.

In the final report and recommendation, the Magistrate Judge held that any error in the prosecutor's mischaracterization of the nature and circumstances of the offense as an aggravating circumstance was cured by the Ohio Supreme Court's reweighing, as required by Ohio statutes and permitted by *Clemons v. Mississippi*, 494 U.S. 738 (1990). Moore objected to this holding, arguing that *Clemons* was overruled by *Brown v. Sanders*, 546 U.S.212 (2006). In the supplemental report, the Magistrate Judge found specifically that *Brown* recognized the continued validity of the *Clemons* reweighing doctrine. Supplemental Report at page 11, citing *Brown v. Sanders*, 546 U.S. at 219, n.3. Moore again argues that the Magistrate Judge's recommendation is inconsistent with *Brown*. Objections at pages 7-8. However, he does not dispute the Magistrate Judge's findings that the Ohio Supreme Court's reweighing was consistent with *Clemons* and that *Brown* did not affect *Clemons'* continuing validity.

In the final report and recommendations, the Magistrate Judge found that Moore's Ninth and Tenth Grounds for Relief, in which he alleged that grand jury members in Hamilton County, Ohio were selected in a discriminatory manner, were procedurally defaulted because Moore did not present his claim to the state courts. The Magistrate Judge rejected Moore's argument that the ineffectiveness of appellate counsel excused the default, reasoning that the claim necessarily was based on matters outside the record and therefore that appellate counsel could not have raised it on appeal. In objecting, Moore cited *Davis v. United States*, 411 U.S. 233 (1973). In the supplemental report, the Magistrate Judge held that *Davis* was not inconsistent with his

6

finding of default because *Davis* held only that the prisoner in that case waived his claim by not presenting it via a pretrial motion, and that *Davis* did *not* hold that such a claim could be raised on direct appeal. *See* Supplemental Report at pages 13-14. Moore again argues, in his objections to the supplemental report, that the Magistrate Judge's reasoning is inconsistent with *Davis*. Objections at page 8-9. However, he does not dispute the Magistrate Judge's characterization of *Davis'* holding.

In the final report and recommendations, the Magistrate Judge also reasoned, relying on *Hobby v. United States*, 468 U.S. 339 (1984), that discrimination in the selection of the grand jury foreperson, as opposed to discriminatory selection of the grand jurors, does not threaten the interests of the defendant. In objecting, Moore argued that *Hobby* is distinguishable because in the federal system (which *Hobby* concerned) grand jury forepersons do not vote, whereas in Ohio forepersons vote on the indictment. Moore also pointed to an affidavit prepared by a member of a research organization who maintained that study of Ohio's selection process indicated discrimination in the selection of forepersons. In the supplemental report, the Magistrate Judge found that Moore failed to cite any authority to support his argument that forepersons on federal grand juries do not vote. The Magistrate Judge also declined to consider the affidavit, as it constituted hearsay. Supplemental Report at page 14.

Moore now objects to the supplemental report, arguing that unlike their federal counterparts, forepersons in Ohio are not chosen from grand jurors already selected but are selected in a process separate from the selection of the other grand jurors. Moore further argues that the Magistrate Judge erred by not considering the affidavit because the Warden did not object to its consideration and because the affidavit was presented to the state courts.. Objections at pages 9-10. Assuming that Moore's description of Ohio's process for selecting

forepersons is correct -- and that therefore *Hobby* may be distinguishable -- Moore nevertheless failed to properly present his claims to the state courts. Moore asserts that the affidavit was presented to the state courts, but he fails to cite to the state record in support of this assertion In any event, the Warden maintained that the claim itself was not subject to review in federal habeas corpus due to Moore's procedural default. Thus, far from waiving an objection to the affidavit, and thereby permitting its consideration by the Magistrate Judge as evidence in support of Moore's claim, the Warden objected to *any* consideration in federal habeas corpus of the claim itself. .

In his final report and recommendations, the Magistrate Judge rejected Moore's allegation, set forth in support of the Fifteenth Ground, that the trial judge refused to consider certain mitigating evidence in violation of *Eddings v. Oklahoma*, 405 U.S. 104 (1982). The Magistrate Judge reasoned that *Eddings* was not violated because, rather than refusing to consider the evidence in question, the trial court properly declined to give the evidence much weight. In objecting, Moore relied primarily on *Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007). In the supplemental report, the Magistrate Judge distinguished *Davis* on the same basis that he previously recommended the denial of relief, namely, that like *Eddings*, *Davis* concerned the sentencer's improper refusal to consider mitigating evidence, versus the sentencer's proper decision to give the evidence little weight. Supplemental Report at pages 16-17. In again objecting, Moore essentially reiterates the arguments previously presented to the Magistrate Judge, which, for the reasons stated in the supplemental report, were properly rejected.

In his final report and recommendations, the Magistrate Judge rejected various claims of instructional error set forth in support of Moore's Twenty-first Ground. Moore objected, arguing that the trial court's instruction that "the purpose to cause death may be inferred by the use of the

8

weapon" created an improperly conclusive presumption of an element of the crime that the state was required to prove, e.g., that Moore acted with a purpose to kill. In the supplemental report, the Magistrate Judge reasoned that the language of the instruction, "may be inferred" versus "shall be inferred," was not mandatory. Supplemental Report at page 19. Moore again objects, arguing that the Magistrate Judge failed to consider "what a reasonable juror could have understood the charge as meaning." Objections at page 11. Moore's argument is mistaken. The Magistrate Judge, in relying on the plain meaning of the instruction in question, necessarily found that a reasonable juror could not have understood "may be inferred" as meaning that the juror was required to find that Moore acted with a purpose to kill. In other words, as reasoned by the Magistrate Judge, no reasonable juror could have understood the instruction as mandatory.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, all of Moore's objections are without merit. Therefore, the Warden respectfully requests that the Court overrule Moore's objections and issue a final decision denying Moore's amended petition for a writ of habeas corpus.

**Respectfully submitted,**

**MARC DANN**
**Ohio Attorney General**

s/ *Charles L. Wille*
**CHARLES L. WILLE (0056444)**
**Principal Assistant Attorney General**
Capital Crimes Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (facsimile)
Email: cwille@ag.state.oh.us

**COUNSEL FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *The Warden's Memorandum in Response to Moore's Objections To The Magistrate Judge's Supplemental Report and Recommendations* has been sent via the court's electronic filing system to: Laurence E. Komp, Esquire (lekomp@swbell.net), 423 Madrina, Ballwin, Missouri, 63021; **and** Michael J. O'Hara, Esquire (Mohara@ortlaw.com), 25 Crestview Hills Mall Road, Suite 201, P. O. Box 17411, Covington, Kentucky, 41017; Counsel for Petitioner, this 10th day of September, 2007.

s/*Charles L. Wille*
**CHARLES L. WILLE (0056444)**
Principal Assistant Attorney General