UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| LEE E. MOORE, ) | CASE NO.  C-1-00-0023 |
| ) | |
| Petitioner, ) | Judge Dlott |
| ) | |
| vs. ) | Chief Magistrate Judge Merz |
| ) | |
| BETTY MITCHELL, Warden ) | |
| ) | *DEATH PENALTY CASE* |
| Respondent. ) | |

**PETITIONER'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS OBJECTIONS TO THE MAGISTRATE JUDGE'S DENIAL OF PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

The Chief Magistrate recommended granting in part and denying in part Petitioner's Writ of Habeas Corpus.  ECF Doc. 128.  The Chief Magistrate granted Petitioner relief on errors similar to that in which the Sixth Circuit granted relief in *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000) and *Powell v. Collins*, 328 F.3d 268 (6th Cir. 2003).  Petitioner and Respondent objected. ECF Doc. 130, 132.

Pursuant to a standing order of this Court, the Chief Magistrate recommitted the matter and issued a supplemental report and recommendation ("supplemental report"). ECF Doc. 135.  The supplemental report again recommended granting relief, overruling Respondent's objections, and denied each of Petitioner's objections as to the denial of the writ.  *Id.*  Respondent objected to the supplemental report.  ECF Doc. 136.  Petitioner responded to Respondent's objections and filed his objections.  ECF Doc. 137. Respondent responded to Petitioner's objections.  ECF Doc. 138.

While Petitioner's objections and the record's support of those objections speak for themselves and Petitioner believes Respondent has inaccurately rephrased Petitioner's objections at times (*see e.g* ECF Doc. 138 p. 6), certain points raised by Respondent must

1

be addressed to avoid inviting error into this case. Petitioner seeks to make two discrete points to assist the Court in considering the objections and the response. Arguably[1] the rules do not include the filing of a reply; however, neither do the rules prohibit the filing of a reply. Petitioner has restricted himself to two discrete points and is not attempting to file a full reply memorandum – Petitioner respectfully requests this Court to consider the arguments below.

### Point 1 – Respondent requests this Court to apply 2254(b)(1)(A) in a manner rejected by the Sixth Circuit.

Respondent morphs exhaustion and procedural default and concludes this Court has no discretion to consider the merits of Petitioner's claims upon which the Chief Magistrate denied relief. ECF Doc. 139 pp. 4-5. In making this argument, Respondent omits his previous statement in his Merit Brief that Petitioner's claims are procedurally defaulted. ECF Doc. 116 p. 7. In this situation the Sixth Circuit refuses to morph or equate exhaustion and procedural default, and thus apply the 2254(b)(1)(A) provisions. *Garner v. Mitchell*, -- F.3d --, 2007 U.S. App. LEXIS 21705 *13 n.1 (6th Cir. 2007) *citing to Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004).

### Point 2 – Respondent *wrongly* intimates Petitioner is relying on evidence not presented to state court.

The National Jury Project examined Hamilton County's selection of grand jury forepeople and grand jury members, and noted a race and gender disparity. Doc. 42 Sup. ROW Apx. Vol. I pp. 431-435. Respondent intimates in his response that "Moore asserts that the affidavit was presented to the state courts, but he fails to cite to the state record in

---

[1] Fed. R. Civ. P. 72(b) provides for objections and a response, but does not specifically exclude the filing of a reply. If an objection to a report and recommendation is treated as a typical motion, then Petitioner is entitled to file a reply.

support of this assertion." Doc. ECF 139 p. 8.  Petitioner would note that Respondent presumably filed an accurate version of the state court record and the above evidence is contained within the confines of a volume filed by Respondent.  To intimate that the evidence was not presented to the state court, when Respondent filed the state court record with this Court containing such evidence is misleading.

Even more alarming, Respondent argued an alleged failure to cite by Petitioner when Petitioner cited the record filed by Respondent in his original objections.  ECF Doc. 132 (Petitioner's Objections) pp. 39-40 *citing to* Sup. ROW Apx. Vol. I (National Jury Project Affidavit) pp. 431, 433-434.  Thus, not only is the unfavorable inference Respondent was trying to raise rebutted by Respondent's actions, it is premised upon a falsity.

        Respectfully Submitted,

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
Phone (636) 207 – 7330
Fax (636) 207 – 7351

-and-

/s/ Michael J. O'Hara
MICHAEL J. O'HARA – 0014966
O'Hara, Ruberg, Taylor, Sloan &
    Sergent
25 Crestview Hills Mall Rd, Ste 201
P.O. Box 17411
Covington, KY 41017
Phone: (859) 331-2000
Fax: (859) 578-3365

COUNSEL FOR PETITIONER

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing was filed electronically on this 18th day of September, 2007, and this constitutes service upon counsel for Respondent pursuant to Loc. R. 5.2.

/s/ Laurence E. Komp
LAURENCE E. KOMP – 0060142
Counsel for Petitioner
