**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **LEE MOORE,** | : | |
| | : | |
| Petitioner, | : | **CASE NO.: C-1:00-CV-00023** |
| | : | |
| v. | : | **JUDGE DLOTT** |
| | : | |
| **BETTY MITCHELL, WARDEN** | : | **MAGISTRATE JUDGE MERZ** |
| | : | |
| Respondent. | : | |

**THE WARDEN'S MEMORANDUM
CONCERNING JURY QUESTIONNAIRES**

        Respectfully submitted,

        **MARC DANN
Ohio Attorney General**

        s/Charles L. Wille
        **CHARLES L. WILLE (0056444)
Principal Assistant Attorney General**
        Capital Crimes Unit
        30 East Broad Street, 23rd Floor
        Columbus, Ohio 43215
        (614) 728-7055; (614) 728-8600 (facsimile)
        Email: cwille@ag.state.oh.us

        **COUNSEL FOR RESPONDENT**

## STATEMENT OF THE CASE AND FACTS

The Petitioner, Lee E. Moore (hereinafter "Moore"), is under a sentence of death. On January 18, 2000, Moore filed a petition for a writ of habeas corpus in which he alleged that his conviction and death sentence are in violation of federal law or the Constitution of the United States. (Doc. 14)  On March 20, 2000, the District Judge referred the case to United States Magistrate Judge Merz. On June 1, 2000, per the order of the Magistrate Judge, Moore filed an amended petition for a writ of habeas corpus. (Doc. 29)  On July 17, 2000, Respondent filed an answer (Return of Writ) to the amended petition. (Doc. 31)  On November 12, 2002, Moore filed a reply (Traverse) to Respondent's Return. (Doc. 81).  On February 15, 2007, the Magistrate Judge issued a final report and recommendations (Doc. 128) in which he recommended the conditional grant of a writ of habeas corpus with respect to a part of the second ground alleged in support of relief, and the denial of a writ of habeas corpus with respect to the remaining grounds alleged in the petition.  On August 13, 2007, after timely objections by the parties. the Magistrate Judge issued a supplemental report and recommendations (Doc. 134) in which he again recommended the conditional grant of a writ of habeas corpus with respect to a part of the second ground alleged in support of relief, and the denial of a writ of habeas corpus with respect to the remaining grounds alleged in the petition.

On December 12, 2007, the parties moved to file a stipulation (Doc. 141) to expand the record to include jury questionnaires prepared by four prospective jurors. Pursuant to the stipulation, the parties requested leave to file short memoranda of law addressing the possible relevancy of the questionnaires. On December 13, 2007, the Court issued an order (Doc. 142) granting the stipulation.

## **ARGUMENT**

The questionnaires apparently are relevant to Moore's thirteenth ground in support of habeas corpus relief, in which he alleged, among other things, that the prosecutor's use of a peremptory challenge to excuse prospective juror Freeman violated his rights under *Batson v. Kentucky*, 476 U.S. 79 (1986). The Supreme Court of Ohio considered and rejected Moore's claim on direct appeal. *State v. Moore*, 81 Ohio St. 3d 22, 29-30 (1998). Upon habeas review, the Magistrate Judge recommended the denial of relief, reasoning that the Supreme Court of Ohio's decision was neither contrary to nor an unreasonable application of clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence of record. *See* Final Report and Recommendations (Doc. 128), pages 103-108.

The recommendation of the Magistrate Judge is supported by the juror questionnaires filled out by Ms. Freeman and other jurors who actually served on the panel. The Supreme Court of Ohio found, in pertinent part:

> During voir dire, the prosecution exercised one of its peremptory challenges against prospective juror Freeman, an African-American woman. The defense objected, and the trial judge requested the state to justify its peremptory challenge. The judge, following his own rule of practice, requested the prosecution to explain why it had peremptorily challenged Freeman.
>
> The prosecution tried to explain that it did not engage in a pattern of discrimination, since it had exercised "for cause" challenges against three white prospective jurors but not against any black jurors. When pressed for a justification by the trial court, the prosecutor stated that there were a couple of "things that bothered [him] about her [Freeman's] questionnaire."
>
> First, the prosecutor noted that Freeman stated on her questionnaire that she felt that alcoholism or drugs negatively affect a child's development. The prosecutor explained that based on defense questions during voir dire, it was apparent that the defense was going to rely upon alcohol and drug use as a mitigating factor. Second, the prosecutor stated that Freeman indicated on her questionnaire that her uncle was an attorney who had once served as a public defender. Third, the prosecutor noted that Freeman had her arms folded when he had questioned her and that such body language "struck him" as being not receptive to the questions asked by the state.

In ruling that the peremptory challenge of Freeman was not based on race, the court noted that a good attorney looks at body language. The court further explained that it too had sensed a "little hostility" coming from Freeman toward the prosecution. The court also accepted the prosecutor's reasoning that Freeman might be predisposed to the defense and perhaps a little "anti-prosecutor" because her uncle is a defense attorney. We conclude that the trial court's finding of no discriminatory intent was not "clearly erroneous" under Hernandez, 63 Ohio St. 3d at 583, 589 N.E.2d at 1314. Therefore, we overrule the fifth proposition of law.

The Supreme Court of Ohio's factual findings are consistent with the questionnaires included in the record via the parties' stipulated expansion of the record. As found by the Supreme Court of Ohio, Ms. Freeman indeed indicated on her questionnaire that alcoholism or drugs could negatively affect a child's development and that her uncle once served as a public defender. *See* Questionnaire of Sandra Freeman at pages 7, 16. Moreover, the reasonableness of the Supreme Court of Ohio's ultimate holding is not undercut by the questionnaires of the other jurors. None of the other jurors had the same combination of factors cited by the prosecution. One other juror listed drugs as a negative influence on children, but did not indicate that she had a relative who served as a public defender. *See* Questionnaire of Donna England at pages 7, 16. Another juror indicated that he had a college roommate who was a lawyer and a public defender. However, he did not list drugs as a negative influence on children. *See* Questionnaire of William Miller at pages 7, 16. And finally, the questionnaires do not undermine the credibility determinations made by the trial judge based on his observations of Ms. Freeman during voir dire.

**CONCLUSION**

The Magistrate Judge's recommendation to deny relief on Moore's *Batson* claim is fully supported by the record as recently expanded by the parties to include the specified jury questionnaires.

>
> **Respectfully submitted,**
>
> **MARC DANN**
> **Ohio Attorney General**
>
> s/Charles L. Wille
> **CHARLES L. WILLE  (0056444)**
> **Principal Assistant Attorney General**
> Capital Crimes Unit
> 30 East Broad Street, 23rd Floor
> Columbus, Ohio 43215
> (614) 728-7055; (614) 728-8600 (facsimile)
> Email: cwille@ag.state.oh.us
>
> **COUNSEL FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been sent via the court's electronic filing system to: Laurence E. Komp, Esquire (lekomp@swbell.net), 423 Madrina Ct., Ballwin, Missouri, 63021; **and** Michael J. O'Hara, Esquire (Mohara@ortlaw.com), 25 Crestview Hills Mall Road, Suite 201, P. O. Box 17411, Covington, Kentucky, 41017; Counsel for Petitioner, this 27th day of December, 2007.

 s/Charles L. Wille
**CHARLES L. WILLE (0056444)**
Principal Assistant Attorney General