**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| LEE EDWARD MOORE, | ) | CASE NO: C-1-00-023 |
| | ) | |
| Petitioner, | ) | JUDGE SUSAN J. DLOTT |
| | ) | |
| vs. | ) | CHIEF MAGISTRATE MERZ |
| | ) | |
| BETTY MITCHELL, Warden | ) | DEATH PENALTY CASE |
| | ) | |
| Respondent. | ) | *ELECTRONICALLY FILED* |

**PETITIONER'S AGREED UPON MOTION FOR SETTING A DATE CERTAIN FOR THE FILING OF A REQUEST FOR CERTIFICATE OF APPEALABILITY**

Now comes Petitioner Lee Edward Moore, by Counsel, and requests the date certain of May 9, 2008, by which to file a request for certificate of appealability. Respondent agrees to and does not oppose this request. The reasons in support are more fully explained in the attached memorandum in support.

Respectfully Submitted,

/s/ Laurence E. Komp
LAURENCE E. KOMP - 0060142
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
Phone (636) 207 – 7330
Fax (636) 207 – 7351

-and-

/S/ Michael O'Hara
MICHAEL J. O'HARA – 0014966
O'Hara, Ruberg, Taylor, Sloan &
    Sergent
25 Crestview Hills Mall Rd, Ste 201
P.O. Box 17411
Covington, KY 41017
Phone: (859) 331-2000

1

Fax: (859) 578-3365

COUNSEL FOR PETITIONER

**MEMORANDUM IN SUPPORT**

On January 18, 2008, the District Court entered its opinion and judgment conditionally granting in part the Petition for Writ of Habeas Corpus. ECF Doc. 145 and 146. On February 11, 2008, Respondent filed a Notice of Appeal. ECF Doc. 147. Petitioner has previously filed his notice of cross-appeal regarding those portions of the opinion that denied relief, and earlier rulings of the Court regarding the denial of discovery and an evidentiary hearing. ECF Doc. 149.

The certificate of appealability ("COA") provisions are governed by 28 U.S.C. § 2253(c)[1] and Fed. R. App. P. 22(b)(1).[2] They require a losing applicant, or petitioner, to request with specificity a COA on any merits claim. *Id.* The United States Supreme Court noted that the COA requirements also mandate a COA on any procedural impediment, as well as the merits, of a claim. *Slack v. McDaniel*, 529 U.S. 473, 483-484

---

[1] 28 U.S.C. § 2253(c) provides:
    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court; or
        (B) the final order in a proceeding under section 2255.
    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

[2] Fed. R. App. P. 22(b)(1) provides:
    (b) Certificate of Appealability.
        (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

(2000). Neither 2253(c) nor Fed. R. App. P. 22(b)(1) provide a time limit for the filing of such a request.

The government, in this case Respondent Warden, does not have to obtain a COA to pursue an appeal. The rules do not specifically address whether a COA is required when a winning applicant/petitioner files a cross-appeal, and Fed. R. App. P. 22(b)(3) can be read as relieving a winning applicant from having to obtain a COA. *See Id*. ("A certificate of appealability is not required when a state or its representative or the United States or its representative appeals.") Indeed, Fed. R. App. P. 22(b)(3)'s express language indicates a COA "is not required **when**" the government appeals, which the government has in this case. No language limits this exclusion to just a government's appeal rather than a winning applicant's cross-appeal. The Sixth Circuit has yet to determine this issue under AEDPA. As a result, and to preserve his rights, Petitioner is filing the current request for a date certain.

Undersigned counsel contacted Respondent's counsel regarding agreement with seventy-five (75) days from the filing of the notice of cross-appeal in which to file a COA. *Counsel for Respondent agrees to and has no objection to such a time frame.*

The request for seventy-five (75) days is not for purposes of delay. Indeed, it has been adjudged that Petitioner is entitled to habeas relief due to a violation of the Sixth and Fourteenth Amendments. He has no interest or desire to remain on death row any longer than needed. The seventy-five (75) days will allow sufficient time for Petitioner to give full consideration to all issues addressed by the Court in making Petitioner's decision to request a COA on the cross-appeal. Petitioner's counsel respectfully requests this amount of time to accommodate undersigned counsel's work calendars and existing

3

work related commitments.

  WHEREFORE, Petitioner requests approximately seventy-five (75) days in which to file a COA, up to and including May 9, 2008.

                Respectfully Submitted,

                /s/ Laurence E. Komp
                LAURENCE E. KOMP - 0060142
                Attorney at Law
                P.O. Box 1785
                Manchester, MO 63011
                Phone (636) 207 – 7330
                Fax (636) 207 – 7351

                -and-

                /s/  Michael O'Hara
                MICHAEL J. O'HARA – 0014966
                O'Hara, Ruberg, Taylor, Sloan &
                  Sergent
                25 Crestview Hills Mall Rd, Ste 201
                P.O. Box 17411
                Covington, KY 41017
                Phone: (859) 331-2000
                Fax: (859) 578-3365

                COUNSEL FOR PETITIONER

CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the foregoing was filed with and will be made available to Respondent via this Court's electronic filing system and pursuant to Loc. R. 5.2 this constitutes service.

                /s/ Michael O'Hara
                MICHAEL O'HARA – 0014966