# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LEE EDWARD MOORE,** | : | |
| Petitioner, | : | **CASE NO. C-1-00-023** |
| vs. | : | **JUDGE DLOTT** |
| **BETTY MITCHELL, WARDEN,** | : | **MAGISTRATE JUDGE MERZ** |
| Respondent. | : | |

## THE WARDEN'S MEMORANDUM IN OPPOSITION
## TO A CERTIFICATE OF APPEALABILITY

Respectfully submitted,

**NANCY H. ROGERS**
Attorney General

s/ *Charles L. Wille*

**CHARLES L. WILLE (0056444)**
Assistant Attorney General
Capital Crimes Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(614) 728-7055; (614) 728-8600 (fax)
Email: cwille@ag.state.oh.us

**COUNSEL FOR RESPONDENT**

## STATEMENT OF THE CASE AND FACTS

Petitioner Lee Edward Moore (hereinafter "Moore") is under a sentence of death adjudged by an Ohio court. On January 18, 2008, this Court granted in part Moore's petition for a writ of habeas corpus. [Order (Doc. 145)]. On February 11, 2008, Respondent Warden Betty Mitchell (hereinafter "Respondent" or "the Warden") filed a notice of appeal of the Court's judgment to the United States Court of Appeals for the Sixth Circuit. On February 25, 2008, Moore filed a notice of cross-appeal. On May 9, 2008, Moore filed a motion for a certificate of appealabiity with respect to specified claims upon which the Court denied relief. On June 2, 2008, the Court granted the Warden's motion for additional time to respond to Moore's motion.

## INTRODUCTION AND SUMMARY

Moore requests a certificate of appealability with respect to the Court's denial of habeas corpus relief based on the allegations of constitutional error set forth in the following grounds: the First, Second (sub-grounds (A) and (C)), Third (sub-ground (B)), Seventh (sub-grounds (A), (C) and (D)); Thirteenth (sub-ground (D)); Fifteenth, Sixteenth (paragraphs 269-271), Eighteenth (sub-grounds (A), (C) and (D)); Nineteenth, and Twenty-first (sub-ground (A)). The Court's determinations that Moore suffered no violations of his constitutional rights or was not fundamentally prejudiced by any alleged error at trial present no debatable questions of law, and are fully supported by the record. Indeed, in many instances, Moore does not squarely address the bases of the Court's determinations, much less show that the determinations present debatable issues of law or fact. In sum, as more fully discussed below, the Warden respectfully submits that the Court's denial of relief on the above grounds does not present issues debatable among

jurists of reason; or issues that a court could resolve in a different manner. Barefoot v. Estelle, sinfra. Accordingly, the Warden respectfully requests that the Court deny Moore's motion.

## APPLICABLE STANDARD OF REVIEW

In Barefoot v. Estelle, 463 U.S. 880 (1983), the Supreme Court of the United States recognized the intent of Congress, in requiring a petitioner to obtain a certificate of probable cause to appeal, "to prevent frivolous appeals from delaying the State's ability to impose sentences, including death sentences." Id. at 892. The Supreme Court then described as follows the standards to be applied in determining whether a habeas corpus petitioner should be permitted to appeal an unfavorable decision by a district court:

> We agree with the weight of opinion in the Courts of Appeal that a certificate of probable cause requires petitioner to make a "substantial showing of the denial of [a] federal right." Stewart v. Beta, 454 F.2d 268, 270, n.2 (CA5 1971, cert. denied, 406 U.S. 925, 92 Sect. 1796, 32 Led. 2d 126 (1972). See also Ramsey v. Hand, 309 F.2d 947, 948 (CA10 1962). [footnote 4] In a capital case, the nature of the penalty is a proper consideration in determining whether to issue a certificate of probable cause, but the severity of the penalty does not in itself suffice to warrant the automatic issuance of a certificate.
>
> [Footnote 4] The following quotation cogently sums up the standard:
>
> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Gordon v. Willis, 516 F.Supp. 911, 913 (ND Ga. 1980) (citing United States ex rel. Jones v. Richmond, 245 F.2d 234 (CA2), cert. denied, 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed. 2d 56 (1957).

Id. at 893-894.

