UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LEE EDWARD MOORE, | ) | CASE NO: C-1-00-023 |
| | ) | |
| Petitioner, | ) | JUDGE SUSAN J. DLOTT |
| | ) | |
| vs. | ) | CHIEF MAGISTRATE MERZ |
| | ) | |
| BETTY MITCHELL, Warden | ) | DEATH PENALTY CASE |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S REPLY IN SUPPORT OF HIS
REQUEST FOR CERTIFICATE OF APPEALABILITY**

On May 9, 2008, Petitioner requested a certificate of appealability ("COA"). ECF Doc. 151. Thereafter, Respondent filed a response in opposition. ECF Doc. 153. Petitioner now timely files his reply.

**A.    Introductory Statement -**

Petitioner, in his Memorandum supporting his Motion for a COA has established that there are facts and case authority that reasonably support Petitioner's Grounds for Relief and that deserve encouragement to proceed further or appeal. While Respondent appears to recognize the applicable COA standard, she seems to imply that the COA should be denied because Petitioner will not succeed on appeal. As this Court is aware, Petitioner need not establish that he could succeed on an appeal, but simply that the issue is debatable among jurists of reason. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As shown below, Respondent misapplies the COA standard and, in the body of her response, demands more than the required standard. Respondent argues that Petitioner cannot win rather than the more forgiving COA standard.

1

B.     **Habeas Grounds For Relief**

Petitioner will address several of Respondent's arguments. The failure to respond to a specific argument does not connote agreement with the argument. Several issues addressed by Respondent have been fully briefed in Petitioner's initial Memorandum and, based on Respondent's counter-arguments, do not require further briefing here. (See Doc 151, as to Grounds Two A, Three, Fifteen, Sixteen, Eighteen, and Twenty-One). Petitioner respectfully refers the Court to his initial Memorandum for a discussion of those Grounds. Petitioner addresses particular matters relating to the remaining Grounds below.

1.     **First Habeas Ground - Attorney Stidham's Actual Undisclosed Conflict of Interest in Simultaneously Representing Petitioner and His Co-Defendant.**

Respondent appears to fault Petitioner for arguing a "de novo" review. Doc. 153, pp.5-6. First, this Court properly engaged in the *de novo* review in considering Petitioner's allegation of error. *See* ECF Doc. 128, p. 33 (Report and Recommendation); ECF Doc. 135 p. 5 n. 3 ("The Report considers the ineffective assistance of appellate counsel claim *de novo* rather than under the deferential 2254(d) standard because the Ohio Supreme Court decision on this question, though on the merits, was completely conclusory.") (Supplemental Report); *Moore v. Mitchell*, 531 F. Supp. 2d 845, 864 (S.D. Ohio 2008). Thus, Petitioner cannot be faulted for doing the same. While Respondent may want to argue to the United States Court of Appeals for the Sixth Circuit that this Court erred, Respondent should not seek reconsideration of this Court's ruling through the vehicle of a memorandum opposing a COA. Given Respondent has twice chosen not to object to the Chief Magistrate's application of *de novo* review, Respondent's belated objections are thus waived. In any event, this Court

properly applied a *de novo* review to the issue of prejudice caused by the conflict, as the state court failed to address that prong in its opinion. *Wiggins v. Smith,* 539 U.S. 510, 534 (2003).

Second, Respondent criticizes Petitioner's citation to "matters outside the trial record" to show a debatable issue regarding whether Petitioner has demonstrated prejudice as a result of appellate counsel's failure to raise the actual conflict issue on appeal. (Doc. 153, p.6). In fact, Petitioner is relying on evidence attached to the pleadings filed with the state courts and part of the record before this Court. *See e.g.* Return Supp. Apx. Vol. II pp. 147-167. Any additional evidence is properly before the Court pursuant to a *joint* motion to expand the record. *See* ECF Doc. 118 (granted via 6/23/05 notation order); *see Richey v. Bradshaw*, 498 F.3d 344, 351-352 (6th Cir. 2007) (evidence properly considered when respondent agreed to expansion under rule 7). Such evidence is relevant to the Court's consideration of this ground. Alternatively, if Respondent can somehow resurrect his twice waived application of AEDPA standards, Petitioner is well within his rights to present evidence "outside the record" to challenge any findings under 2254 (e)(1) as rebutted by clear and convincing evidence. This is particularly true where the evidence is properly before the Court under Rule 7.

This Court rejected the Petitioner's First Ground by finding that Petitioner failed to demonstrate that Stidham made choices that benefited the co-defendant and were detrimental to Petitioner. *Moore v. Mitchell,* 531 F.Supp. 2d at 865. In his Memorandum in Support of COA, Petitioner does offer evidence in the record supporting his contention that prejudice has been shown by the action and inaction of Mr. Stidham, which both worked to the benefit of the co-defendant and the detriment of Petitioner. The evidence of record provides a sufficient basis to demonstrate that the claim is, at least, reasonably debatable given the

unique facts of Petitioner's case and Sixth Circuit authority explicating true "concurrent representation" cases. *See* Doc.151, pp. 6-10, citing, *Fautenberry v. Mitchell*, 515 F.3d 614, 627-628 (6th Cir. 2008); *Gillard v. Mitchell*, 445 F.3d 883, 891 (6th Cir. 2006). Respondent has failed to address these specific facts and authority. Consequently, the COA should be granted as to the First Ground for Relief.

