IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEE E. MOORE,

                Plaintiff,

                 -vs-

BETTY MITCHELL, Warden,

                Defendant.

:

:

:

Case No. 1:00-cv-023

District Judge Susan J. Dlott
Chief Magistrate Judge Michael R. Merz

---

**REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY**

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 151). Respondent has filed a Memorandum in Opposition (Doc. No. 153) and Petitioner has filed a Reply in Support (Doc. No. 154).

A motion for certificate of appealability is a post-judgment motion referred to the United States Magistrate Judge under 28 U.S.C. § 636(b)(3) and therefore requires a report and recommendations.

**Standard for a Certificate of Appealability**

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before

proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right."

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).  That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).  If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.  The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring).  The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).  The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis.  Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason;  that a court could resolve the issues [in a different manner];  or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4.  *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003).  A certificate of appealability is not to be issued pro forma or as a matter of course.  *Id*. at 1040.  Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id*.  A blanket certificate of appealability for all claims is improper, even in a capital case.  *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).


## Analysis


Judge Dlott entered judgment in this case on January 18, 2008, granting the requested Writ of Habeas Corpus conditionally as to subclaim B of the Second Ground for Relief, the Sixth Ground for Relief, and the subclaim addressing Paragraph 264 of the Supplemental Petition in the Sixteenth Ground for Relief.  *Moore v. Mitchell*, 531 F. Supp. 2d 845 (S.D. Ohio 2008)(Copy at Order, Doc. No. 145).  The Warden appealed (Doc. No. 147) and Petitioner cross-appealed (Doc. No. 149).

Petitioner seeks a certificate of appealability as to his First, Second (Subsections A and C), Third, Seventh, Thirteenth, Fifteenth, Sixteenth, Eighteenth, Nineteenth and Twenty-First Grounds for Relief.  Respondent believes none of these Grounds for Relief meets the standard set forth above and therefore requests the Motion be denied in its entirety (Doc. No. 153 at 2-3).

## First Ground for Relief

The Magistrate Judge remains persuaded that, despite being allowed full discovery on the issue, Petitioner has been unable to produce any evidence that mitigation specialist Stidham did or failed to do anything in this case because of the conflict of interest between Petitioner and his co-defendant Holmes.  Petitioner's Motion raises matters which are irrelevant.  It is true that Stidham provided information to Dr. Chiappone on the basis of which Chiappone testified and that Chiappone's testimony was injurious to Petitioner, but there is no showing or attempted showing that whatever it was Stidham gave Chiappone made Chiappone less likely to testify favorably to Petitioner.  As the District Court's opinion makes clear, there is no proof Stidham recommended Chiappone to defense counsel.  Petitioner speculates about how Chiappone got information which was unfavorable to Petitioner, particularly Petitioner's admission of the crime to Chiappone.  But after full discovery Petitioner has nothing more than speculation.  He offers no basis on which the Court of Appeals could reasonably reverse the essentially factual findings of this Court.

Petitioner relies on *Fautenberry v. Mitchell*, 515 F.3d 614 (6th Cir. 2008), and *Gillard v. Mitchell*, 445 F.3d 883 (6th Cir. 2006), for the proposition that "[t]he Sixth Circuit has considered allegations regarding an actual conflict [of interest] where the habeas petitioners could not establish the existence of concurrent representation." (Doc. No. 151 at 8).  That proposition is of no relevance to the current application for certificate of appealability except to show that a certificate was issued on a claim of actual conflict of interest in that case.[1]  The Court of Appeals found that the state court

---

[1]In *Fautenberry*, the certificate on the relevant Ground for Relief was issued by the District Court.  515 F. 3d at 622.

determination that there was no actual conflict had not been rebutted under 28 U.S.C. § 2254(e)(1). 515 F. 3d at 628. There is no holding from the Court of Appeals in *Fautenberry*[2] that this was an appropriate issue to certify or pronouncement on what the standards for certification ought to be. If anything, *Fautenberry* supports the proposition that lower court findings of no actual conflict, when grounded in evidence, are not likely to be reversed.

