**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **LEE E. MOORE,** | ) | *Electronically Filed* |
| | ) | |
| Petitioner, | ) | *DEATH PENALTY CASE* |
| | ) | *No Execution Date Scheduled* |
| v. | ) | |
| | ) | **CASE NO. 1-00-0023** |
| **BETTY MITCHELL,** | ) | |
| | ) | **Judge Dlott** |
| Respondent. | ) | **Magistrate Judge Merz** |

**PETITIONER'S OBJECTIONS TO CHIEF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, DOC. 155**

Petitioner Lee Moore, by Counsel, pursuant to Fed. R. Civ. Proc. 72(b) respectfully objects to that portion of the Chief Magistrate Judge's Report and Recommendation that recommends denying the Certificate of Appealability regarding the decision to require a Certificate of Appealability despite the fact that Petitioner is a prevailing party as to some of the Grounds for Relief. Petitioner also objects to that portion of the Chief Magistrate Judge's Report and Recommendation that recommends denying the Certificate of Appealability as to: the First Ground for Relief; Seventh Ground for Relief, Subsection C; and Fifteenth Ground for Relief.

    Respectfully Submitted,

    /s/ Laurence E. Komp (by M. O'Hara)
    LAURENCE E. KOMP - 0060142
    Attorney at Law
    P.O. Box 1785
    Manchester, MO 63011
    Phone (636) 207 – 7330
    Fax (636) 207 – 7351
    -and-

/s/  Michael J. O'Hara
MICHAEL J. O'HARA – 0014966
O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
25 Crestview Hills Mall Rd, Ste 201
P.O. Box 17411
Covington, KY 41017
Phone:          (859) 331-2000
Fax: (859) 578-3365

COUNSEL FOR PETITIONER

## MEMORANDUM IN SUPPORT

**I.      INTRODUCTORY STATEMENT**

On January 18, 2008, the District Court entered its opinion and judgment conditionally granting Petitioner's writ for habeas corpus. ECF Doc. 145 and 146. This Court granted relief on a portion of Petitioner's Second Habeas Ground, Sixth Habeas Ground, and a portion of Petitioner's Sixteenth Habeas Ground (Petition para. 269-271). This Court also denied relief as to Petitioner's other Habeas Grounds. *Id.*

On February 11, 2008, Respondent filed a Notice of Appeal. ECF Doc. 147. On February 25, 2008, Petitioner filed a notice of cross-appeal regarding those portions of the opinion that denied relief, and earlier rulings of the Court regarding the denial of discovery and an evidentiary hearing. ECF Doc. 149. On May 9, 2008, Petitioner filed his Motion for Issuance of a Certificate of Appealability (COA). ECF Doc. 151. In so doing, Petitioner contended among other issues, that a COA was not required in a case such as this where the Petitioner is the successful party. ECF Doc. 151. , pp. 37 *et seq.* Respondent filed her opposition to the requested COA on June 5, 2008 (ECF Doc. 153), to which Petitioner replied on June 16, 2008. ECF Doc. 154.

The Chief Magistrate Judge filed his Report and Recommendations On Motion for Certificate of Appealability on July 1, 2008. ECF Doc. 155. In the Report, the Chief Magistrate Judge recommends granting the COA as to:

> Second Ground for Relief, Subsections A and C;
> Seventh Ground for Relief , Subsections A and D;
> Thirteenth Ground for Relief;
> Sixteenth Ground for Relief (Petition para. 269-271);
> Eighteenth Ground for Relief, Subsections C and D;
> Nineteenth  Ground for Relief; and
> Twenty First Ground for Relief, Subsection A.

Petitioner now files his timely objections to that portion of the Report and Recommendation that recommends denying a COA as to the following Grounds for Relief: the First Ground for Relief; Seventh Ground for Relief, Subsection C; and Fifteenth Ground for Relief.  Petitioner also objects to the Chief Magistrate Judge's recommended conclusion that a COA is required for a prevailing petitioner.

