IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

LEE E. MOORE,

        Petitioner,    :    Case No. 1:00-cv-023

  - vs -        Chief Judge Susan J. Dlott
        Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden

    :

        Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This capital habeas corpus case is before the Court on Petitioner's Amended Motion for Relief from a Judgment or Order Pursuant to Fed. R. Civ. P. 60(b) (Doc. No. 177). The Warden opposes the Motion (Doc. No. 178) and Petitioner has filed a Reply in Support (Doc. No. 182).

Because this is a post-judgment motion in a non-consent case, it is deemed referred under 28 U.S.C. § 636(b)(3) and requires a report and recommendations from the referral Magistrate Judge.

**Procedural History**

Lee Moore was indicted by the Hamilton County Grand Jury on January 27, 1994, on three counts of aggravated murder with capital specifications, one count of aggravated robbery, one count of kidnapping, and five firearm specifications. Convicted at jury trial, Moore was

1

sentenced to death on December 14, 1994.  Because this offense occurred prior to January 1, 1995, direct appeal was to the Hamilton County Court of Appeals which affirmed the convictions and sentence.  *State v. Moore,* 1996 Ohio App. LEXIS 2617 (1st Dist. 1996).  The Ohio Supreme Court affirmed.  *State v. Moore,* 81 Ohio St. 3d 22 (1998).

Moore filed his petition for post-conviction relief on September 20, 1996.  The Common Pleas Court denied relief (Findings of Fact, Doc. No. 173-3, PageID 7595).   The First District affirmed. *State v. Moore*, 1998 Ohio App. LEXIS 4282 (1st Dist. 1998).  The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.  *State v. Moore*, 84 Ohio St. 3d 1472 (1999).

Moore filed an Application to Reopen the direct appeal under Ohio R. App. P. 26(B) on September 7, 2000.  The First District declined to consider the merits of the Application because Moore had not shown good cause for filing more than four years after judgment and, because the ineffective assistance of appellate counsel claims could have been raised on direct appeal to the Ohio Supreme Court, they were barred by *res judicata* (Entry Denying Application for Reopening, Doc. No. 175-3, PageID 9716).  The Ohio Supreme Court affirmed.  *State v. Moore*, 93 Ohio St. 3d 649 (2001).

Moore filed his Petition for Writ of Habeas Corpus in this Court on January 18, 2000, pleading twenty-five Grounds for Relief (Doc. No. 14).  On January 18, 2008, District Judge Dlott (1) granted the writ as to subclaim (B) of the Second Ground for Relief, conditioned on reduction of the sentence to life imprisonment or retrial of the penalty phase within 180 days; (2) granted the writ as to the Sixth Ground for Relief and the subclaim addressing Paragraph 264 of the Supplemental Petition in the Sixteenth Ground for Relief, conditioned upon Moore being permitted an appeal in the Ohio courts with effective assistance of counsel; and (3) denied all

other subclaims and Grounds for Relief (Order, Doc. No. 145). *Moore v. Mitchell*, 531 F. Supp. 2d 845 (S.D. Ohio 2008). Both parties appealed and Judge Dlott granted a certificate of appealability on the Second (subclaims A and C), Seventh (subclaims A, C, and D), Thirteenth (subclaim D), Sixteenth, Eighteenth (subclaims C and D), Nineteenth, and Twenty-First (subclaim A) Grounds for Relief (Doc. No. 158). *Moore*, 531 F. Supp. 2d 845.

The Sixth Circuit broadened the certificate of appealability but reversed the grant of habeas relief with respect to Moore's claims of ineffective assistance of counsel at sentencing and improper jury instructions and affirmed denial of relief on all other claims. *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013). The United States Supreme Court then denied certiorari. *Moore v. Robinson*, 134 S. Ct. 693, 187 L. Ed. 2d 559 (2013). The instant Motion followed.

## ANALYSIS

**Standard for Motions for Relief from Judgment**

Fed. R. Civ. P. 60(b) reads:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Moore captions his Motion as brought under Fed. R. Civ. P. 60(b) generally, without specifying a subsection. He claims his Motion is timely under Fed. R. Civ. P. 60(c) if considered under Fed. R. Civ. P. 60(b)(1), (2), or (3) (Motion, Doc. No. 177, PageID 10927, n. 1), but makes no argument that would come within any of those subsections. The Court analyzes the Motion as brought solely under Fed. R. Civ. P. 60(b)(6).

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). A change in decisional law is usually not, by itself, an extraordinary circumstance. *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013), *citing Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007); *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

The decision to grant Rule 60(b)(6) relief requires a case-by-case inquiry in which the trial court must balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of

all the facts. *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009), *citing Blue Diamond Coal Co.,* 249 F.3d at 529.

