# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LEE E. MOORE,

    Petitioner,  : Case No. 1:00-cv-023

 - vs -     District Judge Susan J. Dlott
         Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden

         :
    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

    This capital habeas corpus case is before the Court on Petitioner's Objections ("Objections," Doc. No. 186) to the Magistrate Judge Report and Recommendations ("Report," Doc. No. 183) recommending denial of Petitioner's Amended Motion for Relief from a Judgment or Order Pursuant to Fed. R. Civ. P. 60(b) (Doc. No. 177). The Warden has responded to the Objections ("Response," Doc. No. 188) and Judge Dlott has recommitted the matter for reconsideration by the Magistrate Judge in light of these two filings (Recommittal Order, Doc. No. 187).

    The relevant procedural history is recited in the Report (Doc. No. 183, PageID 11018-20) and the Objections confirm its accuracy (Doc. No. 186, PageID 11060). Moore likewise agrees that the recited standard for granting a motion for relief from judgment is correct (Doc. No. 183, PageID 11020-22). As part of reciting the standard, the Magistrate Judge concluded the Motion should be evaluated under Fed. R. Civ. P. 60(b)(6), rather than some other sub-part of Rule

1

60(b), and Moore does not object (Doc. No. 186, PageID 11060).

**Ground for Relief Two, Subclaim B: Ineffective Assistance of Trial Counsel: Failure to Adequately Prepare Mitigation Expert**

In Subclaim B of his Second Ground for Relief, Moore asserted his trial counsel provided ineffective assistance in the way they prepared mitigation expert Dr. Chiappone (Petition, Doc. No. 14, PageID 4607). The District Court granted relief on this Subclaim, but the Sixth Circuit reversed, holding "[t]he district court erred in granting relief on this claim. The state court certainly did not unreasonably apply *Strickland* in reaching the conclusion that counsel's performance was not deficient." *Moore v. Mitchell*, 708 F.3d 760, 785 (6th Cir. 2013). In reaching that conclusion, the Sixth Circuit declined to consider, on the basis of *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011), material added to the record by joint motion. The Circuit Court also flatly held *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), was "inapplicable" to this case because Ohio both permits ineffective assistance of trial counsel claims to be raised on direct appeal and Moore had raised this claim and received a decision on the merits from the Ohio Supreme Court. *Moore*, 708 F.3d at 784-85. The Report concluded "[t]he inapplicability of *Martinez* to Moore's situation is now the law of this case." (Doc. Np. 183, PageID 11025).

Moore objects to that conclusion, relying on "universally recognized exceptions" to the law of the case doctrine (Objections, Doc. No. 186, PageID 11064, citing *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 685 (7th Cir. 2014)). In *Kathrein*, a panel of the Seventh Circuit considered for a second time a case in which plaintiff sought an injunction against Evanston's Affordable Housing Demolition Tax. The District Court had dismissed for lack of subject matter

2

jurisdiction because of the Tax Injunction Act, 28 U.S.C. § 1341, and the Seventh Circuit had reversed, holding the Affordable Housing Demolition Tax was not a tax within the meaning of § 1341, and remanded.  Before the District Court could resolve the case, the Seventh Circuit en banc decided *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.,* 651 F.3d 722 (7th Cir. 2011), which changed the test for determining what counts as a tax under § 1341.  Applying the new test, the district court again dismissed for lack of subject matter jurisdiction.  The Seventh Circuit affirmed, holding this situation came within an exception to the law of the case doctrine that applies when "(2) a decision of the Supreme Court after the first review that is inconsistent with the decision on that review."  752 F.3d at 685.  Although there was not an intervening decision from the Supreme Court, the E*mpress Casino* decision was an en banc Seventh Circuit decision and therefore qualified as a change in the law.  *Id.* at 686.