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. Section 2253 to provide, among other things, that a certificate of

appealability may issue to permit an appeal by a habeas corpus petitioner, upon the petitioner's "substantial showing of the denial of a constitutional right." The certificate of appealability must indicate which specific issue or issues satisfy the required showing. See Title 28 U.S.C. Section 2253(c). In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court of the United States held that in amending 28 U.S.C. Section 2253 to require a certificate of appealability as opposed to a certificate of probable cause to appeal, Congress intended to codify the Barefoot v. Estelle standard. Thus:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy Section 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, *supra*, at 893, and n. 4, 103 S.Ct. 3383, and adopted by Congress in AEDPA. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.
>
> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the courts of appeals may entertain the appeal. Each component of the Section 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," Ashwander v. TVA, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (19360) (Brandeis, J., concurring), allows and encourages the court to first resolve

procedural issues.  The Ashwander rule should inform the court's discretion in this regard.

Slack v. McDaniel, 529 U.S. at 484-85.

## ARGUMENT IN OPPOSITION

In the First Ground of his amended petition, Moore alleged that his constitutional rights were violated because Chuck Stidham, the "mitigation specialist" employed by his trial counsel, "had an undisclosed, actual conflict of interest when he simultaneously represented Petitioner Moore and one of Petitioner Moore's co-defendant [sic] on his appeal of convictions and sentences for the same crime."  The Court held that the claim was procedurally defaulted because Moore failed to raise it on direct appeal;  and that the alleged ineffectiveness of appellate counsel was not "cause" to excuse the default, because Moore could not show the requisite prejudice.  In the latter regard, the Court found that Moore failed to show that Stidham's presumptive conflict of interest adversely affected his performance.  [Order (Doc. 145), pages 14, 19].  In his motion for a certificate of appealability, Moore notes this Court's application of *de novo* review of his claim, owing to the summary nature of the Supreme Court of Ohio's denial of his ineffective assistance of appellate counsel claim, and the Court's determination that the claim was procedurally defaulted.  However, he "presents the underlying merits claim as it relates to the appellate ineffectiveness."  Motion at page 6, note 3.  He then argues that he has shown "joint representation" at the trial phase and that the habeas corpus record contains evidence of an "actual conflict of interest" at least sufficient to raise a colorable argument that a presumption of prejudice under Mickens v. Taylor, 535 U.S. 162 (2002)..

The Warden respectfully submits that the Court's denial of relief on the First Ground should not be certified for appeal.  The Sixth Circuit has held explicitly that the standard of

5

deferential review applies to summary or unexplained decisions by the state courts. Harris v. Stovall, 212 F.3d 930, 943 (6th Cir. 2000); Maldonado v. Wilson, 416 F.3d 470, 476 (6th Cir. 2005) ("Harris v. Stovall held that when a state court decides a constitutional issue by form order or without extended discussion, the habeas court must conduct an independent review of the record and applicable law. Ultimately, however, the inquiry remains the AEDPA standard of whether the state court result is contrary to or unreasonably applies clearly established federal law."). Hence, Moore can obtain habeas relief only if the Supreme Court of Ohio's denial of his claim contravened or unreasonably applied clearly established federal law, or its adjudication was based on an unreasonable determination of the facts in light of the evidence presented to it. There is no basis upon which to find that the Supreme Court of Ohio contravened clearly established federal law, e.g., applied an incorrect constitutional standard to Moore's claim. Moreover, in attempting to show an "actual conflict of interest," Moore relies almost exclusively on matters outside the trial record which were not available to his appellate attorney or the Supreme Court of Ohio. Therefore, the Supreme Court of Ohio's finding that appellate counsel was not ineffective cannot be deemed unreasonable based on the record the court had before it.

Accordingly, the Court's denial of relief on Moore's First Ground presents no issues worthy of further review on appeal.