    2.  **Second Habeas Ground, Subsection C - Counsel Presented A Hopelessly Ineffective Mitigation Argument Which Actually Damaged Petitioner.**

Petitioner does not dispute Respondent's citation to *Yarborough v. Gentry*, 540 U.S. 1 (2003), which notes the deference normally accorded trial counsel's closing strategy. Rather than demonstrate that Petitioner's claim is unworthy to proceed on appeal, Respondent simply asserts that the District Court's decision was correct on the merits. Respondent incorrectly contends that the Petitioner failed to address the Court's finding of no prejudice. To the contrary, Petitioner recounts a long list of devastating remarks and concessions made by defense counsel that could easily have led to the jury's decision to recommend death, and prompted this Court to agree that "trial counsel made a series of unfortunate remarks which might have been misinterpreted by the jury when taken in isolation." Doc. 151, pp.12-16, quoting *Moore*, 531 F.Supp. 2d p. 872. Given the number of trial counsel's "series of unfortunate remarks," the Court of Appeals could find the issue reasonably debatable. Respondent again fails to address any of the factual record upon which Petitioner relies in seeking a COA on this subclaim.

Thus, Petitioner has demonstrated a reasonable dispute on a fact intensive inquiry. Indeed, the unique facts of Petitioner's case and the Sixth Circuit's recent reversal for attorney errors in closing argument (*Spisak v. Mitchell*, 465 F.3d 684 (6th Cir. 2006), *vacated*

4

*and remanded Hudson v. Spisak*, 128 S. Ct. 373 (2007); *reinstated Spisak v. Hudson*, 512 F.3d 852 (6th Cir.) *amended by Spisak v. Hudson*, 2008 U.S. App. LEXIS 7760 (6th Cir. 2008)), all demonstrate that Petitioner presents a claim that is not wholly unreasonable on its face, or is reasonably debatable among jurists of reason.

### 3. Seventh Habeas Ground - Prosecutorial Misconduct At Mitigation Phase Closing Argument.

Again, Respondent takes Petitioner to task for not arguing the incorrectness of this Court's previous ruling. This is not standard. Petitioner asserts that the consistent condemnation by this Court and the Ohio Supreme Court of the challenged arguments made by the trial prosecutor, and the overwhelming authority condemning just such arguments due to their prejudicial effect, presents a reasonable argument for appeal. As with the previous Grounds, Respondent fails to address any of the specific incidents of misconduct addressed in Petitioner's Memorandum. *See* Doc.151, pp. 18-20. Nor does Respondent address any of the cases relied upon by Petitioner, cases where similar incidents of misconduct were addressed on appeal. *See* Doc. 151. pp. 18-20, citing *Combs v. Coyle*, 205 F. 3d 269, 292-293 (6th Cir. 2000); *Boyle v. Million*, 201 F.3d 711, 715 (6th Cir. 2000); *Girts v. Yanai*, 501 F.3d 743, (6th Cir. 2007); *and Bates v. Bell*, 402 F. 3d 635 (6th Cir. 2005). Finally, Respondent does not address the criticisms of the prosecutor's improper argument offered by both the State Court and this Court. That criticism of the prosecutor's improper conduct, together with the authority cited by Petitioner, makes this Ground clearly debatable among reasonable jurists.

### 4. Thirteenth Habeas Ground - *Batson* Challenge to Prosecutor's Exercise of Peremptory to Excuse African-American.

As Petitioner previously pointed out in his initial Memorandum, a Judge of this

5

Court has previously found the specific trial prosecutor involved herein guilty of a violation of *Batson*. *Jamison v. Collins*, 100 F. Supp. 2d 647, 696-697 (S.D. Ohio 2000). In the present case, Petitioner has offered evidence in the form of juror questionnaires showing that White jurors, with substantively identical responses to the responses of the challenged African-American juror (Ms. Freeman), were allowed to stay on the jury. Indeed, problems with their questionnaires were at times cleared up by questioning – while the struck African-American juror was given no such opportunity to respond to the "concerns" of the prosecutor. In addition, Petitioner has offered evidence of under representation of minorities on the jury venire. Petitioner provides a detailed recitation of the record supporting the *Batson* claim. *See* Doc. 151, pp. 20-23. Despite Respondent's concession that a *Batson* claim "is dependent on the particular facts and circumstances presented," none of that record is addressed by Respondent in her opposition. Doc. 153, p. 9. The record developed by Petitioner here makes it clearly debatable among reasonable jurists as to whether Petitioner's rights as enunciated in *Batson* were violated.