Petitioner has not shown that this Court determination on his First Ground for Relief is debatable among reasonable jurists. No certificate of appealability should be granted on the First Ground for Relief.

### Second Ground for Relief (Subsections A and C)

While the Magistrate Judge remains persuaded of the correctness of the District Judge's order as to these two claims, it is always difficult to conclude that reasonable jurists could not disagree about whether a particular mode of arguing constituted ineffective assistance of counsel. A certificate of appealability should be granted on these two claims.

### Third Ground for Relief (Subsection B)

In his Third Ground for Relief, Petitioner claims ineffective assistance of counsel in his trial

---

[2]In this judge's experience, if a district court issues a certificate of appealability, the Sixth Circuit will then decide the appealed ground for relief on the merits without second guessing the district court. Of course, if the district court denies a certificate altogether or on a particular ground for relief, the Court of Appeals considers that question de novo, as was apparently intended in the AEDPA.

attorney's failure to request a voluntary intoxication instruction.  Given the facts presented at trial about Petitioner's planning of the offense in question, see 531 F. Supp. 2d at 872-873, it is extremely unlikely that the trial judge would have given such an instruction if requested.  Although the evidence of Petitioner's consumption of intoxicants was relevant to penalty, it could not have overcome the proof of planning involved. It was therefore not ineffective assistance to fail to request such an instruction. Reasonable jurists would not disagree with this conclusion and therefore no certificate should issue on the Third Ground for Relief.

### Seventh Ground for Relief

In his Seventh Ground for Relief, Petitioner asserts several claims of prosecutorial misconduct.

In Subsection A he complained of remarks by the prosecutor in closing argument which asked the jury to identify with the victim and speculate what went through his mind.  While these remarks were extensive and improper, the District Court denied relief on this claim upon finding, as the Magistrate Judge recommended, that the evidence of guilt was overwhelming.  While the Magistrate Judge continues to believe this is the correct conclusion, he cannot say that reasonable jurists could not find that these comments denied Petitioner a fair trial.  A certificate of appealability should be issued on this subclaim.

With respect to Subsection C (claim of prosecutorial misconduct in arguing non-statutory aggravating factors), the District Court rejected this claim based on the reweighing of the evidence by the Ohio Court of Appeals and the Ohio Supreme Court.  531 F. Supp. 2d at 888-889.

7

Reasonable jurists would not disagree with this conclusion and therefore no certificate of appealability should be issued on this subclaim.

With respect to Subsection D (claim of prosecutorial misconduct in commenting on Petitioner's unsworn statement), the District Court rejected the claim upon a finding that, although improper, it did not render the trial fundamentally unfair. While the Magistrate Judge agrees, having initially recommended this conclusion, this is a weighing judgment on which reasonable jurists could disagree. A certificate of appealability should be issued on this subclaim.

### Thirteenth Ground for Relief

In Subclaim D of his Thirteenth Ground for Relief, Petitioner asserts that the peremptory striking of prospective juror Freeman was racially based, in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). The Magistrate Judge recommended this claim be denied on the merits and the District Judge adopted that recommendation. 531 F. Supp. 2d at 896-900. Nevertheless, the extended analysis given this claim by the District Judge supports the conclusion that it is debatable among reasonable jurists and a certificate of appealability should be granted so that the Court of Appeals may consider the matter.

## Fifteenth Ground for Relief

In his Fifteenth Ground for Relief, Petitioner asserts that the trial court failed to give any weight to certain uncontradicted evidence offered in mitigation. The District Judge showed that the evidence which assertedly was given no weight was in fact considered by the sentencing judge. The authority relied on by Petitioner in support of this Ground for Relief goes to the question of whether certain mitigating evidence is admitted or excluded, and not to the weight it must be given. In the absence of controlling authority from the appellate courts, a trial judge is not required to give any particular amount of weight to a particular piece of mitigating evidence, and Petitioner cites no such law. Reasonable jurists would not disagree with the District Court's disposition of this Ground for Relief and no certificate of appealability should issue.