## II.     COA STANDARDS

The certificate of appealability ("COA") provisions are governed by 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)(1).  They require a losing applicant, or petitioner, to request with specificity a COA on any merits claim.  *Id.*  As this Court is aware, in order to obtain a COA, Petitioner's burden is straightforward. "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A COA should be granted where the Petitioner demonstrates that "issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* 529 U.S. 484, citing *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a COA

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (2000).

To be clear, the standard is quite minimal. Petitioner does not have to demonstrate that he will win his cross-appeal. As noted by the United States Supreme Court: "We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

"Any doubt whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination." *Miller v. Johnson*, 200 F.3d 274, 280 (5th Cir. 2000) *citing Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997); *see also Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) ("'[i]n a capital case, the nature of the penalty is a proper consideration in determining whether to issue a [COA,].'"*Id.,* quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (additional citation omitted)).

The Supreme Court has long recognized that capital cases demand heightened standards of reliability because of the unique severity and finality of the death penalty. *Beck v. Alabama*, 447 U.S. 625, 637-638 (1980); *see also Andres v. United States*, 333 U.S. 740, 753 (1948) ("[i]n death cases, doubts … should be resolved in favor of the accused.").[1]

---

[1] Petitioner agrees that the Chief Magistrate Judge applied the appropriate legal standard. Petitioner's objections are limited to the application of that standard to the issues discussed below.

**III.    ARGUMENT**

**Introductory Statement**

Both the Chief Magistrate and the District Court found that Petitioner received the ineffective assistance of counsel during his penalty hearing and on his direct appeal. *See* ECF Doc. 128, Report and Recommendation, pp. 90, 138; ECF Doc. 135 Supplemental Report and Recommendation,, p. 20; *Moore v. Mitchell*, 531 F. Supp. 2d 845, 921-922 (S.D. Ohio 2008). Petitioner's ineffective counsel failed to interview their expert witness before putting him on the stand where his testimony would contradict the defense mitigation theory. *Id.* at 867-870. Petitioner's counsel's actions in this regard robbed Petitioner of the constitutionally required Sixth Amendment right to counsel and irretrievably skewed the death penalty sentencing calculus. Thus, the Petitioner was prejudiced by this deficient representation. *Id.* at 870.

The District Court expanded the grounds upon which relief was granted, finding that the mitigation instructions constituted an improper acquittal first of the death penalty instruction. *Id.* at 881-885 *citing to Hartman v. Bagley*, 492 F.3d 347, 363-64 (6th Cir.2007); *Davis v. Mitchell*, 318 F.3d 682, 689 (6th Cir. 2003). As a result of this erroneous instruction and appellate counsel's ineffectiveness in failing to challenge this aspect as error, the District Court conditioned the writ on the State of Ohio "permit[ing] an appeal in the Ohio courts with effective assistance of counsel." *Moore*, at 885.

Each of the below requests for a COA must be considered in conjunction with the ineffective assistance of counsel this Court has already determined Petitioner received. As explained below, trial counsel's short-comings aggravate other attorney failures, the prosecutorial misconduct, and

the other errors which prevented a fair jury consideration of guilt and penalty, and thus, such claims are debatable amongst jurists of reason.

**Standard of Review**

The governing rule under which this Court is to consider the objections is Fed. Civ. R. P. 72(b). The standard of review to be employed by this Court is *de novo*. 28U.S.C. § 636(b)(1) (2000); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts (2005). *See Gomez v. United States*, 490 U.S. 858, 864-69,874 n.28 (1989); *Flournoy v. Marshall*, 842 F.2d 875, 875-76 (6th Cir. 1988). This applies to legal, factual and mixed legal and factual questions. *Thomas v. Arn*, 474 U.S. 140, 150 & n.8(1985) (plain language of statute recognizes no distinction between legal and factual matters).