**Ground for Relief Two, Subclaim B**

The principal claim on which Moore seeks relief from judgment is ineffective assistance of trial counsel in that "[t]rial counsel failed to adequately prepare for the mitigation, during which Dr. Chiappone, the expert offered by trial counsel, impeached Petitioner Moore's entire liability and mitigation case." (Petition, Doc. No. 14, PageID 4607.) This is one of the claims on which the Magistrate Judge recommended and Judge Dlott granted habeas relief. *Moore v. Mitchell,* 2007 U.S. Dist. LEXIS 96523, *87 (S.D. Ohio 2007); *Moore*, 531 F. Supp. 2d at 870.

On appeal, the Sixth Circuit reversed on this subclaim, holding "[tt]he district court erred in granting relief on this claim. The state court certainly did not unreasonably apply *Strickland* in reaching the conclusion that counsel's performance was not deficient." *Moore*, 708 F.3d at 785.

In reaching that conclusion, the Sixth Circuit declined to consider evidence beyond the direct appeal record, considering itself barred from doing so by *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011). While this Court had declined to hold an evidentiary hearing, it had granted a joint motion to expand the record to include the depositions and files of trial counsel. *Moore*, 708 F.3d at 780. The Sixth Circuit held that this did not amount to a waiver of 28 U.S.C. § 2254(d)(1) and indeed the State could not waive the standard of review embodied in that statute. *Id.* at 780-84. It also held this Court had not violated the *Pinholster* restrictions because it had not granted relief on the additional evidence in the expanded record. *Id.* at 784, n. 10.

During the time this case was pending in the Sixth Circuit, the Supreme Court decided not only *Pinholster*, but also *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). In *Martinez*, the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319.

The Sixth Circuit allowed post-argument briefing by Moore on the impact of *Martinez* and held:

> In his supplemental brief, Moore stipulates that *Martinez* is only relevant if we decide *Pinholster* prevents admitting his new evidence. But if we so rule, he argues, then we must remand the case to the district court to allow factual development of his claim that his trial counsel was ineffective, and that *Martinez* mandates we do this because his *collateral* counsel was insufficiently diligent in developing that record in state court. Moore is wrong for at least two reasons.
>
> First, Martinez is inapplicable to his case. In Martinez, the Supreme Court "narrow[ly]" answered a "precise question": "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." 132 S. Ct. at 1315. The Court carefully defined "initial review collateral proceeding" to mean state court proceedings that, by operation of state law, "provide the first occasion to raise a claim

6

> of ineffective assistance of counsel" because the state "barred the defendant from raising the claim on direct appeal." *Id*. at 1315, 1320. The Court concluded that, in that circumstance, inadequate assistance of *collateral* counsel may constitute cause to excuse the procedural default of an ineffective assistance of *trial* counsel claim, thus allowing federal courts to look past the default on habeas review and at the merits of the claim. *Id*. at 1320. But the Court repeatedly emphasized the "limited nature" of its holding, which "addresse[d] only the constitutional claims" present where the state has banned a defendant from raising his ineffective assistance of trial counsel claim on direct appeal. *Id*.
>
> We respect *Martinez's* emphasis that its conclusion was a narrow one and join our sister circuits in refusing to expand it. *See, e.g., Ibarra v. Thaler*, 687 F.3d 222, 224 (5th Cir. 2012); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012); *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012). By its terms, *Martinez* does not address the type of situation that Moore presents here. Not only does Ohio permit ineffective assistance of trial counsel claims to be made on direct appeal, Moore raised this claim on direct appeal and the Ohio Supreme Court rejected it on the merits. *Moore*, 81 Ohio St. 3d at 35.

*Moore*, 708 F.3d at 784-85.

The Sixth Circuit decided *Moore* on February 26, 2013. On May 28, 2013, the Supreme Court decided *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), and extended *Martinez* to the Texas system of post-conviction relief.[1] In his Motion for Relief, Moore argues *Trevino* extends *Martinez* to the Ohio system of post-conviction relief and permits this Court to consider not only the expanded record already made but additional evidence to shows his initial collateral review attorney provided ineffective assistance (Motion, Doc. No. 177, PageID 10925-27). He asserts:

> [T]he Supreme Court's subsequent [i.e., after *Moore*] decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), effectively permits this Court to review evidence developed outside the state court record for the purpose of determining cause and prejudice for a defaulted

---

[1] Certiorari had been granted in *Trevino* and it was pending in the Supreme Court while this case was pending in the Sixth Circuit. The Court understands Petitioner moved to stay a decision in this case pending a decision in *Trevino*, but the Sixth Circuit denied that request.