Moore argues (Objections, Doc. No. 186, PageID 11065) that the law applicable to his case was changed after the Sixth Circuit denied habeas relief by *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013); *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir.  2014); and *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013)

The Report rejected this line of analysis and held that *McGuire* did not change the law because (1) it did not hold that *Trevino* applies to Ohio cases and (2) it did not "suggest *Trevino* creates an exception to *Pinholster*."  (Doc. No. 183, PageID 11026.)  Moore objects to this reading of *McGuire* on two bases (Objections, Doc. No. 186, PageID 11066):  (1) "*Trevino* itself controls . . . standing alone [*Trevino*] compels a holding here that ineffective assistance of counsel in post-conviction proceedings excuses the Petitioner's default in failing to develop a factual record to support the IAC mitigation claim. . ." *id.*, and, (2) *McGuire* recognizes  that the bright-line rule in this case on appeal must be modified in light of *Trevino*. *Id.* at PageID 11067.

3

The Objections find more in *Trevino* than the Supreme Court wrote. *Trevino* extended *Martinez* from States where raising ineffective assistance of trial counsel claims in post-conviction is legally mandatory (such as Arizona) to States where it is practically necessary (such as Texas). *Trevino* does not speak directly to legal regimes like Ohio where some ineffective assistance of trial counsel claims (those that depend on the appellate record) must be raised on direct appeal and other ineffective assistance of trial counsel claims (those that depend on evidence outside the record) must be raised in post-conviction. In *McGuire* itself the Sixth Circuit recognized this distinction and held that Ohio is different from Texas for ineffective assistance of trial counsel claims:

> Thus, Ohio law suggests two different ways to look at *Trevino*. On the one hand, certain claims can for practical purposes only be brought in an initial-review collateral attack in a post-conviction petition. And *Trevino* recognized that a "meaningful opportunity to present a claim of ineffective assistance of trial counsel" includes "the need to expand the trial court record." 133 S. Ct. at 1921. Ohio courts recognize that claims requiring evidence outside the record may only be meaningfully litigated in post-conviction proceedings and may loosen ordinary res judicata principles in such cases: "although ineffective assistance of counsel ordinarily should be raised on direct appeal, res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record[,] . . . even when the issue of ineffective assistance of counsel was raised on direct appeal." *State v. Richmond*, 2012-Ohio-2511, No. 97616, 2012 WL 2047991, at *1 (Ohio Ct. App. 2012) (citing *State v. Smith*, 17 Ohio St. 3d 98, 17 Ohio B. 219, 477 N.E.2d 1128, 1131 n.1 (Ohio 1985)). Thus, in Ohio, if ineffective assistance cases are divided into two categories, one could argue that the category requiring evidence outside the record must be brought on collateral review in order for review to be meaningful.
>
> On the other hand, in the "ordinary" case, "ineffective assistance of counsel at mitigation, just like ineffective assistance at trial, is an issue that can be brought on direct appeal," *State v. Combs*, 100 Ohio App. 3d 90, 652 N.E.2d 205, 212 (Ohio Ct. App. 1994) (collecting cases), with a constitutionally required appellate attorney, *see Franklin v. Anderson*, 434 F.3d 412, 428 (6th Cir.

> 2006) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)); *see also State v. Davis*, 119 Ohio St. 3d 422, 2008 Ohio 4608, 894 N.E.2d 1221, 1226 (Ohio 2008); Ohio R. App. P. 26(B). Indeed, such a claim was raised on McGuire's direct appeal, and was treated thoughtfully by the Supreme Court of Ohio on discretionary review, albeit as part of an ineffective assistance of appellate counsel claim. Arguably, then, the review of trial counsel ineffectiveness claims in Ohio is more "meaningful" than in Texas, because in Ohio there is "ordinarily" the availability of direct review with constitutionally required counsel, with the back-up of collateral attack where evidence outside the record is required. All of this shows that the application of *Trevino* to Ohio ineffective-assistance claims is neither obvious nor inevitable.

*McGuire v. Warden*, 738 F.3d 741, 751-52 (6th Cir., 2013). In sum, *McGuire* does not hold that *Trevino* changed the law sufficiently to allow Moore to avoid the law of the case doctrine from his appeal.