In his Second Ground, Moore alleged, among other things, that counsel were ineffective in failing to obtain an adequate "mitigation specialist;" and in presenting a "hopelessly ineffective" mitigation argument. The Court held that Moore failed to establish the requisite prejudice, .i.e, what evidence could have been presented that probably would have resulted in a life sentence, and that counsel's arguments on the whole were a professionally acceptable plea to the jury to spare his client's life. [Order (Doc. 145), pages 21, 27]. In his motion, Moore fails to

address the Court's finding of no prejudice. Hence, he points to nothing that reasonably calls into question the Court's finding. Neither does Moore specifically address the other basis for the Court's denial of relief. Rather, he offers a truncated version of arguments previously made to and rejected by the Court. Given the wide range of acceptable strategies in the formulation of closing argument, the Court's finding that the arguments by Moore's counsel were professionally adequate is indisputably a reasonable application of the law to the facts. See Yarborough v. Gentry, 540 U.S. 1, 4 (2003) ("deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage."). Therefore, the Warden respectfully submits that the Court's denial of relief on the Second Ground presents no issues worthy of further review on appeal.

In his Third Ground, Moore alleged, among other things, that trial counsel were ineffective during the guilt phase in "failing" to request an instruction on intoxication. The Court reasoned that under Ohio law a trial court does not abuse its discretion in refusing to instruct on voluntary instruction as a defense, where the evidence precludes a reasonable finding that the defendant's intoxication prevented the formation of a purpose to kill; that the evidence that Moore purposefully shot his victim was ample; and that therefore counsel was not ineffective in "failing" to request an instruction on voluntary intoxication as a defense. [Order (Doc. 145), pages 28-29]. In his motion, Moore again does not squarely address the basis of the Court's holding. Rather, he suggests that any evidence of intoxication is sufficient to create a "jury question." As the authority cited by the Court shows, Moore's suggestion is mistaken. Moreover, the evidence that Moore acted with the purpose to kill is not simply legally sufficient -- it is overwhelming. As noted by the Magistrate Judge, the evidence disclosed that Moore kidnapped Mr. Olinger at gunpoint, forced Mr. Olinger into the trunk of his car, and drove to a

remote location, where he robbed Mr. Olinger and then shot him "execution style." Therefore, the Warden submits that the denial of relief on the Third Ground does not present any issued worthy of further review on appeal.

In his Seventh Ground, Moore alleged, among other things, that the prosecutor improperly argued that the jury should consider the personal feelings of the victim; that the jury should consider non-statutory aggravating circumstances in imposing a death sentence; and that the jury should consider that Moore's statement to the jury in sentencing was unsworn. The Court held that the prosecutor's speculations concerning the feelings of the victim were not fundamentally prejudicial, given the overwhelming evidence of Moore's guilt; that any error in the prosecutor's comment on non-statutory aggravating circumstances was rectified by the Supreme Court of Ohio's independent re-weighing on appeal; and that the prosecutor's improper comment on Moore's unsworn statement was isolated and therefore did not directly impact on the sentence. [Order (Doc. 145), pages 55, 57 and 60].

In his motion, Moore once again does not squarely address the bases for the Court's denial of relief. He primarily argues that because similar arguments have been found improper in other cases or have been the subject of appeal, the Court's determinations in his case should also be certified. As the Court correctly recognized, however, whether the prosecutor's arguments resulted in a violation of fundamental due process necessarily depends on an assessment of the arguments in the context of the particular facts and circumstances of each case. The Warden respectfully submits that the Court's determinations here, under the particular facts and circumstances presented, are not subject to reasonable dispute. Hence, the Court's denial of relief on the Seventh Ground presents no issues worthy of further review on appeal.

In his Thirteenth Ground, Moore alleged, among other things, that the prosecution improperly challenged an African-American woman because of her race. Based on an obviously thorough review of the record, the Court held that "on balance, the state court's decision that the prosecutor had not demonstrated purposeful discrimination was not unreasonable or clearly erroneous." [Order (Doc. 145), page 75]. In his motion, Moore points to evidence of record which he maintains gives rise to a reasonable dispute concerning the Court's disposition of the claim. He also cites recent decisions of the Supreme Court which clarify application of the clearly established federal law. He further suggests that the Court erred by taking a "cookie cutter" approach in comparing the responses of other non-struck jurors to the responses of the juror in question, i.e., the Court erroneously found that a comparison was not probative of discrimination because the responses were not identical.