Respondent incorrectly suggests this Court applied all relevant United States Supreme Court authority on the subject. Obviously, this Court could not have considered the effect of *Snyder v. Louisiana*, -- U.S. --, 128 S.Ct. 1203 (2008) as the decision post-dates this Court's ruling. It is entirely appropriate to give the Sixth Circuit the opportunity to consider this Ground with the guidance of *Snyder*.

Respondent throws around the term "cookie-cutters" as if Petitioner were using the term in a pejorative fashion toward the Court. *See Miller-El v. Dretke*, 545 U.S. 231, 247 n. 6 (2005) ("potential jurors are not products of a set of cookie cutters.") Petitioner did nothing of the kind. While Petitioner cited a Supreme Court case that used such a term and

warned against such a review, Petitioner cited the case to demonstrate the reasonableness of Petitioner's claim on the merits, rendering the argument reasonably debatable. Indeed, the fact that the United States Supreme Court warns against a review that Petitioner complains of, only supports Petitioner's argument that he has satisfied the minimal COA standard.

In sum, the *Snyder* and *Miller-El* decisions closely resemble both the factual circumstances of Petitioner's case and the errors committed by the state courts in addressing Petitioner's allegation of error. Since the filing of Petitioner's COA request, the Sixth Circuit reversed and remanded on the basis of a Batson error. *See Harris v. Haeberlin*, -- F.3d --, 2008 U.S. App. LEXIS 10880 (6th Cir. 2008). Thus, a COA should properly issue with respect to this Ground.

### 5. Nineteenth Habeas Ground - Petitioner's Statement Was Taken in Violation of Rights Under the Fifth and Fourteenth Amendments.

Petitioner is not requesting this Court or any court to attempt the utterly futile task of asserting "supervisory authority of state prosecutors or police," as Respondent suggests. Rather, Petitioner argues that his claim is reasonably able to proceed on appeal due to this Court's and the Ohio Supreme Court's recognition of the overreaching by officers in the case herein. To this end, Petitioner has presented a substantial record that raises legitimate serious concerns about whether the State Court's ruled in a manner clearly contrary to extant Supreme Court authority or unreasonably applied such authority. S*ee* Doc. 151, pp. 33-36. It is again notable that Respondent neither addresses that record, nor does she mention the criticism leveled against the conduct of the police by the state courts and this Court. Respondent's failure in this regard allows this Court to conclude that this Ground is worthy of appellate review.

**6.     AEDPA Question -**

Petitioner presents a claim of first impression for the Sixth Circuit, i.e., whether a COA is necessary for a cross-appeal by Petitioner. Respondent presents an apparently contradictory argument to the effect that no case exists, thus it is not an issue of first impression. The fact that no case exists demonstrates that it is an issue of first impression and worthy of review. Further, the rules do not specifically address whether a COA is required when a winning applicant/petitioner files a cross-appeal. Fed. R. App. P. 22(b)(3) can be read as relieving a winning applicant from having to obtain a COA. *See Id.* ("A certificate of appealability is not required when a state or its representative or the United States or its representative appeals."). Nothing in the Rule requires a successful Petitioner to obtain a Court of Appeals for a cross-appeal. That language alone creates a legitimate question of whether a COA is required with a cross-appeal by a successful Petitioner.

WHEREFORE, for the reasons previously stated in his intitial COA request and further explained above, Petitioner requests the Court to issue a COA on his First Ground, Second Ground (Subsections A and C), Third Ground (Subsection B), Seventh Ground (Subsections A, C, and D), Thirteenth Ground (Subsection D), Fifteenth Ground, Sixteenth Ground (Paragraphs 269-271), Eighteenth Ground (Subsections A, C and D), Nineteenth Ground, his Twenty-first Ground (Subsection A), and the interpretation of Fed. R. App. P. 22(b)(3).

                                                    Respectfully Submitted,

                                                    /s/ Laurence E. Komp
                                                    LAURENCE E. KOMP - 0060142
                                                    Attorney at Law
                                                    P.O. Box 1785
                                                    Manchester, MO 63011

        Phone (636) 207 – 7330
        Fax (636) 207 – 7351

        -and-

        MICHAEL J. O'HARA – 0014966
        O'Hara, Ruberg, Taylor, Sloan &
            Sergent
        25 Crestview Hills Mall Rd, Ste 201
        P.O. Box 17411
        Covington, KY 41017
        Phone: (859) 331-2000
        Fax: (859) 578-3365

        COUNSEL FOR PETITIONER

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true copy of the foregoing was filed with and will be made available to Respondent via this Court's electronic filing system and pursuant to Loc. R. 5.2 this constitutes service, this 16th day of June, 2008.

        <u>/s/ Laurence E. Komp</u>
        LAURENCE E. KOMP – 0060142

9