## Sixteenth Ground for Relief (Paragraphs 269-271)

In his Sixteenth Ground for Relief as pled at ¶¶269-271 of the Supplemental Petition, Moore asserts that the trial court erred by instructing the jury in such a way that they could have returned non-unanimous verdicts. As the District Court found, as had the Ohio Supreme Court, that the trial court error here was harmless because the trial court imposed only one death penalty.

Constitutional error in a habeas case is not required to be harmless beyond a reasonable doubt. Rather, error is harmless if the habeas court is satisfied it did not have a substantial and injurious effect or influence in determining the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S.

9

750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946).  This standard calls for reversal when the appellate court

lacks a "fair assurance" that the outcome of a trial was not affected by error.  *Beck v. Haik*, 377 F.3d

624 (6th Cir. 2004).

While the Magistrate Judge continues to believe the error here was harmless, that conclusion

is debatable among reasonable jurists and should be certified for appeal.


**Eighteenth Ground for Relief**


With respect to his Eighteenth Ground for Relief, Petitioner seeks to appeal three additional

rulings of the District Court on claims of prosecutorial misconduct.[3]

Subclaim A asserts that the prosecutor engaged in misconduct warranting issuance of the writ

by discussing the case with defense expert Chiappone.  Judge Dlott concluded that this claim was

procedurally defaulted unless it could be shown that it was ineffective assistance of appellate

counsel to fail to raise it on direct appeal.  531 F. Supp. 2d at 909-910.  She held the underlying

claim was without merit because there was no violation of Ohio law involved in the contact.

In seeking to appeal, Petitioner relies on a district court case from Pennsylvania and a Ninth

Circuit case.  He makes no attempt to show that these citations would have persuaded the Ohio

appellate courts to find that the prosecutor violated Ohio law.  Thus there is no probability that this

claim would have prevailed in the Ohio courts and therefore there was no ineffective assistance of

---

[3]In his Motion for Certificate of Appealability, Petitioner labels his 18th Ground for Relief as addressing improper jury instruction.  (Motion, Doc. No. 151, at 30).  However, the body of the text under this heading addresses the 18th Ground for Relief as considered by the District Court.

appellate counsel in failing to raise it in those courts. Reasonable jurists would not disagree with this conclusion and therefore no certificate of appealability should issue on Subclaim A.

In Subclaim C, Petitioner complains of asserted prosecutorial misconduct in presenting victim impact testimony during the culpability phase of the trial and inviting the jury to conduct an experiment in the jury room. While the Magistrate Judge remains persuaded that the District Court decision on these assertions is correct, that decision would be debatable among reasonable jurists, principally because it is a matter of weighing the potential impact of the actions. A certificate of appealability should issue on Subclaim C.

In Subclaim D, Petitioner complains of the prosecutor's mitigation phase argument requesting the jury to identify with the victim. A certificate of appealability should issue on this Subclaim for the same reasons as were recommended on the Seventh Ground for Relief.

**Nineteenth Ground for Relief**

In his Nineteenth Ground for Relief, Petitioner argues that his statement was taken from him in violation of his *Miranda* rights. Given that the Ohio Supreme Court was "troubled" by several aspects of Petitioner's questioning and Judge Dlott found his treatment by the arresting officers "unnecessarily harsh. (531 F. Supp. 2d at 915), the undersigned cannot say that the impact of this treatment on Petitioner could not be debated among reasonable jurists. Therefore, a certificate of appealability should issue on the Nineteenth Ground for Relief.

11

**Twenty-First Ground for Relief**

In Subclaim A[4] of this Twenty-First Ground for Relief, Petitioner asserts that the "principal offender" and "prior calculation and design" instructions are elements which are not to be charged in the same capital case in Ohio.  For the same reasons as set forth above as to the Sixteenth Ground for Relief, a certificate of appealability should issue on this Ground for Relief.

July 1, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

---

[4]In his Motion at p. 36, Petitioner labels the subclaim on which he seeks a certificate of appealability as "Subclaim B."  However, the text of the Subclaim is that of Subclaim A as decided by Judge Dlott.  See 531 F. Supp. 2d at 916.