    a.    **FIRST GROUND FOR RELIEF - Former Attorney Chuck Stidham Suffered From An Undisclosed, Actual Conflict By Simultaneously Representing Petitioner And His Co-Defendant, Jason Holmes, While Preparing And Investigating Petitioner's Mitigation Defense In Violation Of The Fifth, Sixth, Eighth And Fourteenth Amendments.**

In Petitioner's case, Attorney Chuck Stidham had an actual conflict of interest from his joint representation of Petitioner, during his trial phase, and Petitioner's co-defendant, Jason Holmes, during Mr. Holmes' appeal. The Hamilton County Court of Appeals appointed Stidham to represent Jason Holmes on May 10, 1994. *See* Doc. 29 at Exhibit 6 to Habeas Petition. Subsequently on June 20, 1994, Moore hired Stidham to investigate and prepare the mitigation phase of Moore's trial. *See* Moore Supp. Apx. Vol. I at p. 344.  By accepting Moore's representation for mitigation while representing Moore's co-defendant, it became his competing ethical obligation to advance the interests of both Holmes and Stidham. This he clearly could not do. As Holmes is a co-defendant,

his interest would necessarily conflict with Petitioner's. Stidham's obligation to Holmes would include reducing Holmes' culpability at the expense of Mr. Moore. [2]

The Sixth Amendment right to counsel includes the right to representation that is free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). The United States Supreme Court has repeatedly cautioned against the high probability of prejudice from multiple concurrent representation. *See e.g., Mickens v. Taylor*, 535 U.S. 162, 175 (2002). To prevail on a conflict of interest claim, a defendant must demonstrate an actual conflict of interest that adversely affected counsel's performance. *See Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980); *accord*, *Mickens*, 535 U.S. at 168. Unlike a traditional ineffective assistance of counsel claim, a defendant raising a conflict of interest claim need not establish a reasonable probability that the outcome of the trial would have been different. *See Strickland*, 466 U.S. at 692. When an actual conflict of interest is established, prejudice is presumed. *Id.*; *Cuyler*, 466 U.S. at 348; *Holloway*, 435 U.S. at 487-91; *Olden v. United States*, 224 F.3d 561, 565 (6th Cir. 2000); *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000).

The Chief Magistrate Judge proposes rejecting a COA as to this Ground finding that Petitioner "has been unable to produce any evidence that mitigation specialist Stidham did or failed to do anything in this case because of the conflict of interest between Petitioner and his co-defendant Holmes." Doc. 155, p. 5. Petitioner respectfully disagrees.

---

[2] For example, in his appellate brief on behalf of Mr. Holmes, Stidham wrote "[t]he plan was to take the driver, put him into the trunk of the car, find someplace and then shoot him in the head." *See* Doc. 29 at Exhibit 7 to Habeas Petition at p. 3 (*State v. Holmes*, No. C9400385, Brief of Defendant- Appellant). In defending co-defendant Holmes, Stidham further argued against Petitioner's defense, stating that "the proof offered clearly establishes that the plan to commit the Aggravated Murder was abandoned by [Holmes]." *Id.* at 9.

In his Motion for a Certificate of Appealability, Petitioner describes several areas of deficient performance by Stidham from which an appellate Court can reasonably conclude that Stidham's performance was adversely affected. They include the following: (a) Stidham actively participated in the selection of Chiappone (whom this Court has previously found to have presented "devastating testimony" that seriously undercut Petitioner's mitigation).[3] (Stidham Depo pp. 68, 78, 86, 111); (b) according to Chiaponne, Stidham contributed information used by Chiappone in doing his assessment of Petitioner (Tr. 1110); (c) Stidham failed to speak with another potential expert for Petitioner before deciding on Chiappone (Stidham Depo p. 78); (d) Chiappone utilized a copy of the statement of Holmes, Stidham's client (Court Clinic file, Bates pp. CC 0162-CC 0193); (e) Stidham was neither conscientious nor timely in delivering the information to trial counsel and the court appointed expert (Deardorff Depo. pp. 50-51); (f) Stidham was found by defense counsel to be so unhelpful that they decided not to proceed to mitigation without him (as a result, Stidham failed to even appear at the mitigation phase trial). (Deardorff Dep. pp. 50-51). Stidham's undisputed lack of diligence, of itself, provides evidence from which the Court of Appeals could reasonably conclude that there is evidence that Stidham's performance was "adversely affected" by his conflict. Consistent with *Slack*, a COA should issue with respect to this claim.