7

> claim, and ultimately, authorizes a full merits determination of a claim.

*Id.* at PageID 10926. Anticipating *Trevino*, Moore made a similar argument to the Sixth Circuit which it rejected:

> Second, and relatedly, Moore is not asking that we afford a *Martinez*-like review of a procedurally defaulted claim, but rather that we turn *Martinez* into a route to circumvent *Pinholster*. Moore's argument is not merely that *Martinez* permits us to review the merits of his claim; we already do that below, albeit through the lens of AEDPA deference, and *Martinez* is irrelevant to that analysis. Instead, he argues that we should remand to allow *factual development* of his allegation that *collateral* counsel was ineffective, and then, if collateral counsel is found ineffective on that newly developed record, permit that record to inform his ultimate claim for relief regarding whether *trial* counsel was ineffective. In other words, he wants this Court to grant him permission to obtain new facts to challenge the Ohio Supreme Court's rejection of his ineffective assistance of trial counsel claim. As explained above, though, *Pinholster* plainly bans such an attempt to obtain review of the merits of claims presented in state court in light of facts that were not presented in state court. *Martinez* does not alter that conclusion.

*Moore*, 708 F. 3d at 785. The inapplicability of *Martinez* to Moore's situation is now the law of this case.

Moore argues a more recent case from the Sixth Circuit may imply that *Moore* is no longer good law, to wit, *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013)[2]. In *McGuire* the Sixth Circuit did indeed discuss the application of *Martinez* to Ohio ineffective assistance of trial counsel claims in light of *Trevino*. It affirmed this Court's pre-*Trevino* denial of 60(b) relief on the ground that when this Court acted, *Moore* was the governing law in the circuit and thus denial of reopening was not an abuse of discretion. *McGuire*, 738 F.3d at 750. It held that

---

[2] Petitioner sometimes cites this case as *McQuire v. Warden*. Petitioner in that case was Dennis McGuire who was executed in January 2014.

8

> [W]hile we need not decide whether *Trevino* applies to Ohio cases, it is not obvious that *Trevino* applies here. Ohio law appears to contemplate two kinds of ineffective assistance of counsel claims, those based only on evidence in the trial record and those based in part on evidence outside the record. Ohio also appears to expect appellate counsel to recognize the types of claims and follow the proper procedure. As to the first type of claim, res judicata bars an ineffective assistance of counsel claim that relies entirely on evidence inside the trial record, since such a claim could have been brought on direct appeal.

*Id.* at 751. The court went on to suggest, without holding, that *Trevino* might apply in Ohio cases which required ineffective assistance of trial counsel claims to be brought in post-conviction. *McGuire* is no help to *Moore*. It does not hold *Trevino* is applicable in Ohio and, more importantly, it does not suggest *Trevino* creates an exception to *Pinholster*.

The Warden argues that the law of the case doctrine precludes the relief Moore seeks in this Motion (Doc. No. 178, PageID 10961). Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005).

"While the 'law of the case' doctrine is not an inexorable command, a decision of a legal issue establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would

9

work a manifest injustice." *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967), quoted approvingly in *Association of Frigidaire Model Makers v. General Motors Corp.*, 51 F.3d 271 (6th Cir. 1995)(reported in full text at 1995 U.S. App. LEXIS 7615).

> Pursuant to the law of the case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Id.* (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.), cert. denied, 414 U.S. 859, 94 S. Ct. 71, 38 L. Ed. 2d 110 (1973)). The trial court is required to "implement both the letter and the spirit" of the appellate court's mandate, "taking into account the appellate court's opinion and the circumstances it embraces." *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995).

*Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

Moore argues that the law of the case doctrine does not apply because the Motion asks this Court to consider "four significant developments it has not previously had the opportunity to consider": (1) *Trevino*, (2) the Sixth Circuit's factual conclusions are contradicted by the expanded record, (3) an affidavit from post-conviction counsel confessing ineffective assistance, and (4) this Court's reliance on the expanded record in denying two claims (Reply, Doc. No. 182, PageID 11011). These four developments are considered *seriatim*.

### *Trevino v. Thaler*

Moore argues that *Trevino, supra*, changes the law applicable here, but *Trevino* says nothing about *Pinholster*. Indeed it is not cited by either the majority or the dissent. While it is a significant post-judgment change in the law of habeas corpus, it does not change the law applicable to this case.