In *Sutton v. Carpenter,* 745 F. 3d 787(6th Cir. 2014), the circuit court considered the Tennessee process for raising ineffective assistance of trial counsel claims. The court recognized:

> Tennessee's procedural rules make it almost impossible for a defendant in a typical case to adequately present an ineffective-assistance claim on direct appeal. Tennessee courts recognize that "the practice of raising ineffective assistance of counsel claims on direct appeal is 'fraught with peril' since it 'is virtually impossible to demonstrate prejudice as required' without an evidentiary hearing." *State v. Blackmon,* 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001) (citations omitted). Courts advise defendants not to raise the claims on direct appeal for that reason. *See id.* ("'[I]neffective assistance of counsel claims should normally be raised by petition for post-conviction relief.'") (citation omitted); *Kendricks v. State,* 13 S.W.3d 401, 405 (Tenn. Crim. App. 1999) ("[W]e have previously warned defendants and their counsel of the dangers of raising the issue of ineffective assistance of trial counsel on direct appeal because of the significant of [sic] amount of development and factfinding such an issue entails.").

*Id.* at 792. This description of Tennessee's system must be contrasted with the Sixth Circuit's description of the Ohio system in *McGuire, supra*, where ineffective assistance of trial counsel

5

claims capable of adjudication on direct appeal must be raised there or face dismissal when raised later under Ohio's criminal *res judicata* doctrine.

In an opinion published after the Report and before the Objections were filed but not cited by Moore, the Sixth Circuit held that:

> [N]either *Martinez* nor *Trevino* sufficiently changes the balance of the factors for consideration under Rule 60(b)(6) to warrant relief. *McGuire*, 738 F.3d at 749-51. Further, this court has concluded that *Martinez* does not apply in Ohio because Ohio permits ineffective-assistance-of-counsel claims on direct appeal. *Moore v. Mitchell*, 708 F.3d 760, 785 (6th Cir.), *cert. denied*, 134 S. Ct. 693, 187 L. Ed. 2d 559 (2013). Without deciding the issue, this court also has questioned whether *Trevino* applies in Ohio. *McGuire*, 738 F.3d at 751-52.

*Henness v. Bagley*, 766, F.3d 550, 557 (6th Cir. 2014). Thus the Sixth Circuit has three times, always in published opinions, held that *Trevino* does not sufficiently change the law as it applies to Ohio to merit relief under Fed. R. Civ. P. 60(b)(6).

It is true that the Sixth Circuit on appeal in this case suggested that the limitations in 28 U.S.C. § 2254(d)(1) might be jurisdictional to describe the strength of the holding in *Pinholster, supra.*, butthat line of analysis was rejected in *Allen v. Parker*, 452 Fed. Appx. 435 (6th Cir. 2013). The *Allen* court found 28 U.S.C. § 2254(d)(1), while not jurisdictional, was both mandatory and nonwaivable and cited the decision in this case on appeal for the proposition that "the evidentiary restricts [sic] of *Pinholster* are similarly unwaivable." *Id.* at 440-41.

Moore also objects to the "Magistrate Judge's proposed conclusion that the default created by post-conviction counsel did not prevent the merits consideration by the state court of Subclaim B. . . ." (Objections, Doc. No. 186, PageID 11070, citing Report, Doc. No. 183, PageID 11029). With respect, that is not "the Magistrate Judge's proposed conclusion." It was the conclusion of the Sixth Circuit Court of Appeals and a pinpoint citation to the place where

the conclusion is reported is given in the Report (Doc. No. 183, PageID 11029, citing *Moore*, 708 F.3d at 785.)  The law of the case doctrine prohibits this Court from reaching a different conclusion.

The Objections rely heavily on *Wellons v. Hall*, 558 U.S. 220 (2010), a GVR[1] decision from the year before *Pinholster*.  *Wellons* cannot appropriately be read to modify the result in *Pinholster*, which was decided a year later on full briefing and which does not cite *Wellons*.