The record belies Moore's arguments. It discloses that the Court carefully considered all of the relevant evidence in light of the relevant holdings of the Supreme Court of the United States. Rather than showing a "cookie cutter" approach, the record demonstrates that the Court distinguished other similarly responding, non-struck jurors based on responses that a prosecutor could reasonably conclude signaled a favorable, prosecutorial-minded disposition, e.g., that the juror was strongly in favor of the death penalty, or had no concerns about childhood alcohol or drug abuse. Finally, as with all such claims, whether the state courts reasonably denied Moore's claim is dependent on the particular facts and circumstances presented, rendering a comparison with other cases largely irrelevant. In sum, the Warden respectfully submits that the Court's denial of relief on the Thirteenth Ground presents no issues worthy of further review on appeal.

Moore alleged, in his Fifteenth Ground, hat the trial court deprived him of his constitutional rights by failing to consider mitigating evidence. Considering the claim as a

possible instance of ineffective assistance of appellate counsel, the Court held that the claim lacked sufficient merit to require appellate counsel's presentation because the trial judge considered the mitigating evidence offered, but refused to give it ant weight; and that any error was "cured" by the appellate courts' consideration of the mitigating evidence, which was referenced in the record, in the course of their independent appellate re-weighing. [Order (Doc. 145), page 83]. In his motion, Moore again does not squarely address the bases for the Court's decision. Rather, he reiterates his previous arguments, again relying primarily on the Sixth Circuit's decision in <u>Davis v. Coyle</u>, 475 F.3d 761 (6th Cir. 2007). The Court fully considered all of Moore's arguments and reasonably distinguished <u>Davis v. Coyle</u> by correctly noting that in <u>Davis v. Coyle</u> the trial court refused to permit introduction of the mitigating evidence in question and therefore such evidence could not be considered during the course of appellate re-weighing. Moore offers no reason for disputing the Court's reasoning on this critical point. Therefore, the Warden respectfully submits that the Court's denial of relief on the Fifteenth Ground presents no issues worthy of further review on appeal.

In his Sixteenth Ground, Moore alleged, among other things, that the trial court violated his constitutional rights by failing to instruct, during the guilt phase, that the jury was required to find unanimously that Moore was the "principal offender," or to find unanimously that Moore committed the murder with prior calculation and design. The Court held that the error in failing to require a unanimous verdict on each of these "elements" was harmless given the jury's unanimous verdict of guilty on the first count, which alleged that Moore purposefully killed Mr. Olinger with prior calculation and design. [Order (Doc. 145), page 88]. In his motion, Moore largely ignores the basis of the Court's denial of relief, stating simply in conclusory fashion that the Court's harmless error determination is subject to reasonable dispute. Of course, that the jury

convicted Moore on the first count would seem indisputable. Accordingly, the Warden respectfully submits that the Court's denial of relief on the Sixteenth Ground presents no issues worthy of further review on appeal.

In his Eighteenth Ground, Moore alleged, among other things, that the prosecution committed misconduct by engaging in ex parte discussions with the defense expert, by presenting testimony from the victim's father in order to elicit sympathy from the jury, by urging the jurors to identify with the victim and by making other improper arguments. Moore did not present on direct appeal a claim that the prosecutor violated his rights by improperly contacting the defense's expert. Examining the claim as a possible instance of appellate ineffectiveness, the Court held that the claim had no merit, because the prosecutor violated no applicable ethical prohibition and there was no evidence that the prosecutor sought to intimidate the witness or otherwise attempt to exercise unlawful influence. The Court further held that the father's testimony was not fundamentally prejudicial; that the prosecutor did not urge the jurors to do their own "experiment" or otherwise consider anything apart from the evidence presented; and that the other allegedly improper arguments did not deprive Moore of fundamental fairness or were "cured" by the appellate courts' independent re-weighing. [Order (Doc. 145), pages 93-96].