    b.    **SEVENTH GROUND FOR RELIEF, SUBSECTION (C) – Prosecutorial Misconduct at the Mitigation Phase Closing Argument In Arguing Non-Statutory Aggravators Occurred in Violation of the Sixth, Eighth and Fourteenth Amendments.**

Petitioner objects to the Chief Magistrate Judge Recommendation to deny a COA as to Subsection C of Petitioner's Seventh Habeas Ground for Relief. In that Subsection, Petitioner contends that the Prosecutor argued non-statutory aggravators including suggesting that Moore

---

[3] *Moore v. Mitchell,* 531 F.Supp.2d 845, 868 (S.D. Ohio, 2008)

placed more value on the items he purchased with Melvin Olinger's credit card than he placed on Olinger's life, and requesting that the jury focus on the terror Olinger felt when he was kidnaped. (Tr. 1193-94, 1231-32). It should be noted that the Chief Magistrate Judge recommends granting a Certificate of Appealability with respect to Subsection A (prosecutor improperly sympathized with the victim and speculated as to what the victim was feeling during closing); and Subsection D (the prosecutor improperly commented on Petitioner's unsworn statement during closing). However, the Magistrate Judge recommends denial of Subsection C, a challenge to the prosecutor's arguing of non-statutory aggravators during closing argument, agreeing with the appellate courts that their re-weighing of the evidence cured the error. Doc. 155, pp.7-8. The Ohio Supreme Court found the argument to be improper but harmless. Petitioner objects to this portion of the Recommendation.[4]

The prosecutor functions as the government's representative "whose obligation to govern impartially is as compelling as its obligation to govern at all. . . ." *Berger v. United States*, 295 U.S. 78, 88 (1935). The duty of the prosecutor is to seek justice, not merely to convict. ABA Standards for Criminal Justice §3-1.1(a). The misconduct of the prosecutor can "render the trial fundamentally unfair." *United States v. Chambers*, 944 F.2d 1253, 1272(6th Cir. 1991).

The prosecutor's argument of non-statutory aggravators is unquestionably improper. *Combs v. Coyle*, 205 F.3d 269, 292-293 (6th Cir. 2000). The Sixth Circuit has granted relief in death penalty cases based upon prosecutorial argument. Because the arguments in Petitioner's case are similar to those found inappropriate in other cases, Petitioner's claim deserves encouragement to proceed further. *See Bates v. Bell*, 402 F.3d 635 (6th Cir. 2005)); and *DePew* v. *Anderson,* 311 F.3d 742, 750 (6th Cir. 2002). As *Bates* and *DePew* demonstrate, it is debatable among jurists of reason

---

[4] Petitioner filed a motion in limine prior to the closings in an attempt to prevent the very arguments made by the prosecutor throughout the closing. *See* (Tr., pp. 1067, 170-1071) (orally renewed written motion to limit argument to the statutory aggravating circumstances and requested limits on comments regarding the unsworn statement.)

whether there is a substantial and injurious effect from the improper arguments. Further, to the best of Petitioner's knowledge, the Sixth Circuit currently has pending a prosecutorial misconduct during argument claim in another 2254 capital case, *Davie v. Mitchell*, Case No. 03-4293 (6th Cir.), reflecting the belief that the Sixth Circuit considers such issues worthy of review.