*Martinez* held that a procedural default in presenting a significant claim of ineffective assistance of trial counsel in a mandatory collateral proceeding for raising such a claim could be excused by showing the State did not provide counsel for that proceeding or the counsel who actually litigated the claim provided assistance which was ineffective when measured against the standard for effective assistance set by *Strickland v. Washington,* 466 U.S. 668 (1984). *Trevino* applied *Martinez* to Texas where presentation of the ineffective assistance of trial counsel claim in collateral attack was practically as well as legally mandated.

This Court has discussed at length elsewhere the possible application of *Martinez* and *Trevino* to Ohio, where presentation of some ineffective assistance of trial counsel claims on direct appeal is mandatory under penalty of a later *res judicata* bar and presentation of other ineffective assistance of trial counsel claims (those which depend on evidence outside the direct appeal record) must be made in a post-conviction petition under Ohio Revised Code § 2953.21. See *Landrum v. Anderson,* 2013 U.S. Dist. LEXIS 138635 (S.D. Ohio 2103), adopted 2014 U.S. Dist LEXIS 72650 (S.D. Ohio 2014); *Henness v. Bagley,* 2013 U.S. Dist. LEXIS 110672 (S.D. Ohio 2013); *McGuire v. Warden*, 2013 U.S. Dist. LEXIS 86825 (S.D. Ohio 2013), adopted 2013 U.S. Dist. LEXIS 92077 (S.D. Ohio 2013), affirmed, 738 F.3d 741 (6th Cir. 2013); *Franklin v. Robinson*, 2014 U.S. Dist. LEXIS 118167 (S.D. Ohio 2014). Taken together, those opinions announced this judge's conclusion that *Martinez* should apply to some but not all Ohio ineffective assistance of trial counsel claims.

That conclusion is, however, irrelevant to the instant Motion because *Martinez* and *Trevino* do not create an exception to *Pinholster*. That is, assuming the rule of *Martinez* and *Trevino* applies to the Ohio post-conviction system, it only permits excusing a procedural default which barred merit consideration of an ineffective assistance of trial counsel claim. That did not

happen here. The Ohio Supreme Court decided Subclaim 2(B) on the merits. *Moore*, 708 F.3d at 785, *citing Moore*, 81 Ohio St. 3d at 35. In other words, there was no procedural default that barred a decision on the merits and thus required excusing under *Martinez-Trevino*. (Compare *Landrum, supra*, where the Sixth Circuit found procedurally defaulted a claim this Court had considered and granted on the merits.) While *Trevino* is a significant change in the law in general, it is not a change which takes this case outside the law of the case doctrine.

**Sixth Circuit Error in Finding the Facts**

Moore next argues the Sixth Circuit's "factual conclusions regarding trial counsel's theory of mitigation . . . is contradicted by the expanded record. . . ." (Motion, Doc. No. 182, PageID 11011.)

This argument is not persuasive. The Sixth Circuit held as a matter of law that it could not consider the expanded record. If that was legal error, it could only be corrected by the Supreme Court, which declined certiorari. A district court is not free on remand to adopt a rule of law directly contrary to what an appellate court decided and then apply that new rule, unless there is supervening Supreme Court authority. As argued above, *Trevino* does not create an exception to *Pinholster*.

**Declaration of Richard A. Cline**

The Motion is supported by the Declaration of Richard A. Cline (Doc. No. 168-1, PageID 4580-83).  Mr. Cline avers that he was contracted by the Ohio Public Defender in the summer of 1996 to represent Moore in post-conviction proceedings.  *Id.*  at ¶ 3, PageID 4580.  He then explains in considerable detail what he did not do in the course of that representation.  *Id.*  at ¶¶ 11-18.  In the late summer of 2013, he was contacted by Laurence Komp, one of Moore's counsel in this case, reviewed his file in the case, and then prepared the Declaration as of January 14, 2014.  *Id.*  at PageID 4583.

Mr. Cline's Declaration recounts conduct which, if it were performed by post-conviction counsel today, would probably constitute ineffective assistance under the Strickland standard.  Counsel's performance is measured by "prevailing professional norms" at the time of the alleged errors.  *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997).  Moore has not briefed the question of what standards existed for post-conviction counsel in 1996.  The Court will assume *arguendo* that Mr. Cline's conduct would also have been deficient in 1996.

Although the facts embodied in the Cline Declaration certainly existed long before he wrote them down, Moore's attorneys acted with sufficient promptness after *Trevino* was decided to obtain the Declaration.  The 60(b) Motion is in that sense timely.  However, these facts are not new and would have been discoverable in 1996.