The Report concluded that "*Trevino* does not create an exception to *Pinholster*." (Report, Doc. No. 183, PageID 11029).  Moore objects that he "has never argued that *Trevino* created an exception to *Pinholster*."  (Objections, Doc. No.186, PageID 11074.)  "[R]ather," he says, "it simply requires this Court to consider evidence of post-conviction counsel's ineffectiveness in failing to develop the IAC mitigation record that is submitted in support of this Motion." *Id.*  But the evidence Moore wants this Court to consider is the Declaration of Richard A. Cline, Moore's post-conviction counsel, which has never been submitted to any state court.  And Moore wants us to consider that evidence on the question of whether he received ineffective assistance of post-conviction counsel sufficient to excuse his default in presenting his ineffective assistance of trial counsel claim in post-conviction.  The premise is that Moore lost his ineffective assistance of trial counsel claim by reason of procedural default.  But the Sixth Circuit has held he lost it on the merits – and that, once again, is the law of the case.

**Ground for Relief One and Subclaim A of Ground Two**

---

[1] A GVR decision is a per curiam decision by the Supreme Court in which it, in one order, grants certiorari, vacates the decision below, and remands for reconsideration, all without briefing or oral argument.  The summary nature of these decisions has caused great confusion in their application.  See "The Need to Clarify the Meaning of U.S. Supreme Court Remands:  The Lessons of Punitive Damages' Cases," Erwin Chemerinsky & Ned Miltenberg, 36 Arizona State L.J. 513 (2004).

In Ground One Moore asserted his mitigation specialist, Chuck Stidham, had an undisclosed conflict of interest because he represented Moore's accomplice, Jason Holmes, on direct appeal. In Ground Two he asserted ineffective assistance of trial counsel in hiring Stidham. This Court found both claims procedurally defaulted by Moore's failure to raise them either on direct appeal or in post-conviction. *Moore v. Mitchell*, 531 F. Supp. 2d 845 at 863 (S.D. Ohio 2008). The Sixth Circuit affirmed. *Moore*, 708 F.3d at 775. Moore had argued to the Sixth Circuit that he could overcome the procedural default by showing ineffective assistance of appellate counsel, but the Sixth Circuit gave AEDPA deference to the Ohio Supreme Court's decision that appellate counsel was not ineffective and determined that in any event the underlying claim was "meritless." *Id.* at 777.

The Report concluded that this Court's reliance on extra-record evidence in reaching its conclusion on this Ground for Relief was error in light of *Pinholster*, but that the error had been cured by the Sixth Circuit's decision, which applied *Pinholster* (Report, Doc. No. 183, PageID 11032). The Report also concluded *Martinez* and *Trevino* did not apply to ineffective assistance of appellate counsel. *Id.*

The Objections argue *Martinez* and *Trevino* must apply to other varieties of habeas claims, citing Justice Scalia's parade of horribles in dissent in *Martinez*. Justice Scalia's horribles are of course desired outcomes for habeas petitioners. But however the Supreme Court may expand *Martinez* in the future, the decision itself was carefully limited to ineffective assistance of trial counsel claims. The Sixth Circuit has decided:

> Ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel. *See, e.g., Landrum [v Mitchell]*, 625 F.3d [905] at 919. Moreover, 28 U.S.C. § 2254(i) bars a claim of ineffective

8

> assistance of post-conviction counsel as a separate ground for relief, *see Martinez,* 132 S. Ct. at 1320, and Hodges has not presented any evidence to justify review of his claim in order to prevent a fundamental miscarriage of justice. *See Carrier,* 477 U.S. at 495-96.

*Hodges v. Colson,* 711 F.3d 589, 603 (6th Cir. 2013).

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge again respectfully recommends that the Motion for Relief from Judgment be denied but that Moore be granted a certificate of appealability as to the denial because of the novelty of the issues regarding application of *Martinez* and *Trevino* to Ohio.

January 7, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).