In his motion, Moore again for the most part does not squarely address the bases for the Court's denial of relief on the claims. He suggests that the ramifications of a prosecutor's alleged ex parte contact with a defense expert witness is a matter of first impression within the circuit and thereby a viable appellate issue. He also argues that the facts present colorable grounds for relief with respect to his other allegations, and that the Sixth Circuit's consideration of similar claims in other cases indicates that his allegations are similarly appropriate for appellate review. The Warden respectfully submits that consistent with the legal authority cited by the Court, there

is no reasonable dispute about the Court's conclusion that the prosecutor violated no ethical prohibitions in meeting with the defense's expert witness; that there is no reasonable dispute concerning the Court's determination that the prosecutor did not urge the jurors to "experiment" or consider matters not in evidence (the record here speaks for itself); and that there is no reasonable dispute that the Court's lack-of-fundamental-prejudice determinations are fully supported by the record. Hence, the Warden respectfully submits that the Court's denial of relief on the Eighteenth Ground does not present any issues worthy of further review on appeal.

In his Nineteenth Ground, Moore alleged that his statements to the police were involuntary and therefore their admission into evidence violated his constitutional rights. The Court held that although the police were unnecessarily harsh in their treatment of Moore prior to his interrogation, the Supreme Court of Ohio's determination that Moore's waiver of his rights was knowing and voluntary was not an unreasonable application of federal law as clearly established by the decisions of the Supreme Court of the United States. The Court found specifically that the police properly advised Moore of his rights and obtained a signed waiver at midnight, and then re-affirmed with Moore that he had understood those rights before interrogating him five hours later. [Order (Doc. 145), page 102]. In his motion, Moore again for the most part reiterates his previous arguments as opposed to addressing squarely whether the basis for the Court's denial of relief presents any viable appellate issues. He suggests that his claim should be certified for appeal given the "troubling" nature of the police's treatment of him, and because another case involving a claimed violation of Miranda is pending before the Sixth Circuit. However, the federal courts have no supervisory authority over state prosecutors or police, and the sole concern here is whether the Supreme Court of Ohio was objectively reasonable in concluding that *Moore* suffered no violation of his constitutional rights. Therefore,

the Warden respectfully submits that the Court's denial of relief on the Nineteenth Ground presents nom issues worthy of further review on appeal.

In his Twenty-first Ground, Moore alleged that the trial court's instructions violated his constitutional rights by permitting his conviction based on alternative bases that he was the principal offender or that he acted with prior calculation and design. Consistent with its disposition of a substantially similar allegation set forth in furtherance of the Sixteenth Ground, the Court held that any error was harmless, given the jury's unanimous verdict of guilty on the first count. For the reasons stated by the Warden previously, Moore offers no reasoned basis for concluding that the Court's determination is subject tom dispute. Accordingly, the warden respectfully submits that the Court's denial of relief on the Twenty-first ground presents no issues worthy of further review on appeal.

Finally, in his motion, Moore presents the novel argument that because he seeks appellate review via a cross-appeal, he is not required to obtain a certificate of appealability. Moore cites no case decision which remotely supports his argument. The Warden also notes that the requirement for a certificate of appealability is a modification of the previous statutory requirement that a habeas corpus petitioner obtain a certificate of probable cause to appeal. Moore cites no case in which it was argued much less held that the previous longstanding requirement did not apply where the petitioner was a cross-appellant. Thus, contrary to Moore's suggestion, his argument presents no issue of "first impression" that is worthy of review on appeal.

**CONCLUSION**

Moore cannot demonstrate that the grounds rejected by this Court and the bases for the Court's rejection of them present issues adequate to encourage further pursuit on appeal. Nor can he show any other issue worthy of further review. Accordingly, the Warden respectfully asks the Court to deny Moore's motion for a certificate of appealability.

Respectfully submitted,

**NANCY H. ROGERS**
Attorney General

s/ *Charles L. Wille*

**CHARLES L. WILLE** (0056444)
Assistant Attorney General
Capital Crimes Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(614) 728-7055; (614) 728-8600 (fax)
Email: cwille@ag.state.oh.us

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *The Warden's Memorandum in Opposition* has been forwarded electronically on this 5th day of June, 2008, to: Laurence E. Komp, Esquire (lekomp@swbell.net), 423 Madrina, Ballwin, Missouri, 63021; and Michael J. O'Hara, Esquire (Mohara@ortlaw.com), 25 Crestview Hills Mall Road, Suite 201, P. O. Box 17411, Covington, Kentucky, 41017; Counsel for Petitioner.

s/ *Charles L. Wille*

**CHARLES L. WILLE**
Assistant Attorney General