In a weighing state like Ohio, i.e., a state where the sentencer weighs aggravating and mitigating circumstances, "the weighing of an invalid aggravating circumstance violates the Eighth Amendment." *Espinosa v. Florida*, 505 U.S. 1079, 1081 (1992) (*per curiam*)(citing *Sochor v. Florida*, 504 U.S. 527, 532 (1992); *Stringer v. Black*, 503 U.S. 222, 232 (1992);*Parker v. Dugger*, 498 U.S. 308, 319-321 (1991); *Clemons v. Mississippi*, 494 U.S. 738, 752(1990)). Further, in a weighing state that allocates sentencing authority to the jury and/or the trial court, **both** the jury and/or the trial court must weigh aggravating and mitigating circumstances properly.[5]

As the Court is aware, the Court of Appeals is obligated to consider prosecutorial misconduct "in the context of the entire trial." *Donnelly v. DeChristiforo*, 416 U.S. 637, 639 ( 1974). It follows that the Court of Appeals must consider the prosecutor's overall performance throughout the trial to determine whether the conduct rendered the trial fundamentally unfair. Thus, the Court of Appeals is obligated to consider all of the instances of misconduct to judge the constitutional effect on mitigation. To do that, this Court should grant the certificate as to this issue so that it may properly be considered in the context of the other instances of misconduct regarding which the COA has been granted

---

[5]Petitioner demonstrates in the Fifteenth Ground for Relief below that the re-weighing by the appellate courts could not cure sentencing deficiencies because the trial judge failed to properly consider all mitigating evidence in the first instance. *See* pp. 12-13, below; *and see Davis v. Coyle*, 475 F.3d 761, 774-75 (6th Cir. 2007).

      c.      **FIFTEENTH GROUND FOR RELIEF – The Sentencer Failed to Give Any Weight to the Uncontradicted Mitigating Evidence Presented by Moore in Violation of the Sixth, Eighth and Fourteenth Amendments**

The Chief Magistrate Judge recommends against a COA as to this Ground, finding that the trail Judge did consider all mitigating evidence. He characterizes the issue as the amount of weight accorded each item of mitigation and concludes that weight accorded such evidence is up to the trial judge. Doc 115, p. 9. To the contrary, the record makes it at least reasonably debatable that the trial judge specifically found that he would simply not consider much of Petitioner's evidence as mitigating. The sentencing order specifically considered his age and then expressly found, "but his history, character and background indicate that he was raised in a loving, middle class home. . . "[6] The trial judge then concludes, "[a]s to any other factors that are relevant to the issue of whether the defendant should be sentenced to death, ***the Court cannot find any***." (Emphasis added) Mit. Tr. 1266.

It is fair to argue that the trial court failed to consider relevant mitigation presented by Petitioner denying him the individualized sentencing guaranteed by the Eight and Fourteenth Amendments. *Zant v. Stephens*, 462 U.S. 862, 879 (1983); *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982); *Lockett v. Ohio*, 438 U.S. 586, 604 (1978); *Woodson v. North Carolina*, 428 U.S. 280, 303-04 (1976). Both the Eighth and the Fourteenth Amendments require that the defendant's character and record, as well as the circumstances of the offense be considered as mitigating factors when inflicting a penalty of death. *Eddings*, 455 U.S. at 110, *Lockett*, 438 U.S. at 604; *Woodson*, 428 U.S. at 304.

---

[6]This Court found that the trial judge specifically considered the "parent's divorce, . . .the bullying he experienced while growing up and other factors relevant to the issue of whether the offender should be sentenced to death. (Doc. 145, p. 81) Actually, those factors do not appear among the specified considerations listed by Judge Ruehlman. Mit. Tr. pp. 1264-1271.