**Reliance on Expanded Record to Deny Claims**

This argument pertains to claims for relief other than Subclaim 2(B) and is dealt with below.

**Summary of analysis on Ground Two, Subclaim B**

With respect to Subclaim 2(B), Moore has not shown unusual or extraordinary circumstances which warrant relief from judgment. *Trevino*, while an important change in the law, does not apply here and creates no exception to *Pinholster*. This Court has no authority under Rule 60 to correct asserted errors of law or fact committed by the court of appeals. Mr. Cline's Declaration, while new, embodies old facts and would only be relevant if *Trevino* applied to this case. The Court should deny relief from judgment on Subclaim 2(B).

**Ground for Relief One and Subclaim A of Ground Two**

This Court denied habeas corpus relief on Moore's First Ground for Relief and Subclam A of his Second Ground for Relief. *Moore*, 531 F. Supp. 2d at 865-66. Moore asserts that in doing so this Court relied on the expanded record, a course of action which was presumptively appropriate before *Pinholster* and before the Sixth Circuit in this case applied *Pinholster* to evidence added by stipulated expansion of the record (Motion, Doc. No. 177, PageID 10932-34). Moore concludes "[b]y definition this constitutes an error in the federal habeas proceedings and, therefore, [these conclusions are] subject to reconsideration under Rule 60(b). *Gonzalez [v.*

*Crosby]*, 545 U.S. [524] at 532 [(2005)]. This Court should reconsider the merits of those claims without considering the extra-record evidence." (Motion, Doc. No. 177, PageID 10946.)

**Ground One**

In his First Ground for Relief, Moore claimed his mitigation specialist, Charles, Stidham, had an undisclosed conflict of interest because he simultaneously represented Moore's accomplice, Jason Holmes, on direct appeal. This Court found the claim was procedurally defaulted because it was not raised either on direct appeal or in post-conviction. *Moore*, 531 F. Supp. 2d at 863. The Sixth Circuit agreed with that analysis. *Moore*, 708 F.3d at 775.

Moore argued to the Sixth Circuit that he could overcome this default by showing ineffective assistance of appellate counsel. *Moore*, 708 F.3d at 776. The Sixth Circuit rejected this claim by giving AEDPA deference to the Ohio Supreme Court's decision on Moore's Ohio App. R. 26(B) Application and concluding that the underlying claim – Ground One – was "meritless." *Moore*, 708 F.3d at 777. In reaching that conclusion, the Sixth Circuit in no way adverted to the evidence it held as excluded by *Pinholster*. Thus if this Court committed error in relying on extra-record evidence in deciding Ground One, the error was cured by the Sixth Circuit.

Moreover, Moore's cause and prejudice argument was based on ineffective assistance of appellate counsel, i.e., constitutionally ineffective assistance in a proceeding in which ineffective assistance "counted" before *Martinez* and *Trevino*. Those two cases only provide a cause and prejudice argument to excuse failure to raise an ineffective assistance of trial counsel claim in post-conviction.

15

**Ground Two, Subclaim A**

In Ground Two, Subclaim A, Moore claimed ineffective assistance of trial counsel in the hiring of Charles Stidham as a mitigation specialist. It was not raised on either direct appeal or in post-conviction. *Moore*, 708 F.3d at 778. As with Ground One, Moore attempted to excuse that default by claiming ineffective assistance of appellate counsel in his 26(B). *Id.* Again affording AEDPA deference to the Ohio Supreme Court's 26(B) decision, the Sixth Circuit rejected the claim. It wrote:

> In order to assess the claim of ineffective assistance of appellate counsel as an excuse for defaulting the underlying claim, we may look to the strength of the underlying claim. *Davie*, 547 F.3d at 312. We agree with the district court that this claim has no merit. Moore cannot show he was prejudiced by his counsel's use of Stidham as a mitigation specialist because he has never identified any new mitigation evidence that Stidham should have aided in discovering. *See Sears v. Upton*, 130 S. Ct. 3259, 3266, 177 L. Ed. 2d 1025 (2010).

*Id.* As with Ground One, the Sixth Circuit did not advert to any extra-record evidence in deciding this claim and therefore cured any error this Court may have committed by failing to project the decision in *Pinholster*. Moreover, the asserted cause and prejudice, as with Ground One, was ineffective assistance of appellate counsel, a situation not covered by *Martinez-Trevino*. Moore's Motion for Relief from Judgment should be denied as to Ground Two, Subclaim A.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Moore's Motion for Relief from Judgment be DENIED. However, reasonable jurists could disagree with this

conclusion and recommends that Moore be granted a certificate of appealability on the Motion.

August 28, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).