As the record reflects, the trial judge considered *only* age and family background and upbringing. The transcript of the trial judge's consideration of mitigating factors suggests clearly that he failed to consider at all the other mitigating evidence offered by Petitioner at mitigation including: (a) the effect of his parent's divorce on him; (b) the bullying, teasing and beating of him by his peers throughout his childhood and adolescence; (c) his feelings that he did not fit in with his peers; (d) his substance abuse and dependency beginning at age fifteen (15); (d) how he was very capable of being productive in a structured environment, i.e., prison; and (e) his unrealized potential as mitigating aspects. While the judge mentions specific items of mitigation, nowhere in the sentencing judge's entire discussion of his considerations for imposing death does he even mention any of these factors. Mit. Tr. pp. 1264-1271. Like the trail judge in *Eddings*, it can fairly be argued the sentencer in this case was constitutionally deficient in that "the trial judge did not evaluate the evidence in mitigation and find it wanting as a matter of fact; rather he found that *as a matter of law* he was unable even to consider the evidence." *Id.* 455 U.S. at 113. The sentencer "[may not] refuse to consider *as a matter of law,* any relevant mitigating evidence." (Emphasis in original). *Id.* That is precisely what the trial judge appears to do in this case.

Moreover, as Petitioner demonstrated in his initial Motion, the trial judge's failure to consider all mitigating evidence in violation of *Eddings* could not be cured by the appellate courts' purported reweighing of the mitigation evidence. In *Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007), the Sixth Circuit granted relief in a death penalty habeas case when the state courts refused to consider and give effect to mitigation. The Sixth Circuit specifically rejected the position taken by this Court that an appellate court could reweigh for an *Eddings* error. *Id.* at 774-775.

It is apparent from this discussion that it is, at the very least, debatable among jurists of reason as to wether the sentencing judge actually considered any of this evidence as mitigating factors to be weighed against aggravators as it was obligated to do under *Eddings.* Consequently, a COA should issue as to this Ground for relief.

### d.   No Certificate of Appealability Is Required for a Prevailing Petitioner

The government, in this case Respondent Warden, does not have to obtain a COA to pursue an appeal. The rules do not specifically address whether a COA is required when a winning applicant/petitioner files a cross-appeal, and Fed. R. App. P. 22(b)(3) can be fairly read as relieving a winning applicant from having to obtain a COA. *See Id.* ("A certificate of appealability is not required when a state or its representative or the United States or its representative appeals.") Indeed, 22(b)(3)'s express language indicates a COA "is not required when" the government appeals, which the government has in this case. No language limits this exclusion to just a government's appeal rather than a winning applicant's cross appeal. The Chief Magistrate Judge did not directly address the issue, butt implicitly rejected it by denying a COA on the grounds argued above.

The Sixth Circuit has yet to determine this issue under AEDPA and this presents a colorable issue of first impression for the Sixth Circuit. Given the express language of the federal rules, this question is debatable among jurists of reason.

### CONCLUSION

Petitioner has demonstrated above that, with respect to each of Grounds discussed, there is room for debate among reasonable jurists and that the Court of Appeals should be permitted to address these additional claims. Accordingly we respectfully ask this Court to grant the certificate

of appealability as to the First Ground for Relief; Seventh Ground for Relief, Subsection C; and Fifteenth Ground for Relief.

          Respectfully Submitted,

/s/ Laurence E. Komp (by M. O'Hara)
LAURENCE E. KOMP - 0060142
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
Phone (636) 207 – 7330
Fax (636) 207 – 7351
-and-
/s/   Michael J. O'Hara
MICHAEL J. O'HARA – 0014966
O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
25 Crestview Hills Mall Rd, Ste 201
P.O. Box 17411
Covington, KY 41017
Phone:         (859) 331-2000
Fax: (859) 578-3365
COUNSEL FOR PETITIONER

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing was filed with and will be made available to Respondent via this Court's electronic filing system and pursuant to Loc. R. 5.2 this constitutes service, this 17th day of July, 2008.

          /s/ Michael J. O'Hara
          MICHAEL O'HARA – 0014966